Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150
Fax: 650.362.4151

*Counsel for Defendants*
*Jadoo TV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br>vs.<br><br>JADOOTV, INC., SAJID SOHAIL, HASEEB SHAH, EAST WEST AUDIO VIDEO, INC., and PUNIT BHATT,<br><br>Defendants. | Case No. 2:18-cv-09768-FMO-KS<br><br>**NOTICE OF MOTION AND MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF DISH NETWORK, LLC'S MOTION TO COMPEL JADOO TV, INC.'S PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL RULE 7-18; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: May 13, 2020<br>Time: 10:00 AM<br>Courtroom: 580<br><br>Judge: Honorable Karen L. Stevenson |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 13, 2020, at 10:00 a.m. before the Honorable Judge Karen L. Stevenson, at the United States District Court for the Central District of California, Roybal Federal Building and Courthouse, 255 E. Temple St., Los Angeles, CA, 90012, Courtroom 580, 5th Floor, Defendant Jadoo TV, Inc. ("JadooTV") will move the Court pursuant To Local Rule 7-18 for an order granting reconsideration of its order granting Plaintiff Dish Network, LLC's Motion To Compel Jadoo TV, Inc.'s Production Of Documents. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Monday, March 2, 2020.

# CONCISE STATEMENT OF THE RELIEF SOUGHT

JadooTV respectfully requests that the Court reconsider its original findings in its Order on the Motion to Compel (Dkt. No. 145) that JadooTV has "refus[ed] to produce documents in response to Plaintiff's RFPs" and that "Jadoo has sought at every turn to evade its discovery obligations in this lawsuit" (Docket No. 145 at 7).

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

JadooTV respectfully requests that the Court reconsider certain findings in its Order on Dish Network L.L.C.'s ("DISH") Motion to Compel Production of Documents (Dkt. No. 145).

In JadooTV's Opposition to Plaintiff Dish Network L.L.C.'S Motion to Compel Production of Documents (Dkt No. 138), JadooTV argued that DISH failed to adequately meet and confer because DISH's counsel, before filing the motion to compel, spoke with JadooTV's counsel just once after the bankruptcy stay was lifted. (Dkt No. 138). In response, DISH filed its Supplemental Memorandum In Support Of Motion To Compel Jadoo Tv, Inc.'s Production Of Documents ("Supplemental Memorandum") and a supporting declaration ("Supplemental Declaration") (Docket Nos. 140 and 140-1, respectively) and set forth facts to

1

contend that it extensively met and conferred with JadooTV. However, DISH's Supplemental Memorandum and Supplemental Declaration misleadingly contained no mention of the discovery process undertaken by both parties with the Bankruptcy Court during the bankruptcy stay and that JadooTV worked diligently to comply with the Bankruptcy Court's directives regarding discovery. Because DISH's motion to compel was taken under submission without a hearing, JadooTV had no opportunity to rebut these misleading facts. Thus, JadooTV respectfully submits this motion for reconsideration for the Court to consider additional facts that could not have been presented at the time of the decision.

Indeed, DISH's Supplemental Memorandum and Supplemental Declaration sets forth facts that create a misleading narrative of the discovery history before the filing of the motion to compel. In particular, Dish's Supplemental Memorandum and Supplemental Declaration fails to mention or describe the discovery process guided by Judge William Lafferty of the United States Bankruptcy Court for the Northern District of California. JadooTV complied with the directives set forth by the Bankruptcy Court and fulfilled its discovery obligations while the case was stayed. DISH's Supplemental Memorandum and Supplemental Declaration claims JadooTV refused to produce documents and evaded discovery obligations. But as detailed herein, JadooTV produced documents throughout the bankruptcy process at the direction of Judge Lafferty.

Moreover, DISH failed to conduct any such conference with JadooTV's current counsel before filing its motion to compel, and as explained more fully below, DISH filed the Joint Stipulation with JadooTV's authorization. On these grounds, JadooTV respectfully requests that the Court reconsider its order on the motion to compel.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether a motion for reconsideration of the Court's order on the motion to compel is proper where DISH's Supplemental Memorandum and Supplemental

Declaration contains factual inaccuracies regarding JadooTV's discovery production and makes no mention of the discovery process guided by the Bankruptcy Court during the bankruptcy stay.

