Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOOTV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB <br><br> **NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS BY DEFENDANT SAJID SOHAIL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *Proposed Order and Application for Telephonic Appearance filed concurrently.* <br><br> Judge: Hon. Charles R. Breyer <br> Date: Friday, May 22, 2020 <br> Time: 10:00 am Pacific Daylight Time <br> Location: Telephonic appearance requested |

**TABLE OF CONTENTS**

NOTICE OF MOTION ................................................................................................................1

CONCISE STATEMENT OF THE RELIEF SOUGHT ...........................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................1

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

III. ARGUMENT .......................................................................................................................2

    A. DISH FAILS TO STATE A CLAIM AGAINST MR. SOHAIL. ..................................................2

        1. Mr. Sohail has not personally guaranteed any JadooTV obligations....................3

        2. JadooTV is not Mr. Sohail's alter ego. ..................................................................3

        3. All three of DISH's causes of action are for copyright infringement. ..................4

    B. MR. SOHAIL IS NOT SUBJECT TO INDIVIDUAL LIABILITY UNDER THE COPYRIGHT ACT. .......4

        1. DISH has not pled facts linking Mr. Sohail to any direct infringement. ..............5

        2. DISH has not pled facts that support its contributory infringement claim. ..........6

        3. DISH has pled no facts to support its vicarious infringement claim. ...................8

    C. DISMISSAL WITH PREJUDICE IS WARRANTED. ................................................................10

IV. CONCLUSION ..................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) .................................. 5, 6, 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................................. 2, 9

*Cisco Sys. Inc. v. Link US, LLC*, No. 18-CV-07576-CRB, 2019 WL 6682838 (N.D. Cal.) .......... 3

*Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020 (9th Cir. 2013) ....................................... 7

*Davis v. Metro Prods., Inc.*, 885 F.2d 515 (9th Cir. 1989) ........................................................... 5

*Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480 (9th Cir. 1984) ........................................... 2

*Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003) ...................................................................... 2

*Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188 (9th Cir. 1989) ........................................... 10

*Eleanor Licensing LLC v. Classic Recreations LLC*, 21 Cal.App.5th 599 (2018) ....................... 2

*Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996) ......................................... 8, 9

*Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389 (9th Cir. 1984) ....................................................... 3

*Greenberg v. Sunrun Inc.*, 233 F.Supp.3d 764 (N.D. Cal. 2017) ................................................. 10

*Grosset v. Wenaas*, 42 Cal.4th 1100 (2008) ................................................................................. 2

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990) ............... 2

*Harris v. Amgen, Inc.*, 573 F.3d 728 (9th Cir. 2009) ...................................................................10

*In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F.Supp.3d 1107 (N.D. Cal. 2015) ............ 10

*Keck v. Alibaba.com Hong Kong Ltd.*, 369 F.Supp.3d 932 (N.D. Cal. 2019) ................................ 8

*Kevin Barry v. Ken Gangbar Studio*, Inc., 391 F.Supp.3d 959 (N.D. Cal. 2019) .......................... 6

*Landmark Am. Ins. Co. v. Navigators Ins. Co.*, 354 F.Supp.3d 1078 (N.D. Cal. 2018) ................. 2

*Lonberg v. City of Riverside*, 300 F.Supp.2d 942 (C.D. Cal. 2004) ............................................ 10

*Mesler v. Bragg Management Co.*, 39 Cal.3d 290 (1985) ............................................................ 3

*MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ......................................................... 6-8

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ....................................................................... 9

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007) ........................................ 6-8

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) ................................................. 6

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007) .................................... 4, 6

*Pixion, Inc. v. Citrix Sys. Inc.*, No. 09-CV-03496, 2012 WL 762005, at *8 (N.D. Cal.) .............. 10

*UMG v. Veoh Networks Inc.*, No. 07-CV-5744-AHM, 2009 WL 334022 (C.D. Cal.) .............. 8, 9

*United States v. Ctr. for Diagnostic Imaging, Inc.*, 787 F.Supp.2d 1213 (W.D. Wash. 2011) ...... 9

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) ......................................................... 6

*Wild v. Preventive Pest Control, LLC*, No. 19-CV-01420, 2019 WL 2871155 (C.D. Cal.) ......... 10

*Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773 (1979) ........................................................................ 3

**Statutes and Rules**

17 U.S.C. § 106 ................................................................................................................................ 5

Federal Rule 12(c) ...................................................................................................................... 1, 2

Federal Rule 12(b)(6) ...................................................................................................................... 2

**Other Authorities**

James F. Fotenos et al., California Practice Guide: Corporations (The Rutter Group 2020) ........ 2

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on May 22, 2020 at 10:00 Pacific Daylight Time before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, Courtroom 6, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sajid Sohail, through his counsel of record, will move the Court for judgment on the pleadings in his favor under Federal Rule 12(c). Mr. Sohail respectfully requests that the parties appear for the hearing by telephone and will file an Application and Proposed Order for a Telephonic Appearance.

