Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case Number: 3:20-cv-01891-CRB |
| Plaintiff, | **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANT JADOOTV, INC'S MOTION TO RECONSIDER [DKT. 148]** |
| vs. | |
| JADOO TV, INC., et al., | Date: TBD<br>Time: TBD<br>Ctrm: 6<br>Judge: Hon. Charles R. Breyer |
| Defendants. | |

Plaintiff DISH Network L.L.C. ("DISH") respectfully submits this response in opposition to Defendant JadooTV, Inc.'s ("JadooTV") Motion to Reconsider Order Granting DISH's Motion to Compel JadooTV's Production of Documents. (Dkt. 148, the "Motion.")

## I. PROCEDURAL POSTURE

This case was transferred from the Central District of California on March 18, 2020 (Dkt. 152) and the case was reassigned to this Court (Dkt. 159). The reassignment order vacated all hearing and trial dates, and states "existing briefing schedules for motions remain unchanged." (Dkt. 159.)

Several discovery orders have been entered against JadooTV. JadooTV seeks reconsideration of part of the most recent discovery order finding JadooTV has "refus[ed] to produce documents in response to Plaintiff's RFPs" and that "Jadoo has sought at every turn to evade its discovery obligations in this lawsuit." (Dkt. 145 at 7; Dkt. 148 at 2:12–15.) JadooTV does not seek reconsideration of any other parts of the discovery order. Judge Stevenson's discovery orders are well reasoned and accurately reflect the lengthy record of hearings, discovery rulings and fee awards against JadooTV in the course of this matter. (*See, e.g.*, Dkts. 69, 85, 96, 107, 116, 118, 143, 145 & 149.)

Under the existing deadlines, this response brief is due on April 22, 2020. Although the motion must be renoticed for hearing by JadooTV, the reassignment order provides that "the renoticing of the hearing does not affect the prior briefing schedule." (Dkt. 159.)

## II. LEGAL STANDARD

Generally, motions for reconsideration are appropriate only if (i) the moving party presents newly discovered evidence, which either emerged after the decision from which relief is sought was rendered or was otherwise reasonably unknown to the moving party at the time of the decision; (ii) the court committed clear error in failing to consider the evidence and law presented by the parties; or (iii) an intervening change in controlling law has occurred. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Absent "clear error in failing to consider the evidence," a court's findings should not be overturned on a motion for reconsideration. *Id.*

"Motions for reconsideration are disfavored, and parties should not use them to make arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 585 (D. Ariz. 2003) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)). Nor should a party file such a motion "[t]o ask a court to rethink what it has already thought, merely because a party disagrees with the court's decision." *Strasburg v. M/Y JUST A NOTION*, 08CV0021 AJB (BLM), 2012 WL 2458426, at *1 (S.D. Cal. June 26, 2012) (citing *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003)). "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7-18; *see* N.D. Cal. Civil L.R. 7-9(c) (stating that failure to observe this restriction may result in sanctions). A court should deny a motion for reconsideration "[a]bsent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Howard v. Nunley*, No. CV 06–0191-NVW, 2010 WL 1404278, at *2 (E.D. Cal. Apr. 6, 2010).

### III.  ARGUMENT & AUTHORITIES

#### A.  The Court's Findings Are Supported By The Record.

JadooTV first asks the Court to reconsider the finding that JadooTV has "refus[ed] to produce documents in response to Plaintiff's RFPs." (Dkt. 148 at 8:20–22.) The entire sentence reads, "Here, the Court finds that JadooTV's refusal to produce documents in response to Plaintiff's RFPs, despite the bankruptcy court lifting the automatic stay as to JadooTV, is substantially unjustified." (Dkt. 145 at 7.) This finding is well supported and should not be overturned.

DISH filed this case in November 2018 in the Central District of California against JadooTV and its president and CEO Sajid Sohail ("Sohail"), among others, based on their willful transmission of television programming exclusively licensed to DISH in the United States. (*See* Dkt. 1, Compl., ¶¶ 1, 4.) On February 7, 2019, DISH served JadooTV and Sohail with discovery requests, including requests for production. (Dkt. 132-2 ¶ 4.) JadooTV and Sohail's discovery responses were evasive and they refused to produce documents.

