Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOO TV, INC., et al., <br><br> Defendants. | Case Number: 3:20-cv-01891-CRB <br><br> **DECLARATION OF STEPHEN M. FERGUSON IN SUPPORT OF DISH NETWORK L.L.C.'S MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER** |

I, Stephen M. Ferguson, of Houston, Texas declare as follows:

1. I am an attorney with the firm of Hagan Noll & Boyle LLC, counsel for Plaintiff DISH Network L.L.C. ("DISH"). I am licensed to practice in Texas and admitted pro hac vice for purposes of representing DISH in this case. I make this declaration based on personal knowledge and, if called on to testify, would testify competently as stated herein. This declaration is filed in support of DISH's Motion to Extend Deadlines in Scheduling Order (Dkt. 50), as amended by the Order Regarding Further Proceedings (Dkt. 133).

2. DISH filed this copyright action against Jadoo TV, Inc. ("JadooTV") and Sajid Sohail (collectively, the "Parties") on November 20, 2018. (Dkt. 1.) The Parties filed a Joint Rule 26(f) Report on February 28, 2019. (Dkt. 41.) The initial Scheduling Order was entered on March 8, 2019. (Dkt. 50.)

### I. Previous Modifications to Scheduling Order

3. The Scheduling Order was modified on January 29, 2020, which was fifteen days after the automatic stay as to JadooTV was lifted. (Dkt. 133.) The modified Scheduling Order provides the following deadlines:

   a. Completion of fact discovery:  April 23, 2020;
   b. Completion of settlement conference: April 23, 2020;
   c. Initial expert witness disclosures:  May 7, 2020;
   d. Rebuttal expert witness disclosures:  June 8, 2020;
   e. Completion of expert discovery: August 7, 2020; and
   f. Dispositive motions: September 8, 2020.[1]

(*Id.* at 1:19-2:17.)

4. The case deadlines were also reset on two prior occasions while the automatic stay was in place, including by stipulation on August 28, 2019 and by DISH's ex parte application on November 20, 2019. (Dkts. 101, 120.)

---

[1] The Scheduling Order also includes deadlines of October 30, 2020 and November 6, 2020 for pretrial filings and motions; November 20, 2020 for the final pretrial conference; and December 8, 2020 for trial. (Dkt. 133 at 2:21-3:6.)

3:20-cv-01891-CRB                                                              Declaration of Stephen M. Ferguson

2

## II. Reasons for the Requested Extension of Deadlines in Scheduling Order

### A. Recent Transfer to this District

5. This copyright action was transferred from the Central District of California to this District on March 18, 2020. (Dkt. 150 at 24:24-26; Dkt. 152.)

6. The Order Reassigning Case states "[a]ll hearing and trial dates presently scheduled are vacated . . . [o]ther deadlines such as those for ADR compliance and discovery cutoff also remain unchanged." (Dkt. 159 at 1:17-21.)

7. The initial case management conference is set for September 11, 2020. (Dkt. 160.)

### B. Discovery was Delayed Because of JadooTV's Bankruptcy

8. JadooTV filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California on May 31, 2019, resulting in an automatic stay as to the main defendant, JadooTV. (*See* Dkt. 78; *In re: JadooTV, Inc.*, No. 19-41283 (WJL), Dkt. 1 (Bankr. N.D. Cal. May 31, 2020).)

9. The JadooTV bankruptcy filing delayed discovery in this action. Only a limited exchange of documents occurred before the automatic stay went into effect and during the pendency of the bankruptcy as directed by the bankruptcy court.

10. The bankruptcy court entered an order lifting the automatic stay effective January 14, 2020 to permit DISH to prosecute its claims against JadooTV. *See In re: JadooTV, Inc.*, No. 19-41283 (WJL), Dkt. 218 (Bankr. N.D. Cal. Jan. 8, 2020).

### C. Outstanding Issues with JadooTV's Document Production

11. On February 25, 2020, the Central District of California granted DISH's motion to compel JadooTV's production of documents responsive to 81 document requests. (Dkt. 143; Dkt. 145 at 7, the "Order".) On March 9, 2020, JadooTV produced documents pursuant to the Order.

12. The Parties have engaged in ongoing investigations and meet and confer communications concerning JadooTV's control over 31 JadooTV work email accounts in which JadooTV has not produced documents and that DISH identified from JadooTV's document production. Since February 4, 2020, DISH has sought answers from JadooTV to questions concerning JadooTV's claim that it lacks control over the 31 JadooTV work email accounts.

13. The Parties have also engaged in meet and confer communications concerning JadooTV's failure to produce a privilege log or specific documents responsive to the requests in the Order, including JadooTV's Quickbooks file.

