Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
2000 Alameda de las Pulgas, Suite 154
San Mateo, CA 94403
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOOTV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB <br><br> **NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF DISH NETWORK L.L.C.'S OPPOSITION (DKT. NO. 169) BY DEFENDANT JADOOTV, INC.; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *Proposed Order filed concurrently.* <br><br> Judge: The Honorable Charles R. Breyer <br> Date: Friday, May 29, 2020 <br> Time: 10:00 am Pacific Daylight Time <br> Location: Telephonic appearance requested |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Friday, May 29, 2020 at 10:00 Pacific Daylight Time before the Honorable Charles R. Breyer at the United States District Court for the Northern District of California, Courtroom 6, 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant JadooTV, Inc., through its counsel of record, will move the Court to strike Plaintiff DISH Network L.L.C.'s unauthorized "opposition" (Dkt. No. 169) from the docket. JadooTV requests that the parties appear for the hearing by telephone and will file an Application and Proposed Order for a Telephonic Appearance.

**CONCISE STATEMENT OF THE RELIEF SOUGHT**

Defendant JadooTV, Inc. requests that the Court use its inherent powers to strike Plaintiff DISH Network L.L.C.'s unauthorized "opposition" (Dkt. No. 169) from its docket. DISH has filed an opposition to a motion that is not set to be heard by this Court. This motion to strike is based on this notice and memorandum of points and authorities, the pleadings and papers on file in this action, and such other oral argument and evidence as may be presented at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

This is a copyright infringement lawsuit recently transferred from the Central District. During proceedings in the Central District before District Judge Fernando M. Olguin, Plaintiff D.I.S.H. Network L.L.C. ("DISH") moved to compel Defendant JadooTV, Inc. ("JadooTV") to produce certain documents. Dkt. No. 132. Magistrate Judge Karen L. Stevenson, acting as a Central District discovery referee, granted DISH's motion. Dkt. No. 145. JadooTV moved for reconsideration of that order on March 9, 2020. Dkt. No. 148. A week later, on March 16, 2020, Judge Olguin granted JadooTV's pending transfer motion, sending this action here. Dkt. No. 150.

JadooTV's motion for reconsideration of the discovery order is not set to be heard by this Court. Still, DISH has now filed an "opposition" to that motion (Dkt. No. 169). That opposition is inappropriate, as there is currently nothing to oppose. JadooTV requests that the Court either strike DISH's improperly filed opposition from the docket under its inherent powers or set a hearing date for JadooTV's motion for reconsideration so the company may prepare a reply brief.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether JadooTV's March 9, 2020 motion for reconsideration is pending before this Court.

## III. ARGUMENT

**A. DISH has filed an improper opposition that this Court may strike from its docket.**

"District courts have inherent power to control their docket." *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum in their presence, and submission to their lawful mandates."). District courts' inherent powers—which exist to "achieve the orderly and expeditious disposition of cases[,]" *Chambers v. Nasco, Inc.*, 501 U.S. at 43— "include[] the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). In extreme situations, a district court may even "go as far as to dismiss entire actions to rein in abusive conduct." *Id.*

DISH's unauthorized "opposition" threatens to divert this Court's attention from the issues properly before it and stall this case. JadooTV requests the Court remedy the situation by using its inherent powers to remove that "opposition" (Dkt. No. 169) from its docket.

**1. Federal Rule 12(f) does not limit this Court's inherent powers.**

The Court's power to strike items from its docket is not limited to filings that qualify as "pleadings" under Federal Rule 12(f). *Ready Transportation, Inc. v. AAR Manufacturing, Inc.* addresses this point directly. 627 F.3d 402 (9th Cir. 2010). There, the Ninth Circuit reviewed the decision of a district court that resolved a motion to strike by "conclud[ing] it was powerless to strike [a] confidential settlement agreement from the public docket[.]" *Id.*, at 405. Emphasizing the "control necessarily vested in courts to manage their own affairs[,]" the Ninth Circuit reversed. *Id.*, at 404 (quoting *Chambers*, 501 U.S. at 43). It wrote that since the district court had the inherent power to dismiss the entire action if it found that to be an appropriate sanction, it "necessarily follow[ed]" that it could also "use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal." *Id.* The Ninth Circuit reversed the "powerless" district court's decision and remanded the case to it. *Id.*, at 405.

