Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case Number: 3:20-cv-01891-CRB (LB) |
| Plaintiff, | **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANT SAJID SOHAIL'S MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. 167]** |
| vs. | |
| JADOO TV, INC., et al., | Judge: Hon. Charles R. Breyer |
| Defendants. | Date: Friday, June 26, 2020 |
| | Time: 10:00 am PDT |
| | Location: Courtroom 06, 17th floor |

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................................1

II.     STATEMENT OF THE ISSUES TO BE DECIDED.........................................................2

III.    ARGUMENT SUMMARY ..................................................................................................2

IV.     ARGUMENT .......................................................................................................................3

        A.      Legal Standard ......................................................................................................3

        B.      DISH Adequately Pleads Sohail's Individual Liability for Direct, Contributory, and
                Vicarious Copyright Infringement. ......................................................................4

                1.   Direct Infringement .......................................................................................5

                2.   Contributory Infringement ...........................................................................8

                     a.   Inducement ...........................................................................................8

                     b.   Material Contribution ..........................................................................9

                3.   Vicarious Infringement. ..............................................................................11

        C.      DISH Should be Granted Leave to Amend its Complaint if the Court is Inclined to Grant
                Sohail's Motion. .................................................................................................13

V.      CONCLUSION ..................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Adobe Sys. Inc. v. Software Speedy*,
 2014 WL 7186682 (N.D. Cal. Dec. 16, 2014) .............................................................. 6-7

*Am. Broad. Cos. v. Aereo, Inc.*,
 573 U.S. 431 (2014) ........................................................................................................ 8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................ 3

*Bangkok Broad. & T.V. Co., Ltd. v. IPTV Corp.*,
 2009 WL 10670670 (C.D. Cal. July 27, 2009) ....................................................... 2, 6, 9

*Barahona v. Union Pac. R.R. Co.*,
 881 F.3d 1122 (9th Cir. 2018) ....................................................................................... 13

*Broad. Music, Inc. v. McDade & Sons, Inc.*,
 928 F. Supp. 2d 1120 (D. Ariz. 2013) .................................................................... 2, 4, 11

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
 637 F.3d 1047 (9th Cir. 2011) ......................................................................................... 3

*Clarendon Nat'l Ins. Co. v. Ins. Co. of the W.*,
 442 F. Supp. 2d 914 (E.D. Cal. 2006) ........................................................................... 10

*Columbia Pictures Indus., Inc. v. Fung*,
 710 F.3d 1020 (9th Cir. 2013) .................................................................................... 8, 12

*Comm. for Idaho's High Desert, Inc. v. Yost*,
 92 F.3d 814 (9th Cir. 1996) .......................................................................................... 2, 4

*Davis v. Metro Prods., Inc.*,
 885 F.2d 515 (9th Cir. 1989) ........................................................................................... 4

*Digby Adler Grp. LLC v. Image Rent a Car, Inc.*,
 79 F. Supp. 3d 1095 (N.D. Cal. 2015) ............................................................................ 4

*Dongxiao Yue v. Chordiant Software, Inc.*,
 2009 WL 4931679 (N.D. Cal. Dec. 21, 2009) ........................................................... 3, 13

3:20-cv-01891-CRB (LB)                                     DISH's Opposition to Sohail's Motion
                                                                                        For Judgment on the Pleadings
iii

