# EXHIBIT A



Mark Punzalan <mark@chanpunzalan.com>

## Re: DISH v. Jadoo

**Mark Punzalan** <mark@chanpunzalan.com>  Wed, Apr 29, 2020 at 5:04 PM
To: Joe Boyle <Joe.Boyle@hnbllc.com>
Cc: Shinhong Byun <shinhong@chanpunzalan.com>, "nicole@chanpunzalan.com" <nicole@chanpunzalan.com>, Stephen Ferguson <Stephen.Ferguson@hnbllc.com>, Timothy Frank <Timothy.Frank@hnbllc.com>

Joe:

I don't believe you and I have met or spoken, so pleased to meet you by email. Shinhong has been working on these discovery matters, and I am not attending tomorrow's call. From the emails, it appears that you and Shinhong are still conferring about various discovery issues. Given the Court's scheduling issues and the many criminal and civil matters Judge Beeler handles daily (which I often view firsthand), I think the Court would appreciate the parties continuing to negotiate in good faith to resolve or narrow any discovery issues.

**Mark Punzalan | Chan + Punzalan**
mark@chanpunzalan.com | 650.481.8112 | chanpunzalan.com
2000 Alameda de las Pulgas, Suite 154 | San Mateo, California 94403

On Wed, Apr 29, 2020 at 7:03 AM Joe Boyle <Joe.Boyle@hnbllc.com> wrote:

> Mr. Punzalan and Ms. Byun,
>
> In advance of tomorrow's call, please note that Judge Beeler's April 23rd order and Standing Order requires the meet and confer to be with lead counsel, which is Mark Punzalan according to the ECF docket. I am assuming that Mr. Punzalan will attend the call tomorrow. I also noticed that Ms. Byun has not yet entered an appearance in the case.
>
> You should have received a calendar invitation with the dial-in number for tomorrow's conference call at 10am PST, the number and access code are:
>
> Access Phone Number: (800) 430-0714
>
> Participant 7-digit access code: 0977685
>
> I look forward to speaking with you.
>
> Best regards,
>
> Joe

**From:** Joe Boyle
**Sent:** Tuesday, April 28, 2020 1:47 PM
**To:** Shinhong Byun
**Cc:** Mark Punzalan; Stephen Ferguson; nicole@chanpunzalan.com; Timothy Frank
**Subject:** Re: DISH v. Jadoo

Dear Ms. Byun,

Thank you for your message, April 30th at 10am PST works for our side. We will circulate a dial-in number for the telephone call.

Best regards,

Joe

**From:** Shinhong Byun <shinhong@chanpunzalan.com>
**Sent:** Tuesday, April 28, 2020 12:07 PM
**To:** Joe Boyle
**Cc:** Mark Punzalan; Stephen Ferguson; nicole@chanpunzalan.com; Timothy Frank
**Subject:** Re: DISH v. Jadoo

Dear Mr. Boyle,

I am available for a call on April 29 between 2-3 pm or April 30 10am-12pm PST. With respect to issues raised in your email below, we provide the following responses:

JadooTV lacks possession, custody or control over faisal.abdullah@pearlmediagroup.com; faisal.abdullah@cloudstreaminc.com; and admin@altair-technologies.com. Further, we re-confirm that Faisal Abdullah is not a JadooTV employee but is an Altair Technologies employee. We, therefore, do not have any control over him. Please note, as was mentioned to Stephen Ferguson, that we will be correcting our initial disclosures to reflect the incorrect initial disclosure drafted by JadooTV's former attorneys. In the meantime, we are confirming again that he was not and is not a JadooTV employee.

Regarding your point that the parties do not disagree on whether JadooTV has possession, custody or control over the email accounts. This is incorrect. Our client does not have possession, custody, or control over a number of the email accounts requested by Dish, and we

are trying to determine which email accounts are not accessible. Our efforts are rolling at snail's pace because of the current Bay Area Covid-19 shelter-in-place orders, the orders in place in Pakistan, and the Holy month observed in Pakistan. Furthermore, a number of the email accounts requested are not responsive in that they are email accounts for employees in charge of non-US sales and are completely irrelevant to Dish's complaint.

