Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOO TV, INC., et al., <br><br> Defendants. | Case Number: 3:20-cv-01891-CRB (LB) <br><br> **DISH NETWORK L.L.C.'S OPPOSITION TO DEFENDANT JADOO TV INC.'S MOTION TO STRIKE DISH NETWORK L.L.C.'S OPPOSITION TO JADOO TV INC.'S MOTION TO RECONSIDER [DKT. 177]** <br><br> Judge: Hon. Charles R. Breyer <br> Date: TBD (*See* Dkt. 179, Vacating Hearing) <br> Time: TBD <br> Location: Courtroom 06, 17th floor |

Plaintiff DISH Network L.L.C. ("DISH") files this Opposition to Defendant Jadoo TV Inc.'s ("Jadoo TV") Motion to Strike DISH's Opposition to Jadoo TV's Motion to Reconsider. (Dkt. 177, the "Motion to Strike.")

## I.  INTRODUCTION

This copyright infringement case was transferred from the Central District of California on March 18, 2020 (Dkt. 152) and reassigned to this Court. (Dkt. 159.)  The Central District had entered discovery orders against Jadoo TV and its principal Sajid Sohail, and it awarded expenses and attorneys' fees that DISH incurred in bringing the motions. (*See* Dkts. 96, 145.)  At the time of transfer, Jadoo TV had a pending motion to reconsider (the "Motion to Reconsider") part of the most recent discovery order finding Jadoo TV "refus[ed] to produce documents in response to Plaintiff's RFPs" and that "Jadoo has sought at every turn to evade its discovery obligations in this lawsuit." (Dkt. 145 at 7; Dkt. 148 at 2:12–15.)  Jadoo TV did not seek reconsideration of any other parts of the discovery order. Magistrate Judge Karen Stevenson's discovery orders are well reasoned and accurately reflect the lengthy record of hearings, discovery rulings and fee awards against Jadoo TV in the course of this matter. (*See, e.g.,* Dkts. 69, 85, 96, 107, 116, 118, 145 & 149.)

Under the rules in effect at the time and still in effect, DISH's opposition to the Motion to Reconsider ("Opposition") was due on April 22, 2020 pursuant to Local Rule 7-9 of the Central District, and DISH timely filed its Opposition several days early on April 17, 2020.[1]  Jadoo TV argues that DISH's Opposition was "unauthorized" since the Motion to Reconsider was not pending before this Court. (Dkt. 177 at 6:9–10 ("Without a pending motion, there can be no opposition.").)  Jadoo TV asks the Court to "either strike DISH's improperly filed opposition…or set a hearing date…so [Jadoo TV] may prepare a reply brief." (*Id.* at 2:26–28.)

---

[1] The Motion to Reconsider was filed on March 9, 2020, and was set for hearing on May 13, 2020 before Magistrate Judge Karen Stevenson.  Under the Local Rules for the Central District of California, DISH's opposition to Jadoo TV's Motion to Reconsider was due no later than 21 days prior to the date on which it was set for hearing, or April 22, 2020. *See* C.D. Cal. L.R. 7-9.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

Whether Jadoo TV's Motion to Reconsider filed in the Central District, but not acted on prior to transfer, is pending before this Court.

Whether Jadoo TV's Motion to Strike should be denied.

## III. ARGUMENT & AUTHORITIES

Jadoo TV submits that the Court should strike DISH's Opposition with leave to refile after its Motion to Reconsider is reset for hearing. Striking DISH's Opposition is unwarranted for at least two reasons. First, by operation of law all pending motions from the Central District were transferred when this case was transferred and DISH's Opposition was timely filed. Second, striking DISH's Opposition now and requiring DISH to refile it later would accomplish nothing except to increase costs and delay adjudication of the motion, which is contrary to Rule 1 of the Federal Rules of Civil Procedure requiring that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### A. Jadoo TV's Motion To Reconsider is Pending in This Court.

The transfer of this case also transferred all pending motions. *See Danner v. Himmelfarb*, 858 F.2d 515, 521 (9th Cir. 1988) ("When an action is transferred, it remains what it was; all further proceedings in it are merely refered [sic] to another tribunal, leaving untouched what has been already done.") (quoting *Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.*, 178 F.2d 866, 868 (2d Cir. 1950)) (brackets omitted). "[T]he powers of the transferee court are coextensive with that of the transferor court" and it "may make any order to render any judgment that might have been rendered by the transferor court in the absence of transfer." *Id*. at 521 (quoting *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 495 (J.P.M.L.1968)); *see Twin Rivers Eng'g, Inc. v. Fieldpiece Instruments, Inc.*, No. CV 16–04502–BRO (MRWx), 2016 WL 7479368, at *2 (C.D. Cal. Aug. 10, 2016) ("Therefore, this Court picks up the litigation upon transfer where it left off in [transferor court], meaning it should rule on all pending motions at the time of transfer…."). Jadoo TV's Motion to Reconsider remains in the same posture as it was when in the Central District at the time of transfer,

and this Court may act on it. Jadoo TV assumes, without citation to authority, that because it has not yet renoticed its Motion for hearing that the Motion is not pending. This is incorrect.

