Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB (LB) <br><br> **DISH NETWORK L.L.C.'S FIRST AMENDED COMPLAINT** <br><br> Judge: Hon. Charles R. Breyer |

Plaintiff DISH Network L.L.C. ("DISH") sues Defendants Jadoo TV, Inc. ("Jadoo TV") and Sajid Sohail ("Sohail") and states:

**PRELIMINARY STATEMENT**

1.       The facts in this complaint describe a wide-ranging, deliberate, multi-year effort by Defendants to transmit television channels and content aired on those channels they failed to license in blatant disregard of DISH's exclusive rights.  Defendants' scheme targeted television channels exclusively licensed to DISH to increase Defendants' channel offerings, to appeal to consumers, to avoid licensing fees, and to create a competitive advantage against DISH.  Defendants' illegal business model allowed Defendants to competitively harm DISH because Defendants did not pay license fees to the channel owners, while DISH did pay licensing fees to those same channel owners for the exclusive distribution and public performance rights.

2.       In Jadoo TV's early years, Sohail designed the Jadoo service to directly stream unlicensed television channels through the Jadoo branded set-top box, and in response to cease and desist letters, Defendants denied they intended to infringe.  Sohail subsequently changed the way Defendants offered unlicensed channels by requiring users to download extra software files to their Jadoo set-top boxes and mobile apps to integrate those channels.  When DISH complained, Defendants denied that they had anything to do with the software files.

3.       The latest model Jadoo set-top boxes were sold to users pre-configured to locate and install software files needed to integrate the unlicensed television channels and seamlessly incorporate those channels into the Jadoo on-screen electronic program guide.  By pre-configuring Jadoo set-top boxes to locate and install these software files, Defendants were able to offer additional television channels in what was called the "South Asian Super Pack," which included channels exclusively licensed to DISH.

4.       Jadoo TV, at Sohail's direction or with his authorization or ratification, selected, sourced, and transmitted the channels that were available through the South Asian Super Pack, including the unlicensed channels.  Similarly, Defendants provided unlicensed video-on-demand ("VOD") content to Jadoo users, including infringing versions of the programs that air on the unlicensed television channels.

5.      In November 2018, DISH filed this case against Defendants, among others, for copyright infringement in the Central District of California, which case has since been transferred to the Northern District of California.

6.      Defendants are liable for copyright infringement.

## PARTIES

7.      Plaintiff DISH Network L.L.C. is a Colorado limited liability company with its principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.

8.      Defendant Jadoo TV, Inc. is a California corporation with its principal place of business at 5880 West Las Positas Boulevard, Suite 37, Pleasanton, California 94588.  At all times relevant to this complaint, Jadoo TV was 100% owned by a holding company whose equity was closely held by no more than five investors that included Sohail and his wife.  Through his stake in this holding company, Sohail was and continues to be Jadoo TV's majority and controlling shareholder.  Currently, Sohail indirectly owns over 67% of Jadoo TV's equity, and two individuals – Sohail and his wife – together indirectly own 79.8% of Jadoo TV.  From 2015 through May 2019, Jadoo TV had approximately 14 employees in the United States, the majority of which were related to Sohail either directly or through marriage.  Describing Jadoo TV staff in an interview, Sohail stated, "Since I'm a technical guy myself, I wanted to build a team that is able to build the technology and all the pieces…we wanted to build them ourselves so we can control."[1]  By May 31, 2019, Jadoo TV had reduced its number of employees to 6.  At all relevant times to this complaint, Sohail and his wife served as Jadoo TV's only directors and two of Jadoo TV's three officers as reported to the California Secretary of State.  Sohail's daughter was also an officer of Jadoo TV as reported to the California Secretary of State.

9.      Defendant Sajid Sohail is an individual residing in Pleasanton, California.  Sohail is the founder, chief executive officer, president, and majority and controlling shareholder of Jadoo TV, Inc.  Sohail has earned approximately $300,000 annually from Jadoo TV, primarily from the sale of Jadoo set-top boxes and mobile app subscriptions.  Sohail also received $224,000 in "loans" from Jadoo TV following the filing of this action.  As Jadoo TV's highest-ranking officer and

---

[1] *See* http://www.youtube.com/watch?v=SKTa-vFG5p8 at 9:16-9:29.

controlling shareholder, Sohail had the right and ability to, and did in fact, authorize, direct, or participate in, and receive direct financial benefits from, the infringing activities of Jadoo TV alleged herein.  The acts Sohail engaged in as an agent of Jadoo TV were within the scope of such agency.

## JURISDICTION AND VENUE

10.     DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

11.     Personal jurisdiction over Defendants is proper in this Court because they purposefully directed their conduct towards and purposefully availed themselves of the privileges of conducting business activities within California.  Defendants reside in California and sell Jadoo set-top boxes to consumers in the United States, including those residing in California.  Defendants transmitted works that aired on channels exclusively licensed to DISH to users of the Jadoo set-top box and mobile app in the United States ("Jadoo Users"), including those residing in California.  Defendants' conduct is causing injury to DISH in California.

12.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to DISH's claims occurred in this district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this district.  Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DISH'S COPYRIGHTS

13.     DISH is the fourth largest pay-television service in the United States providing copyrighted programming to millions of subscribers nationwide with satellite delivery under the "DISH" brand and through over-the-top ("OTT") services under the "Sling TV" brand whereby programming is delivered using a public Internet infrastructure.  Through its satellite and Sling TV services, DISH is one of the largest providers of international television channels in the United States offering more than 400 channels in 27 different languages.

14.     DISH contracts for and licenses rights for the international channels distributed on its platform from channel owners and their agents, including ARY Digital USA LLC; B4U U.S.,

Inc.; Bennett, Coleman and Company Limited; Century Media Network Inc.; Television Media Network (Pvt) Ltd; Geo USA Holdings, Inc. d/b/a Geo USA LLC; Hum Network Limited; Impress Telefilm, Inc.; MSM Asia Limited; National Communications Services (SMC-PVT.) Limited; Soundview ATN LLC; Soundview Broadcasting LLC; and TV Today Network Ltd. (collectively, the "Networks").

15.     The Networks' channels include Aaj Tak; ARY Digital; ARY News; ATN Bangla; ATN News; B4U Music; Channel-i; Dunya TV (a/k/a/ Dunya News); Express Entertainment; Express News; Geo News; Geo TV; Hum Masala; Hum Sitaray; Hum TV; Hum World; India Today (a/k/a/ Headlines Today); NTV Bangla; SAB, SET (a/k/a Sony SET), SET MAX; and Times Now (collectively, the "Protected Channels").  The Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

16.     DISH entered into signed, written licensing agreements with the Networks granting DISH the exclusive right to distribute and publicly perform the Protected Channels and works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet.  DISH's exclusive rights in the Protected Channels were in effect at all times from January 1, 2015 to the present, with the exception of DISH's exclusive rights in ATN News (which commenced on August 24, 2016); Hum Masala, Hum Sitaray, Hum TV, and Hum World (which commenced on July 1, 2016); and SAB, SET, and SET MAX (which commenced on December 1, 2018).  Registrations have been issued by the United States Copyright Office for at least 91 copyrighted works that aired on the Protected Channels and for which DISH holds exclusive distribution and public performance rights.  (*See* Exhibit 1.)  A vast number of additional, unregistered copyrighted works in which DISH holds exclusive distribution and public performance rights also aired on the Protected Channels.  (*See* Exhibit 2.)

