Mark Punzalan (CA Bar No. 247599)
Email: mark@chanpunzalan.com
Nicole Daryanani (CA Bar No. 328068)
Email: nicole@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150

*Counsel for Defendants
JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> vs. <br><br> JADOOTV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB <br><br> **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) BY DEFENDANT SAJID SOHAIL** <br><br> Judge: Hon. Charles R. Breyer <br> Date: September 25, 2020 <br> Time: 10:00 a.m. Pacific Time <br> Location: Telephonic appearance requested |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Throughout this litigation, legacy media conglomerate DISH has embraced a strategy of intimidation against the much-smaller JadooTV and its entrepreneurial founder Sajid Sohail. By manufacturing—and now doubling down on—baseless copyright infringement claims against Mr. Sohail in his individual capacity, DISH has tried to pressure the company into shutting down its innovative set-top box service. DISH's motivation is clear, given that JadooTV's business model is an existential threat to the cable giant's existing business. Unable to compete with JadooTV on price, DISH has followed the playbook created by other legacy media providers and launched an anticompetitive copyright infringement crusade against the startup.

But DISH's intimidation strategy has not worked. Mr. Sohail has stood his ground and already secured dismissal of DISH's claims against him once. Dkt. No. 192. Now, two months later, DISH still cannot state valid claims against Mr. Sohail—even with the benefit of having litigated that first motion for judgment on the pleadings on these same issues. The reason for that is simple: because no such claims exist. The character attacks and boilerplate allegations DISH continues to rely on in its new complaint are insufficient to impose liability on Mr. Sohail as an individual. He accordingly requests that the Court remove him from this lawsuit and again dismiss DISH's claims against him in his personal capacity—this time without leave to amend.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether DISH has stated a plausible claim that Mr. Sohail is personally liable for copyright infringement.

## III. ARGUMENT

### A. This motion is timely.

This is the second time Mr. Sohail has requested the Court dismiss DISH's claims against him as an individual. He first filed a motion for judgment on the pleadings back on April 17, 2020. Dkt. No. 167. The Court granted that motion in June. Dkt. No. 192. But it also allowed DISH leave to amend its claims, and DISH filed an amended complaint against Mr. Sohail in mid-July. Dkt. No. 194. Mr. Sohail quickly sought dismissal of those amended claims as well: he filed a

second motion for judgment on the pleadings on July 30, 2020. Dkt. No. 196. As DISH has acknowledged, July 30 is inside of the fourteen-day window to respond to its amended complaint. Opposition, at 2 ("[B]y rule[,] Sohail's response was due 14 days later on July 30, 2020.").

Exactly one day after Mr. Sohail filed his second motion, DISH's attorneys sent an email suggesting that he could not "file a motion for judgment on the pleadings" because he had not yet filed an answer. Declaration of Nicole Daryanani, ¶ 2, Ex. 1. DISH threatened to file a motion to strike what it characterized as a "premature motion." *Id.* That would have been a dramatic overreaction, as Rule 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are "virtually interchangeable." RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (CA & 9TH CIR. ED.), § 9:319 (April 2020); *see, e.g.*, *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011) ("functionally identical"); *Erickson v. Boston Scientific Corp.*, 846 F.Supp.2d 1085, 1089 ("substantively identical") (C.D. Cal. 2011); *Ross v. U.S. Bank Nat'l Ass'n* 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008) ("substantially identical"). As such, Mr. Sohail could have simply left his motion for judgment on the pleadings on the docket and had the Court consider it as a motion to dismiss. Instead, to avoid any ambiguity and to respond in good faith to DISH's request, Mr. Sohail withdrew his motion for judgment on the pleadings (Dkt. No. 200) and restyled it as a substantively identical motion to dismiss, which he refiled on August 7. Dkt. No. 201.

DISH now tries to play procedural "gotcha": it argues that since Mr. Sohail's restyled motion falls outside of the fourteen-day response window, the Court must dismiss it. Opposition, at 2-3. This is litigation gamesmanship, pure and simple. If not for DISH's email, there would be no restyled motion and no such argument for dismissal. Common sense suggests that this restyled motion should relate back to the timely, substantively identical motion filed on July 30, 2020. The Federal Rules' general policy of prioritizing resolution on the merits over technicalities reinforces this conclusion. *Foman v. Davis*, 371 U.S. 178, 181 (1962). And of course, even if this motion *were* untimely as a motion to dismiss, the Court could simply hear it as a (timely) motion for judgment on the pleadings instead. DISH's procedural argument is simply the latest manifestation of the company's desire to be as litigious as possible at every turn. Mr. Sohail's motion is timely.

