

Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

September 12, 2022

**Via ECF**
Honorable Laurel Beeler
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom B
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *DISH Network L.L.C. v. Jadoo TV, Inc. et al.,* Case No. 3:20-cv-01891-CRB (LB)

Dear Judge Beeler:

DISH Network L.L.C. ("DISH") requests a second order compelling Defendants' lead counsel, Mr. Mark Punzalan, to meet and confer with counsel for DISH by telephone within ten days of the Court's order.

DISH has made numerous requests to confer with Defendants' lead counsel, Mr. Mark Punzalan, since July 28, 2022 on the issue of Defendants' failure to preserve and spoliation of former defendant and JadooTV employee and agent, Haseeb Shah's ("Shah") emails.[1] Mr. Punzalan has continuously put off and delayed conferring. This is the same pattern of postponement and delay that led to the Court's prior order (ECF 209) compelling Mr. Punzalan to confer within ten days as required by the Standing Order.

**DISH's Attempts to Meet and Confer With Lead Counsel Have Been Refused and Ignored.**

Over the past six weeks, DISH has made numerous demands to meet and confer with Mr. Punzalan concerning Shah's emails, including the following:

- On July 28, 2022, DISH's lead counsel sent an email and meet and confer letter to Defendants' counsel. The meet and confer letter identifies the issue of Defendants' failure to produce Shah's emails, critical dates in which Defendants had a duty to preserve them, their relevance, examples of Shah's emails dated after Defendants had a duty to preserve

---

[1] DISH's complaint alleges that Shah was the JadooTV employee or agent transmitting television channels and works that air on the channels that are exclusively licensed to DISH (the "Protected Channels") on the Jadoo service. (ECF 194, FAC ¶¶ 3-4, 14-16, 22, 30, 37, 58-59, 68-70, 74, 89.)

that were produced in other JadooTV email accounts, but not produced from Shah's email account, and why Defendants' excuse for not producing Shah's emails is nonsensical, inadequate, and shows that Defendants failed to timely preserve Shah's emails or they were lost or deleted. (Ferguson Decl. ¶ 2, Ex. 1 at 5-7.) DISH requested that Defendants produce all documents sent and received from Shah's email account that are responsive to DISH's requests for production, or fully explain any failure to preserve and any loss or deletion of emails from this account. (*Id.* Ex. 1 at 7.) The meet and confer letter states, "[p]lease provide a time that Defendants' lead counsel, Mr. Punzalan, is available to meet and confer on these issues during the week of August 1st through August 5th." (*Id.*) The email attaching the meet and confer letter states "[p]lease provide a day and time next week for lead counsel to telephonically confer on these issues." (*Id.* Ex. 2.)

- A call was scheduled between DISH's lead counsel and Mr. Punzalan for August 3, 2022. On August 3, Mr. Punzalan sent DISH's lead counsel an email stating "[a]fter reviewing your letter, let's take today's call off our calendars," "Sohail is traveling on vacation, and we will not be able to speak with him immediately," and "we expect that we should have a detailed written response for you by the end of next week, and we can schedule a call once you receive our written response." (*Id.* ¶ 3, Ex. 3 at 1.)

- The parties filed a Joint Case Management Statement on August 8, 2022. (ECF 217.) DISH included a section informing the Court that it anticipates filing a motion for sanctions for Defendants' failure to preserve and spoliation of Shah's emails. (*Id.* at 12.) Defendants included a response stating "Defendants dispute DISH's claims above," "Defendants are working to resolve these issues with DISH," and "[i]f the parties are unable to reach an agreement, the parties will proceed with filing a letter brief with Judge Beeler pursuant to her Standing Order." (*Id.* at 12-13.)

- On August 19, 2022, Defendants' sent a letter responding to DISH's July 28th meet and confer letter. (Ferguson Decl. ¶ 4, Ex. 4.) Defendants' letter states:
    > your request for a call with lead counsel ignores Judge Beeler's Standing Order requiring parties to confer initially by email, letter, or telephone to try to narrow the disputes. Only *after* those alternative means are exhausted, must lead counsel meet and confer by telephone. (*See* Judge Beeler's Standing Order p. 3.) Accordingly, if the parties are unable to come to an agreement on the issues below by other means, only then is JadooTV's lead counsel, Mark Punzalan, required to make himself available to discuss over the phone.

    (*Id.* Ex. 4 at 1.)
   After more than three weeks, Defendants denied their failure to produce all emails from Shah's JadooTV email account stating:
    > Shah's emails were being forwarded to the NOCoperations email account, and JadooTV took immediate steps to preserve these emails. JadooTV produced all emails in its possession, custody, and control. To the extent that Haseeb Shah deleted emails on his own accord, JadooTV played no part in this.

(*Id.* Ex. 4 at 5.)

- On August 31, 2022, DISH's lead counsel sent an email to Mr. Punzalan stating "[p]lease let me know when you are available this week or next week for a call to discuss Shah's email account." (*Id.* ¶ 5, Ex. 5. at 3.) Mr. Punzalan did not respond.

- On September 6, 2022, DISH's lead counsel sent an email to Mr. Punzalan stating:
    I'm following up on my August 31st request for a telephonic meet and confer with you to discuss the issue of Shah's email account. As you know, we were unable to narrow this issue through my correspondence of July 28th and Ms. Daryanani's correspondence of August 19th. Please let me know when you are available this week for call to discuss Shah's email account pursuant to Judge Beeler's Standing Order.
    (*Id.* Ex. 5. at 2.)
  Mr. Punzalan responded stating "[w]hat's the remaining issue? The letter said everything was produced." (*Id.*)

- On September 6, 2022, DISH's lead counsel sent an email to Mr. Punzalan stating:
    DISH's July 28th letter and Jadoo's production show that Jadoo failed to timely preserve the Shah emails and they were spoliated. Please let me know when you are available this week for a call to discuss this issue.
    (*Id.* Ex. 5. at 1.)
  On September 7, 2022, Mr. Punzalan responded stating "We're speaking with the client this week regarding those issues in the letter. After we speak with the client, I'll propose a time for us to talk." (*Id.*) Mr. Punzalan did not propose a time for a telephonic meet and confer, and it has been more than 10 days since DISH's August 31, 2022 request. (*Id.* ¶ 6.)

Mr. Punzalan once again declined or disregarded each of DISH's requests for a meet and confer, preventing DISH from complying with the Court's Standing Order, and preventing DISH from bringing this long overdue dispute concerning Defendants' failure to preserve and spoliation of Shah's emails. This is the type of foot dragging the Court's standing order is designed to prevent.

**Conclusion**

DISH respectfully requests that the Court enter another order compelling Mr. Punzalan to meet and confer by telephone with counsel for DISH within ten days of the Court's order.

Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940

Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

*Attorney for Plaintiffs DISH Network L.L.C.*