# EXHIBIT 1



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

July 28, 2022

**VIA Email**

Nicole Daryanani
Chan Punzalan LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Nicole@chanpunzalan.com

  Re: *DISH Network L.L.C. v. Jadoo TV, Inc. et al.,* Case No. 3:20-cv-01891-CRB (LB)
  (N.D. Cal.)

Ms. Daryanani:

  I write to address a number of outstanding discovery issues described below. According to
Judge Beeler's Standing order § III(4), any party wishing to resolve a discovery dispute "[m]ay
demand…a meeting with ten days' notice." We respectfully request a telephone meet and confer
with Defendants' lead counsel.

  As an initial matter, Defendants have been sanctioned twice for failing to produce
documents, but they still have not produced documents as set forth below. Mr. Sohail paid
$12,046.12 in expenses for his refusal to produce documents. (Dkt. 118 at 13:1-3.) Jadoo TV still
owes expenses from its refusal to produce documents. (Dkt. 145 at 7.) We propose that Jadoo TV
pay $12,000 by August 5, 2022 to resolve this outstanding issue without a hearing.

  <u>First</u>, Defendants' responses to DISH's interrogatories and requests for production are
inadequate.

  Defendants improperly responded to Interrogatory Nos. 4-6 by referring DISH to
Defendants' document production, but without specifically identifying the documents. *See
Palladini v. City of Milpitas*, 2008 WL 1774090, at *2 (N.D. Cal. Apr.16, 2008) ("If [responding
party] prefers to produce documents as his 'answer' to interrogatories, then he must specifically
identify such documents and clearly state that they contain all of the [responding party's] relevant
and responsive information on that topic."). Defendants must supplement their responses to answer
these interrogatories or specifically identify the documents that contain all of the relevant and
responsive information.

  Defendants' responses to DISH's requests for production likewise fail to reasonably
identify the responsive documents produced. While parties are generally not required to identify

responsive documents by Bates number, this is only true "[a]s long as the response is adequate to permit the discover[ing] party to identify and locate which documents are responsive to which requests." *Walker v. N. Las Vegas Police Dep't*, 2016 WL 8732300, at *4 (D. Nev. May 13, 2016). Defendants' production is voluminous, consisting of thousands of pages. Yet for many of the requests for which Defendants say responsive documents were produced, they either say that "JadooTV has produced all documents in response to this request"[1] or that "any documents that may be relevant to this Request have already been produced."[2] These words do nothing to identify the specific request with which any of the thousands of pages of production correspond. We reviewed these documents and many are irrelevant and do not appear to be responsive to a number of requests, and it appears that Defendants did not produce documents for a number of requests. As a result, Defendants' obligation "to identify and locate which documents are responsive to which requests" is unfairly shifted to DISH. Defendants must identify which documents correspond with Requests for Production Nos. 6, 15, 18, 21, 32, 34-36, 46, 48, 70, 79, 81, 115-119, 137, and 140 because it is unclear what documents Defendants produced that they allege are responsive to these requests.

Second, Defendants continue to assert the defense of advice of counsel while at the same time shielding from discovery the very communications and documents constituting the advice.[3] As we've said previously, this is improper. If Defendants wish to assert advice of counsel, they must produce and be prepared to testify in depositions and in writing about the substance of all documents created by, or disseminated to, Defendants' in-house and/or outside counsel and all attorney communications Defendants relied on in allegedly forming the belief their actions were not infringing. *Mushroom Assocs. v. Monterey Mushrooms, Inc.*, 1992 WL 442892, at *3–5 (N.D. Cal. May 19, 1992). In the event Defendants wish to continue to assert advice of counsel, the documents Defendants must produce and testify about include but are not limited to the documents listed on Defendants' privilege log, and documents sent to and from Defendants' former counsel, Darin Snyder, concerning DISH's notices of infringement and Defendants' responses.

Third, Defendants' responses and document production with regard to set-top box, app, and ad sales; revenues; costs; subscribers; and payments to the Sohail family and family-connected businesses are incomplete.[4] This information is relevant to prepare a damages model. The Copyright Act permits statutory damages or actual damages plus the defendants' profits as remedies for infringement, among other things. 17 U.S.C. § 504. The plaintiff's lost revenue and defendant's profits are two factors courts may use in assessing the proper amount of statutory damages. *Controversy Music v. Shiferaw*, 2003 WL 22048519, at *2 (N.D. Cal. July 7, 2003).

---

[1] *See* Defs.' Resps. to Req. for Prod. Nos. 1-3, 6-7, 14-15, 17-19, 21-23, 32, 34-41, 44-46, 48, 50-53, 55, 57-65, 68-70, 72, 74-79, 81, 83, 85-86, 89-102, 105, and 111-112.

[2] *See* Defs.' Resps. to Req. for Prod. Nos.  115-119, 128-131, and 137.