### III. STATEMENT OF FACTS

**Discovery Process During the Bankruptcy Process**

As an initial matter, JadooTV's current counsel was not part of any meet and confer process before the stay. *See* accompanying Declaration of Mark Punzalan ("Punzalan Decl.") ¶¶ 1,2. JadooTV filed for bankruptcy on May 31, 2019. Punzalan Decl., ¶ 3, Ex. A. JadooTV's current counsel was first retained to replace JadooTV's previous counsel in early July 2019, after JadooTV filed its Chapter 11 proceeding in the Northern District of California. Punzalan Decl., ¶¶ 2, 4, Ex. 4. The Bankruptcy Court approved the retention of JadooTV's current counsel on September 5, 2019. Punzalan Decl., ¶ 4, Ex. 4

Once JadooTV's current counsel was retained, Judge Lafferty allowed JadooTV's new counsel some time to get up to speed regarding the discovery issues. Judge Lafferty expressed that DISH should be allowed to take some discovery but also noted the burden being placed on JadooTV to conduct discovery while engaged in a bankruptcy process. Punzalan Decl., ¶ 5, Ex. C. As such, on September 4, 2020, the parties appeared before a hearing with Judge Lafferty, and Judge Lafferty directed the parties to meet and confer regarding what discovery could be produced without undue burden to JadooTV. Punzalan Decl., ¶ 5, Ex. C. In response to Judge Lafferty's directives, Jadoo identified documents that could be unduly burdensome for JadooTV to produce while focused on its bankruptcy proceeding. *Id*.

During the stay, the parties appeared frequently in front of the Bankruptcy Court at Judge Lafferty's direction and discussed discovery matters during these hearings. During another hearing on September 16, 2019, Judge Lafferty stated his intent to find a "middle ground" of discovery requests that could be responded to "**with less effort than normally is required in discovery, which is a big deal.**

Pretty time-intensive and pretty time sinkish (ph.)." Punzalan Decl., ¶ 6, Ex. D (Transcript of September 16, 2019 Hearing at 19-20 (emphasis added)). Judge Lafferty stated his preference that JadooTV focus on finding documents in a manner that would be "relatively easily doable." Punzalan Decl., ¶ 6, Ex. D (Transcript of September 16, 2019 Hearing at 30, line 15. During this September 16th hearing, the Court directed JadooTV to make a proposal to DISH on or before September 23, 2019 regarding the production of documents for categories DISH identified as important: 1) eMedia, and 2) South Asian Super Pac ("SASP"). Punzalan Decl., ¶ 6, Ex. D (Transcript of September 16, 2019 Hearing at 33-36). As the Court directed, JadooTV made this proposal on September 23, 2019. Punzalan Decl., ¶¶ 5, 7; Exs. C, E. It should be noted that during this time, DISH began its pattern of failing to meet and confer regarding discovery issues. Rather than pick up the phone and call JadooTV's counsel, DISH began its pattern of submitting complaints to Judge Lafferty before even notifying JadooTV's counsel of these issues. Punzalan Decl., ¶ 7; Ex. E. ("JadooTV, however, certainly wishes that DISH would have first raised this in a direct meet and confer between the parties rather than burdening the Court with a discovery dispute that may have turned out not to be a dispute at all.")

During the next hearing with Judge Lafferty on October 2, 2019, Judge Lafferty directed JadooTV to meet and confer with DISH to identify the specific burdens involved with producing certain categories of documents. As Judge Lafferty directed, JadooTV identified these burdens but expressed its desire to further meet and confer to resolve any further discovery issues. Punzalan Decl., ¶ 8, Ex. F. During the next hearing on October 23, 2019, Judge Lafferty continued to guide the parties in discovery and directed JadooTV to produce documents related to Haseeb Shah, documents from eight custodians identified by DISH in an October 22, 2019 submission to the Court, sales and financial documents, and all documents directed by Judge Stevenson in Dkt. No 96. Punzalan Decl., ¶ 9, Ex. G." JadooTV produced the documents directed by Judge Lafferty. Punzalan Decl., ¶ 10, Ex. H.