**CONCISE STATEMENT OF THE RELIEF SOUGHT**

Sajid Sohail respectfully requests that the Court enter judgment on the pleadings in his favor under Federal Rule 12(c). This motion is based on this notice and memorandum of points and authorities, the pleadings and papers on file in this action, and such other oral argument and evidence as may be presented at the hearing of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is a copyright infringement lawsuit recently transferred from the Central District. Plaintiff D.I.S.H. Network L.L.C. ("DISH") alleges that Defendant JadooTV, Inc. ("JadooTV"), which makes set-top boxes that empower users to watch South Asian content, has infringed upon DISH's copyrighted material in various ways. Apparently unsatisfied with making its sprawling set of infringement claims against JadooTV alone, DISH decided to name the company's president Sajid Sohail as an additional defendant. That is the subject of this motion.

DISH has failed to state a claim that Mr. Sohail can be held personally liable for the conduct of JadooTV. Individuals are presumptively not liable for the acts of business entities with which they are affiliated, and DISH has provided no rationale for deviating from that long-accepted rule here. DISH has also failed to plead facts that, if proven, would be sufficient to establish individual liability under the Copyright Act. As such, DISH's claims against Mr. Sohail in his individual capacity should be dismissed. Given the extensive discovery that has already taken place in this case, DISH should not be allowed leave to amend its complaint now.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether DISH has stated a plausible claim that Mr. Sohail is personally liable for copyright infringement.

## III. ARGUMENT

"Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "When a party invokes Rule 12(c) to raise the defense of failure to state a claim, the motion faces the same test as a motion [to dismiss] under Rule 12(b)(6)." *Landmark Am. Ins. Co. v. Navigators Ins. Co.*, 354 F.Supp.3d 1078, 1081 (N.D. Cal. 2018). Such a dismissal is proper if "the movant clearly establishes that no material issue of fact remains to be resolved . . . ." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). To survive a motion for judgment on the pleadings or motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, DISH has failed to state a claim that Mr. Sohail may be held individually liable. DISH's allegations provide no reason that the Court should ultimately disregard the JadooTV corporate entity or impose individual liability under the Copyright Act, and thus, Mr. Sohail is entitled to judgment as a matter of law on the claims against him.

### A. DISH fails to state a claim against Mr. Sohail.

Corporations are separate legal entities. They are distinct from the individuals who create them and distinct from their shareholders. *E.g.*, *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003); *Grosset v. Wenaas*, 42 Cal.4th 1100, 1108 (2008). As such, a corporation's shareholders, directors, and officers are generally not personally responsible for that corporation's obligations.

There are three exceptions to this general rule. First, individuals can personally guarantee corporate obligations if they so choose. *See* James F. Fotenos et al., California Practice Guide: Corporations ¶ 2:48 (The Rutter Group 2020). Second, individuals can be personally liable if a court finds the corporation to be their "alter ego." *Eleanor Licensing LLC v. Classic Recreations*

2

*LLC*, 21 Cal.App.5th 599, 615 (2018). Third, individuals can become personally liable for torts of a corporation if they "directly ordered, authorized or participated in the tortious conduct." *Wyatt v. Union Mortg. Co.*, 24 Cal. 3d 773, 785 (1979). None of these exceptions applies here.

### 1. Mr. Sohail has not personally guaranteed any JadooTV obligations.

DISH makes no allegations that Mr. Sohail has personally guaranteed any of JadooTV's corporate obligations. This first exception is not relevant here.