DISH held more than ten hours of telephone conferences with counsel for JadooTV and Sohail resulting in their agreement to produce documents in response to the requests, and attended

3:20-cv-01891-CRB                             2                    DISH's Opposition to JadooTV's
                                                                      Motion to Reconsider [Dkt. 148]

two pre-motion discovery dispute conferences with the Court, at the conclusion of which on May 9, 2019, JadooTV told the Court that it did not intend to search for or produce any documents. (*Id.* ¶¶ 8-12; Dkt. 69.) On May 24, 2019, DISH moved to compel JadooTV to produce documents. (Dkt. 75.) On May 31, 2019, JadooTV filed for bankruptcy, and the Court proceeded to grant DISH's motion only against Sohail, due to the matter being stayed as to JadooTV. (Dkts. 78, 95.) Pursuant to Rule 37(a)(5)(A), the Court also granted DISH its expenses, including attorneys' fees, incurred in bringing the motion. (Dkts. 96, 118.)[1]

On August 19, 2019, DISH moved to lift the stay in the bankruptcy court to continue litigation against JadooTV. (Declaration of Stephen M. Ferguson [Ferguson Decl.] ¶ 2.) At the hearing before the bankruptcy court on September 4, 2019, Judge Lafferty asked JadooTV if it was prepared to start producing documents it previously agreed to produce and JadooTV's counsel responded by stating that doing so would be too much of a burden on JadooTV during the Chapter 11 process.[2] At the same hearing, JadooTV also sought to quash DISH's third-party discovery.[3] In response, Judge Lafferty expressed his concern that third-party discovery "really is not going to be horribly burdensome" and ordered the parties to meet and confer on both third-party and party

---

[1] In his supplemental written responses to DISH's requests for production, Sohail claimed that responsive documents were in JadooTV's – not Sohail's – possession or control. So no documents were produced in response to that order. (Dkt. 140-1 ¶ 9, Ex. 7.)

[2] In particular, counsel for JadooTV replied, in pertinent part:

> So the Court asked two questions – the first one being what, if any, discovery we might be able to produce at this time. And the answer to that, unfortunately, is…we don't really know that there's anything that we would be able to produce. And certainly, we can go back and see if there's any low-hanging fruit. My understanding at this time is I can't – I don't know of any low-hanging fruit amongst the seventy-nine document requests…. (Ferguson Decl. ¶ 3, Ex. 1 at 37:14–19, 38:11–15.)

[3] JadooTV claimed that the "breathing room" occasioned by the automatic stay should also include being relieved of the burden of having to review and, if need be, object to DISH's third-party subpoenas. (*Id.* at 41:11–17.)

discovery "because there just ought to be some way for everybody to get in a room and make some progress on this…."[4]

When the bankruptcy stay was lifted on January 14, 2020, JadooTV still had not produced the documents it had agreed to produce in March 2019. (Dkt. 132-2 ¶ 16.) DISH sent another meet and confer letter to JadooTV on January 14, 2020, and the parties further telephonically met and conferred on January 22, 2020. (*Id.* ¶ 16, Ex. 16; Dkt. 140-1 ¶ 12.) DISH filed a motion to compel on January 25, 2020. (Dkt. 132.) In opposing DISH's Motion to Compel, JadooTV sought an extension of time to respond and asked the Court to defer ruling on DISH's motion until the Court resolved whether or not to transfer the case from the Central to the Northern District. (Dkt. 138 at 2-3; Dkt. 145 at 6.) The Court denied JadooTV's request for a stay of discovery and granted DISH's Motion to Compel. (Dkt. 145 at 6-7.) Judge Stevenson's order finding that JadooTV "refus[ed] to produce documents" and "[h]as sought at every turn to evade its discovery obligations" accurately characterizes the record and aptly captures the frustration of litigating against such a party.