14. These issues concerning JadooTV's document production remain outstanding and may require rulings from the Court.

### D. Continued Depositions to Occur in this District

15. On March 17, 2020, the Parties agreed to continue eleven depositions that DISH noticed to occur in this District because of the current situation with COVID-19, the outstanding issues concerning JadooTV's document production, and the transfer of this action to this District.

16. Only one deposition has occurred in this case.

### E. Discovery Against Former Defendant Haseeb Shah of Pakistan

17. On March 16, 2020, the Central District of California granted Defendant Haseeb Shah's ("Shah") motion to dismiss finding it lacked personal jurisdiction over Shah. (Dkt. 150 at 18:3-4.)

18. Shah did not participate in discovery as a Defendant.

19. DISH intends to move the Court to issue a letter rogatory and request for judicial assistance in compelling Shah, a resident of Pakistan, to give testimony and produce documents.

### III. Efforts DISH has Made to Obtain a Stipulation

20. Attached as **Exhibit 1** is a true and correct copy of a follow up letter that I sent to JadooTV's counsel on March 18, 2020, summarizing a telephonic meet and confer we had on March 17, 2020, and the outstanding issues for JadooTV to address. In this letter I state, "Due to the outstanding depositions, transfer of venue to the Northern District, and the current state of affairs with the Coronavirus, DISH proposes that the parties request a scheduling order providing at least six additional months of discovery. Please let me know JadooTV's position regarding a scheduling order." (Ex. 1 at 1.)

21. Attached as **Exhibit 2** is a true and correct copy of an email response that I received from JadooTV's counsel on March 24, 2020, stating in relevant part, "Defendants agree to an

amended scheduling order given the current Covid-19 circumstances and agree to an additional six months of discovery."

22.     On April 1, 2020, I sent JadooTV's counsel a proposed stipulated request to extend the deadlines in the Scheduling Order and asked them to "[p]lease let us know by the end of this week if you approve our filing with your signature." I received a response from JadooTV's counsel on April 3, 2020 stating, "A quick update that I am waiting to hear back from the client and will hopefully be able to get you a quick response before end of day today." I sent JadooTV's counsel a follow up on April 8, 2020, stating, "I'm following up on the proposed stipulation to extend the deadlines in the scheduling order.  Please provide your client's position, or let me know if you would like to discuss on a call." Attached as **Exhibit 3** is a true a correct copy of these emails from April 1, April 3, and April 8, 2020, and the attached proposed stipulated request to extend the deadlines in the Scheduling Order.

23.     On April 13, 2020, I called JadooTV's counsel and left a voice message requesting a call to discuss the proposed stipulation to extend the deadlines in the Scheduling Order. JadooTV's counsel responded by email on April 13, 2020, asking if I wanted to schedule a call and stating, "I don't think we are up against any deadline since all schedules should be vacated and our first CMC is not until September." I responded on April 14, 2020 stating in relevant part,

> Like you, I think the existing deadlines will be vacated and reset. However, the order reassigning the case to Judge Breyer (Dkt. 159) also says "Other deadlines such as those for ADR compliance and discovery cutoff also remain unchanged." I think we need to get a stipulation on file, before the deadlines pass, asking Judge Breyer to extend at least those two deadlines so that we arent in a state of non-compliance.

Attached as **Exhibit 4** is a true a correct copy of these emails from April 13-14, 2020.

24.     I had a telephonic meet and confer with JadooTV's counsel, Shinhong Byun, on April 15, 2020, concerning the proposed stipulation to extend the deadlines in the Scheduling Order.  Ms. Byun repeated JadooTV's position that all the case deadlines had been vacated by the order setting an initial case management conference in September.  Ms. Byun also stated JadooTV would not agree to any stipulation to extend the deadlines in the Scheduling Order, and DISH should file a motion or send an email seeking clarification from Judge Breyer's clerk.  Ms. Byun

also stated JadooTV did not want to participate in discovery until after the initial case management conference in September. JadooTV's counsel was unavailable for a follow up call on April 16, 2020, and failed to respond to my email or voice message requesting a follow up call on April 17, 2020.

### IV. DISH will be Prejudiced Without an Extension of the Deadlines

25. As set forth above in paragraphs 11-19, significant discovery issues remain outstanding including: (1) JadooTV's failure to produce emails from 31 JadooTV work email accounts, its Quickbooks file, and its privilege log; (2) the continuing of eleven depositions noticed by DISH; (3) and former Defendant Shah's refusal to participate in discovery. JadooTV already agreed to an additional six months of discovery. DISH will be prejudiced without this additional time to complete fact discovery and ADR.

### V. Effect the Requested Extension Would Have on the Schedule for the Case

26. The requested extension would not effect the initial case management conference set for September 11, 2020. (Dkt. 160.) Extending the deadlines to complete fact discovery and ADR until further order of this Court will allow the deadlines to be reset following the case management conference.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 18, 2020.

                                */s/ Stephen M. Ferguson*
                                Stephen M. Ferguson