Since *Ready Transportation*, district courts have routinely rebuffed parties attempting to limit their power based on the language of Federal Rule 12. For instance, in *Collins v. Collins*, the defendants filed a Federal Rule 12(f) motion to strike a certain declaration filed by the plaintiff. No. 3:16-cv-00111-MMD, 2019 WL 1876801, at *1 (D. Nev. Apr. 26, 2019). Those defendants "casually acknowledge[d] that Rule 12 applies to pleadings, but then argue[d] that courts have stricken documents other than pleadings[.]" *Id.* The Nevada district court resolving the motion, thoroughly unimpressed with the suggestion it was powerless because the defendants "did not seek to strike a pleading[,]" reiterated the controlling law:

> While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg.*, Inc., 627 F.3d 402, 404 (9th Cir. 2010), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp.*, 627 F.3d at 404; *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate . . . conduct." *Id.*

*Id.*, at *1 (internal citations omitted). The same is true here: while the Court may not strike DISH's opposition under Federal Rule 12(f), it may do so under its inherent powers.

### 2. Striking DISH's opposition is an appropriately tailored sanction.

While it has the power to do so, it is not necessary for the Court to dismiss this entire action based on a single unauthorized filing. Simply striking the filing in question (Dkt. No. 169) is sufficient. There is no reason for the Court to consider the contents of DISH's purported "opposition," as doing so would contribute nothing to this action and further delay the "orderly and expeditious disposition of [this] case[.]" *Chambers v. Nasco, Inc.*, 501 U.S. at 43. JadooTV requests that the Court use its powers to take the appropriate corrective action here.

### B. The Central District did not rule on JadooTV's motion for reconsideration.

The Federal Rules do not expressly authorize motions for reconsideration. But district courts have the inherent power to modify any of their interlocutory orders prior to final judgment,

3

and litigants commonly request that they do so. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance [ . . . . ]"); *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). The Central District's Local Rules lay out certain parameters for such a request:

> **L.R. 7-18 Motion for Reconsideration**. A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

The Northern District's Local Rule 7-9 lays out its own requirements for such motions.

Here, Central District Magistrate Judge Karen L. Stevenson issued a February 25, 2020 order granting DISH's motion to compel production of certain documents. Dkt. No. 145. JadooTV moved for reconsideration of that order on March 9, 2020. Dkt. No .148. District Judge Fernando M. Olguin did not mention the pending motion for reconsideration in his March 16, 2020 order transferring this case to the Northern District. *See* Dkt. No. 150.

Either Magistrate Judge Karen L. Stevenson or District Judge Fernando M. Olguin could have modified the February 25, 2020 discovery order before the transfer, but they did not. Now that the transfer is complete, they no longer have jurisdiction to issue orders in this case. *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) (adopting the rule that "a section 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records").

**C.   There is no hearing date set for JadooTV's motion for reconsideration.**

JadooTV initially reserved and noticed a May 13, 2020 hearing date in the Central District for its motion for reconsideration. The Central District will not hear JadooTV's motion on that date, as it no longer has jurisdiction to do so following the transfer. *Lou v. Belzberg*, 834 F.2d 730,

733 (9th Cir. 1987).

**E.  Unless the Court hears JadooTV's motion, DISH's "opposition" is immaterial.**

It is not clear what DISH is opposing. DISH cannot oppose JadooTV's motion for reconsideration in the Central District, as that court no longer has jurisdiction to hear the motion and has removed the associated May 13, 2020 hearing from its calendar. This appears to be what DISH is doing, as it claims that "a response brief is due on April 22, 2020." Dkt. No. 169, at 2. (Under Central District Local Rule 7-9, oppositions are due 21 days before the hearing.)

There is nothing else to oppose. JadooTV has not noticed this motion for a hearing date here in the Northern District, and this Court has not set one. Without a pending motion, there can be no opposition. N.D. Cal. L.R. 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed.") Since DISH's filing is not material to any matter currently before the Court, JadooTV requests that this Court use its power to strike it from the docket.

**IV.  CONCLUSION**

DISH is well-aware that the Central District no longer has the power to hear JadooTV's motion for reconsideration of Magistrate Judge Stevenson's discovery order. DISH also knows that the Central District has removed the May 13, 2020 hearing from its calendar. But rather than waiting for this Court to provide guidance on if or when that motion for reconsideration will be heard here in the Northern District, the company has created a nonsensical deadline in a transparent attempt to ambush this Court with its preferred narrative as quickly as possible.

A party may not file an opposition when there is nothing to oppose. JadooTV requests that the Court immediately use its inherent powers to strike DISH's brief from the docket.

Dated:  April 24, 2020                    CHAN PUNZALAN LLP

*/s/ Nicole Daryanani*
Nicole Daryanani

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*