*Ellison v. Robertson*,

    357 F.3d 1072 (9th Cir. 2004) ......................................................................... 12

*Elvig v. Calvin Presbyterian Church*,

    375 F.3d 951 (9th Cir. 2004) ............................................................................ 3

*Knievel v. ESPN*,

    393 F.3d 1068 (9th Cir. 2005) .......................................................................... 3

*Estate of Rodriguez v. City of Long Beach*,

    2020 WL 292179 (C.D. Cal. Jan. 21, 2020) ............................................... 3, 14

*Fonovisa, Inc. v. Cherry Auction, Inc.*,

    76 F.3d 259 (9th Cir. 1996) ............................................................................ 13

*Grover Prods., Co. v. Air Horns of Tex., LLC*,

    2018 WL 6118435 (C.D. Cal. Oct. 17, 2018) .................................................. 7

*Haller v. Advanced Indus. Comput. Inc.*,

    13 F. Supp. 3d 1027 (D. Ariz. 2014) ............................................................... 3

*Harris v. Cnty. of Orange*,

    682 F.3d 1126 (9th Cir. 2012) .......................................................................... 4

*In re Bare Escentuals, Inc. Sec. Litig.*,

    745 F. Supp. 2d 1052 (N.D. Cal. 2015) ........................................................... 3

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,

    456 U.S. 694 (1982) ....................................................................................... 15

*Marina Vape, LLC v. Nashick*,

    2017 WL 3579874 (C.D. Cal. July 7, 2017) .............................................. 5, 10

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster*,

    518 F. Supp. 2d 1197 (C.D. Cal. 2007) ........................................................... 8

*Mfg. Automation and Software Sys., Inc. v. Hughes*,

    2017 WL 1960633 (C.D. Cal. May 8, 2017) .............................................. 9, 11

*Moseley v. United States Appliance Corp.*,

    155 F.2d 25 (9th Cir.1946) .............................................................................. 4

*Novell, Inc. v. Unicom Sales, Inc.*,

    2004 WL 1839117 (N.D. Cal. Aug. 17, 2004) ................................................................ 5

*Oppenheimer v. Allvoices, Inc.*,

    2014 WL 2604033 (N.D. Cal. June 10, 2014) ............................................................ 12

*Pac. W. Grp., Inc. v. Real Time Sols., Inc.*,

    321 F. App'x 566 (9th Cir. 2008) ................................................................ 13

*Perfect 10, Inc. v. Amazon.com, Inc.*,

    508 F.3d 1173 (9th Cir. 2007) ................................................................ 2, 8, 11

*Ritual Coffee Roasters, Inc. v. ATA Grp. LLC*,

    2013 WL 12129873 (C.D. Cal. Apr. 9, 2013) ............................................... 2, 4, 8

*Rosen v. Imagevenue.com*,

    2013 WL 12132052 (C.D. Cal. Nov. 26, 2013) .......................................... 10

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,

    824 F.3d 1161 (9th Cir. 2016) .............................................................. 5-6

*Symantec Corp. v. CD Micro, Inc.*,

    286 F. Supp. 2d 1265 (D. Or. 2003) .................................................... 11-12

*Twentieth Century Music Corp. v. Aiken*,

    422 U.S. 151 (1975) ................................................................ 5

*Ultratech, Inc. v. Ensure NanoTech (Beijing), Inc.*,

    108 F. Supp. 3d 816 (N.D. Cal. 2015) .................................................. 5

*Universal City Studios Prods. LLLP v. Tickbox TV LLC*,

    2018 WL 1568698 (C.D. Cal. Jan. 30, 2018) ........................................ 9

*Urban Accessories, Inc. v. Iron Age Design and Imp., LLC*,

    2015 WL 1510027 (W.D. Wash. Apr. 1, 2015) .................................... 7

*UMG Recordings, Inc. v. Veoh Networks Inc.*,

    2009 WL 334022 (C.D. Cal. Feb. 2, 2009) ........................................ 12-13

*VHT, Inc. v. Zillow Grp., Inc.*,

    918 F.3d 723 (9th Cir. 2019) ................................................................ 7

*Williams v. Cnty. of Alameda*,

      26 F. Supp. 3d 925 (N.D. Cal. 2014) ................................................................................... 4

**<u>Rules</u>**

Fed. R. Civ. P. 12(c) ....................................................................................................... 3, 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 3, 13

Fed. R. Civ. P. 37(b)(2)(A)(iv) ........................................................................................ 15

Plaintiff DISH Network L.L.C. ("DISH") files this Opposition to Defendant Sajid Sohail's Motion for Judgment on the Pleadings.  (Dkt. 167, the "Motion.")

## I.    INTRODUCTION

DISH filed this copyright action in November 2018 in the Central District of California against Jadoo TV, Inc. ("Jadoo TV"), its owner and CEO Sajid Sohail ("Sohail"), and Jadoo TV's agent Haseeb Shah ("Shah") based on their distribution of programming from television channels exclusively licensed to DISH in the United States ("Protected Channels").  (*See* Dkt. 1, Compl.) Defendants shirked their discovery obligations from the start, resulting in the Court granting two motions to compel, the first in August 2019 against Sohail and the second in February 2020 against Jadoo TV.  (*See* Dkts. 96, 145.)  Both times the Court also awarded DISH its expenses, including attorneys' fees, incurred in bringing the motion.  The most recent order summed up Jadoo TV's discovery abuse:  "For more than a year, despite ostensible agreements to produce the relevant, responsive documents, Jadoo TV has sought at every turn to evade its discovery obligations in this lawsuit."  (Dkt. 145 at 7.)  Jadoo TV remains in breach of its discovery obligations to this day.

Against this backdrop and more than a year after filing his Answer, Sohail with this Motion challenges the sufficiency of DISH's pleadings that he should be held jointly and severally liable for Jadoo TV's infringement.  His Motion should be denied.  Sohail is Jadoo TV's founder, CEO, president, majority shareholder, self-described visionary, technologist in charge of content, and is knowledgeable and familiar with its day-to-day operations and finances.  Sohail also had a close working relationship with Shah and personally put him in charge of live television streaming for the Jadoo service.  And Sohail was one of two employees personally involved in the development and design of Jadoo TV's eMedia application that allowed users to live stream the Protected Channels.  Courts in this Circuit routinely hold high ranking corporate officers like Sohail personally liable for their companies' wrongdoing, including copyright infringement.  DISH's Complaint puts forth enough facts for this Court to draw a reasonable inference that Sohail authorized, directed, or participated in Jadoo TV's infringement and directly profited from it, and therefore is personally liable.

## II.   STATEMENT OF THE ISSUES TO BE DECIDED

Whether DISH's Complaint adequately pleads claims against Sohail for direct, contributory, and vicarious copyright infringement.

Whether DISH should be granted leave to amend its Complaint if the Court is inclined to grant Sohail's Motion.

## III.   ARGUMENT SUMMARY

An officer is personally liable for all torts or statutory violations committed in the corporation's name that the officer authorized, directed, or participated in.  *See Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996).  This standard has been applied to claims against corporate officers for direct, contributory, and vicarious copyright infringement.  *See, e.g.*, *Ritual Coffee Roasters, Inc. v. ATA Grp. LLC*, No. CV 13-00489-MWF (JCGx), 2013 WL 12129873, at *2 (C.D. Cal. Apr. 9, 2013); *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928 F. Supp. 2d 1120, 1133–34 (D. Ariz. 2013).  DISH has adequately pleaded Sohail's personal liability for direct, contributory, and vicarious copyright infringement.