As to the logistical difficulty, it appears that Mr. Faisal Abdullah is currently the individual listed as the administrator. However, as noted above, he is an Altair employee. I have been informed that Altair employees are working remotely and they are additionally working less hours now in observance of the Holy Month in Pakistan. To the extent that he will cooperate with us, Mr. Abdullah has told us that he is already burdened with work from Altair and that his ability to download all the emails that are being demanded is very limited. Thus, it is more reasonable to expect document production and further fact-finding into the G-Suite administrative practices after the Holy Month ends. The Case Management Conference is not until September, thus, engaging an e-discovery vendor or demanding that the attorneys manage the gmail account is burdensome and not at all a solution that is in proportion to what is at stake in this case. In fact, you are well aware that our client is not only under time and manpower constraints but also under financial constraints. Dish's suggested options have the potential of pushing JadooTV into further financial crisis. We are not closed to exploring the option of transferring administrative access but since the court recently granted an additional six months of discovery, such costly options should be considered after all other less burdensome options have been pursued.

As you can see, there are multiple layers we are having to work through, in addition to our own constraints here in the Bay Area. We are open to having a sincere meet and confer, however, it does not change the fact that Mr. Abdullah does not have the capacity to assist us for the next four weeks. We propose that the Parties revisit this issue after four weeks, which is indeed a short time given the additional six months granted.

In the meantime, we have suggested that Dish proceed with video depositions of Sajid Sohail and/or Rick Bottomley; however, Mr. Ferguson stated that he refuses to conduct video depositions. Please let us know if your position has changed. Additionally, please note that the shelter-in-place for six counties in the Bay Area were extended to the end of May and most of the courts are currently operating by telephone and video appearance.

Please let us know if you would still like to have a call.

Best regards,

Shinhong Byun

Shinhong Byun | Chan + Punzalan
shinhong@chanpunzalan.com | Main: 650.362.4150
2000 Alameda de las Pulgas, Suite 154 | San Mateo, California 94403

ChanPunzalan.com | Facebook | Twitter


On Fri, Apr 24, 2020 at 8:50 AM Joe Boyle <Joe.Boyle@hnbllc.com> wrote:

> Hi Mark,
>
> I am writing to see if we can narrow some issues and to follow up on Stephen's e-mail of April 21st requesting the telephonic meet and confer call required by Judge Beeler's standing order.

The standing order required lead counsel to confer which would be you and Stephen, however I would like to join the call and speak with you as well.

I have reviewed Ms. Byun's emails and related correspondence on the discovery issues and it appears there may be some issues that can be resolved or at least clarified so the parties are clear on their respective positions.

1. <u>The possession, custody or control issue regarding ESI in G Suite.</u>

I think there is a difference between saying you lack possession, custody or control over ESI in some of JadooTV's briefing and correspondence, and acknowledging that you have possession, custody or control within the meaning of the rules but are having technical problems <u>accessing</u> it.

It appears from Google's production that JadooTV is the customer that owns the G Suite service and owns the accounts and has the right to access the e-mails and other ESI in G Suite and that would be possession, custody or control under the federal rules.

Does JadooTV contend that it lacks legal possession, custody or control over its ESI in G Suite, and over e-mail accounts associated with these domains?

| Domain | Contact Emails |
|---|---|
| jadootv.com | admin@jadootv.com <br> faisal.abdullah@pearlmediagroup.com |
| cloudstreaminc.com | faisal.abdullah@cloudstreaminc.com <br> faisal@jadootv.com |
| altair-technologies.com | admin@altair-technologies.com <br> wasif.hafeez@jadootv.com |

If we are in agreement on possession, custody or control then it seems we can narrow this down to the access issue.

2. <u>The access issue.</u>

The point I gather from Ms. Byun's e-mail is that JadooTV has encountered difficulty in <u>accessing</u> the ESI in G Suite because the person or persons who have the password to log in to the administrator panel are in Pakistan and you are having trouble reaching them, or they are having problems working remotely. So this is more of a technical or logistical issue, and not a disagreement about legal possession, custody or control. Is that correct? If so, let's address that.