The Order Reassigning Case (Dkt. 159) states, "existing briefing schedules for motions remain unchanged." Although the motion must be renoticed for hearing by Jadoo TV, the reassignment order provides that "the renoticing of the hearing does not affect the prior briefing schedule." (Dkt. 159.) This Court included Jadoo TV's Motion to Reconsider in its Order of Reference (Dkt. 173), which states that "this case is referred FOR ALL DISCOVERY PURPOSES to a Magistrate Judge" and specifically identified Dkt. 148, Jadoo TV's Motion to Reconsider. (Dkt. 173 (captioned "Re: Dkt. Nos. 148, 170").) On April 20, 2020, the case was referred to Magistrate Judge Laurel Beeler for Discovery. Pursuant to Judge Beeler's Standing Order, the parties may not file formal discovery motions, lead counsel must meet and confer, and lead counsel must file a joint discovery letter brief. (Dkt. 176-1 at 2:25-3:19.) Jadoo TV should have followed Judge Beeler's Standing Order to meet and confer on the issue of moving to strike the Opposition, but did not.

Jadoo TV's Motion to Strike should be denied because DISH's Opposition was filed prior to any deadlines for filing such an opposition against a motion pending in this Court, and Jadoo TV failed to comply with Judge Beeler's Standing Order.

**B.**   **Striking DISH's Opposition Would Only Delay Resolution of the Motion.**

Even though Jadoo TV has not yet renoticed its Motion to Reconsider for hearing, no purpose would be served by striking DISH's Opposition. If and when the Motion to Reconsider is taken up, DISH's pleading is on file and can be reviewed. Jadoo TV's Motion serves no purpose but to increase delay and expense, which is contrary to the purpose of the inherent powers cited in Jadoo TV's Motion. While a district court has the inherent power to strike items from its docket, the purpose of that power is in order to "achieve the orderly and expeditious disposition of [its] cases." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Jadoo TV argues that "DISH's unauthorized 'opposition' threatens to divert this Court's attention from the issues properly before it and stall this case." (Dkt. 177 at 3:14–15.) But Jadoo TV is the party that filed the Motion to Reconsider that triggered a response deadline, and it is within Jadoo TV's power to withdraw its Motion if it so desires.

Jadoo TV suggests that "rather than waiting for this Court to provide guidance on if or when [the Motion to Reconsider] will be heard…, [DISH] has created a nonsensical deadline in a transparent attempt to ambush this Court with its preferred narrative as quickly as possible." (*Id.* at 7:16–19.) Jadoo TV's characterization of this situation is incorrect. First, it is difficult to understand how allowing DISH's Opposition to remain on the docket would divert the Court's attention or stall the case. To the contrary, it is Jadoo TV's desired remedy – the striking of DISH's Opposition with leave to refile at a later date – that inserts yet another motion onto the docket, increasing the time and expense of litigation and delaying resolution of this matter. Jadoo TV fails to justify or explain how burdening DISH with refiling its Opposition at a later time would serve the principle of judicial economy.

Second, Jadoo TV's claim that DISH failed to wait for this Court to provide a new briefing schedule and instead "created a nonsensical deadline" is at odds with the instructions the Clerk provided to the parties on the topic of pending motions when the case was reassigned. The Order Reassigning Case states:

> All hearing and trial dates presently scheduled are vacated. However, existing briefing schedules for motions remain unchanged. Motions must be renoticed for hearing before the judge to whom the case has been reassigned, but the renoticing of the hearing does not affect the prior briefing schedule. (Dkt. 159.)

Consistent with that Order, DISH timely filed its Opposition pursuant to the prior briefing schedule.[2] Had DISH *not* filed its Opposition, Jadoo TV surely would have been before the Court asserting its Motion to Reconsider was unopposed and that DISH's Opposition was due by the deadline from the Central District by operation of the Order at Dkt. 159. Accordingly, there is no reason for this Court to strike DISH's Opposition to Jadoo TV's Motion to Reconsider. The Court should require Jadoo TV to reset its Motion to Reconsider for hearing or withdraw it altogether.

## IV.   CONCLUSION

Jadoo TV's Motion to Strike should be denied because Jadoo TV's Motion to Reconsider is pending before this Court, and striking DISH's Opposition would serve to delay resolution of the

---

[2] Jadoo TV failed to file a reply in support of its Motion to Reconsider, and perhaps Jadoo TV seeks to distract from its misstep by filing a motion to strike DISH's Opposition. *See* C.D. Cal. L.R. 7-10; n.1, *supra*.

Motion to Reconsider. Jadoo TV's Motion to Strike is also properly denied for failure to comply with Magistrate Judge Beeler's Standing Order requiring a meet and confer and the filing of a joint discovery letter brief.

Dated: May 7, 2020                           Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
David M. Korn (appearance *pro hac vice)*
David.korn@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiffs DISH Network L.L.C.*