17.     Defendants are not authorized by DISH to transmit, distribute, or publicly perform the Protected Channels or works that air on those channels in the United States, and DISH has received no compensation from Defendants to do so.

## **DEFENDANTS' WRONGFUL CONDUCT**

18.    Sohail started Jadoo TV in 2008 to realize his "vision"[2] of delivering South Asian television content over the Internet to the South Asian immigrant and expatriate community in the United States.  Based on his experience in the telecom industry and roots in the region, Sohail was keenly aware of which South Asian television channels were most popular among viewers; and Jadoo TV was founded to make those channels available to Jadoo Users in the United States.  Sohail personally made the decision for Jadoo TV to transmit the Protected Channels based on their popularity among viewers and the prospect that they would drive sales.  When DISH obtained exclusive rights in the Protected Channels and requested Jadoo TV to remove them from Jadoo set-top boxes in the United States, Sohail made the conscious decision to continue to transmit them.

19.    Defendants distribute, sell, and promote Jadoo branded set-top boxes and mobile apps to consumers to be used to receive Defendants' television service.  Defendants do this directly and also through distributors and retailers.  Sohail was Jadoo TV's self-described chief "technologist"[3] in charge of content and one of two Jadoo TV employees who were most involved in the design and development of Jadoo set-top boxes, mobile apps, and the "eMedia" app that provided Jadoo Users with access to the Protected Channels.  Sohail's friend, a fellow Silicon Valley tech executive and investor, described what Sohail has meant to Jadoo TV as follows: "Without him, I don't think there can be any Jadoo…."[4]

20.    Defendants promoted Jadoo set-top boxes on their official website, *www.Jadootv.com* ("Jadootv.com"), as "Delivering Over 1000 Live Channels, Million Hours of VOD content, Thousands of movies and 3rd party Apps."[5]

---

[2] *In re JadooTV, Inc.*, No. 19-41283 (WJL), ECF 121 ¶ 5 (Bankr. N.D. Cal. Aug. 30, 2019).
[3] *See* http://www.youtube.com/watch?v=SKTa-vFG5p8 at 8:58-9:13.
[4] *Id*. at 24:00 –24:04.
[5] In other places on their website, Defendants advertised that Jadoo set-top boxes "come[] loaded with 1500+ Live TV Channels."

**JadooTV Summer Bonanza**

Our Best Box ever comes loaded with loads of new features such as 4K Ultra HD, Bluetooth, Free video calling and JCast Mirror. Now Delivering Over 1000 Live Channels, Million Hours of VOD content, Thousands of movies and 3rd party Apps.

21.     Defendants provide the Jadoo mobile app on Jadootv.com and the online marketplace, *www.apkpure.com*, where they promote it as delivering "1500 + Live TV Channels."[6]

22.     However, Defendants' set-top boxes and mobile apps provided Jadoo Users with less than 1,000 live channels.  Defendants only delivered over 1,000 live channels to Jadoo Users if they counted the additional channels in the South Asian Super Pack ("SASP"), which included the Protected Channels.

23.     Any person in the United States with Internet access could receive unauthorized access to the Protected Channels, and the works that aired on the Protected Channels, by using a Jadoo4, Jadoo5, or Jadoo5s model set-top box or the Jadoo mobile app.  Prior to the filing of this action, Defendants sold their Jadoo5s set-top box on Jadootv.com for approximately $199.  In May 2019, Defendants reduced the sale price of the Jadoo5s set-top box to $149, and Defendants currently sell the Jadoo5s set-top box for $129.  Defendants have sold subscriptions to the Jadoo mobile app on Jadootv.com for $4.99 per month or $49.99 per year.

24.     Defendants presented television channels in their set-top boxes and mobile apps to Jadoo Users in two ways.  The first is through a "Live TV" menu that displays the channel logos of television channels available to be viewed using the Jadoo set-top box or mobile app.

---

[6] *See https://apkpure.com/jadootv/tv.jadoo.*

1
2
3
4
5
6
7
8
9
10
11
12



13   25.    The second was through an "eMedia" menu that displayed the channel logos of the
14 additional channels in the SASP, including the Protected Channels that Jadoo TV does not have
15 rights to publicly perform in the United States.
16
17
18
19
20
21
22
23
24
25
26
27
28



26.     Jadoo TV promoted its eMedia app as one of the key features of its set-top boxes, as shown in the following advertisement that was available on Jadootv.com:[7]



27.     Defendants intended for Jadoo Users to use the eMedia app to view television channels that Jadoo TV does not have rights to publicly perform in the United States.  Despite Defendants' instructions to Jadoo Users described below, there were only three Jadoo eMedia files available when this action was filed.

28.     The content delivery networks ("CDNs") that Defendants have used to provide television channels to Jadoo Users through the Live TV menu of their set-top boxes and mobile apps are Highwinds and Verizon (formerly Edgecast).  Highwinds and Verizon were also CDNs used to provide the additional channels in the SASP, including the Protected Channels, to Jadoo Users through the eMedia menu of Jadoo set-top boxes and mobile apps.  Defendants provided an eMedia Content XML Interface guide at Jadootv.com that provides detailed instructions on how content owners can add content to Jadoo set-top boxes and mobile apps with eMedia and securely provide the content to only Jadoo Users with the Highwinds or Verizon CDNs.[8]  However, in order to work, these instructions required additional information known only to Defendants:  Jadoo TV's eMedia passphrase and passphrase field name.  This additional information is not contained in the eMedia Content XML Interface guide and was not otherwise publicly available.  Defendants are

---

[7] *See* https://web.archive.org/web/20180504045806/http://jadootv.com/comparison/.
[8] *See https://jadootv.com/wp-content/themes/twentyseventeen/assets/emedia/eMedia_Features_XMLInterface_V1.3.pdf.*

believed to have used the missing passphrase and passphrase field name themselves and to have provided it to third party direct infringers, including their agent Haseeb Shah ("Shah"), an individual residing in Pakistan, so that he could use the Highwinds and Verizon CDNs to securely provide the SASP, including the Protected Channels, to only Jadoo Users.