2

**B.  Mr. Sohail has not waived his right to move to dismiss DISH's claims.**

DISH's procedural arguments do not end there: the company also suggests that Mr. Sohail has waived his right to move to dismiss its claims against him because he did not previously file a motion to dismiss. Opposition, at 2. Given that Mr. Sohail has already filed and won a "virtually interchangeable" motion for judgment on the pleadings on these exact same issues, DISH's argument is hard to follow. *See* RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL (CA & 9TH CIR. ED.), § 9:319 (April 2020); Dkt. Nos. 167, 192. If Mr. Sohail had actually waived his right to seek dismissal based on DISH's failure to state a claim against him, surely this Court would not have found in his favor this first time around. Dkt. No. 192. In any event, Mr. Sohail's answer to DISH's original complaint expressly raises "fail[ure] to state a cause of action" as an affirmative defense against DISH's claims. Dkt. No. 28, at ¶ 97. Mr. Sohail has not waived his rights.

**C. The cases DISH cites about individual liability do not apply here.**

DISH's basic theory throughout this case has been that if its infringement allegations against JadooTV are specific enough, the company need only throw in a few conclusory allegations and anecdotes about Mr. Sohail's "status and control" over the company to hold him personally liable as well. DISH continues advancing this argument in its amended complaint and most recent opposition. *E.g.*, Opposition, at 5. But this standard would disregard the corporate form entirely and treat Mr. Sohail and the organization he helps lead as one and the same. Fortunately, DISH's self-serving theory is not the law. Corporations are distinct entities, and their shareholders, directors, and officers are generally not personally responsible for corporate obligations. *See* Motion to Dismiss, at 6-8. The Copyright Act's framework of individual liability for direct, contributory, and vicarious infringement (as interpreted in Ninth Circuit caselaw) is built on that fundamental premise. *Id.*, at 8-14.

Just as it did the first time, DISH has again ignored several of the governing Ninth Circuit standards for direct, contributory, and vicarious copyright infringement liability. Mr. Sohail has addressed each of these standards in his opening brief. Motion, at 8-14. Instead of applying those standards as required, DISH continues to push for the Court to import more general tort standards

3

1  of officer liability from cases like *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814,
2  823 (9th Cir. 1996). The cases DISH cites are irrelevant here. Mr. Sohail again addresses each of
3  those cases in turn:

4  **1. *Committee for Idaho's High Desert, Inc. v. Yost* (9th Cir. 1996).**

5  *Yost* is a trademark case, not a copyright case. *Comm. for Idaho's High Desert, Inc. v. Yost*,
6  92 F.3d 814, 823 (9th Cir. 1996). Trademark cases are irrelevant to this one. *E.g.*, *Bach v. Forever*
7  *Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1110, 1117 (W.D. Wash. 2007) ("Trademark and
8  copyright law have fundamentally different purposes."). Nonetheless, DISH cites *Yost* for the
9  general proposition that "[a]n officer is personally liable for all torts or statutory violations
10 committed in the corporation's name that the officer authorized, directed, or participated in." *Yost*,
11 92 F.3d at 823. While that might true in other contexts, it is not the governing standard here. The
12 specific caselaw regarding individual liability under the Copyright Act for direct, contributory, and
13 vicarious infringement is far more specific and well-developed than this triad of general verbs.
14 That caselaw is laid out in Mr. Sohail's opening brief. *See* Motion, at 8-14.

15 In its first opposition, DISH suggested that two cases have applied the *Yost* standard to
16 copyright cases: *Ritual Coffee Roasters, Inc. v. ATA Grp. LLC*, No. 13-cv-00489-MWF, 2013 WL
17 12129873 (C.D. Cal. Apr. 9, 2013) and *Broad. Music, Inc. v. McDade & Sons, Inc.*, 928
18 F.Supp.2d 1120 (D. Ariz. 2013). Dkt. No. 180, at 4. Neither case reappears in this second
19 opposition: DISH apparently acknowledged the problems with relying on those cases that
20 Mr. Sohail pointed out in reply and went back to the drawing board to try to find stronger support.
21 This time, the company has come up with *Manufacturing Automation and Software Systems, Inc.*
22 *v. Hughes*, No. 16-cv-08962-CAS, 2017 WL 1960633 (C.D. Cal. May 8, 2017); *see* Opposition, at
23 4, 11. *Hughes* is an unpublished opinion from the Central District that does not bind this court.
24 Even if it did, the case says nothing about *Yost*—which it does not even cite—and is readily
25 distinguishable, as it involves a software "sales lead for the western United States" and a
26 complaint with nine non-copyright causes of action. *Id.*, at *1-*2.