[3] *Compare* Defs.' Resps. to Interrog. Nos. 18-19 & Req. for Prod. Nos. 30 & 114 (asserting attorney-client and work-product privileges without answering the questions) *with* the 30(b)(6) Depo. of Jadoo TV at 69:15–19 (stating that "Yeah. We – we had it come from attorneys, advice…" when asked whether Jadoo TV "believe[d] it was okay to distribute any content from Dailymotion.").

[4] *See* Defs.' Resps. to Interrog. Nos. 4-5; Req. for Prod. Nos. 128-140.

Defendants must provide the detailed information about their revenues and profits from 2015 to the present DISH has requested. To the extent any of this information has already been produced, Defendants must identify which documents correspond with Interrogatory Nos. 4-5 and Requests for Production Nos. 128-140, and update the information to cover the present time. *See Walker*, 2016 WL 8732300, at *4.

Fourth, Defendants failed to provide any discovery regarding their customers' viewership of and the relative popularity of the Protected Channels. DISH asked Defendants to identify the dates the Protected Channels were made available or viewed on the Jadoo service in Interrogatory No. 12; to produce documents as to these dates in Request for Production No. 24; and to produce documents concerning the "relative popularity" of the Protected Channels, eMedia, and SASP in Request for Production Nos. 116-121. This information is relevant to, among other things, whether there was a "high-volume use" of the Jadoo service to view the Protected Channels, which is one factor used to determine whether the defendant intended that their service be used to infringe copyrights, for purposes of an inducement claim. *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1035 (9th Cir. 2013).

Defendants' responses to these discovery requests are contradictory. To Interrogatory No. 12 and Request for Production No. 24 Defendants responded that they "do not have information" as to the dates the channels were transmitted; but for Request for Production Nos. 116-121 Defendants either put forth a boilerplate objection or responded that "any documents that may be relevant…have already been produced." Defendants' document production also references an application Defendants failed to disclose in Interrogatory No. 12 called "Ferrari," which Defendants apparently used to "collect playback logs,"[5] to view "reports on number of impressions/views (on both Live TV and VOD content),"[6] and "to know the channels by their viewership."[7] Moreover, Mr. Aftab confirmed in his deposition that Defendants provided him with the very information DISH has requested, testifying that Defendants provided "data" from their "back panel" about their customers' "content consumption behavior." (Aftab Depo. 283:8-9, 17-19.) Defendants must produce documents about and explain in detail in response to Interrogatory No. 12 what Ferrari is, the data it shows, and provide reports from Ferrari regarding viewership of the Protected Channels. Defendants must also identify the documents that have already been produced that they allege are responsive to Request for Production Nos. 116-121. *See Walker*, 2016 WL 8732300, at *4.

Fifth, Defendants still have not produced documents identified during the January 27, 2022, Jadoo TV 30(b)(6) deposition and that they agreed to produce, including (1) a CloudStream bank statement that allegedly shows the repayment of a $200,000 loan that Mr. Sohail received from Jadoo TV (Jadoo TV 30(b)(6) Depo. 100:7-13); (2) a written agreement between Jadoo TV and Altair concerning the development of software for Jadoo TV (*Id.* 120:15-121:3); (3) a written agreement between Jadoo TV and IDC about providing VOD and live streaming monitoring services (*Id.* Depo. 126:19-127:8), and (4) Jadoo TV's programming license agreements or other

---

[5] *See* JAD012889.
[6] *See* JAD000347.
[7] *See* JAD012770 - JAD012771.

documentation evidencing Jadoo TV's distribution rights (*Id*. 104:4, 14-17). Defendants must produce these documents that should have already been produced in response to Requests for Production Nos. 5, 17, 19, 23, 26-28, 73, 75, 85, 104, 131, 141, and 144.

<u>Sixth</u>, Defendants continue to refuse to make Mr. and Mrs. Sohail available for depositions. As we explained in our May 9, 2022 letter, Mr. Sohail can be deposed separately as Jadoo TV's corporate representative and as an individual. *Wesley v. Gates*, 2009 WL 1955997, at *1 (N.D. Cal. July 2, 2009). And the marital communications privilege doesn't apply here because Mrs. Sohail is not being asked to testify as to intimate conversations between her and her husband, but rather as a shareholder, director, and chief operating officer of Jadoo TV. *Perez v. Sauson*, 2016 WL 10587197, at *3 (E.D. Wash. Sept. 15, 2016).

<u>Seventh</u>, Defendants responded to a number of Requests for Production stating they have no documents, but discovery has shown many of these responses are incorrect.