However, similar to DISH's attempt in this motion to compel, DISH continued to try and create the appearance to the Bankruptcy Court that JadooTV was engaging in discovery impropriety without any attempt to confer with JadooTV's counsel. On November 11, 2019, JadooTV submitted a status report to Judge Lafferty in advance of a November 13, 2020 hearing. In that status report, JadooTV expressed its frustrations to Judge Lafferty about Dish's failure to meet and confer. Punzalan Decl., ¶ 11, Ex. I. As stated in that letter, DISH continually failed to respond directly to JadooTV's proposals and instead continued to burden the Court without first contacting JadooTV's counsel. *Id*.

At a December 11, 2019 hearing with Judge Lafferty, JadooTV informed the Bankruptcy Court that it had produced the documents directed by Judge Lafferty to be produced, namely: documents related to Haseeb Shah, documents from eight custodians identified by DISH in an October 22, 2019 submission to the Court, sales and financial documents, eMedia documents, and SASP documents. Punzalan Decl., ¶ 12, Ex. 10. Again, these discovery documents were produced in conjunction with Judge Lafferty's guidance and direction.

**DISH Files Its Motion to Compel Just One Week After the Lifting of the Stay**

On January 8, 2020, the parties agreed to lift the stay effective January 14, 2020. Punzalan Decl., ¶ 13, Ex. K. In yet another attempt to mislead the Court, DISH's Supplemental Reply and Supplemental Declaration completely mischaracterizes the ***one*** phone call between DISH and JadooTV's counsel before JadooTV filing the motion to compel. On January 22, 2020, a little more than one week after the stay was lifted, DISH and JadooTV's counsel had a phone call in which both counsel agreed to schedule another call to discuss the discovery issue. Punzalan Decl., ¶ 14, Ex. M. During this January 22nd call, the parties' counsel agreed that because of the large number of discovery requests to discuss, the most efficient method to address each issue was for JadooTV's counsel to fill in JadooTV's positions in a joint stipulation and schedule another call to discuss each

issue in detail. Punzalan Decl., ¶ 14, Ex. M. This January 22nd call was very brief, and the parties did not address any requests in substance. Punzalan Decl., ¶ 14.

As the counsel agreed, on January 24, 2020, JadooTV's counsel emailed DISH's counsel with its version of the stipulation and asked to get on another phone call. Punzalan Decl., ¶ 15, Ex. L. However, without JadooTV's counsel's authorization, DISH's counsel filed the Joint Stipulation and motion to compel on the next day, a Saturday. Dkt. No. 132; *see also* Punzalan Decl., Ex. M. In keeping with its gamesmanship, DISH filed the motion to compel on a weekend without first calling JadooTV's counsel or scheduling a call as the counsel had agreed. Although Local Rule 37-2.2 requires the non-movant to sign this stipulation "electronically or otherwise", JadooTV's counsel did not provide any signature or authorization for the filing of this stipulation. Punzalan Decl., ¶ 15, Ex. L.

The parties' counsel's only substantive call regarding these discovery matters occurred on February 10, 2020, *more than two weeks after* DISH filed the Joint Stipulation without JadooTV's counsel's authorization. DISH's counsel only scheduled this call after reviewing JadooTV's memorandum in opposition to the motion to compel. Punzalan Decl., ¶¶ 17, 18; Ex. N. But during that call, DISH's counsel, who had previously been civil in direct communications, engaged in a 45-minute call whereby DISH's counsel continually yelled unprofessionally at JadooTV's counsel. Punzalan Decl., ¶¶ 17, 18; Ex. N. Instead of discussing the issues, DISH's counsel yelled repeatedly without engaging in an actual dialogue, and JadooTV's counsel repeatedly requested that DISH's counsel lower his voice and act professionally. Punzalan Decl., ¶¶ 17, 18; Ex. N. Despite this unprofessionalism, during this call, JadooTV made several proposals to resolve the issues but received only loudly-voice accusations in response. Punzalan Decl., ¶¶ 17, 18; Ex. N. In an attempt to again create a misleading written record, DISH's counsel sent an email to JadooTV's counsel claiming JadooTV "reneged" on a promise. However, JadooTV's counsel responded that it reneged on no promise and

would, as it had done since being retained in July 2019, work with DISH to produce all relevant documents. Punzalan Decl., Ex. N.