### 2. JadooTV is not Mr. Sohail's alter ego.

"[T]he corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require." *Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 301 (1985). "To apply the alter ego doctrine, the court must determine (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individuals no longer exist and (2) that failure to disregard the corporation would result in fraud or injustice." *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984). "The Ninth Circuit has found this standard met when, for example, the individual defendants were 'the sole shareholders of the corporations and the sole partners of the partnerships,' 'converted the assets of the various corporations and partnerships for their own use and dealt with them as if they were one,' and left a number of the corporations undercapitalized." *Cisco Sys. Inc. v. Link US, LLC*, No. 18-CV-07576-CRB, 2019 WL 6682838, at *3 (N.D. Cal. Dec. 6, 2019) (quoting *Flynt Distribution*, 734 F.2d at 1393-94). This Court's application of the alter ego doctrine in *Cisco Systems v. Link US* is instructive. There, Cisco sued a limited liability company named Link US and its president, Basem Toma, in his personal capacity. Mr. Toma moved to dismiss Cisco's claims against him, arguing that Cisco had pled no facts regarding the relationship between him and the company he worked for. The Court agreed, noting that Cisco offered nothing more than "conclusory statements that Toma control[led] Link's day-to-day operations and [was] the alter ego of Link[.]" *Id.* It granted his motion and dismissed the claims against him as an individual.

The alter ego situation is even clearer here: DISH's complaint does not even contain the words "alter ego." Here, DISH's complaint lacks even the "conclusory allegations" that this Court found insufficient to support an alter ego theory in *Cisco Systems*. Since DISH has failed to even

3

MOTION FOR JUDGMENT ON THE PLEADINGS BY SAJID SOHAIL; MEMORANDUM IN SUPPORT
Case No. 3:20-cv-01891-CRB

raise the issue, there is no reason to impose personal liability under an alter ego theory here.

### 3. All three of DISH's causes of action are for copyright infringement.

It is not immediately obvious whether copyright infringement qualifies as the type of "tortious conduct" that could give rise to individual liability. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794-95 (9th Cir. 2007) (copyright infringement has "roots" in certain "tort-law concepts"). While interesting, this question is irrelevant because the Copyright Act comes with its own specific individual liability framework, as more fully discussed below. Since all of DISH's allegations are copyright-related, there is no reason to consider the traditional common law "tortious conduct" exception as a separate basis of individual liability.

## B. Mr. Sohail is not subject to individual liability under the Copyright Act.

The Copyright Act imposes individual liability in certain situations. DISH has alleged that JadooTV has infringed upon its copyrights in three ways:

- **directly**, by distributing protected programs to set-top box users (Complaint, ¶ 66);
- **contributorily**, by providing "material assistance" to users (Complaint, ¶ 79); and
- **vicariously**, by receiving "direct financial benefit[s]" (Complaint, ¶ 89).

DISH has attempted to shoehorn Mr. Sohail into each of these claims by including conclusory allegations about his connection to JadooTV's alleged misconduct. But DISH offers no insight into what it believes Mr. Sohail did wrong, as it provides no facts other than basic biographical information. In the introductory section of its complaint, for instance, the company states that:

> Defendant Sajid Sohail is an individual residing in Pleasanton, California. Sohail is the founder, chief executive officer, president, and an owner of Jadoo TV, Inc. Upon information and belief, Sohail authorized, controlled, participated in, and received direct financial benefits from the infringing activities of Jadoo TV, Inc. alleged herein. The acts Sohail engaged in as an agent of JadooTV, Inc. are believed to have been within the scope of such agency.

Complaint, ¶ 8. (Mr. Sohail has admitted the first two sentences and denied the last two, Answer, Dkt. No. 28, ¶ 8; *see also* Dkt. No. 91, ¶ 2.) Later, DISH makes three matching sets of conclusory allegations regarding joint and several liability, one for each type of infringement:

> Sohail is jointly and severally liable for each act of infringement for which JadooTV is liable because he personally directed and participated in, and benefitted from, JadooTV's infringing conduct as alleged herein. Sohail supervised the development of the Jadoo service and set-top boxes and associated website, and has been directly, actively and personally involved in JadooTV's infringing activities.

Complaint, ¶ 83; *see also id.*, ¶¶ 69, 91. DISH's only other allegation against Mr. Sohail is that he appears in photographs with Haseeb Shah, a since-dismissed defendant that DISH initially named in this case. *Id.*, ¶¶ 50-51. As such, DISH's rote allegations against Mr. Sohail are insufficient to impose individual liability, and its claims against him should be dismissed.