Judge Stevenson's determination that JadooTV refused to produce documents is amply supported. (*Id.* at 6; Dkt. 132-2 ¶ 16; Dkt. 140-1 ¶¶ 2-5, 15.) And JadooTV's reliance upon an "undue burden" objection was not sustained because the Court ruled that JadooTV failed to "actually demonstrate the nature of the burden." (Dkt. 145 at 5.)

Furthermore, the Court determined that JadooTV's argument that it had already produced documents during the bankruptcy stay was not compelling:

> Just because JadooTV claims to have produced *some* documents responsive to Plaintiff's RFPs does not relieve it of its obligation to produce any remaining relevant, responsive, nonprivileged documents in its possession, custody, or control. Nor does it relieve JadooTV of its obligation to supplement its written responses to comply with Rule 34's requirement that a responding party must specifically state whether it is withholding responsive documents based on its objections.

(*Id.* (emphasis in original).)

JadooTV also asks the Court to reconsider the finding that "JadooTV has sought at every turn to evade its discovery obligations in this case." (Dkt. 148 at 2:14–15.) That finding too has generous support. For three months after being served with DISH's discovery requests, JadooTV

---
[4] *Id.* at 43:3–6; 44:12–16.

failed to produce a single document and filed bankruptcy before the Court could compel it. (Dkt. 145 at 1, 2, 6; Dkt. 132-2 ¶¶ 8-12, 14.) During the bankruptcy stay, JadooTV was initially opposed to producing any documents and only reconsidered its position after being ordered by Judge Lafferty to meet and confer with DISH regarding discovery. (Dkt. 132-2 ¶ 14; Ferguson Decl. at ¶ 3, Ex. 1 at 37:14–19, 38:11–15.) Finally, after the stay was lifted, JadooTV again failed to produce the documents it previously agreed to produce. (Dkt. 132-2 ¶ 16; Dkt. 140-1 ¶¶ 2-5, 15.) These facts show that JadooTV – before, during, and after the automatic stay was lifted – refused to produce relevant and responsive documents, and only started production after court intervention. The Court found that JadooTV's seeking of a discovery stay was not supported by authority, and indeed such a stay would have run afoul of Federal Rule of Civil Procedure 1, which favors the "just, speedy, and inexpensive determination of every action." (Dkt. 145 at 6.)

Accordingly, both findings JadooTV asks the Court to reconsider are well supported in the record, and therefore JadooTV has not carried its burden to show that Judge Stevenson, in making these findings, failed to properly consider the evidence submitted. *See, e.g.*, *CTC Glob. Corp. v. Huang*, SACV 17-02202 (AGK) (ESx), 2019 WL 6357273, at *2 (C.D. Cal. Sept. 16, 2019) (denying motion for reconsideration because "Defendants' suggestion that the Court failed to consider material facts or applicable law is not supported by the record or the reality of this Court's thoughtful consideration of the parties' [arguments]").

### B. JadooTV's Disagreement With The Court's Findings Does Not Satisfy The Material Difference Standard.

A motion for reconsideration may be made only on grounds of, among other things, a "material difference in fact or law from that presented to the court…that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration *at the time of such decision*." C.D. Cal. L.R. 7-18(a) (emphasis added); *see* N.D. Cal. Civil L.R. 7-9(b). JadooTV claims it is permitted to file its Motion on this ground. (*See* Dkt. 148 at 8:26–9:4.)

JadooTV argues that a material difference in fact existed from that presented to the court "that in the exercise of reasonable diligence could not have been known to JadooTV" because DISH's supplemental brief allegedly "contained no mention of the discovery process" in the

bankruptcy court, and "the matter was submitted on the papers without a hearing" leaving JadooTV "no opportunity to rebut these misleading factual statements." (*Id.* at 3:2–5, 8:26–9:3.)