First, DISH's Complaint adequately alleges direct infringement against Sohail because he was CEO and owner of Jadoo TV, had a close working relationship with Shah, directed or ratified Shah's acts, and participated in the selection and retransmission to Jadoo users of the Protected Channels from computer servers, some of which were managed by Shah.  (Compl. ¶¶ 8–9, 13, 48–52, 66, 69–70; Dkt. 28, Answer ¶ 8); *see Bangkok Broad. & T.V. Co., Ltd. v. IPTV Corp.,* No. CV 09–03803 SJO (SSx), 2009 WL 10670670, at *3 (C.D. Cal. July 27, 2009).   Second, DISH adequately pleads Sohail's liability for inducement of infringement based on his operation of Jadoo TV for the purpose of promoting infringement.  (Compl. ¶¶ 8, 13, 24–28, 31–32, 39–42, 44–47, 74–80, 83); *see Bangkok Broad.*, 2009 WL 10670670, at *3.  Third, DISH's Complaint sufficiently alleges Sohail's liability for infringement by material contribution because Jadoo TV was put on notice of infringement as far back as 2013, simple measures were available for it to reduce infringement, and Sohail refused to implement such measures.  (Compl. ¶¶ 2, 36, 53, 56, 81–83; Answer ¶¶ 36, 53); *see Perfect 10 Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007). Finally, DISH has adequately alleged Sohail's vicarious liability based on his control over Jadoo

1  TV and direct financial benefit received through the sale of products and services that were used to

2  infringe.  (Compl. ¶¶ 8, 13, 24, 91-92; Answer ¶¶ 8, 24); *Dongxiao Yue v. Chordiant Software, Inc.*,

3  No. C 08–00019 JW, 2009 WL 4931679, at *7 (N.D. Cal. Dec. 21, 2009).

4       However, if the Court is inclined to grant Sohail's Motion, leave to amend should be

5  granted to permit DISH the opportunity to conform the allegations in its Complaint to the postfiling

6  factual record.  *See Estate of Rodriguez v. City of Long Beach*, No. 2:18-cv-07522-CAS (FFMx),

7  2020 WL 292179, at *2 (C.D. Cal. Jan. 21, 2020).

8                                      **IV.     ARGUMENT**

9       **A.     Legal Standard**

10       Federal courts may decline to enter judgment on the pleadings when they perceive that

11  "hasty or imprudent use of this summary procedure" would impede the "policy in favor of ensuring

12  to each litigant a full and fair hearing on the merits of his claim or defense."  *Haller v. Advanced*

13  *Indus. Comput. Inc.*, 13 F. Supp. 3d 1027, 1029 (D. Ariz. 2014).  When a Rule 12(c) motion is used

14  to attack the sufficiency of a plaintiff's complaint, it is subject to the same standard as a Rule

15  12(b)(6) motion; thus, dismissal under Rule 12(c) is unwarranted unless the complaint fails to state

16  a claim for relief that is plausible on its face.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d

17  1047, 1054 n.4 (9th Cir. 2011).  In ruling on a Rule 12(c) motion the court must accept as true all

18  allegations in the plaintiff's complaint, construe such allegations in the light most favorable to the

19  plaintiff, and treat as false defendant's contradictory allegations.  *Elvig v. Calvin Presbyterian*

20  *Church*, 375 F.3d 951, 955 (9th Cir. 2004).  A claim is plausible on its face when the plaintiff

21  pleads "factual content that allows the court to draw the reasonable inference that the defendant is

22  liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23       On a Rule 12(c) motion the court cannot consider evidence outside the pleadings unless it

24  treats the motion as one for summary judgment.  *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F.

25  Supp. 2d 1052, 1065 (N.D. Cal. 2015).  However, a document is not outside the pleadings if the

26  pleading specifically refers to the document and its authenticity is not questioned.  *Knievel v. ESPN*,

27  393 F.3d 1068, 1076 (9th Cir. 2005).  And a court may take judicial notice of undisputed matters

28  of public record, including documents on file in federal or state courts, without converting the

1  motion.  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).   Nor is conversion

2  appropriate where a party withholds discovery, denying the other party the opportunity to develop

3  the factual record.  *See Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014).

### B.   DISH Adequately Pleads Sohail's Individual Liability for Direct, Contributory, and Vicarious Copyright Infringement.

6  Sohail does not contest the sufficiency of DISH's allegations against Jadoo TV and

7  concedes that officers like him are not shielded from personal liability by virtue of the corporate

8  form.  (Dkt. 167 at 9:13–15.)   The thrust of Sohail's Motion is his claim that DISH failed to plead

9  a sufficient "connection" between him and Jadoo TV's wrongdoing.  (*Id*. at 8:17.)   This is puzzling,

10  because for each of its detailed factual allegations against Jadoo TV, DISH pleads that Sohail

11  "personally directed and participated in, and benefitted from" those actions and in particular

12  "supervised the development of the Jadoo service and set-top boxes and associated website…."

13  (Compl. ¶¶ 69, 83, 91.)   Ninth Circuit precedent and several analogous cases confirm that DISH's

14  allegations sufficiently state claims for individual liability against Sohail.

15  Indeed, under Ninth Circuit precedent, "[a] corporate officer or director is, in general,

16  personally liable for all torts which he authorizes or directs or in which he participates,

17  notwithstanding that he acted as an agent of the corporation and not on his own behalf."  *Yost*, 92

18  F.3d at 823.  The cases finding personal liability on the part of corporate officers typically involve

19  instances where the defendant was the "guiding spirit" behind the wrongful conduct, the "central

20  figure" in the challenged corporate activity, or the "moving, active conscious force" behind the

21  infringement.  *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989); *Digby Adler*

22  *Grp. LLC v. Image Rent a Car, Inc.*, 79 F. Supp. 3d 1095, 1104 (N.D. Cal. 2015).   Under such

23  circumstances, both the corporation and the officers or directors who participated in the tortious

24  conduct may be held liable.  *Moseley v. United States Appliance Corp.*, 155 F.2d 25, 27 (9th Cir.

25  1946).  Courts have applied these same basic principles to hold officers personally liable for direct,

26  contributory, and vicarious copyright infringement.  *See Ritual Coffee*, 2013 WL 12129873, at *2

27  (applying rule to claims for direct and contributory copyright infringement); *McDade*, 928 F. Supp.