JadooTV had an obligation to preserve its ESI at the outset of the case, and I understand you were not JadooTV's counsel at that point. Presumably, before the pandemic occurred and before JadooTV laid off its employees, JadooTV had the ability to access its ESI in G Suite. And at some point, you contend that JadooTV lost the ability to access that ESI. How do we deal with this now.

The court's standing order (attached) has an express preservation requirement ("After a party has notice of this order, it must take the steps needed to preserve information relevant to the issues in this action, including suspending any document-destruction programs (including destruction programs for electronically maintained material)".

My understanding is that JadooTV, as the customer of Google, can contact Google and have access to the administrator panel given to another person. This person could be someone from your firm, a different JadooTV employee, or even an e-discovery vendor. Have you tried to do this, or are you willing to attempt to do this in order to secure JadooTV's ESI held by Google? And if so, in what timeframe?

I understand and am sympathetic to the difficulties caused by the pandemic. But what we are asking for--for JadooTV to secure access to its ESI by communicating with Google or by having its employee in Pakistan give the password to someone at your firm or someone else in the United States--is not burdensome, JadooTV has alternatives other than waiting to hear from the person in Pakistan.

3. <u>The production issue.</u>

I understand from the court's order (Dkt. 145) is that all JadooTV's objections were overruled and that JadooTV was compelled to produce documents within 10 days of the order, so by March 9, 2020. (Dkt. 145 at 7.) This includes responsive materials in JadooTV's ESI in Google G Suite.

Highly pertinent information, including among other things Mr. Sohail's communications with Mr. Shah and others, Mr. Sohail's control over JadooTV's actions and those of third parties at issue in the case, and other categories of information compelled by the court likely exist in that ESI. We have waited patiently, despite a court order requiring the documents to be produced long ago. And while I appreciate the difficulties caused by the pandemic, JadooTV has invested considerable time and resources in filing a motion for judgment on the pleadings, and arguing that there is no evidence to support Mr. Sohail's personal liability in this matter such that the claims against him should be dismissed with prejudice.

We suggest that JadooTV retain an e-discovery vendor, gain access to the ESI, and produce the responsive documents without objection as ordered by the court. And we would like you to suggest a timeframe when this can occur.

We request that the production timeframe permit us reasonable time to review the materials before our response to your motion for judgment on the pleadings is due.

4. <u>Scheduling a call.</u>

I am hopeful that we can narrow, or resolve altogether, the discovery issues between our clients. Perhaps we can at least reduce this to merely a disagreement about timing of production or timing of briefing on your motion for judgment on the pleadings.

The standing order gives us 10 days from April 21st (the date Stephen requested the meet and confer, which the order requires must be between lead counsel) to hold the call. I am hopeful we can find a mutually agreeable time and date when you, and any of your team who will be joining, are available. Please let me know a few dates and times for the call.

I look forward to speaking with you.

Best regards,

Joe

Joseph H. Boyle
Hagan Noll & Boyle LLC
Two Memorial City Plaza

820 Gessner, Suite 940
Houston, TX77024
713.343.0478 T
713.758.0146 F
www.hnbllc.com

---

**From:** Stephen Ferguson
**Sent:** Tuesday, April 21, 2020 1:47 PM
**To:** Mark Punzalan; Shinhong Byun
**Subject:** DISH v. Jadoo

Mark and Shinhong,

The case was assigned to Magistrate Judge Laurel Beeler for all discovery issues. Pursuant to Judge Beeler's Standing Order, DISH requests a telephonic meet and confer concerning JadooTV's failure to produce documents from at least 31 JadooTV work email accounts, and apparently not doing anything to gain access to the G Suite Admin Console.    (*See https://gsuite.google.com/terms/2013/1/premier_terms.html* § 3.3 (a-b) ("Google will provide Customer access to the Admin Console for the Administrator to manage its use of the Services" and the "Administrator will have the ability to access, monitor, use, modify, withhold, or disclose Customer Data associated with any End User Accounts and control End User's access to the Services.").)

I propose a call tomorrow at 2 pm PDT, but please let me know if you prefer a different time.

Best Regards,

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com