### A.   Jadoo5s Set-top Boxes were Pre-configured to Access the Protected Channels.

29.   Defendants' newest model set-top box is the Jadoo5s, which was released in June 2017.

30.   Prior to April 12, 2019, the Jadoo5s set-top box was pre-configured so that when it was powered on it automatically located and installed software files that integrated a set of additional channels, which Defendants labeled the "South Asian Super Pack."  The Protected Channels are among those additional channels in the SASP.  Defendants do not have rights to publicly perform any of the Protected Channels in the United States.  Nevertheless, the Jadoo5s set-top box seamlessly incorporated these channels into its eMedia menu.  The following is a screenshot showing the Pakistani language Protected Channels on the eMedia menu of a Jadoo5s set-top box:



31.    The Jadoo5s set-top box also seamlessly incorporated the SASP channels into its Live TV menu.  The following is a screenshot showing Pakistani language Protected Channels in the Live TV menu of a Jadoo5s set-top box:



32.    An investigator purchased Jadoo5s set-top boxes directly from Defendants through Jadootv.com on May 14, 2018 and June 1, 2018.  These Jadoo5s set-top boxes were pre-configured so that when they were powered on they automatically located and installed SASP to the eMedia and Live TV menus.

**B.    Jadoo4 and Jadoo5 Set-top Boxes and Mobile Apps were Pre-configured to Access the Protected Channels with Minimal Effort from Jadoo Users.**

33.    Defendants' older set-top box models include the Jadoo4 and Jadoo5.

34.    With regard to the Jadoo4 and Jadoo5 set-top boxes and mobile apps, Defendants designed their technology so that Jadoo Users could manually locate and install the software files needed to integrate SASP channels into the eMedia and Live TV menus of the Jadoo4 and Jadoo5 set-top boxes and mobile apps.

35.     Originally, Defendants instructed Jadoo Users that their "eMedia App has a built in capability to search GitHub for any file that uses this prefix" identifying "Jadoo-eMedia_XML_*." Jadoo Users simply clicked the "Search" button on the eMedia menu of the Jadoo4 and Jadoo5 set-top boxes and mobile apps and they identified all GitHub files labeled with the prefix "Jadoo-eMedia_XML_*," which included the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the set-top boxes and mobile apps, among only a few other software files.

36.     DISH and the Networks sent written notices of infringement to Defendants demanding that Jadoo TV remove and block SASP from Jadoo set-top boxes.  Defendants' counsel responded to one of these notices of infringement on October 17, 2016, stating "JadooTV's principals have been traveling internationally and so JadooTV requires additional time to properly investigate the matters addressed in your letter."   Defendants refused to comply with these demands, claiming that Jadoo TV had not distributed Jadoo set-top boxes containing SASP and that it had taken no part in encouraging or directing users of Jadoo set-top boxes to access SASP or the Protected Channels.

37.     However, Defendants directly or through their agent Shah used GitHub accounts to provide the software files that added SASP ("SASP files"), including the Protected Channels into the eMedia and Live TV menus of the Jadoo set-top boxes and mobile apps, and programs airing on the Protected Channels into the VOD menu of the Jadoo set-top boxes and mobile apps.  IP addresses used to create or login to these GitHub accounts accessed Shah's PayPal and Facebook accounts.[9]  Two of these IP addresses accessed Defendants' PayPal account at least 142 times from May 26, 2014 through November 27, 2017.  The Defendants' PayPal account is in the name and control of Sohail, includes business information for Jadoo TV, and was used to receive more than $25 million from the sale of Jadoo set-top boxes and mobile app subscriptions.

---

[9] IP addresses 202.142.182.78; 182.191.87.62; and 119.160.65.176

**PayPal**

**Account Info for Sajid Sohail**

**User Info**

| | |
|---|---|
| First Name: | Sajid |
| Middle Name: | |
| Last Name: | Sohail |
| SSN: | ▉▉-0186 (1) |
| TIN: | ▉▉3775 |
| DOB: | ▉▉▉▉▉ |
| Credit Card Statement Name: | JADOO TV |
| Email: | sajid@jadootv.com, sadia@jadootv.com |

**Business Info**

| | |
|---|---|
| Name: | Jadoo TV |
| URL: | http://www.jadootv.com |

38.     DISH subsequently sent multiple written notices of infringement to GitHub demanding that SASP files be removed from its file-sharing service.  GitHub removed SASP files from its service.  Following the removal of SASP files from GitHub, the eMedia search function no longer provided Jadoo Users with SASP files.  After this removal, in order to access the Protected Channels, Jadoo Users needed to know how to manually enter a website address to locate and install the SASP files to the Jadoo4 and Jadoo5 set-top boxes and mobile apps.

39.     From July 31, 2017 until April 12, 2019, Jadoo Users of the Jadoo4 and Jadoo5 set-top boxes and mobile apps were able to click the "URL" button on the eMedia menu and enter the *http://doip.su* website address to locate and install the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo set-top box and mobile app.  And from June 1, 2019 until August 6, 2019, Jadoo Users of the Jadoo4, Jadoo5, and Jadoo5s set-top boxes and mobile apps were able to integrate the Protected Channels into the eMedia and Live TV menus of the set-top box by clicking the "URL" button and entering the *https://bit.ly/2WnhfAq* website address.  This website address was linked to the Dropbox account of Defendants' agent Shah.  An IP address used to access this Dropbox account was also used to access Shah's Facebook and Google accounts.[10]

40.     Jadoo TV support agents instructed Jadoo Users with Jadoo4 and Jadoo5 set-top boxes and mobile apps on how to add channels using the eMedia menu.  Specifically, Jadoo TV

---

[10] IP address 202.142.169.114

instructed Jadoo Users to go to YouTube and search for instructional videos by typing "EMedia jadootv" or "emedia url."  Jadoo Users were instructed to look at the first few videos in the search as shown by the following chat:



41.    Another example of Jadoo TV technical support agents providing these instructions is the following chat:



42.     The results of the YouTube searches as directed by Jadoo TV technical support agents identified a video titled "Emedia URL 2018" that showed users how to locate and install the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo4 and Jadoo5 set-top boxes and mobile apps.   The following is a screenshot from this video, which had more than 60,500 views:



43.     After Jadoo Users followed these instructions, they could view the Protected Channels in the Live TV and eMedia menus of the Jadoo4 and Jadoo5 set-top boxes and mobile apps.

44.     On July 31, 2017, Defendants directly or through their agent Shah posted a video to YouTube titled "Jadoo TV eMedia" that provided the instructions identified in paragraph 39 on how to locate and install the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo set-top box and mobile app. The IP address used to post this YouTube video was also used to login to the GitHub account that was used to provide the SASP file, as identified in paragraph 37.[11]   The same IP address accessed Defendants' PayPal account at least 26 times from October 22, 2015 through November 27, 2017.