27 DISH's citation to another unpublished opinion, *Carson v. Verismart Software*, is equally
28 unpersuasive. No. 11-cv-03766-LB, 2012 WL 1038662 (N.D. Cal. Mar. 27, 2012). *Carson* also

1   does not cite *Yost* and offers only the general observation that defendants who are a "moving,
2   active conscious force" behind infringement can sometimes face liability. *Id.*, at *5. Here, there
3   was no infringement and Mr. Sohail was not such a "moving, active conscious force," so he does
4   not face any potential liability.

### 2. *Moseley v. United States Appliance Corp.* (9th Cir. 1946).

Perhaps sensing its lack of binding Ninth Circuit authority, DISH adds a quick citation to *Moseley v. United States Appliance Corp.*, 155 F.2d 25 (9th Cir. 1946). Opposition, at 4. *Moseley* is a very short seventy-four-year-old Ninth Circuit opinion involving patent licensing. *Id.*, at 25-27. The case says nothing about copyright infringement, and DISH offers no reason that the Court should apply it here. There is no reason for this Court to turn to "basic principles" of officer liability when it has binding Ninth Circuit authority on exactly when an individual officer might be held liable for each of the three types of copyright infringement at issue in this lawsuit.

### 3. *Twentieth Century Music Corp. v. Aiken* (1975).

Turning to individual liability for direct infringement, DISH cites *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151 (1975); Opposition, at 9. *Aiken* is a Supreme Court case that not only predates all of the caselaw Mr. Sohail has cited, it predates the current Copyright Act and applies the obsolete 1909 version instead. *Id.*, at 154. There is no reason to turn a blind eye to the Supreme Court and Ninth Circuit cases which are directly on-point here, but that is what DISH continues to do. Even if there were, *Aiken* is factually distinct from this case, as it asked whether the owner of a restaurant that played copyrighted songs could be held liable as a direct infringer. *Id.*, at 153. And in any event, the Supreme Court concluded that there was: (1) no public performance; and (2) no copyright infringement. *See id.*, at 162-64.

### 4. *Dufour v. BE LLC* (N.D. Cal. 2010) (unpublished).

DISH also attempts to rely on an old decision from this Court: *Dufour v. BE LLC*, No. 09-cv-03770-CRB, 2010 WL 2560409 (N.D. Cal. June 22, 2010). DISH ostensibly cites *Dufour* to support its suggestion that "Sohail is also liable for Jadoo TV's infringement based on actions he took that resulted in the infringement." Opposition, at 7. This is misleading, as *Dufour* has absolutely nothing to with copyright infringement: the plaintiffs there brought claims against

various defendants for, among other things, violation of California's Advance-Fee Talent Agency Act, deceit, RICO, and unfair competition. *Id.*, at *1. Nowhere in the opinion is the word "copyright" mentioned. *Dufour* has no application here.

### 5. *Marina Vape, LLC v. Nashick* (C.D. Cal. 2017) (unpublished).

*Marina Vape, LLC v. Nashick*, No. 16-cv-01028-JAK, 2017 WL 3579874, at *8 (C.D. Cal. July 7, 2017) is a sole founder-owner case that has no direct application here. There, the court considered the liability of the head of a corporate entity "which had no other member or employees." *Id.*, at *8. JadooTV is not that type of entity. This unpublished, out-of-district opinion adds nothing of value to this discussion.

### 6. *Bangkok Broad. & T.V. Co. v. IPTV Corp.* (C.D. Cal. 2009) (unpublished).

Most of DISH's allegations about Mr. Sohail are conclusory statements about his relationship with JadooTV or his ability to control various aspects of the company. DISH continues to argue that this should be enough, based in part on *Bangkok Broad. & T.V. Co. v. IPTV Corp.*, an unpublished case from the Central District. No. 09-cv-03803-SJO, 2009 WL 10670670 (C.D. Cal. May 28, 2009). That case is not binding authority. Even if it were, stretching its basic premise to DISH's logical extreme would completely erode the distinction between corporations and their officers. The governing Ninth Circuit caselaw for each of the three types of copyright infringement requires more than DISH's boilerplate allegations.