Request for Production No. 20 seeks "All documents, including diagrams, charts, maps, and schematics, concerning the process by which SASP is added to the Jadoo Box at any time." Defendants admitted that regional sales managers sold Jadoo boxes preloaded with SASP and assisted Jadoo retailers and users in adding SASP through YouTube videos. (Jadoo TV 30(b)(6) Depo. 177:11-178:21; Farooqi Depo. at 58:17-60:16.) Defendants also admitted that customer service representatives assisted Jadoo users in adding SASP through YouTube videos. (Jadoo TV 30(b)(6) Depo. 229:6-10.)

Requests for Production Nos. 24-28 seek documents regarding the dates the Protected Channels were transmitted, rights, and payments for the Protected Channels. Mr. Aftab testified that Jadoo licensed and transmitted most of the Protected Channels outside the United States and there were discussions about licensing them in the United States. (Aftab Depo. 39:13-40:4; 67:13-69:17; 306:1-340:2; 360:24-376:5.)

Request for Production No. 80 seeks "All documents concerning the provision of information or instructions to customers, potential customers, and resellers about how to add channels to the Jadoo Service or Jadoo Box." Jadoo produced customer service call logs and a customer service training manual that show Jadoo's customer service representatives assisted customers to add SASP through YouTube videos.

Request for Production Nos. 132-134 seek bank records of Pearl Technologies International Limited, Altair Technologies Private Limited, and Pearl Media Group. Mr. Sohail owns and manages these companies and therefore the bank records are in his possession, custody, or control.  (Jadoo TV 30(b)(6) Depo. 91:15-92:11; 93:6-94:16; 95:21-23; 110:17-111:19; 117:6-118:2.; 118:9-18; 119:4-18.)

Defendants must supplement their responses to Requests for Production Nos. 20, 24-28, 80, and 132-134, to state they will produce these responsive documents.

<u>Eighth</u>, there are several requests that Defendants improperly objected to and did not agree to produce relevant and responsive documents.

Requests for Production Nos. 106-107 and 112 seek documents concerning Peter May, pmay360, pmay360@gmail.com, rayred@gmail.com, ali85one, ali85one@gmail.com, and documents sufficient to identify all email addresses of Mr. Shah. Defendants must supplement their responses to these requests to state they will produce all responsive documents and confirm whether Defendants ever asked Mr. Shah to preserve his personal email accounts to review for responsive documents. If these documents were deleted then Defendants must so explain.

Requests for Production Nos. 120-121 seek "Documents sufficient to identify the total number or percentage of Jadoo TV's United States users who accessed SASP on a daily, weekly, or monthly basis" and "Documents sufficient to identify the total number or percentage of Jadoo TV's United States users who accessed the Protected Channels on a daily, weekly, or monthly basis."

Request for Production No. 122 seeks "All documents relating to the arrest, prosecution, or investigation of the four individuals in India described in paragraph 54 of DISH's Complaint" concerning the Hyderabad raid on Jadoo employees for piracy of content.

Defendants must supplement their responses to these requests to withdraw their objections and produce all responsive documents.

Ninth, Defendants did not provide responsive information for a number of interrogatories. For Interrogatory No. 1 (identities of responsible individuals) Defendants did not identify persons responsible for "manufacturing," "marketing," or "customer support." Nor did Defendants provide responses to Interrogatory No. 7 (verbal communications concerning the Protected Channels); No. 11 (Defendants' servers); or No. 14 (Defendants' responses to infringement notices). Defendants must supplement their responses to these interrogatories.

Tenth, Defendants did not produce any emails from Mr. Shah's haseeb.shah@jadootv.com email account.

DISH filed its Complaint on November 20, 2018, alleging Mr. Shah was the Jadoo employee or agent transmitting the Protected Channels and Protected Channel VOD to users of the Jadoo service. Jadoo TV was served on November 28, 2018. The parties held a Rule 26(f) conference on February 21, 2019 and filed a Rule 26(f) Report on February 28, 2019, in which Defendants identified Mr. Shah as a witness. (Dkt. 41 at 2, 8.) Mr. Shah reported to Mr. Sohail weekly as an employee or agent of Jadoo TV until June 19, 2019 when he was "temporarily suspended" until this lawsuit could be resolved. (Aftab Depo. 44:11-46:4; 109:12-110:20; 222:4-14; 224:13-225:4; 235:9-237:24; Jadoo TV 30(b)(6) Depo. 130:21-131:4; 131:19-23; 132:21-133:1; 151:14-24; 153:25-155:19.)