**ARGUMENT**

    **A. <u>Legal Standard</u>**

A district court has the inherent power to reconsider and modify its orders prior to the entry of judgment. *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Once an order of the court is entered, the court can set aside or change it on a motion for reconsideration. *Ground v. Sullivan*, 785 F. Supp. 1407, 1411 (S.D. Cal. 1992) (citation omitted). Reconsideration may be proper where the movant shows a manifest error of law or newly discovered evidence, or where the district court has misunderstood a party or made an error of apprehension. *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011). Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

    Here, JadooTV respectfully requests that the Court reconsider its original findings that JadooTV has "refus[ed] to produce documents in response to Plaintiff's RFPs" (Dkt. No. 145 at 7) and that "Jadoo has sought at every turn to evade its discovery obligations in this lawsuit" (Docket No. 145 at 7). As stated above, DISH's Supplemental Memorandum and Supplemental Declaration, filed after JadooTV's memorandum, provided misleading factual statements and omitted key facts regarding the discovery history. Because this matter was submitted on the papers and without a hearing, JadooTV had no opportunity to rebut these misleading

factual statements, and as such, these facts constitute material differences in fact that presented to the Court before its decision that in the exercise of reasonable diligence could not have been known to JadooTV. As such, JadooTV respectfully requests that the Court grant JadooTV's motion for reconsideration.

> **1. DISH's Description of the Discovery Process Creates a Misleading Narrative of the Discovery Process Overseen by Judge William Lafferty of the United States Bankruptcy Court**

As stated above, DISH's Supplemental Memorandum and Supplemental Declaration created the misleading narrative that JadooTV refused to produce documents and evaded discovery obligations. But as stated above and detailed in the accompanying declaration of Mark Punzalan, JadooTV actively produced documents throughout the bankruptcy process at the direction of Judge Lafferty. DISH's Supplemental Declaration, however, makes no mention of this involved proceeding with the Bankruptcy Court.

While JadooTV faced tremendous burdens in responding to DISH's discovery requests given its new counsel who had not been involved in the previous discovery efforts by JadooTV's former counsel. Moreover, JadooTV was undergoing an arduous process through bankruptcy which led Judge Lafferty to try and direct a more limited form of discovery. While JadooTV had to focus its efforts on restructuring through bankruptcy, it nevertheless agreed to and produce documents relating to categories that DISH thought was most relevant in the underlying litigation. Once the stay was lifted on January 14, 2020, the parties were no longer in the limited discovery world of the Bankruptcy Court, and JadooTV was ready to engage in the discovery posture before the stay. Instead of focusing its efforts on discovery, however, JadooTV, which still has a bankruptcy matter pending before Judge Lafferty, has been forced to spend its limited funds and resources on this motion to compel. However, burdening the Court with this motion to compel could have been avoided if DISH's counsel adequately met and conferred with JadooTV's

counsel before filing the motion.

## 2. DISH Failed to Schedule a Pre-Motion Telephonic Conference with JadooTV's New Counsel

Moreover, DISH should have conducted a telephonic conference pursuant to the Court's standing order. As the Court's standing order states, once the parties reach an impasse regarding discovery, any movant on a motion to compel must contact the Court within twenty-four hours of the last conference. DISH's counsel failed to do this, however. While DISH conducted a conference in early 2018 with JadooTV's former counsel, DISH failed to conduct any such conference with JadooTV's current counsel before filing its motion to compel. As stated above, DISH also filed the Joint Stipulation with JadooTV's authorization. On these grounds, JadooTV respectfully requests that the Court reconsider the order on the motion to compel.

## IV. CONCLUSION

As stated herein, JadooTV has cooperated with DISH in producing discovery and will continue to cooperate to produce all relevant documents.  DISH, not JadooTV, is the party that has failed to repeatedly meet and confer regarding discovery, and a proper meet and confer could have avoided the time and expense in this motion to compel. JadooTV respectfully requests that the Court reconsider its rulings stating that JadooTV has refused to produce discovery and that it has evaded discovery.

Dated:  March 9, 2020              CHAN PUNZALAN LLP

                                   */s/ Mark Punzalan*
                                     Mark Punzalan

                                   *Counsel for Defendants
                                   Jadoo TV, Inc. and Sajid Sohail*