### 1. DISH has not pled facts linking Mr. Sohail to any direct infringement.

"Plaintiffs must satisfy two requirements to present a prima facie case of direct [copyright] infringement: (1) they must show ownership of the allegedly infringed material and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Liability is typically imposed on corporate directors and officers only when "the defendant was the guiding spirit behind the wrongful conduct, . . . or the central figure in the challenged corporate activity." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 524 n.10 (9th Cir. 1989). DISH's direct infringement claim appears to be that Haseeb Shah, an individual based in Islamabad, Pakistan, transmitted "copyrighted programs" "from computer servers [he] controlled [] to Jadoo Users[.]" Complaint, ¶ 66. DISH does not specify what exactly this means or which of the 17 U.S.C. § 106 exclusive rights Mr. Shah's actions might have violated.

DISH's vague direct infringement theory is insufficient to impose personal liability on Mr. Sohail for at least four reasons. First and most obviously, Mr. Sohail is not Mr. Shah. Second, Mr. Shah is no longer a defendant in this case: the Central District court dismissed all claims against him in March as it transferred this case to the Northern District. Dkt. No. 150. Third, even if Mr. Shah were still an individual defendant here, DISH's complaint alleges nothing about the causal relationship between Mr. Sohail's operations in California and Mr. Shah's faraway activities in Pakistan. Without any showing that Mr. Sohail, for instance, specifically directed Mr. Shah to take his allegedly infringing actions, it is not clear how Mr. Sohail could possibly

qualify as a direct infringer. *E.g.*, *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) ("[D]irect liability must be premised on conduct that can reasonably be described as the direct cause of the infringement."). Fourth, even if DISH had pled a specific link between Mr. Sohail and Mr. Shah, setting up a server that responds to user requests does not constitute direct copyright infringement. *Id.*, at 732 ("[A]utomatic copying, storage, and transmission of copyrighted materials, when instigated by others, do[ ] not render an [Internet service provider] strictly liable for copyright infringement."). There is simply no link between Mr. Sohail and direct infringement.

### 2. DISH has not pled facts that support its contributory infringement claim.

"Secondary liability for copyright infringement may be based on either 'a theory of contributory or vicarious infringement.'" *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 391 F.Supp.3d 959, 968 (N.D. Cal. 2019) (quoting *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). But "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). As discussed above, DISH's allegations of direct infringement are unconvincing. But even if they were rock-solid, imposing secondary liability on Mr. Sohail would still be inappropriate here.

Contributory copyright infringement is "a form of secondary liability with roots in the tort-law concepts of enterprise liability and imputed intent." *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 794-95 (9th Cir. 2007). This type of liability attaches to "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1171 (9th Cir. 2007). "[O]ne contributorily infringes when he [or she] (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *Perfect 10, Inc. v. Visa*, 494 F.3d 788 at 795. DISH has failed to suggest that Mr. Sohail was ever aware of any infringing conduct, to say nothing of him "materially contributing" to or "inducing" any such infringement.

#### a. DISH alleges no "material contribution" by Mr. Sohail.

*Perfect 10, Inc. v. Giganews, Inc.* is the authoritative Ninth Circuit case on contributory copyright infringement for operators of online services. 847 F.3d 657 (9th Cir. 2017). There, adult

entertainment service and frequent copyright litigant Perfect 10 sued Giganews, a service that provided users access to a network called Usenet where they were free to upload and download content from one another. *Id.*, at 663. Some users chose to upload and download copyrighted images owned by Perfect 10, hence the lawsuit. Perfect 10 claimed that Giganews was liable for contributory copyright infringement because it had the ability to remove infringing content but did not do so. *Id.*, at 670-71. It also claimed that Giganews induced its users to access infringing content and that the company should be held secondarily liable on that basis. *Id.*

The Ninth Circuit disagreed and affirmed the district court's finding in favor of defendant Giganews. First, it reiterated that a "computer system operator" is only liable based on an alleged material contribution to infringement "if it has actual knowledge that specific infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007). Here, DISH offers no facts suggesting that Mr. Sohail had actual knowledge of any particular infringing content and no facts suggesting that he had any power to take "simple measures to prevent further damage[.]" This case is even more extreme than Giganews: since Mr. Sohail is an individual rather than a corporation, he by definition does not have the power to unilaterally implement whatever "simple measures" he sees fit. There is no basis for secondary liability based on "material contribution" here.