First, JadooTV's assertion that DISH failed to "mention" the discovery process managed by the bankruptcy court is false. The Joint Stipulation in support of DISH's Motion to Compel states, "[p]ursuant to the direction of the bankruptcy judge, JadooTV produced 3,015 pages of documents, most of which are irrelevant and non-responsive to any of DISH's Requests." (Dkt. 132-1 at 7:14-16.) The declaration filed in support of DISH's Motion to Compel states,

> DISH and JadooTV attended several hearings in the JadooTV bankruptcy case concerning JadooTV's production of documents for this copyright action during the pendency of the automatic stay. DISH and JadooTV also exchanged meet and confer correspondence and conducted telephonic meet and confers pursuant to the direction of the bankruptcy judge concerning JadooTV's production of documents. JadooTV produced its first documents in this case on October 9, 2019, and since that time has produced a total of 3,015 pages of documents.

(Dkt. 132-2 ¶ 14; *see also* ¶ 16 and Dkt. 140-1 ¶¶ 2-5, 15 (identifying deficiencies in JadooTV's production).) And Judge Stevenson acknowledged the discovery process managed by the bankruptcy court in the order by stating JadooTV's argument in the Joint Sipulation "that it has already produced 3,015 pages of documents during the bankruptcy stay," JadooTV's argument in its Opposition "that the 3,015 pages it produced at the direction of the bankruptcy judge should be sufficient," and rejecting those arguments ruling that "[j]ust because JadooTV claims to have produced *some* documents responsive to Plaintiff's RFPs does not relieve JadooTV of its obligation to produce any remaining relevant, responsive, nonprivileged documents in its possession, custody, or control." (Dkt. 145 at 3-5.) Not only were the "new" facts already presented to the Court, those facts were discussed by the Court in making its ruling.

Second, it simply is not the case, as JadooTV claims, that it had "no opportunity" to rebut what it claims was DISH's refusal to detail the discovery process in the bankruptcy court. (*See* Dkt. 148 at 3:5–7.) JadooTV was free to file, and did file, a separate Opposition responding to DISH's portion of the Joint Stipulation (Dkt. 138), and was free to seek leave of Court if necessary to file additional motions or replies.

   Third, JadooTV fails to recognize that the "material difference in fact" ground on which it relies in support of its Motion only applies when the moving party asserts that "facts were not known and could not have been known through reasonable diligence at the time that the original decision [was rendered]." *Motorola*, 215 F.R.D. at 585–86; *see* C.D. Cal. L.R. 7-18(a); N.D. Cal. Civil L.R. 7-9(b).  Here, JadooTV admits that it became aware of an alleged material difference between its own interpretation of the facts and DISH's when DISH filed its supplemental brief (Dkt. 140), which naturally was before the Court rendered its decision.  In fact, JadooTV knew of this alleged difference for 13 days before the Court rendered its decision, yet JadooTV did nothing during that time to attempt to address it.  For this reason, JadooTV's reliance on this ground for filing its Motion is misplaced.

   Finally, JadooTV's Motion is procedurally deficient because "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." C.D. Cal. L.R. 7–18; *see* N.D. Cal. Civil L.R. 7-9(c) (positing a virtually identical rule and adding, "[a]ny party who violates this restriction shall be subject to appropriate sanctions.").  JadooTV's Motion is a repetition of two prior arguments rejected by Judge Stevenson.

   The first is JadooTV's claim that it participated in and produced 3,000+ documents during the discovery process managed by the bankruptcy court.  JadooTV quotes from the same portion of a transcript of a bankruptcy court hearing no less than three times – first in its portion of the Joint Stipulation, second in its Opposition, and third in this Motion – to show that Judge Lafferty proposed, and JadooTV participated in, a limited discovery process in the bankruptcy court.[5]  Judge Stevenson's order notes that JadooTV's Opposition repeated largely the same arguments made in

---

[5] JadooTV's three separate briefs all contain this virtually identical passage:

> During the pendency of the Bankruptcy Matter, Judge Lafferty worked with DISH and JadooTV to allow limited discovery to take place during the stay.  In allowing some discovery, Judge Lafferty stated that he was helping the parties to find a "middle ground" wherein JadooTV could respond to DISH's requests for production "with less effort than normally is required in discovery, which is a big deal. Prettytime-intensive [sic] and pretty time sinkish [sic]…. (*See* Dkt. 132-1 at 9:12–20; Dkt. 138 at 2:21–25; Dkt. 148 at 4:24 –5:1.)

its portion of the Joint Stipulation. (*See* Dkt. 145 at 4 ("In its separate Opposition, JadooTV largely reiterates its arguments that the Motion is premature, that the 3,015 pages it produced at the direction of the bankruptcy judge should be sufficient….").)

The second argument is that DISH – not JadooTV – is responsible for JadooTV's failure to produce relevant, responsive documents in this case, based on its allegedly not properly meeting and conferring. (*See* Dkt. 148 at 10:16–19 ("DISH, not JadooTV, is the party that has failed to repeatedly meet and confer regarding discovery, and a proper meet and confer could have avoided the time and expense in this motion….").) Jadoo made this same argument in its opposition to the motion to compel. (Dkt. 138 at 5:9 ("DISH has not satisfied this meet-and-confer requirement.").) JadooTV's argument was not successful before, is repeated here again, and is reason enough for denial. *See, e.g.*, *Graves v. A. Express*, No. CV 07-6002 PSG (FMOx), 2008 WL 11342885, at *2 (C.D. Cal. Feb. 6, 2008) (denying motion for reconsideration because "Plaintiff has repeatedly put forth the same contentions that were used in support of his original motions, previously considered and denied"); N.D. Cal. Civil L.R. 7-9(c) ("Any party who violates this restriction shall be subject to appropriate sanctions.")

Finally, JadooTV claims for the first time that DISH filed the Joint Stipulation without JadooTV's authorization. This is false. On January 17, 2020, DISH provided its portion of the Joint Stipulation to JadooTV's counsel, and a week later on January 24, 2020, JadooTV's counsel, after adding their portion, sent the combined document back to DISH's counsel for filing. (Ferguson Decl. ¶ 4, Ex. 2.) On January 25, 2020, after receiving the combined document, DISH's counsel emailed JadooTV's counsel stating, "We have no changes. I will add the pages to the table of contents and file today." (*Id*.) JadooTV's counsel did not object at that time or after the filing was made through the Court's electronic filing system. Not until this Motion did JadooTV claim that DISH filed the Joint Stipulation without its authorization. (*Id*.) JadooTV's introduction of this new argument is procedurally improper because if JadooTV believed the filing of the Joint Stipulation was not authorized then it should have raised the argument in its opposition or otherwise, prior to the entry of the order. *See Motorola*, 215 F.R.D. at 585 ("Motions for

reconsideration are disfavored, and parties should not use them to make arguments not raised in their original briefs.").

## IV. CONCLUSION

As explained above, Judge Stevenson's findings are well supported, and JadooTV's Motion, ignores the proper grounds necessary for seeking reconsideration of a prior order. JadooTV's Motion should be denied.

Dated: April 17, 2020                    Respectfully submitted,

By: */s/ Stephen M. Ferguson*
   Stephen M. Ferguson (appearance *pro hac vice*)
   stephen.ferguson@hnbllc.com
   Timothy M. Frank (California Bar No. 263245)
   timothy.frank@hnbllc.com
   Joseph H. Boyle (appearance *pro hac vice*)
   joe.boyle@hnbllc.com
   HAGAN NOLL & BOYLE LLC
   820 Gessner, Suite 940
   Houston, Texas 77024
   Telephone: (713) 343-0478
   Facsimile: (713) 758-0146

   David A. Van Riper (California Bar No. 128059)
   dave@vanriperlaw.com
   VAN RIPER LAW
   1254 Irvine Blvd., Suite 200
   Tustin, California 92780-3571
   Telephone: (714) 731-1800
   Facsimile: (714) 731-1811

   *Attorneys for Plaintiffs DISH Network L.L.C.*