28  2d at 1133–34 (applying rule to claim for vicarious infringement).

### 1. Direct Infringement

Sohail is personally liable for direct infringement because he was CEO and owner of Jadoo TV and was directly involved in the retransmission of the Protected Channels to Jadoo users from computer servers, including those managed by Shah. (Compl. ¶¶ 8-9, 13, 48–52, 66, 69–70.) Sohail argues that DISH's allegations are not viable for four reasons. (Dkt. 167 at 9:20–21.) Each of his arguments fails.

First, Sohail argues he cannot be liable for direct infringement because DISH's allegations fail to allege that he alone retransmitted the Protected Channels to Jadoo users. (*Id*. at 9:21.) Yet DISH is not required to plead that Sohail alone violated DISH's exclusive rights in the Protected Channels. Rather, as the Supreme Court has said, an action for direct infringement will lie against any person that directs or supervises infringement by another. *See Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 157 (1975) ("The entrepreneur who sponsors such a public performance for profit is also an infringer—direct or contributory."). Courts from this Circuit have applied this rule to hold corporate officers liable for copyright infringement. *See Ultratech, Inc. v. Ensure NanoTech (Beijing), Inc.*, 108 F. Supp. 3d 816, 827 (N.D. Cal. 2015) (concluding that company founder could be held liable for direct copyright infringement for directing the distribution of infringing software and literature); *Marina Vape, LLC v. Nashick*, No. LA CV16–01028 JAK (JEMx), 2017 WL 3579874, at *8 (C.D. Cal. July 7, 2017) ("That the [infringing] label was created by an independent contractor is not a basis on which [officer] can avoid liability."); *Novell, Inc. v. Unicom Sales, Inc.*, No. C-03-2785 MMC, 2004 WL 1839117, at *17 (N.D. Cal. Aug. 17, 2004) (finding officer that "oversaw" advertisement and distribution liable for direct infringement).

Second, Sohail argues without authority or explanation that because Shah was recently dismissed from this case, DISH's direct infringement claims against Sohail automatically fail. (Dkt 167 at 9:21–24.) This argument ignores the fact that Shah was dismissed from this case for lack of personal jurisdiction and not under the plausibility standard on which Sohail now moves for judgment on the pleadings. In dismissing Shah from this case "without prejudice," the Court made no determination as to the merits of DISH's copyright claims including their plausibility. (*See* Dkt. 150, Order Dismissing Shah at 8-18); *see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824

1   F.3d 1161, 1164 (9th Cir. 2016) (stating that "[a] dismissal for want of personal jurisdiction is *not* a

2   judgment 'on the merits' for the purpose of res judicata") (emphasis in original).  Shah's dismissal

3   has no impact on the plausibility of any of DISH's claims.

4           Third, Sohail claims that DISH's Complaint fails to state a plausible claim for direct

5   infringement against him because "DISH's complaint alleges nothing about the causal relationship

6   between Mr. Sohail's operations in California and Mr. Shah's faraway activities in Pakistan." (Dkt.

7   167 at 9:24–26.)  To the contrary, DISH has pleaded that Sohail was directly involved in the

8   infringement.  DISH pleads that Sohail had the authority to supervise and make the final decisions

9   regarding all aspects of Jadoo TV's business by virtue of being its founder, CEO, president, and

10  owner.[1]  (Compl. ¶ 8; Answer ¶ 8.)[2]  And DISH pleads that Sohail used his authority and close

11  working relationship with Shah to direct or authorize the selection of content and implement the

12  technology to retransmit it to Jadoo users. (Compl. ¶¶ 9, 13, 48–52, 69, 69–70, 78.)  In particular,

13  DISH provided a photograph of Sohail with Shah at the International Broadcasting Convention

14  with a comment "what a team" and showed how Sohail ratified Shah's actions by configuring Jadoo

15  set-top boxes to access content from the servers Shah managed.  (Compl. ¶¶ 50, 52, 69.)

16          Courts have denied motions to dismiss corporate officers based on less detailed allegations.

17  For example, in *Bangkok Broad.*, the court denied a motion to dismiss corporate principals where

18  the plaintiff pleaded "[u]pon information and belief [individual defendant] is employed, owns,

19  operates, and/or supervises the operation of [corporate defendant] and derives economic benefit

20  from their business operations[]" and "authorizes and directs [corporate defendant's] activities,

21  including, without limitation, the activities infringing [plaintiffs'] copyrights…."  2009 WL

22  10670670, at *3; No. CV 09–03803 SJO (SSx), Dkt. 1 ¶¶ 14–19 (C.D. Cal. May 28, 2009).

23          Other courts have also denied motions to dismiss brought by corporate officers based on

24  similar allegations.  *See Adobe Sys. Inc. v. Software Speedy*, No. C–14–2152 EMC, 2014 WL

---

[1] DISH asks the Court to take judicial notice of Jadoo TV's Corporate Ownership Statement from its ongoing Chapter 11 case, identifying Sohail as the majority shareholder, by way of a holding company, of Jadoo TV.  (*See* Ferguson Decl. ¶ 2, Ex. 1.)

[2] Sohail apparently disputes he was an "employee" of Jadoo TV, despite admitting as much in his Answer, and misleadingly implies he is not its majority shareholder.  (*See* Dkt. 167 at 13:16; Answer ¶ 8.)  The Court must treat his representations as false, since they conflict with DISH's pleadings.  (*See* Section IV.A., *supra*.)