---

[11] IP address 182.191.87.62

45.     Defendants or their agents uploaded additional videos to YouTube providing these instructions for Jadoo Users to locate and install the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo set-top box and mobile app.  For example, Defendants or their agent uploaded a video titled "How to add content on Emedia JadooTV App" to YouTube on September 3, 2017.  An IP address used to create the Google gmail account for the uploader of this YouTube video was also used to access the Defendants' PayPal account 2,385 times from January 4, 2016 to November 24, 2017.[12]  And a Jadoo retailer that Defendants listed on Jadootv.com, uploaded a video to YouTube on October 10, 2017 titled "How to add Pakistani, Indian, Bangladeshi and other Channels on Jadoo TV 5."

46.     DISH and the Networks sent Defendants another notice of infringement on June 28, 2018, demanding that Jadoo TV remove and block SASP from Jadoo set-top boxes.  Defendants refused to comply with this demand, alleging that Jadoo TV "is not and has not distributed" boxes containing the South Asian Super Pack file, and "has not taken any part in encouraging or directing users of Jadoo4 and Jadoo5 boxes to access" SASP or the Protected Channels.

47.     DISH and the Networks sent Defendants another notice of infringement on April 1, 2019, demanding that Jadoo TV remove and block SASP, including the Protected Channels from the eMedia and Live TV menus of the Jadoo set-top boxes, and programs airing on the Protected Channels from the VOD menus of the Jadoo set-top boxes.  Sohail sent the below email to Jadoo TV employee, Awais Malik, on April 6, 2019, stating "Please see the Dish letter.  We need to use EM [eMedia] Filter to remove the VOD content from EM [eMedia]; others from Current/Archived [VOD] need to be linked to official channels or removed."  On April 12, 2019, Defendants implemented a software update that prevented Jadoo set-top boxes from locating and installing the software files including the SASP.

---

[12] Triple9estore@gmail.com and IP address 202.142.182.10



Sajid Sohail <sajid@jadootv.com>

## Dish Letter
1 message

**Sajid Sohail** <sajid@jadootv.com>                          Sat, Apr 6, 2019 at 11:52 AM
To: Awais Malik <awais.malik@jadootv.com>

Hi Awais;
Please see the Dish letter. We need to use EM Filter to remove the VOD content from EM; others from
Current/Archived need to be linked to official channels or removed. We can also launch YouTube official
app and play content from Youtube app.

Sajid

📄 **04012019 Letter to Snyder re JadooTV (DISH).pdf**
345K

48.    Jadoo TV employee, Faisal Abdullah, sent the below email to Sohail on April 17,

2019, titled "eMedia Related Time Lines" and stating "Hi Sajid, We can remove eMedia from all

devices by May 24th and adding filter to all devices will take about June 10th."[13]



Sajid Sohail <sajid@jadootv.com>

## eMedia Related Time Lines
1 message

**Faisal Abdullah** <faisal@jadootv.com>                          Wed, Apr 17, 2019 at 6:39 AM
To: Sajid Sohail <sajid@jadootv.com>

Hi Sajid,
We can remove eMedia from all devices by May 24th and adding filter to all devices will take  about June
10th. The difference is due to increase development and QA cycles in case of filter implementation.

49.    Additional software files were released by Defendants' agent Shah on June 1,

2019—the day after Jadoo TV filed for Chapter 11 bankruptcy—that once again integrated the

Protected Channels into the eMedia and Live TV menus of the Jadoo set-top boxes and mobile

apps.[14]  A YouTube video was uploaded on June 2, 2019, instructing Jadoo Users on how to locate

---

[14] As set forth in paragraph 39, Jadoo Users were able to integrate the Protected Channels into the
eMedia and Live TV menus of the Jadoo set-top boxes and mobile apps by clicking the "URL"
button and entering the *https://bit.ly/2WnhfAq* website address.  This website address was linked to
the Dropbox account of Defendants' agent Shah.  An IP address used to access this Dropbox
account was also used to access Shah's Facebook and Google accounts.

and install these new software files to add the Protected Channels back to the eMedia and Live TV menus of the Jadoo set-top boxes and mobile apps.

50.     On July 16, 2019, DISH and the Networks sent a notice of Defendants' continuing infringement to the United States Trustee assigned to Defendants' Chapter 11 bankruptcy and copying Defendants' counsel.  Defendants removed the eMedia app from Jadoo set-top boxes on August 6, 2019.

**C.     Defendants Advertised that the Jadoo Service Provided Access to the Protected Channels and Television Programs that Appeared on the Protected Channels.**

51.     Defendants advertised and promoted the Jadoo service on Internet search engines, third-party websites and apps, and JadooTV.com as a means for Jadoo Users to view the Protected Channels and television programs that aired on the Protected Channels.

52.     Defendants placed paid ads on Google Search, which fields roughly 80% of all Internet searches in the United States, and the Google Display Network, which consists of millions of third-party websites and apps, that promoted the Jadoo service as a source for the Protected Channels.  These ads, which were accessible from United States-based IP addresses, included terms and references to Protected Channels available on the Jadoo service including ARY Digital; ARY News; Dunya TV; Geo News; Geo TV; and Hum TV.

53.     Defendants, using a Google Ads account they owned or controlled, also selected and purchased specific search terms, or keywords, in order to trigger their paid ads on Google searches.  The keywords Defendants selected included the following terms and combinations: ARY Digital; ARY News; DISH; DISH Network; DISH Network Urdu Channel; DISH Urdu TV; Dunya; Dunya News; Dunya News Live TV; Dunya TV Pakistan; Express News; Express TV; Geo Urdu; Geo News; Geo TV; Online Geo TV Pakistan; Hum Live; Hum TV Live; Express News TV Pakistan; Sony TV; and Live Sony TV Channel Hindi.  When someone in the United States entered any of these keywords into Google Search, Defendants' paid ads would have likely appeared at or near the top of the first page of website listings for that search.

54.     Defendants also promote their set-top boxes and mobile apps on Jadootv.com by advertising that: "We make available the largest selection of Pakistani content in our Live TV and VOD sections or through numerous 3rd [party] Apps in our App Store."  Below is one example for Pakistani content highlighting and annotating several series airing on the Protected Channels:[15]

# Discover Pakistani Content on JadooTV!

We make available the largest selection of Pakistani content in our Live TV and VOD sections or though numerous 3rd Apps in our App store.