### 7. *Adobe Systems Inc. v. Software Speedy* (N.D. Cal. 2014) (unpublished).

*Adobe Systems Inc. v. Software Speedy*, No. 14-cv-2152-EMC, 2014 WL 7186682 (N.D. Cal. Dec. 16, 2014) is another unpublished opinion following *Yost*, the trademark case discussed above, 92 F.3d 914 (9th Cir. 1996). The *Adobe Systems Court* quoted *Yost*'s language about applying the tort law principals of individual officer liability "to trademark infringement generally[,]" then concluded that Adobe's complaint met that threshold. 2014 WL 7186682, at *5. Again, Mr. Sohail urges the Court to look to the on-point copyright cases from the Ninth Circuit and Supreme Court regarding individual liability rather than muddling the inquiry with DISH's new set of trademark cases.

/ /

1     Three other cases DISH cites in the direct infringement section of its brief are factually
2  distinguishable from this one. *Grover Products, Co. v. Air Horns of Texas, LLC*, No. 18-cv-00708-
3  VAP, 2018 WL 6118435 (C.D. Cal. Oct. 17, 2018) is another sole member-shareholder-president
4  case. *Urban Accessories, Inc. v. Iron Age Design, LLC*, No. 14-cv-1529-JLR, 2015 WL 1510027
5  (W.D. Wash. Apr. 1, 2015) is a case about "cast iron architectural accessories, including grates
6  that protect trees located in or around sidewalks," *id.*, at *4, and *C&SM Int'l v. Wholesalefashion
7  square.com, Inc.*, meanwhile, is a case about textile designs. No. 18-cv-00630-CAS, 2018 WL
8  2213453 (C.D. Cal. May 14, 2018). None of these three cases adds anything to the governing
9  second liability standards for copyright infringement or to the Court's consideration of
10 Mr. Sohail's motion. DISH's focus on Mr. Sohail's alleged "peerless status and control" over
11 JadooTV (Opposition, at 5), for instance, is misplaced: this is just a rephrased version of other
12 established principles, not an independent method of imposing liability on Mr. Sohail.

13                    **8.** ***Symantec Corp. v. CD Micro, Inc.*** **(D. Or. 2003).**

14     DISH's citation to *Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1265 (D. Or. 2003)
15 is distinguishable as well. There, the individual defendant "was personally involved in the
16 [relevant] decision" leading to copyright infringement. *Id.*, at 1275. Here, there were no decisions
17 leading to copyright infringement, so DISH's complaint cannot possibly contain allegations about
18 Mr. Sohail's personal involvement in them.

19                **9.** ***Columbia Pictures Industries, Inc. v. Fung*** **(9th Cir. 2013).**

20     DISH's "financial benefit" cases likewise fail to do anything to advance the discussion.
21 *Columbia Pictures Industries, Inc. v. Fung* involved an individual defendant, Gary Fung, who
22 created a series of websites, "host[ed] an electronic message board . . . [and] had some role in
23 moderating posts to the forum." 710 F.3d 1020, 1029 (9th Cir. 2013). DISH has not alleged this
24 type of direct connection between Mr. Sohail and JadooTV's platform, to say nothing of its users.
25 And as laid out in Mr. Sohail's motion (at 12-13), any financial benefits he stands to receive are
26 much more attenuated than the financial benefits a website operator stood to receive in *Fung*.
27     *Yue v. Chordiant Software*, a final case cited by DISH (Opposition, at 15), reiterates that
28 "the essential aspect of the 'direct financial benefit' inquiry" is that "there must be an 'obvious and

direct financial interest in the exploitation of copyrighted materials." No. 08-cv-00019-JW, 2009 WL 4931679, at *7 (N.D. Cal. Dec. 21, 2009) (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)). That "obvious and direct" link between copyright infringement and personal financial benefit to Mr. Sohail is simply not present in this case. *See id.*

## IV.  CONCLUSION

DISH's complaint was inadequate the first time and it remains inadequate now. Despite more than a year and a half of discovery and a fully-litigated motion over its claims against Mr. Sohail in his individual capacity, the company has still failed to come up with any meaningful evidence or legal theory to support those claims. As such, Mr. Sohail requests that the Court grant his motion and dismiss the claims against him in his personal capacity without leave to amend.

Dated:  August 28, 2020                              CHAN PUNZALAN LLP

/s/ *Nicole Daryanani*
Nicole Daryanani

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*