Mr. Shah used the haseeb.shah@jadootv.com email account. (Jadoo TV 30(b)(6) Depo. 131:8-10.) Documents produced from other Jadoo TV email accounts show that Mr. Shah sent and received relevant and responsive documents from his haseeb.shah@jadootv.com account after Jadoo TV was served with DISH's Complaint, after the parties Rule 26(f) conference, and after the parties filed their Rule 26(f) report, including:

- JAD000467 – Email to Mr. Shah dated January 30, 2019 produced from Mr. Sohail's email account responsive to Request for Production No. 12;
- JAD000467-JAD000468 – Email to Mr. Shah dated February 6, 2019 produced from Mr. Sohail's email account responsive to Request for Production Nos. 12, 29;
- JAD000468 – Email copying Mr. Shah dated February 25, 2019 produced from Mr. Sohail's email account responsive to Request for Production Nos. 12, 13;
- JAD000469 – Email copying Mr. Shah dated February 25, 2019 produced from Mr. Sohail's email account responsive to Request for Production Nos. 12, 29;
- JAD000470-JAD000474 – Email to Mr. Shah dated February 7, 2019 produced from Mr. Sohail's email account responsive to Request for Production Nos. 12, 29.)
- JAD000474-JAD000477 – Email to Mr. Shah dated February 12, 2019 produced from Mr. Sohail's email account responsive to Request for Production Nos. 12, 29.)
- JAD009236 – Email to Mr. Shah dated May 1, 2019 produced from the nocoperations@jadootv.com account responsive to Request for Production No. 17
- JAD009270 – Email to Mr. Shah dated March 31, 2019 produced from the nocoperations@jadootv.com account responsive to Request for Production No. 17
- JAD009293 – Email copying Mr. Shah dated June 5, 2019 produced from the nocoperations@jadootv.com account responsive to Request for Production No. 17
- JAD009328 – Email to Mr. Shah dated May 9, 2019 produced from the nocoperations@jadootv.com account responsive to Request for Production No. 17
- JAD009354 – Email copying Mr. Shah dated December 27, 2018 produced from the nocoperations@jadootv.com account responsive to Request for Production Nos. 19, 37, 41, 66, 72-75;
- JAD009355-JAD009356 – Email copying Mr. Shah dated December 28, 2018 produced from the nocoperations@jadootv.com account responsive to Request for Production Nos. 19, 37, 41, 66, 72-75;
- JAD009547 – Email from Mr. Shah dated December 17, 2018 produced from Mr. Malik's email account responsive to Request for Production Nos. 23, 37, 41, 84
- JAD016198 – Email copying Mr. Shah dated March 3, 2019 produced from the roya@jadootv.com account responsive to Request for Production Nos. 23, 83-84; and
- JAD016198-JAD015199 – Emails copying Mr. Shah dated March 12, 2019 produced from the roya@jadootv.com account responsive to DISH's Request for Production Nos. 23, 83-84.

During prior meet and confers, Ms. Byun stated, "Haseeb Shah's account did not have many emails because they were being forwarded to the NOCoperations email account." Although Jadoo produced a couple hundred pages of emails from the NOCoperations email account, no emails dated prior to the filing of the lawsuit were produced, most were irrelevant ads received by the account, and many were from the time period after Mr. Shah's suspension on June 19, 2019. Even if Mr. Shah's emails were being forwarded to the NOCoperations email account, they should be in the NOCoperations email account and they should still be in Mr. Shah's haseeb.shah@jadootv.com email account unless Jadoo failed to timely preserve documents in this account or they were lost or deleted. Accordingly, it appears that Defendants did not preserve or obtain access to Mr. Shah's email account for emails prior to his suspension. (*See* Aftab Depo.

51:19-22 (Mr. Aftab, who was responsible for collecting documents for this case, did not ever request access to Mr. Shah's email account, whether through Mr. Shah or Jadoo).)

Defendants must produce all documents sent and received from the haseeb.shah@jadootv.com account that are responsive to DISH's requests for production. Defendants must fully explain any failure to preserve and any loss or deletion of emails from this account so DISH may seek the appropriate remedy with the Court.

Finally, these issues highlight the need for Defendants to comply with the Joint Rule 26(f) Report where Defendants agreed to produce ESI with metadata and load files. (Dkt. 41 at 9:22-10:4.) Defendants must confirm they will produce the ESI in the format they agreed, including the 30 metadata fields and the load files.

Please provide a time that Defendants' lead counsel, Mr. Punzalan, is available to meet and confer on these issues during the week of August 1st through August 5th.


Sincerely,

**HAGAN NOLL & BOYLE LLC**

Stephen M. Ferguson

CC:   Shinhong Byun
      Mark Punzalan

# EXHIBIT 2

**Stephen Ferguson**

| | |
|---|---|
| **From:** | Stephen Ferguson |
| **Sent:** | Thursday, July 28, 2022 9:43 AM |
| **To:** | 'Nicole Daryanani' |
| **Cc:** | Mark Punzalan; Shinhong Byun; Joe Boyle; David Korn; Timothy Frank |
| **Subject:** | Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB |
| **Attachments:** | Ferguson to Daryanani - Outstanding Discovery Issues 07282022.pdf |

Counsel,

Please see the attached letter regarding outstanding discovery issues.  Please provide a day and time next week for lead counsel to telephonically confer on these issues.