### b. DISH pleads no facts that could show Mr. Sohail induced infringement.

The Ninth Circuit also rejected Perfect 10's argument that Giganews had induced its users to infringe upon Perfect 10's copyrights. Under the doctrine of induced infringement, companies that "distribute[] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, [are] liable for the resulting acts of infringement by third parties." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936-37 (2005). Inducement requires a showing of four elements: "(1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013). The court ruled that Perfect 10 had failed to show that Giganews either "clearly expressed" a desire to

foster infringement or taken any "affirmative steps" to do so. The same is true here: Mr. Sohail has neither expressed such a desire nor taken any such steps. Since DISH alleges no facts that would support either a "material contribution" theory or an inducement theory, its contributory infringement claims against Mr. Sohail should be dismissed.

### 3. DISH has pled no facts to support its vicarious infringement claim.

"Vicarious copyright liability is an outgrowth of respondeat superior." *Keck v. Alibaba.com Hong Kong Ltd.*, 369 F.Supp.3d 932, 936 (N.D. Cal. 2019) (quoting *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262 (9th Cir. 1996)). To state a vicarious liability claim, a plaintiff must allege facts showing that a defendant benefitted "[1] by profiting from direct infringement while [2] declining to exercise a right to stop or limit it." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). To meet the second part of this test, an individual defendant must have "ha[d] both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007). As with contributory infringement, vicarious infringement is a type of "[s]econdary liability for copyright infringement [that] does not exist in the absence of direct infringement by a third party." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001). Again, DISH's unconvincing allegations of direct infringement do not establish any type of secondary liability, and DISH has also not pled any facts sufficient to support a cause of action for vicarious infringement against Mr. Sohail.

### a. Mr. Sohail has no "direct financial interest" in infringement.

*UMG Recordings, Inc. v. Veoh Networks Inc.* provides helpful guidance on this point. No. 07-CV-5744-AHM, 2009 WL 334022, at *6 (C.D. Cal. Feb. 2, 2009). There, a district court considered the liability of investors in a technology company for vicarious copyright infringement. UMG argued that infringing conduct could "draw" more customers to the defendant platform and that the investors in that platform would benefit financially as a result. In UMG's view, it followed that those investors should be held personally liable for any copyright infringement by the company. *Id.*, at *5. DISH's general legal theory here, while not laid out in nearly as much detail, is presumably similar: since Mr. Sohail owns a portion of Cloudstream Media Inc. and

8

1  Cloudstream Media in turn owns a portion of JadooTV (Dkt. No. 91, ¶¶ 5-6), Mr. Sohail could
2  potentially benefit from infringing activities if those activities brought more users to JadooTV.
3        The *Veoh* court quickly dismissed this argument. Emphasizing the "direct" in the Ninth
4  Circuit's "direct financial interest" requirement, *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d
5  1004, 1022 (9th Cir. 2001), the court observed that any "financial benefit that the Investor
6  Defendants might some day enjoy w[ould] not come directly from Veoh's users or from Veoh's
7  advertisers" *Veoh Networks Inc.*, 2009 WL 334022, at *6. It contrasted investors in the
8  defendants' position with the operators of a flea market in *Fonovisa, Inc. v. Cherry Auction, Inc.*,
9  76 F.3d 259 (9th Cir. 1996). In the flea market situation, the *Fonovisa* court wrote, revenues "flow
10 [to operators] directly from customers who want to buy the counterfeit recordings at bargain
11 basement prices." *Id.* at 263. The *Veoh* court observed that investors in Veoh, on the other hand,
12 only stood to see a potential increase in the value of the company. It concluded that this type of
13 "financial benefit is too far removed from the alleged infringement to be considered a 'direct'
14 financial interest" and granted the investors' motion to dismiss the claims against them. *Veoh*
15 *Networks Inc.*, 2009 WL 334022, at *6. The connection DISH has suggested here is even more
16 attenuated: unlike the investors in Veoh, Mr. Sohail is not even a shareholder (or an employee) of
17 JadooTV. Any alleged link between infringement by JadooTV and financial benefit to Mr. Sohail
18 is indirect at best, and the Court may dismiss DISH's vicarious infringement claims on that basis.