7186682, at *5 (N.D. Cal. Dec. 16, 2014) ("Insofar as [individual defendant] is alleged to be owner and lead marketing and lead sales representative of the company, there is a plausible basis for concluding that he participated, authorized or directed the challenged activity involved in this case."); *Grover Prods., Co. v. Air Horns of Tex., LLC*, No. 2:18-cv-00708 VAP (KSx), 2018 WL 6118435, at *3 (C.D. Cal. Oct. 17, 2018) (denying motion to dismiss and stating "[i]t is also more than 'plausible' that [individual defendant] is the dominant influence at [corporate defendant], given that he is the president of the business."); *Urban Accessories, Inc. v. Iron Age Design and Imp., LLC*, No. C14–1529JLR, 2015 WL 1510027, at *4 (W.D. Wash. Apr. 1, 2015) (denying motion to dismiss where plaintiff pleaded "[individual defendant] is the president of [corporate defendant] and personally directed or otherwise actively participated in the decision to make [corporate defendant's] allegedly infringing [products]."). Accepting DISH's factual allegations as true and viewing them in the light most favorable to DISH, the Court can reasonably infer that Sohail was the guiding spirit and central figure behind Jadoo TV and Shah's direct infringement, and therefore may be held personally liable.

Fourth, Sohail cites to *VHT, Inc. v. Zillow Grp., Inc.* in concluding that he and Shah did not act with "volition" and therefore cannot be liable for direct infringement. 918 F.3d 723, 732 (9th Cir. 2019); (Dkt. 167 at 10:4–5.) The volition requirement does not immunize Sohail and Shah from direct liability here. Under the volition requirement, someone who does nothing to "cause" infringing material to be distributed or publicly performed is not liable for direct infringement. *Zillow*, 918 F.3d at 731–32. Sohail likens his position in this case to the defendant in *Zillow*, which operated a website to which third-parties uploaded infringing photos; yet he fails to identify a single pleading on which he bases this argument. *Id*. at 732–34. Unlike in *Zillow,* as alleged in the Complaint, Sohail and Shah participated in content selection and implementation of the technology necessary to retransmit that content to Jadoo users. (*See* Compl. ¶¶ 9, 13, 49–52, 69–70.) These facts demonstrate both that Sohail was the guiding spirit behind Jadoo TV's infringing conduct and that he acted with volition. *See Zillow*, 918 F.3d at 732 (stating that volition can be shown through selection of content or instigation of distribution of content).

### 2.    Contributory Infringement

Courts apply the same "authorized, directed, or participated in" standard to determine whether an officer is individually liable for contributory infringement committed on behalf of the corporation. *See, e.g., Ritual Coffee*, 2013 WL 12129873, at *2. Thus, Sohail may be held liable for contributory infringement based on his direct involvement in such infringement by Jadoo TV.

"[M]aterial contribution and inducement are the two doctrinal subsets of the contributory infringement theory of liability." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 518 F. Supp. 2d 1197, 1227-28 (C.D. Cal. 2007). Inducement has four elements: (1) the distribution of a device or product, (2) acts of infringement, (3) an object of promoting its use to infringe copyright, and (4) causation. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013). And material contribution has two elements: (1) the defendant must have knowledge that specific infringing material is available using its system and (2) can take simple measures to prevent further damage, yet continues to provide access to the infringing works. *Amazon*, 508 F.3d at 1172.

#### a.    Inducement

As with direct infringement, DISH adequately pleads that Sohail is individually liable for Jadoo TV's inducement of infringement based on his direct involvement in Jadoo TV's infringement of the Protected Channels.   (*See* Section IV.B.1., *supra*.)  For element one, DISH pleads that Jadoo TV distributes a variety of products and services, including set-top boxes, apps, live television streaming and VOD, and eMedia applications that allowed users to view the Protected Channels. (Compl. ¶¶ 21, 24–29, 75.)  On element two, DISH pleads acts of direct infringement taking place on the Live TV, VOD, and eMedia sections of the Jadoo service in the form of retransmissions of programming from the Protected Channels.  (*Id.*; *see* Section IV.B.1., *supra*.)  These retransmissions constitute, at minimum, a violation of DISH's public performance right in the Protected Channels and works that air on those channels. *See Am. Broad. Cos. v. Aereo*, 573 U.S. 431, 442 (2014) (holding that streaming television programming to subscribers over the Internet was a public performance).  For the third element, DISH pleads in detail Jadoo TV's object of promoting its service to be used to infringe DISH's copyrights. As alleged in DISH's Complaint, Jadoo TV incorporated the Protected Channels and channel logos into the Live TV and VOD menus

of the Jadoo set-top box; promoted Jadoo set-top boxes on the Jadoo website as a source for the Protected Channels; preconfigured set-top boxes to have access to the Protected Channels, either immediately upon turning on the device or with minimal additional effort; and instructed Jadoo users how to add the Protected Channels to their devices.  (Compl. ¶¶ 24–28, 31–32, 39–42, 44–47.)  And as for the last element, DISH pleads that Jadoo TV caused infringement by delivering viewers to the direct infringer in the form of Jadoo users that the direct infringer would not otherwise have had, thereby "[b]roadening those third parties' audiences and the scope of their infringement."  *Universal City Studios Prods LLLP v. Tickbox TV LLC*, No. CV 17-7496-MWF (ASx), 2018 WL 1568698, at *12 (C.D. Cal. Jan. 30, 2018); (*see* Compl. ¶¶ 21, 23–24, 74.)