Dilli Waly Dularay Babu
ARY Digital

Iltija
ARY Digital









Bulbulay
ARY Digital

55.     Defendants promote their set-top boxes and mobile apps on Jadootv.com by advertising that: "We make available the largest selection of Indian content in our Live TV and VOD sections or through numerous 3rd [party] Apps in our App Store."  Below is one example for Indian content highlighting and annotating several series airing on the Protected Channels:[16]

---

[15] *See https://jadootv.com/pakistani-content/.*
[16] *See https://jadootv.com/indian-content/.*

# Discover Indian Content On JadooTV!

We make available the largest selection of Indian content in our Live TV and VOD sections or though numerous 3rd Apps in our App store.

ws/Current Affairs









In Da Club
India Today

Param Vir Chakra
India Today

Seedhi Baat
Aaj Tak

56.     Defendants promote their set-top boxes and mobile apps on Jadootv.com by advertising that: "We make available the largest selection of Bangla content in our Live TV and VOD sections or through numerous 3rd [party] Apps in our App Store."  Below is one example for Bangla content highlighting and annotating several series airing on the Protected Channels:[17]

---

[17] *See https://jadootv.com/bangla-content/.*



57. Jadoo TV advertised that it provides access to at least 59 series airing on the Protected Channels by displaying images or trailers for these works on Jadootv.com. Although not required for non-United States works, copyright registrations have been issued by the United States Copyright Office for episodes from at least four of these series including Dilli Walay Dularay Babu, Dunya Kamran Khan Kay Sath, Jeeto Pakistan, and On the Front with Kamran Shahid.

**D. Defendants Provided Infringing Live TV and VOD Content.**

58. Jadoo TV, with Sohail's authorization or at his direction, selected, sourced, stored, and transmitted the channels that were available through the SASP, including the Protected Channels, and the works airing on the Protected Channels. For example, in describing his and his wife's responsibilities at Jadoo TV, Sohail said, "Content? Me – what works what doesn't work. And she's an interior designer by profession, so all of that, you know, the color schemes and what looks good and what doesn't – that's all her field."[18]

59. Sohail engaged Shah as his agent and an agent of Jadoo TV to manage Jadoo TV's servers and live channel streams, including the channels made available through the SASP and

---

[18] *See* https://www.youtube.com/watch?v=SKTa-vFG5p8 at 9:10-9:23.

VOD content.  In 2018 Sohail sent the below email stating Shah was in charge of live channel distribution and another employee was in charge of Movies and VOD and instructed other Jadoo TV employees to communicate with them directly and to not copy him on content-related emails.

---

**Sajid Sohail** <sajid@jadootv.com>                                      Sat, Aug 11, 2018 at 8:06 AM
To: Roya Jadootv <roya@jadootv.com>, Fred Missaghi <fred@jadootv.com>

Roya;
You don't need to copy me on all content related emails. Please communicate directly with Awais for VOD and Movies and Haseeb for Live channels. Please Fred in loop.

Thanks
Sajid

---

60.    In 2018 Sohail entered into a contract concerning advertisements on the Jadoo service with the below portion identifying Shah as Jadoo TV's "technical contact" with Jadoo TV's phone number and an @jadootv.com email address.

THUNDERSTORM Contract: **JadooTV**
Date: 22-May-2018                                                                    amagi

| Customer Billing Contact | |
|---|---|
| Name: | Rick Bottomley |
| Phone: | 209-523-6688 X 200 |
| Fax: | |
| E-mail: | Rick@jadootv.com |

| Customer Technical Contact | |
|---|---|
| Name: | Haseeb Shah X 111 |
| Phone: | 209-523-6688 |
| Fax: | |
| E-mail: | Haseeb.shah@jadootv.com |

61.    Sohail also put Shah in charge of responding to copyright infringement complaints sent to Jadoo TV's CDNs, as shown by the following CDN email confirming to Sohail that the copyright communication was sent to Shah:

---

**Nahid, Afshin** <anahid@akamai.com>                                      Tue, Feb 26, 2019 at 4:24 PM
To: Sajid Sohail <sajid@jadootv.com>
Cc: Haseeb Shah <haseeb.shah@jadootv.com>, "Calderon Jimenez, Pablo" <pcaldero@akamai.com>

Hi Sajid,

Yes, we can for sure have a call.  Allow me to look into the GTM issue.

As for the Copyright communication, please see attached for communications sent to Haseeb and Noc@jadootv.com.

---

62.     Finally, in 2019 Sohail caused a direct payment of $8,000 to be made to Shah in Pakistan, and paid Shah's legal fees to get him dismissed from this case for lack of personal jurisdiction.

63.     Shah submitted a sworn declaration stating that the computer servers, identified by DISH as hosting and transmitting programs airing on the Protected Channels, were owned and controlled by Jadoo TV.[19]

64.     Shah controlled domain name and computer servers used to transmit channels through the SASP, including the Protected Channels, to Jadoo Users.  Shah used the alias "ali85one" to create an account with domain registrar DynDNS, and then used that account to register the domain name *seethen.net* that was used with computer servers to transmit channels through the SASP, including the Protected Channels.  Shah also used the email address ali85one@gmail.com to contract for computer servers with CDNs including Verizon and Highwinds that were used to transmit the SASP.

65.     That the accounts registered to the alias ali85one and email address ali85one@gmail.com were used and controlled by Shah is established through the IP addresses used to access these accounts.  Shah registered Facebook, Google, PayPal, Twitter, Flickr, and DynDNS accounts using his real name and email address haseeb110@gmail.com (the "Shah Accounts").  IP addresses used to access the Shah Accounts also accessed Google, DynDNS, and INXY accounts that were registered with the email address ali85one@gmail.com (the "Ali85one Accounts").

66.     From June 2016 to February 2018 Shah received invoices totaling $242,922.30 for his extensive use of computer servers to transmit SASP, including the Protected Channels and works airing on the Protected Channels, and received at least six notices of infringement demanding he stop transmitting the Protected Channels.  On information and belief, Defendants directly or

---

[19] *See Declaration of Haseeb Shah in Support of Motion to Dismiss*, ECF 74-1 ¶ 30 ("I understand that DISH alleges that I 'control' servers that provide some VOD content to Jadoo set-top boxes. . . . My role is managing network operations and CDNs for Jadoo TV. . . . I do not have legal control over Jadoo TV's operations or its servers. For example, I did not own the Jadoo TV servers or have any legal control over the servers or the CDNs. I believe that Jadoo TV owns the servers and maintains contracts with the CDNs.").
.

indirectly through payments to Shah's immediate employer IDC Resources Pvt Ltd. ("IDC") of Pakistan, paid the fees charged by the CDNs to transmit the SASP, including the Protected Channels and programs airing on the Protected Channels.  The CDN services used to transmit the SASP, including the Protected Channels used a protection token scheme so that only users of Jadoo set-top boxes and mobile apps were provided access to the SASP.  And after Defendants implemented a software update in April 2019 that prevented Jadoo set-top boxes from locating and installing the software files including the SASP, Jadoo TV's server expenses declined by hundreds of thousands of dollars.