Best Regards,

Stephen M. Ferguson
Hagan Noll & Boyle LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, TX 77024
713.343.0478 T (ext. 102)
713.758.0146 F
www.hnbllc.com

# EXHIBIT 3

**Stephen Ferguson**

| | |
|---|---|
| **From:** | Mark Punzalan <mark@chanpunzalan.com> |
| **Sent:** | Wednesday, August 3, 2022 12:24 PM |
| **To:** | Nicole Daryanani |
| **Cc:** | Stephen Ferguson; Joe Boyle; David Korn; Timothy Frank |
| **Subject:** | Re: Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB |

Stephen:

After reviewing your letter, let's take today's call off our calendars.

While some of these discovery issues can quickly be addressed, we will need more time to provide a more fulsome response to your letter. Indeed, your letter raises discovery issues that go back to 2018 (when our firm was not counsel), and because you have not raised most of these issues for more than two years, we assumed that these issues had been resolved. It is my understanding that Jadoo has complied with all of its discovery obligations, but we will nevertheless take the time to provide a detailed written response to each of these points so that Judge Beeler can easily see the parties' positions if we have to tee up any issues for the Court.

As an aside, Shinhong Byun, the attorney with whom you primarily discussed these discovery issues, recently left our firm. Moreover, Ms. Sohail is traveling on vacation, and we will not be able to speak with him immediately. Thus, it will take Nicole and me a bit more time to find out the current status of these discovery issues, particularly since your client appears to be rehashing all discovery issues from the past four years. In any event, we expect that we should have a detailed written response for you by the end of next week, and we can schedule a call once you receive our written response. Thanks for your cooperation.

P.S. Our client will not be sending you $12,000, and we'll respond to your mischaracterization of the previous sanction award in our forthcoming letter.

Best,
Mark

**Mark Punzalan | Chan + Punzalan**
mark@chanpunzalan.com | 650.481.8112
22 Battery Street, Suite 401 | San Francisco, California 94111

On Tue, Aug 2, 2022 at 11:22 AM Nicole Daryanani <nicole@chanpunzalan.com> wrote:
Hi Stephen,

Mark is available to join our call tomorrow at 1pm PT, so let's just discuss all issues then.

Best,
Nicole

**Nicole Daryanani | Chan + Punzalan**
nicole@chanpunzalan.com | Direct: 650.250.1117 | Main: 650.362.4150

22 Battery Street, Suite 401 | San Francisco, California 94111

[ChanPunzalan.com](ChanPunzalan.com) | [Facebook](Facebook) | [Twitter](Twitter)


On Tue, Aug 2, 2022 at 10:22 AM Nicole Daryanani <[nicole@chanpunzalan.com](mailto:nicole@chanpunzalan.com)> wrote:
Stephen: We received your letter. We will propose dates and times for the telephonic meet and confer with lead counsel shortly.

**Nicole Daryanani | Chan + Punzalan**
nicole@chanpunzalan.com | **Direct:** 650.250.1117 | **Main: 650.362.4150**
22 Battery Street, Suite 401 | San Francisco, California 94111

[ChanPunzalan.com](ChanPunzalan.com) | [Facebook](Facebook) | [Twitter](Twitter)


On Thu, Jul 28, 2022 at 7:43 AM Stephen Ferguson <[Stephen.Ferguson@hnbllc.com](mailto:Stephen.Ferguson@hnbllc.com)> wrote:

Counsel,


Please see the attached letter regarding outstanding discovery issues.  Please provide a day and time next week for lead counsel to telephonically confer on these issues.


Best Regards,


Stephen M. Ferguson

Hagan Noll & Boyle LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, TX 77024

713.343.0478 T (ext. 102)

713.758.0146 F

[www.hnbllc.com](www.hnbllc.com)

# EXHIBIT 4

# CHAN + PUNZALAN

Nicole Daryanani
Email: nicole@chanpunzalan.com
Direct:650.250.1117

August 19, 2022

**VIA EMAIL ONLY**
Stephen M. Ferguson
stephen.ferguson@hnbllc.com
Hagan Noll & Boyle, LLC
820 Gessner, Suite 940
Houston, Texas 77024

**Re:** DISH Network L.L.C. v. Jadoo TV, Inc. et al., Case No. 3:20-cv-01891-CRB (LB)
(N.D. Cal.)

Mr. Ferguson:

        This letter serves as JadooTV's response to DISH's July 28, 2022, letter ("July 28 Letter") containing a myriad of alleged discovery issues dating back to 2018. As an initial matter, DISH has been aware of most of these "issues" for years now. DISH cannot sit on its hands and then suddenly belabor JadooTV, forcing it, and its counsel to analyze four years of discovery at its command. Indeed, it is apparent that DISH is not actually concerned with resolving the alleged issues in good faith. Rather, the July 28 Letter signifies gamesmanship and is merely an attempt to increase JadooTV's fees unnecessarily, a recurring theme throughout this litigation.