      **b.  DISH pleads no specific facts about Mr. Sohail's control of JadooTV.**

20       The only allegation in DISH's complaint that so much as mentions Mr. Sohail's
21 relationship with JadooTV as a corporate entity is completely boilerplate: "Upon information and
22 belief, Sohail authorized, controlled, participated in, and received direct financial benefits from the
23 infringing activities of Jadoo TV, Inc. alleged herein." Complaint, ¶ 8. This is the legal equivalent
24 of saying literally nothing, as "[a] plaintiff relying on 'information and belief' must state the
25 factual basis for the belief," and DISH has not done so. *United States v. Ctr. for Diagnostic*
26 *Imaging, Inc.*, 787 F.Supp.2d 1213, 1221 (W.D. Wash. 2011) (citing *Neubronner v. Milken*, 6 F.3d
27 666, 672 (9th Cir. 1993)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)
28 (emphasizing the "need at the pleading stage for allegations plausibly suggesting (not merely

consistent with)" the requirements of the relevant cause of action). Other courts have dismissed copyright claims against individual defendants where the plaintiff failed to plead facts that could show the individual had "pervasive control" over the corporate entity. *E.g.*, *Wild v. Preventive Pest Control, LLC*, No. 19-CV-01420-CJC, 2019 WL 2871155, at *5 (C.D. Cal. May 29, 2019). Since DISH says virtually nothing about Mr. Sohail's control over JadooTV, the Court is free to dismiss the vicarious infringement claims against him here.

### C. Dismissal with prejudice is warranted.

Federal Rule 12(c) does not expressly authorize courts to grant a party leave to amend a defective pleading after granting a motion for judgment on the pleadings. But courts occasionally do so, reasoning that a motion for judgment on the pleadings "is functionally identical" to a motion to dismiss under Federal Rule 12(b)(6). *Lonberg v. City of Riverside*, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). As with a 12(b)(6) motion, dismissal without leave to amend is appropriate when it is "clear" that the challenged claims "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009); *see, e.g.*, *Greenberg v. Sunrun Inc.*, 233 F.Supp.3d 764, 775 (N.D. Cal. 2017) (dismissing a party's claims when "leave to amend would be futile"); *In re Yahoo! Inc. Shareholder Derivative Litig.*, 153 F.Supp.3d 1107, 1128 n.14 (N.D. Cal. 2015) (dismissing claims without leave to amend where plaintiffs had "not identified any facts that indicate amendment could cure the defects in the Complaint"); *Pixion, Inc. v. Citrix Sys. Inc.*, No. 09-CV-03496, 2012 WL 762005, at *8 (N.D. Cal. Mar. 8, 2012) (granting motion for judgment on pleadings without leave to amend).

Here, DISH's complaint offers only conclusory allegations unsupported by any relevant facts. Even if granted leave to amend, as outlined above, DISH would still have no way to plead that Mr. Sohail might be held personally liable for any type of copyright infringement. Dismissing DISH's futile claims against Mr. Sohail at this point is a necessity for the sake of judicial economy. Since DISH filed its baseless complaint against Mr. Sohail a year and a half ago in November 2018, the parties have engaged in wide-ranging discovery based the company's conclusory allegations. That discovery has already included:

- two discovery dispute-resolution conferences in mid-2019 (Dkt. Nos. 62, 69);
- a fully-litigated motion to compel filed in May 2019 (Dkt. No. 75);
- supplemental briefing following a hearing on that motion (Dkt. No. 85);
- a fully-litigated motion to quash a subpoena (Dkt. No. 94);
- an attorney's fees motion based on the motion to compel (Dkt. No. 98);
- a second fully-litigated motion to compel, filed in January 2020 (Dkt. No. 132);
- a motion for reconsideration following that motion to compel (Dkt. No. 148); and
- a second fee motion based on the second motion to compel (Dkt. No. 147).

DISH should not be allowed to start over from scratch now. If it is, the company will continue to burden this Court's docket with unnecessary discovery motions just as it did the Central District's. Mr. Sohail requests that the Court put an end to DISH's litigious conduct by dismissing its claims against him as an individual without leave to amend.

## IV. CONCLUSION

DISH's entire complaint is about whether JadooTV's set-top box product infringes upon DISH's copyrights. There was no reason for DISH to name individual defendants in this case, just as there was no reason for the company to file it in Los Angeles rather than San Francisco. Fortunately, the Court has already solved half of the problem by dismissing DISH's claims against Haseeb Shah. As it resolves this motion, it now has the power to clean up the rest of unnecessary confusion DISH has created and turn this action into what it should have been in the first place: a straightforward copyright dispute between two companies. Mr. Sohail requests that it do so.

Dated:  April 17, 2020                                CHAN PUNZALAN LLP

*/s/ Nicole Daryanani*
Nicole Daryanani
Mark Punzalan

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*