Sohail counters that DISH has put forth no facts showing that Sohail "clearly expressed a desire to foster infringement" or "[took] any affirmative steps to do so."  (Dkt. 167 at 11:27 – 12:1.)  However, as explained above, DISH has adequately pleaded not only that Sohail was CEO and owner of Jadoo TV, but that he was also directly involved in the development and distribution of Jadoo set-top boxes and their advertisement and promotion on the Jadoo website.  (Compl. ¶¶ 8, 13, 74–80, 83.)  Accepting these allegations as true and viewing them in the light most favorable to DISH, the Court can reasonably infer that Sohail was the guiding spirit and central figure responsible for promoting Jadoo TV's products and services as tools of infringement.  *See Mfg. Automation and Software Sys., Inc. v. Hughes*, No. 2:16–cv–08962–CAS (KSx), 2017 WL 1960633, at *10–13 (C.D. Cal. May 8, 2017) (denying motion to dismiss an inducement claim based on allegations that the individual defendant was the corporation's CEO and supervised the distribution of infringing software); *Bangkok Broad.*, 2009 WL 10670670, at *1–3 (denying individual officers' motion to dismiss inducement claim based on allegations that they directed, authorized, or supervised their corporation's infringing media distributions).

### b.    Material Contribution

Sohail argues that DISH fails to plead that he had "knowledge" of infringing material on the Jadoo service or that he had the "power to take simple measures" to reduce infringement.  (Dkt. 167 at 11:13–15.)  However, as discussed above, DISH need only plead these elements against Jadoo TV and may impose individual liability on Sohail based on his direct involvement in Jadoo

TV's infringement.  *See Marina Vape*, 2017 WL 3579874, at *7 (stating that a corporate officer is liable for infringement by the corporation, "regardless as to whether they are aware that their acts will result in infringement.").  Sohail concedes that DISH has adequately pleaded a material contribution claim against Jadoo TV, and DISH's allegations against Sohail sufficiently demonstrate his direct involvement in the infringement.  (*See* Sections IV.B.1. & IV.B.2.a., *supra.*)  But even if DISH were required to plead each element against Sohail individually, as Sohail incorrectly suggests, DISH's allegations still sufficiently state a claim for material contribution against him.  DISH specifically pleads both the knowledge and simple measures requirement sufficient to hold Sohail personally liable for infringement by material contribution.

Knowledge can be evidenced by, among other things, communications alerting the actor to infringing activity.  *Rosen v. Imagevenue.com*, No. CV 13-01742 SJO (MANx), 2013 WL 12132052, at *3 (C.D. Cal. Nov. 26, 2013) (concluding that allegation that communications and complaints were sent to defendant plausibly established actual knowledge of infringement).  Here, DISH pleads that it sent over 50 written notices of infringement over the course of several years to Jadoo TV demanding that it stop providing the Protected Channels; and Jadoo TV admits it received those notices and took no corrective action.  (Compl. ¶¶ 2, 36, 53, 56, 81; Answer ¶¶ 36, 53.)  Nearly all of these communications were addressed to Sohail's attorney who appeared on behalf of Sohail in this very case, leading to the reasonable inference that Sohail was apprised of their contents and DISH's claims of infringement.[3]  (*See* Ferguson Decl. ¶ 3, Ex. 2.)  Sohail's argument boils down to the notion that this Court may *not* infer that he was put on notice of infringement from communications sent to his attorney or other agents of Jadoo TV.  This is not the law.  *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Ins. Co. of the W.*, 442 F. Supp. 2d 914, 936 (E.D. Cal. 2006) ("Both principal and agent are deemed to have notice of whatever either has notice of….").

Likewise, DISH adequately pleads that Jadoo TV could take simple measures to reduce infringement of the Protected Channels on its service, such as by not loading or by removing software files used to integrate the Protected Channels, by blocking set-top boxes from accessing

---

[3] Jadoo TV was ordered to produce a privilege log by March 9, 2020 that should have included communications between Jadoo TV's counsel and Sohail concerning these notices of infringement. (Dkt. 145 at 7.)  Jadoo TV still has not produced a privilege log.  (Ferguson Decl. ¶ 4.)

DISH's Opposition to Sohail's Motion
For Judgment on the Pleadings

particular servers or URLs, and by refraining from providing instructions to users how to locate the Protected Channels on the Jadoo service.  (Compl. ¶¶ 82–83.)  Reading these allegations in the light most favorable to DISH, the Court could reasonably infer that simple measures to reduce infringement were available, and that Sohail, as head of Jadoo TV, simply chose not to implement them.  Sohail's retort that as "an individual rather than a corporation, he by definition does not have the power to unilaterally implement whatever simple measures he sees fit" is not only an unsupported legal conclusion from outside the pleadings that the Court should not credit for purposes of this Motion, but is itself belied by the fact that Sohail was Jadoo TV's chief executive and controlling shareholder; and therefore he likely did have the power to implement such measures unilaterally.  (Dkt. 167 at 11:16–18.)  Accordingly, DISH has adequately pleaded Sohail's individual liability for contributory infringement based on material contribution.  *See Hughes*, 2017 WL 1960633, at *10–11 (denying CEO's motion to dismiss contributory infringement claim).

### 3. Vicarious Infringement

To state a claim for vicarious infringement the plaintiff must plead that the defendant had the "right and ability to control" the direct infringement and "received a direct financial benefit" from it.  *Amazon*, 508 F.3d at 1173, 1176.  Here, too, DISH need only plead these elements against Jadoo TV and may impose individual liability on Sohail based on his direct involvement in the infringement.  *See McDade*, 928 F. Supp. 2d at 1134 (applying the authorized, directed, or participated in standard in holding officer vicariously liable for corporation's infringement).  Even if DISH were required to plead each element separately against Sohail, its pleadings are sufficient.

"Control" refers to the defendant's right and ability to supervise the direct infringement, that is, "a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so."  *Amazon*, 508 F.3d at 1173.  DISH pleads that Sohail was Jadoo TV's CEO and owner and was the boss of direct infringer Shah who was an agent of Jadoo TV and had a close relationship to Sohail.  (Compl. ¶¶ 8, 9, 51.)  Additionally, DISH pleads that Sohail participated in the selection and retransmission of content to Jadoo users from servers managed by Shah.  (*Id.* ¶¶ 13, 91–92.)  Read in the light most favorable to DISH, these allegations are sufficient to satisfy the control element.  *See Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1265, 1275 (D. Or. 2003) ("As

CEO, [individual defendant] can control the product [corporate defendant] is willing to sell. Here [individual defendant] even was personally involved in the decision. This is adequate to meet the control prong of the test.").