67.    Defendants provided a VOD menu on Jadoo set-top boxes that included individual movies and television shows that aired on Protected Channels including ARY Digital, Geo TV, Hum TV, Hum World, Hum Masala, Hum Sitaray, SAB, SET, and SET MAX.

68.    Jadoo VOD content was hosted and transmitted to Jadoo Users from computer servers, at least some of which were controlled by Defendants through Shah.

69.    In response to a subpoena from DISH, the service provider of the computer servers hosting infringing Jadoo VOD content and at times the SASP, including the Protected Channels, identified its customer's name as Peter May and email address pmay360@gmail.com, which upon investigation were linked to Shah.  IP addresses used to access the Shah Accounts accessed DynDNS and PayPal accounts using Peter May and pmay360@gmail.com (the "Peter May Accounts").

70.    IP addresses that accessed the Shah Accounts, Ali85one Accounts, and Peter May Accounts also accessed Defendants' PayPal account 383 times and accounted for 112 transactions totaling more than $50,500. The payments made by the user of these IP addresses were primarily to CDNs OVH and FDCServers, which follows the admitted responsibilities of Shah to manage Jadoo TV's use of CDNs.  Shah's frequent use of Defendants' PayPal account to make purchases shows the close business relationship he had with Sohail and Jadoo TV.

71.    The close business relationship between Sohail and Shah is also shown through photos of them together, including the below photo of Shah (left) with Sohail (center) that was

posted by Sohail to his Facebook account on September 12, 2016 while they were in Amsterdam attending the International Broadcasting Convention.  A comment on the photo says "what a team."



72.    The following photos of Shah and Sohail together were posted on their Facebook accounts:







73.    Shah also promoted Jadoo set-top boxes through social media accounts including Facebook and Flickr.

74.     The computer servers transmitting the Jadoo VOD content and the SASP, including the Protected Channels and the works airing on the Protected Channels, were disabled on April 5, 2018, in response to a subpoena from DISH.  On the morning of April 6, 2018, a Jadoo employee sent an email to Shah, a Jadoo employee in charge of Movies and VOD, a Jadoo employee that developed eMedia, and copying Sohail, titled "VOD and drama issues" and asking whether they should "run a ticker [on the Jadoo service] saying we are aware of the problem and looking into it." A couple months later, Sohail sent the below email discovering a workaround that would allow Defendants to again provide Jadoo users with access to works airing on the Protected Channels in the VOD section of the Jadoo service and Sohail even acknowledged that the content was restricted by DISH.

                                      Sajid Sohail <sajid@jadootv.com>

**YouTube VOD Content**
8 messages

**Sajid Sohail** <sajid@jadootv.com>                     Tue, Jul 24, 2018 at 3:27 PM
To: Faisal Aftab <faisal.aftab@cloudstreaminc.com>, Sumit Ahuja <sumitjp@gmail.com>, Awais Malik
<awais.malik@jadootv.com>, Haseeb Shah <haseeb.shah@jadootv.com>, Faisal Abdullah
<faisal@jadootv.com>, Pankaj Bhushan <pankaj.bhushan@jadootv.com>, Fred Messagi <fred@jadootv.com>

Guys;
I did some research today on YouTube content and discovered that all major channels now have High
Quality content channels on youtube and all are playing without any restrictions with ads. For instance
HUM most popular drama Suno Chanda has 30 episodes and each episode has more then 2M views.
Even Zee, Sony, Star and Colors had all TV serials. This is new as I thought all Indian channels had
removed content from YouTube. If they are back without restrictions then we should be able to play all this
content as long as we support their ads. Please look into this urgently and try to verify from content
partners as well as seeing if they all will play on our platforms.

I can also try to contact YouTube and see if they will bless our platform so their ads will play, if they don't
play now.

Sajid

**Sajid Sohail** <sajid@jadootv.com>                     Tue, Jul 24, 2018 at 4:04 PM
To: Pankaj Bhushan <pankaj.bhushan@jadootv.com>
Cc: Faisal Aftab <faisal.aftab@cloudstreaminc.com>, Sumit Ahuja <sumitjp@gmail.com>, Awais Malik
<awais.malik@jadootv.com>, Haseeb Shah <haseeb.shah@jadootv.com>, Faisal Abdullah
<faisal@jadootv.com>, Fred Messagi <fred@jadootv.com>

These are all official channels youtube pages. I just spoke to ARY guy Asif and he said their dramas are
still not playing in US as they are restricted by Dish. I don't know then why Hum and others are playing.

Sajid

75.     Defendants through Shah controlled two major components of the infringement of DISH's rights.  Shah, within the scope of his authority from Defendants, controlled computer servers storing the copyrighted works and Defendants ratified that conduct by configuring their set-top boxes to access that content, curating the content into discrete categories for Jadoo Users, and causing cover-art for each work to be displayed on the set-top box.  Sohail and Shah attended the International Broadcasting Convention together and are pictured in photographs along with the comment "what a team."  Shah's ID badge for that conference associated him with the company IDC, which has connections to Jadoo TV.  For example, an officer and director of IDC is identified as an individual named "Faisal Aftab," whose LinkedIn profile describes him as a former Executive Vice President of Jadoo TV in charge of "Content Acquisition" and "Network Operations."  The entanglement between Defendants, Shah, and the configuration of the servers, set-top boxes, and mobile apps is no coincidence and demonstrates that Shah acted with Defendants' actual authority, and that Defendants ratified, if not directed, Shah's acts.

**E.     Defendants Have a Long History of Copyright Infringement.**

76.     Defendants are well aware that DISH holds the exclusive rights to distribute and publicly perform the Protected Channels in the United States.  Since November 2013, DISH and the Networks have sent at least 50 written notices of infringement to Defendants about the retransmission of the Protected Channels and the works that aired on the Protected Channels in the United States.  Notices were addressed to Defendants' outside counsel, with copies sent to Sohail's daughter because she was acting as in-house counsel for Jadoo TV, and legal@jadootv.com.  A number of these 50 notices since September 8, 2016, specifically demanded that Jadoo TV cease providing infringing VOD content to Jadoo Users, including works airing on the ARY Digital, Geo TV, Hum TV, Hum World, Hum Masala, Hum Sitaray, SAB, SET, and SET MAX channels, but Defendants refused to comply with these demands.

77.     In 2014, four people associated with Defendants were arrested in India for unlawfully streaming channels to users of Jadoo set-top boxes.[20]  "According to police

---

[20] *See* https://www.dnaindia.com/india/report-illegal-tv-transmission-racket-exposed-4-arrested-while-mastermind-flees-1998612.

commissioner M Mahender Reddy, the modus operandi of the gang was that they would subscribe to various DTH satellite TV connections and by using electronic equipment purchased from China, they convert the satellite TV signal into encrypted streaming content for broadcasting on US-based company Jadoo TV web portal."[21]



78.     In 2016, Defendants were sued in the United States for copyright and trademark infringement of one channel at issue in this lawsuit.[22]

79.     Despite receiving written notices of infringement from DISH and the Networks, being sued by a television programmer, and the arrests made in 2014, Defendants continued to engage in willful copyright infringement for more than eight months after this action was filed.