        Further, your request for a call with lead counsel ignores Judge Beeler's Standing Order requiring parties to confer initially by email, letter, or telephone to try to narrow the disputes. Only *after* those alternative means are exhausted, must lead counsel meet and confer by telephone. (*See* Judge Beeler's Standing Order p. 3.) Accordingly, if the parties are unable to come to an agreement on the issues below by other means, only then is JadooTV's lead counsel, Mark Punzalan, required to make himself available to discuss over the phone.

        It should also be noted that Shinhong Byun, the attorney with whom you primarily discussed these discovery issues, recently left our firm. Thus, as you'll see below, we are still investigating some issues outlined in the July 28 Letter, particularly since DISH appears to be rehashing all discovery issues from the past four years. Nevertheless, after receiving the July 28 Letter, we reviewed JadooTV's previous discovery responses and records. While JadooTV reserves all rights to supplement upon further investigation, we believe that we can address most of the concerns raised in the July 28 Letter, while the other concerns you raise lack merit and require no action on our part.

CHAN +
PUNZALAN

1.      **DISH's Request that JadooTV Pay DISH $12,000.**

Your letter proposes that JadooTV pay DISH $12,000 in connection with DISH's Motion to Compel Production of Documents without justification. JadooTV will not pay DISH $12,000, as no Court order compels this payment.

2.      **Interrogatory Nos. 4-6**

The July 28 Letter requests that JadooTV supplement its responses to Interrogatory Nos. 4-6 to identify which documents are responsive to these interrogatories.

JadooTV agrees to supplement its responses to these interrogatories.

3.      **Requests for Production Nos. 6, 15, 18, 21, 32, 34-36, 46, 48, 70, 79, 81, 115-119, 137, and 140**

The July 28 Letter requests that JadooTV identify, by Bates numbers, which documents correspond with each request for production of documents. However, "[g]enerally, parties are not required to identify responsive documents by Bates number…" (*Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co.*, 2014 WL 496952, *6 (D. Nev. Feb. 4, 2014).) As such, JadooTV will not supplement its responses to these requests.

DISH's reliance on *Walker v. N. Las Vegas Police Dep't*, 2016 WL 8732300, at *4 (D. Nev. May 13, 2016) in support of its argument is misplaced. There, the Court only ordered the responding party to specify Bates pages because the responding party had stipulated to do so - a "more exacting" procedure that is not required under the rules. JadooTV did not enter into any such stipulation.

DISH then proceeds to complain that the "obligation to identify and locate which documents are responsive to which requests" is unfairly shifted to DISH." However, it was DISH that propounded hundreds of overbroad discovery requests. DISH cannot now complain about the burden of "sifting through" the documents it requested. (*See SolarCity Corp. v. Doria*, No. 16CV3085-JAH (RBB), 2018 WL 467898 at *7 (S.D. Cal. Jan. 18, 2018).) JadooTV will not supplement its responses to these requests.

4.      **Advice of Counsel Defense**

As you are aware, JadooTV was represented by different counsel prior to and at the start of this litigation. As such, we are still investigating the applicability and extent of this defense. We will provide a more complete response after we complete our investigation.

5.      **JadooTV's Responses and Document Production Regarding Set-Top Box, App, and Ad Sales; Revenues; Costs; Subscribers; and Payments to the Sohail Family**

**CHAN +
PUNZALAN**

The July 28 Letter broadly states, without explanation, that JadooTV's responses and document production "with regard to set-top box, app, and ad sales; revenues; costs; subscribers; and payments to the Sohail family and family-connected businesses" are "incomplete". It is unclear what DISH is requesting here. JadooTV has provided all responsive documents in its possession, custody, and control. Nevertheless, as stated above, JadooTV will supplement its responses to Interrogatory Nos. 4-6 to identify which documents are responsive to those interrogatories. JadooTV will not supplement its responses to Requests for Production Nos. 128-140, as JadooTV is not required to identify responsive documents by Bates number. (*Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co.*, 2014 WL 496952, *6 (D. Nev. Feb. 4, 2014).)

6. **Discovery Regarding Viewership of and the Relative Popularity of the "Protected Channels"**

The July 28 Letter states that JadooTV did not provide discovery regarding customer viewership and the relative popularity of the Protected Channels. However, this data does not exist. Specifically, JadooTV does not control whether users of JadooTV set top boxes and the eMedia application use their JadooTV set top boxes to access allegedly copyrighted content comprising "SASP" or the "Protected Channels." Actually, "SASP" is a concept DISH came up with, not JadooTV. JadooTV also does not control nor possess knowledge of what content appears on third party websites such as GitHub, where XML files compatible with JadooTV's user interface allegedly can be found. Similarly, JadooTV does not have information regarding the dates on which the Protected Channels or any associated programs or content were allegedly transmitted or viewed on any Jadoo4, Jadoo5, and Jadoo5S set top box.