Sohail's argument that DISH failed to specifically plead that he had "pervasive control" over every decision of consequence regarding Jadoo TV's infringement is misplaced. (Dkt. 167 at 14:1-6.)  DISH has adequately pleaded Sohail's control over and personal involvement in the decision to retransmit the Protected Channels.  (*See* Section IV.B.1., *supra*.)  Thus, the level of his involvement pleaded in the Complaint satisfies the proper legal standard.  *See Oppenheimer v. Allvoices, Inc.*, No. C 14–00499 LB, 2014 WL 2604033, at *10 (N.D. Cal. June 10, 2014) (Breyer, J.) (pointing out that "pervasive participation" is not an element of vicarious liability).

DISH also pleads that Sohail received a direct financial benefit from Jadoo TV's infringing activity, thus satisfying element two. (Compl. ¶¶ 8, 24, 91; Answer ¶ 24.)  "Financial benefit exists where the availability of infringing material acts as a draw for customers."  *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004); *see Fung*, 710 F.3d at 1045.  In *Fung*, the Ninth Circuit held that a website operator derived a direct financial benefit from advertising revenue, even though the advertisers were drawn to the total number of users on the site, rather than the infringing materials themselves. 710 F.3d at 1045.  The court further held that where a defendant promotes their product or service as a means of accessing infringing material, their income stream should be treated as "[s]ufficiently direct to meet the direct financial benefit prong…."  *Id.*

Sohail's compensation from Jadoo TV's infringement is analogous to the situation in *Fung*. The Court need only substitute Jadoo TV's customers for the advertisers in *Fung*.  As in *Fung*, while Sohail's compensation is not directly based on the amount of infringing content available on the Jadoo service, it was, to some degree, a function of the total number of Jadoo users.  (Compl. ¶¶ 8, 24, 89.)  Also as in *Fung*, Sohail and Jadoo TV promoted Jadoo products and services as a means of accessing infringing content, thereby requiring the Court to treat his income as sufficiently direct.  (*See* Section IV.B.2.a., *supra*.)  The direct financial benefit prong is satisfied.

Sohail counters that because his ownership of Jadoo TV is through a holding company, his financial benefit is not sufficiently direct.  (Dkt. 167 at 13:15–18.)  But unlike *UMG Recordings,*

1   *Inc. v. Veoh Networks Inc.*, here Sohail did more than just control board seats; he directly managed

2   Jadoo TV as its CEO.  No. CV 07-5744 AHM (AJWX), 2009 WL 334022, at *3 (C.D. Cal. Feb. 2,

3   2009).  Likewise, this argument ignores Sohail's compensation as CEO of Jadoo TV, which flowed

4   directly from customers who purchased Jadoo TV products and services.[4]  (*See* Compl. ¶¶ 8, 24);

5   *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263–64 (9th Cir. 1996) (finding complaint

6   stated a claim for vicarious infringement against operators of a flea market whose benefit flowed

7   directly from customers who purchased infringing media).  Courts have also held that majority and

8   controlling shareholders like Sohail receive a direct financial benefit from their corporation's

9   profits.  *See, e.g.*, *Chordiant Software*, 2009 WL 4931679, at *7 ("[W]here a defendant is a high

10  ranking executive with majority ownership, or receives payments directly related to the infringing

11  activity, he can be held vicariously liable.").  DISH has adequately pleaded vicarious liability.

12

13  **C.    DISH Should be Granted Leave to Amend its Complaint if the Court is Inclined to Grant Sohail's Motion.**

14          As demonstrated above, DISH has adequately pleaded all of its claims against Sohail.

15  However, if the court is inclined to grant Sohail's Motion, DISH requests leave to amend its

16  Complaint.  As with a Rule 12(b)(6) motion to dismiss, a court granting judgment on the pleadings

17  under Rule 12(c) should grant leave to amend unless it is clear the amendment would be "futile."

18  *Pac. W. Grp., Inc. v. Real Time Sols., Inc.*, 321 F. App'x 566, 569 (9th Cir. 2008).  "An amendment

19  is futile only if no set of facts can be proved under the amendment to the pleadings that would

20  constitute a valid and sufficient claim…."  *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134

21  (9th Cir. 2018) (quotations omitted).

22          DISH's claims against Sohail are not futile for at least two reasons.  First, as shown above,

23  courts routinely impose individual liability on chief executives like Sohail for the acts of their

24  corporations.  It follows that there must be some facts that, if proven, would entitle DISH to relief

25  against Sohail based on Jadoo TV's infringement.  Second, the factual record has been augmented

26

27  [4] Jadoo TV has withheld responsive financial documents including its Quickbooks files and DISH
28  expects this outstanding discovery will provide additional evidence of Sohail's financial interest.
    (Ferguson Decl. ¶ 17, Ex. 13.)  A Jadoo TV bankruptcy filing shows two loans to Sohail totaling
    $224,000, and Sohail received payments of $307,500 within a year.  (*Id.* ¶ 18, Ex. 14 at 13, 16.)

3:20-cv-01891-CRB (LB)                                    DISH's Opposition to Sohail's Motion
                                                          For Judgment on the Pleadings

through party and third-party discovery in this case and Jadoo TV's ongoing Chapter 11 bankruptcy case, which has generated a substantial factual record of its own.  Granting DISH leave to amend to conform its Complaint to the postfiling factual record is therefore not only warranted but would also assuage Sohail's critique that DISH's allegations were made "upon information and belief."  (Dkt. 167 at 13:21.)  *See Rodriguez*, 2020 WL 292179, at \*2 ("A Dismissal without affording plaintiff an opportunity to amend to conform the allegations of the complaint to postfiling developments and evidence obtained during discovery may constitute an abuse of discretion.").