> **F.**     **Defendants' Provided Retailer East West Audio Video, Inc. with Jadoo Set-top Boxes Preloaded with SASP and Instructions for Jadoo Users to Access SASP.**

80.     East West Audio Video, Inc. ("East West") was a Jadoo TV "authorized" retailer that sold and promoted Jadoo set-top boxes to consumers in the United States.  East West was one of Defendants' highest-volume retailers, and Jadoo TV representatives, including Regional Sales Managers, regularly visited East West to maintain this important partnership.  Sohail even personally visited East West in 2017 to cultivate Jadoo TV's relationship with East West.

81.     During one of these sales calls in or around late 2016, a Jadoo TV Regional Sales Manager visited East West to deliver Jadoo set-top boxes and provided an employee of East West

---

[21] *See* https://timesofindia.indiatimes.com/city/hyderabad/Satellite-TV-racket-busted-in-Hyderabad/articleshow/37482679.cms (reporting that Sohail absconded).

[22] *See Dunya Holdings Limited v. JadooTV Inc. and Sajid Sohail,* No. 1:16-cv-05713-BMC, ECF 1 (E.D.N.Y. Oct. 13, 2016).

with the following "handwritten instructions to share an E-media code with customers that purchased the device," and informed East West "that the code would set up the device to get access [to] more channels."[23]



82.     On other sales calls in 2017 and 2018, Jadoo TV's Regional Sales Manager, Anwar Farooqi ("Farooqi"), personally delivered Jadoo set-top boxes that he had preloaded with SASP. Farooqi visited East West in around December 2018, admitting that he had preloaded SASP onto Jadoo set-top boxes in prior deliveries but that SASP was not installed on the Jadoo set-top boxes he was dropping off that day.  For those Jadoo set-top boxes without SASP preloaded, Farooqi instructed East West to "tell the customer to call him directly or for them to go on YouTube and search of [sic] instructions on how to download E-Media [SASP]," but that getting instructions from YouTube "would be the safest thing to do."  Farooqi admitted that Jadoo TV would get in trouble if they preinstalled SASP, because DISH has not authorized Jadoo TV to have them, but that if customers install SASP on their own, then it is fine.

83.     An investigator visited East West on July 13, 2018 and asked if he could receive certain Protected Channels with a Jadoo set-top box.  East West had a Jadoo5 set-top box in its store connected to a television and an employee of East West demonstrated to the investigator how

[23] See Decl. of Renu Sharma, ECF 82-4 ¶ 4.

the set-top box displayed the Protected Channels, which were accessed through the Live TV menu of the set-top box.  The following is a photo of the demonstration provided by East West:



84.     East West sold the investigator a Jadoo5s set-top box for $200 plus tax.  East West also showed the investigator the specific instructions in paragraph 81 on how to locate and install the software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo4 and Jadoo5 set-top boxes.

85.     The Jadoo5s set-top box purchased from East West Audio Video on July 13, 2018, was pre-configured so that when it was powered on it automatically located and installed SASP to the eMedia and Live TV menus.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT I**</u>

**Direct Copyright Infringement Under 17 U.S.C. § 501**

86.     DISH repeats and realleges the allegations in paragraphs 1-85.

87.     DISH is a copyright owner under 17 U.S.C. § 106 because DISH holds the exclusive rights to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs that make up the Protected Channels.

88.     The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter.  DISH's copyrights in programs that aired on the Protected Channels arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including Pakistan and India, where the programs were authored and first published.  Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and, therefore, registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

89.     Defendants directly infringed DISH's copyrights in violation of 17 U.S.C. § 501 by distributing and publicly performing programs that make up the Protected Channels to Jadoo Users. The copyrighted programs were transmitted from computer servers controlled by Shah, at Sohail's direction or with his authorization or ratification, to Jadoo Users who accessed the programs using the eMedia, Live TV, and VOD menus of the Jadoo set-top box and mobile app.  Shah was the agent of Defendants, acting within the scope of such agency when engaging in the misconduct alleged.

90.     DISH has not authorized Defendants or Shah to distribute or publicly perform the programs that make up the Protected Channels in any manner.

91.     The infringement of DISH's rights in each program constitutes a separate and distinct act of copyright infringement.

92.     Sohail is also jointly and severally liable for each act of Jadoo TV's direct infringement because he personally directed and participated in, and benefitted from, Jadoo TV's infringing conduct as alleged herein.  Sohail was the technologist that developed or supervised the development of the Jadoo service, set-top boxes, and mobile apps, including the eMedia app, Live TV and VOD menus, and associated Jadootv.com website, and has been directly, actively and personally involved in Jadoo TV's infringing activities.

93.     Defendants' actions were willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

94.     Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

## COUNT II

**Inducing and Materially Contributing to Copyright Infringement Under 17 U.S.C. § 501**

95.     DISH repeats and realleges the allegations in paragraphs 1-85 and 87-88.

96.     DISH's exclusive rights to distribute and publicly perform the Protected Channels and programs that make up the Protected Channels are directly infringed by the unauthorized retransmission of these programs to Jadoo Users who access the programs using the eMedia, Live TV, and VOD menus of the Jadoo set-top box and mobile app.

97.     Defendants materially contributed to this infringement of DISH's exclusive distribution and public performance rights by, among other things, providing Jadoo Users access to the Protected Channels and the programs that make up the Protected Channels, despite having the ability to prevent such access.  Defendants also induced the infringement of DISH's exclusive distribution and public performance rights by, among other things, creating or expanding the audience for that infringement in the United States.

98.     Defendants sell Jadoo set-top boxes and subscriptions to Jadoo mobile apps in the United States.  The Jadoo set-top boxes and mobile apps connected Jadoo Users to unauthorized streams of the Protected Channels and the programs that make up the Protected Channels.  The Jadoo5s set-top box sold by Defendants were "pre-configured" so that Jadoo Users could immediately access the Protected Channels using the eMedia and Live TV menus of the Jadoo5s set-top box, as well as the programs that make up the Protected Channels using the VOD menu of the Jadoo5s set-top box, by simply powering on the device and without the need for manually locating and installing any additional software.

99.     Jadoo TV, at Sohail's direction or with his authorization or ratification, also instructed Jadoo Users having Jadoo4 and Jadoo5 set-top boxes and mobile apps on how to manually locate and install software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the set-top box and mobile app, thereby

enabling the Jadoo Users to access the Protected Channels.  The Jadoo4 and Jadoo5 set-top boxes and mobile apps, like the Jadoo5s set-top box, came pre-configured for accessing the programs that make up the Protected Channels using the VOD menu of the set-top box and mobile app.