The July 28 Letter also demands that JadooTV produce documents regarding the Ferrari application, but the Ferrari application does not track data regarding the alleged viewership of the Protected Channels. JadooTV will not produce these documents.

7. **Documents Identified During JadooTV's 30(b)(b) Deposition.**

The July 28 Letter requests "(1) a CloudStream bank statement that allegedly shows the repayment of a $200,000 loan that Mr. Sohail received from Jadoo TV (Jadoo TV 30(b)(6) Depo. 100:7-13); (2) a written agreement between Jadoo TV and Altair concerning the development of software for Jadoo TV (Id. 120:15-121:3); (3) a written agreement between Jadoo TV and IDC about providing VOD and live streaming monitoring services (Id. Depo. 126:19-127:8), and (4) Jadoo TV's programming license agreements or other documentation evidencing JadooTV's distribution rights."

JadooTV will produce the CloudStream bank statement and the written agreement between Jadoo TV and Altair concerning the development of software for JadooTV. We are working to locate the written agreement between JadooTV and IDC regarding VOD and live streaming monitoring services.

CHAN +
PUNZALAN

DISH's request that JadooTV produce "JadooTV's programming license agreements or other documentation evidencing JadooTV's distribution rights" is extremely overbroad and encompasses agreements that are not relevant to the allegations in this lawsuit. Accordingly, JadooTV will not produce these documents.

**8.      Depositions of Mr. and Mrs. Sohail**

Your previous letters request to depose Mr. Sohail for the second time, as a continuation of the 30(b)(6) deposition. As stated in our May 23, 2020 letter, without a showing of good cause, we cannot agree to a continuance of the 30(b)(6) deposition. However, if it is an individual deposition of Mr. Sohail that DISH seeks, Mr. Sohail is available on the following dates: September 8, September 13, and September 15.

We maintain our position regarding Mrs. Sohail's deposition. Mrs. Sohail does not possess any relevant information regarding the allegations in the complaint. Actually, Mrs. Sohail's only responsibilities in relation to the JadooTV boxes were packing and shipping the boxes. DISH has already deposed (or plans on deposing) individuals that are much better suited to provide relevant testimony. In this regard, DISH's only goal in deposing Mrs. Sohail is to further harass Mr. Sohail and once again increase fees unnecessarily. Accordingly, we will not agree to a deposition of Mrs. Sohail.

**9.      Requests for Production Nos. 20, 24-28, 80, 132-134**

The July 28 Letter demands that JadooTV supplement its responses to Requests for Production Nos. 20, 24-28, 80, 132-134.

JadooTV maintains its responses to these requests, as JadooTV does not have responsive documents in its possession, custody, or control.

**10.     Requests for Production Nos. 106-107 and 112**

The July 28 Letter demands that JadooTV supplement its responses to Requests for Production Nos. 106-107 and 112 which seek documents concerning Peter May, pmay360, pmay360@gmail.com, rayred@gmail.com, ali85one, ali85one@gmail.com.

JadooTV has no knowledge of these email addresses/usernames, as they do not belong to JadooTV. As such, JadooTV will supplement its responses to these requests to confirm that it does not have responsive documents to produce.

**11.     Requests for Production Nos. 120 and 121**

The July 28 Letter demands that JadooTV supplement its responses to Requests for Production Nos. 120-121 which seek "[d]ocuments sufficient to identify the total number or percentage of Jadoo TV's United States users who accessed SASP on a daily, weekly, or monthly basis" and "[d]ocuments sufficient to identify the total number or percentage of Jadoo

**CHAN +
PUNZALAN**

TV's United States users who accessed the Protected Channels on a daily, weekly, or monthly basis."

The SASP does not exist. As stated above, DISH created this term, not JadooTV. As such, JadooTV will supplement its response to Request for Production No. 120 to confirm that it does not have responsive documents to produce.

Similarly, JadooTV does not have documents "sufficient to identify the total number or percentage of Jadoo TV's United States users who accessed the Protected Channels on a daily, weekly, or monthly basis", as JadooTV did not air the Protected Channels on its set-top boxes. Accordingly, JadooTV will supplement its response to Request for Production No. 121 to confirm that it does not have responsive documents to produce.

### 13.    Request for Production No. 122

The July 28 Letter demands that JadooTV supplement its responses to Request for Production No. 122 which seeks "[a]ll documents relating to the arrest, prosecution, or investigation of the four individuals in India described in paragraph 54 of DISH's Complaint" concerning the Hyderabad raid on Jadoo employees for alleged piracy of content.

To the extent that this Hyderabad raid occurred, it was not at all connected to JadooTV. Therefore, JadooTV will supplement its response to Request for Production No. 122 to confirm that it does not have responsive documents to produce.