The factual record currently includes the following additional evidence that, if pleaded in an amended complaint, would further undergird the plausibility of DISH's claims against Sohail:

- Sohail's "vision" was for Jadoo TV to deliver South Asian TV content to the South Asian immigrant and ex-pat community in the United States.  (Ferguson Decl. ¶ 5, Ex. 3 ¶¶ 5–6.)

- Sohail was Jadoo TV's self-described chief "technologist" and one of two employees involved in the design and development of set-top boxes and eMedia.  (*Id*. at ¶¶ 6–8, Exs. 4–5.)

- Sohail personally made the decision to broadcast the Protected Channels including ARY Digital, ARY News, Hum TV, Hum Masala, Hum Sitaray, and Dunya based on their popularity among viewers.  (*Id*. at ¶¶ 5, 14, Ex. 3 ¶¶ 6–7, Ex. 11.)

- Sohail caused a direct payment of $8,000 to be made to Shah in Pakistan, and paid Shah's legal fees to get him dismissed from this case.  (*Id*. at ¶ 10, Ex. 7; *see* Dkt. 74 at 21:27-28.)

- Sohail entered into contracts identifying Shah as Jadoo TV's "Technical Contact" with Jadoo TV's phone number and an @jadootv.com email address.  (*Id*. at ¶ 11, Ex. 8.)  Sohail also put Shah in charge of responding to copyright infringement complaints sent to Jadoo TV's CDN's.  (*Id*. at ¶ 12, Ex. 9.)

- Sohail sent emails officially putting Shah in charge of live channel distribution and another employee in charge of Movies and VOD and instructed employees to communicate with them directly and to not copy him on "content related emails."  (*Id*. at ¶ 9, Ex. 6.)

- Sohail earned approximately $300,000 annually from Jadoo TV, primarily from the sale of Jadoo set-top boxes.  (*Id*. at ¶ 5, Ex. 3 ¶¶ 9, 38.)

- After computer servers transmitting the Protected Channels were disabled in response to receipt of a subpoena from DISH, a Jadoo employee sent an email to Shah, another employee in charge of Movies and VOD, and copying Sohail titled "VOD and drama issues" and asking whether they should look into the problem. (*Id.* at ¶ 13, Ex.10.) A couple months later, Sohail discovered a work-around that would allow Jadoo TV to again provide Jadoo users with access to the Protected Channels in the VOD section of the Jadoo service and even acknowledged that the content was restricted by DISH. (*Id.* at ¶ 14, Ex. 11.)

- Sohail made the final decision to remove the Protected Channels almost five months after DISH filed its Complaint. (*Id.* at ¶ 15, Ex. 12.)

- Shah blames Sohail and Jadoo TV for owning and controlling the servers that streamed the infringing content. (Dkt. 74-1 at 7 ¶ 30.) Sohail engaged Shah to manage Jadoo TV's servers and streams. (*Id.*; Dkt. 81-5 at 171:8-12.) These facts provide DISH claims against Sohail.

DISH has also sought, but Jadoo TV has refused to produce, relevant emails from 31 of its employees and agents. (*Id.* at ¶ 16.) And Jadoo TV is out of compliance with a discovery order for failing to produce its accounting records. (*See* Dkt. 145 at 7; *Id.* at ¶ 17, Ex. 13.) If Jadoo TV had properly observed its obligations, DISH would likely have more facts to plead regarding Sohail's direct involvement in Jadoo TV's infringement. Sohail should not be permitted to withhold discovery while concurrently seeking dismissal based on the plausibility of DISH's factual allegations. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982) (stating that district court has discretion to deny party's motion to dismiss as discovery sanction); Fed. R. Civ. P. 37(b)(2)(A)(iv) (stating that court may stay proceedings until discovery order is obeyed). If the Court is inclined not to deny Sohail's Motion, at minimum, DISH should be given the opportunity to amend its Complaint to add these new factual allegations.

## V.   CONCLUSION

DISH's Complaint adequately pleads claims against Sohail for direct, contributory, and vicarious liability. Accordingly, Sohail's Motion should be denied. However, in the event the Court is inclined to grant the Motion, leave to amend should be granted to permit DISH the opportunity to conform the allegations in its Complaint to the postfiling factual record.

1    Dated: May 1, 2020                    Respectfully submitted,

2                                   By:  */s/ Stephen M. Ferguson*
                                        Stephen M. Ferguson (appearance *pro hac vice*)
3                                       stephen.ferguson@hnbllc.com
                                        David M. Korn (appearance *pro hac vice)*
4                                       David.korn@hnbllc.com
                                        Timothy M. Frank (California Bar No. 263245)
5                                       timothy.frank@hnbllc.com
                                        Joseph H. Boyle (appearance *pro hac vice*)
6                                       joe.boyle@hnbllc.com
                                        HAGAN NOLL & BOYLE LLC
7                                       820 Gessner, Suite 940
                                        Houston, Texas 77024
8                                       Telephone: (713) 343-0478
                                        Facsimile: (713) 758-0146
9
                                        David A. Van Riper (California Bar No. 128059)
10                                      dave@vanriperlaw.com
                                        VAN RIPER LAW
11                                      1254 Irvine Blvd., Suite 200
                                        Tustin, California 92780-3571
12                                      Telephone: (714) 731-1800
                                        Facsimile: (714) 731-1811
13

14                                      *Attorneys for Plaintiffs DISH Network L.L.C.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28