100.    Jadoo TV, at Sohail's direction or with his authorization or ratification, advertised Jadoo set-top boxes and mobile apps as a means of accessing the Protected Channels and the programs that make up the Protected Channels.

101.    Defendants selected the programs that were made accessible to Jadoo Users through the eMedia, Live TV, and VOD menus of the Jadoo set-top box and mobile app, including programs that make up the Protected Channels.  Jadoo TV, at Sohail's direction or with his authorization or ratification, also maintained and controlled the links or bookmarks that are used to connect Jadoo Users to the programs that make up the Protected Channels using the VOD menu of the Jadoo set-top box and mobile app.

102.    Defendants provided material assistance to those directly infringing DISH's exclusive rights by providing technical information or assistance necessary for SASP channels to be viewed on a Jadoo set-top box and mobile app.  The additional channels in SASP, including the Protected Channels, were presented to Jadoo Users through the eMedia and Live TV menus of Jadoo set-top boxes and mobile apps, and were transmitted using Highwinds and Verizon CDN services that require information provided by Jadoo TV in order to be received by Jadoo set-top boxes and mobile apps.

103.    Defendants intended that the Jadoo set-top box and mobile app be used to access the Protected Channels and the programs that make up the Protected Channels, and they promoted, encouraged, and facilitated using the Jadoo set-top box and mobile app in this manner.

104.    Defendants had actual knowledge that the transmission of the Protected Channels and the programs that make up the Protected Channels to Jadoo Users infringed DISH's exclusive distribution and public performance rights.

105.    Defendants could have taken simple measures to prevent infringement of DISH's copyrights when it received notices of infringement from DISH and the Networks, such as ensuring the Jadoo5s set-top box was not pre-configured to access the Protected Channels prior to sale by

either not loading or by removing the software files used to integrate the SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the set-top box.  Defendants could have also blocked Jadoo set-top boxes and mobile apps from accessing servers and URLs that were identified to be streaming the Protected Channels or the content that airs on the Protected Channels. Defendants could have also easily refrained from providing instructions for Jadoo Users to manually locate and install software files needed to integrate SASP channels, including the Protected Channels, into the eMedia and Live TV menus of the Jadoo4 and Jadoo5 set-top boxes and mobile apps.  Defendants could have readily prevented Jadoo Users from accessing the programs that make up the Protected Channels using the VOD menu of the Jadoo set-top box and mobile app by disabling the links or bookmarks to those programs.  Defendants demonstrated that simple measures had been available to prevent further infringement by implementing a software update on April 12, 2019 that prevented Jadoo set-top boxes from locating and installing the software files including the SASP, and by removing the eMedia app from Jadoo set-top boxes on August 6, 2019.

106.    Sohail is also jointly and severally liable for each act of infringement for which Jadoo TV is liable because he personally directed and participated in, and benefitted from, Jadoo TV's infringing conduct as alleged herein.  Sohail was the technologist that developed or supervised the development of the Jadoo service, set-top boxes, and mobile apps, including the eMedia app, Live TV and VOD menus, and associated Jadootv.com website, and has been directly, actively and personally involved in Jadoo TV's infringing activities.

107.    Defendants' actions were willful, malicious, intentional, and purposeful, and in disregard of and with indifference to the rights of DISH.

108.    Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

## COUNT III

### Vicarious Copyright Infringement Under 17 U.S.C. § 501

109.    DISH repeats and realleges the allegations in paragraphs 1-85 and 87-88.

110.    Shah was infringing DISH's copyrights in programs that aired on the Protected Channels by acting as the source that was distributing and publicly performing them to Jadoo Users. The copyrighted programs were transmitted from computer servers controlled by Shah to Jadoo Users that accessed the programs using the eMedia, Live TV, and VOD menu of the Jadoo set-top box and mobile app.

111.    Defendants had the legal right and the actual ability to supervise and control the infringing activity of their agent Shah.  Defendants also had the legal right and the actual ability to supervise and control, and ultimately to prevent, Jadoo Users from locating and installing the software files including the SASP, and from accessing the eMedia app.  Defendants failed and refused to take action to stop the infringement of DISH's exclusive rights in the programs that make up the Protected Channels for more than eight months after this action was filed.

112.    Defendants received a direct financial benefit from the distribution and public performance of copyrighted programs aired on the Protected Channels transmitted to Jadoo Users. The availability of the infringing programming attracted and drew consumers to Jadoo TV and its distributors and retailers, resulting in an increase in the sale of set-top boxes and mobile app subscriptions by Defendants.  Defendants also made significant revenue from selling advertising on the Jadoo service.

113.     Defendants infringed DISH's copyrights in violation of 17 U.S.C. § 501.  The infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

114.    Sohail is also jointly and severally liable for each act of infringement for which Jadoo TV is liable because he personally directed and participated in, and benefitted from, Jadoo TV's infringing conduct as alleged herein.  Sohail was the technologist that developed or supervised the development of the Jadoo service, set-top boxes, and mobile apps, including the eMedia app, Live TV and VOD menus, and associated Jadootv.com website, and has been directly, actively and personally involved in Jadoo TV's infringing activities.

115.    Defendants' infringement of DISH's copyrighted works was willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

116.    Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, loss of goodwill, and lost sales, for which there is no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants:

A.    For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with the foregoing that receives actual notice of the order (including, without limitation, distributors and retailers of any Jadoo set-top box), from:

1.    transmitting, streaming, distributing, or publicly performing in the United States, with any Jadoo set-top box or mobile app, or any other device, application, service, or process, any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

2.    distributing, selling, providing, or promoting any product or service in the United States, including any Jadoo set-top box or mobile app, that comprises the whole or part of a network or service for the distribution or public performance of any of the Protected Channels or any of the programming that comprises any of the Protected Channels;

3.    advertising, displaying, or marketing any Jadoo set-top box, mobile app, or service in the United States in connection with any of the Protected Channels or any of the programming that comprises any of the Protected Channels; and

4.    inducing or contributing to others' conduct that falls within 1, 2, or 3 above.

B.    For the 91 or more registered works, statutory damages as awarded by the Court up to $150,000 per registered work infringed under 17 U.S.C. § 504(c), or the Defendants' profits attributable to the infringement of those registered works under 17 U.S.C. § 504(b).

C.    For unregistered works, an award of Defendants' profits attributable to the infringement of each unregistered work under 17 U.S.C. § 504(b).

D.    For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.    For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.     For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.     For such additional relief as the Court deems just and equitable.

Dated: July 16, 2020

Respectfully submitted,

By:   */s/ Stephen M. Ferguson*
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
David M. Korn (appearance *pro hac vice*)
david.korn@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.