### 14.    Interrogatory Nos. 1, 7, 11, and 14

The July 28 Letter demands that JadooTV supplement its responses to Interrogatory Nos. 1, 7, 11, and 14. These responses were served in 2019 by different counsel. As such, we need additional time to review the responses and determine whether JadooTV has further information to provide. If it is determined that JadooTV has further information to provide, JadooTV will supplement its responses to these interrogatories.

### 15.    Shah's Email Account

The July 28 Letter alleges that JadooTV did not produce all emails from Haseeb Shah's JadooTV email account. This is incorrect. As Ms. Byun previously informed you, Shah's emails were being forwarded to the NOCoperations email account, and JadooTV took immediate steps to preserve these emails. JadooTV produced all emails in its possession, custody, and control. To the extent that Haseeb Shah deleted emails on his own accord, JadooTV played no part in this.

If you would like to discuss these issues further, please feel free to call my direct line at 650-250-1117.

# CHAN +
# PUNZALAN

Sincerely,

Nicole Daryanani

# EXHIBIT 5

**Stephen Ferguson**

| | |
|---|---|
| **From:** | Mark Punzalan <mark@chanpunzalan.com> |
| **Sent:** | Wednesday, September 7, 2022 11:20 AM |
| **To:** | Stephen Ferguson |
| **Cc:** | Nicole Daryanani |
| **Subject:** | Re: Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB |

Ok. We're speaking with the client this week regarding those issues in the letter. After we speak with the client, I'll propose a time for us to talk.


**Mark Punzalan | Chan + Punzalan**
mark@chanpunzalan.com | 650.481.8112
22 Battery Street, Suite 401 | San Francisco, California 94111


On Tue, Sep 6, 2022 at 3:11 PM Stephen Ferguson <Stephen.Ferguson@hnbllc.com> wrote:

Mark,


DISH's July 28th letter and Jadoo's production show that Jadoo failed to timely preserve the Shah emails and they were spoliated.  Please let me know when you are available this week for a call to discuss this issue.


Best Regards,


Stephen M. Ferguson

Hagan Noll & Boyle LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, TX 77024

713.343.0478 T (ext. 102)

713.758.0146 F

www.hnbllc.com

1

**From:** Mark Punzalan [mailto:mark@chanpunzalan.com]
**Sent:** Tuesday, September 6, 2022 4:45 PM
**To:** Stephen Ferguson <Stephen.Ferguson@hnbllc.com>
**Cc:** Nicole Daryanani <nicole@chanpunzalan.com>
**Subject:** Re: Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB


Stephen:


What's the remaining issue? The letter said everything was produced.


**Mark Punzalan | Chan + Punzalan**

mark@chanpunzalan.com | 650.481.8112

22 Battery Street, Suite 401 | San Francisco, California 94111



On Tue, Sep 6, 2022 at 2:24 PM Stephen Ferguson <Stephen.Ferguson@hnbllc.com> wrote:

Mark,


I'm following up on my August 31st request for a telephonic meet and confer with you to discuss the issue of Shah's email account.  As you know, we were unable to narrow this issue through my correspondence of July 28th and Ms. Daryanani's correspondence of August 19th.  Please let me know when you are available this week for a call to discuss Shah's email account pursuant to Judge Beeler's Standing Order.


Best Regards,


Stephen M. Ferguson

Hagan Noll & Boyle LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, TX 77024

713.343.0478 T (ext. 102)

713.758.0146 F

www.hnbllc.com

---

**From:** Stephen Ferguson
**Sent:** Wednesday, August 31, 2022 9:30 PM
**To:** Mark Punzalan <mark@chanpunzalan.com>
**Subject:** FW: Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB


Mark,


Please let me know when you are available this week or next week for a call to discuss Shah's email account.


Best Regards,


Stephen M. Ferguson

Hagan Noll & Boyle LLC

Two Memorial City Plaza

820 Gessner, Suite 940

Houston, TX 77024

713.343.0478 T (ext. 102)

713.758.0146 F

www.hnbllc.com


**From:** Erik Landaverde [mailto:erik@chanpunzalan.com]
**Sent:** Friday, August 19, 2022 5:15 PM
**To:** Stephen Ferguson <Stephen.Ferguson@hnbllc.com>
**Cc:** Mark Punzalan <mark@chanpunzalan.com>; Nicole Daryanani <nicole@chanpunzalan.com>
**Subject:** Dish Network LLC. v. Jadoo TV, Inc. et al -- Case No. 3:20-cv-01891-CRB

Dear Counsel,

Please see attached letter from attorney Nicole Daryanani.

Best,

**Erik Landaverde | Chan + Punzalan**

erik@chanpunzalan.com | Direct: 650.241.2357 | Main: 415.839.0063

**22 Battery Street, Suite 401 | San Francisco, California 94111**

ChanPunzalan.com | Facebook | Twitter