

Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

October 3, 2022

**Via ECF**
Honorable Laurel Beeler
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom B
450 Golden Gate Ave.
San Francisco, CA 94102

Re: *DISH Network L.L.C. v. JadooTV, Inc. et al.,* Case No. 3:20-cv-01891-CRB (LB)

Dear Judge Beeler:

Plaintiff DISH Network L.L.C. and Defendants JadooTV, Inc. and Sajid Sohail jointly submit this letter brief whereby DISH seeks sanctions for Defendants' failure to preserve and the loss of emails belonging to Haseeb Shah, a central figure in this case.

The undersigned counsel attest that they have met and conferred by telephone pursuant to ECF 220 and 223 and that they are unable to resolve this dispute.

Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

*Attorney for Plaintiffs DISH Network L.L.C.*

By: */s/ Mark Punzalan*
Mark Punzalan (CA Bar No. 247599)
mark@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: (415) 839-0063

*Attorney for Defendants JadooTV Inc. and Sajid Sohail*

**DISH's Statement of Unresolved Issue:** Whether Defendants preserved Haseeb Shah's emails?

**DISH's Position:** Defendants failed to preserve and produce email from their former employee, Shah, who was the central figure, and former co-defendant, in Defendants' copyright infringement. The Court should enter a default judgment against Defendants as an appropriate sanction.

Rule 37(e) "establishes three prerequisites to sanctions: the ESI should have been preserved in the anticipation or conduct of litigation, it is lost through a failure to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 335 (N.D. Cal. 2022). If these requirements are met and "the party acted with the intent to deprive another party of the information's use in the litigation," the court may impose an adverse inference or default judgment. *Id.*; Fed. R. Civ. P. 37(e)(2).

**1. Shah's Emails Should Have Been Preserved.** "A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Fast*, 340 F.R.D. at 336. Defendants' duty to preserve Shah's emails arose no later than November 28, 2018, when Defendants were served with DISH's complaint, which alleges that then-defendant Shah was the JadooTV agent transmitting DISH's copyrighted works on the Jadoo service. (ECF 1 ¶¶ 9, 17-19, 49, 63-71, 86-93; ECF 20; *see also* Ferguson Decl. ¶ 12, Ex. 11 (infringement notices provided to Defendants dating back to 2016).) Shah's emails were within Defendants' possession, custody, or control and therefore should have been preserved because: (1) the email account in question – *haseeb.shah@jadootv.com* – was directly accessible by Defendants;[1] and (2) Shah was an agent of Defendants and thus the email account was accessible to Defendants through Shah. *See In re Nat'l Security Agency Telecomm. Records Litig.*, 2007 WL 3306579, at *1 (N.D. Cal. Nov. 6, 2007) (party's duty to preserve includes "employees, agents, contractors"); *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1137 N.D. Cal. 2012) (duty to preserve applies to "key players"). Defendants concede that Shah's emails had to be preserved because Defendants purportedly told Shah to preserve them – albeit six months after this case was filed and clearly too late.

**2. Defendants Intentionally Failed to Preserve and Lose Shah's Emails.** Defendants did not preserve Shah's emails despite having direct access to them. (Ferguson Decl. ¶¶ 3, 5; Ex. 2 at 51:19-22; Ex. 4 at 24, 29.) Defendants instead waited **6 months** after the filing of this case to allegedly instruct Shah to preserve evidence, and then a month later Defendants suspended Shah's employment. (*Id.* ¶¶ 3, 11; Ex. 2 at 44:11-46:5; Ex. 10.) Defendants' instructions to Shah were not only untimely, but unreasonable because Shah was a co-defendant and central figure in the infringement, Shah's employment was being suspended by Defendants, and Shah had every reason to delete emails evidencing the infringement. Defendants needed to preserve emails from Shah's *@jadootv.com* account rather than pass that obligation to Shah – and even that was done too late.

Defendants cannot claim ignorance of their duty to preserve Shah's emails because (1) Defendants are sophisticated parties that operate a global business enterprise and have vast experience with internet technology; (2) Defendants were represented by competent counsel when responding to the pre-suit infringement notices and throughout this case; and (3) Defendants are no strangers to federal court litigation, having been involved in at least six prior lawsuits. (*Id.* ¶¶ 4-5, 12, 14; Ex. 3 at 16:12-15, 147:8-19; Ex. 4 at 24; Ex. 11); *See Fast*, 340 F.R.D. at 344 (noting courts should

---

[1] Defendants had access and control over Shah's emails through Google Workspace, formerly known as G Suite. (Ferguson Decl. ¶ 5; Ex. 4 at 24, 29.)

1

consider a party's sophistication when determining if reasonable steps were taken to preserve ESI). If Defendants harbored any concern about their ability to comply with their obligations to preserve and collect Shah's emails, Defendants could have engaged an eDiscovery vendor to help them.

Defendants did not produce a single email from Shah's *haseeb.shah@jadootv.com* email account. (Ferguson Decl. ¶¶ 4, 5, 11; Ex. 3 at 131:8-10; Ex. 4 at 1, 3-5; Ex. 10.) Defendants produced documents from other accounts showing that Shah sent and received relevant emails from the *haseeb.shah@jadootv.com* account and thus emails from *that account* should have been preserved and produced. (*Id.* ¶ 7, Ex. 6.) Defendants attempt to downplay their failure to preserve by claiming that Shah's emails were forwarded to a second account, *nocoperations@jadootv.com*, but Defendants produced only 227 pages of emails from that account and noticeably absent were any emails that pre-dated the filing of this case. (*Id.* ¶¶ 5-6, 9; Ex. 4 at 4; Ex. 5; Ex. 8 at 5-7.) Indeed, 164 pages (72.2%) were emails from after Defendants' suspension of Shah's employment – which occurred 7 months after this case was filed. (*Id.*) The emails produced consist mostly of advertisements that are not responsive to DISH's discovery requests. (*Id.*) The bottom line is that the second email account did not contain all of Shah's emails, suggesting that Defendants also lost emails from this additional account that Defendants were under an obligation to preserve.

Rule 37(e)(2) sanctions require "intent," which means the evidence shows, or it is reasonable to infer, that a party did not take reasonable steps to preserve evidence. *Porter v. City & Cty. Of San Francisco*, 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018). The evidence that Defendants intended to deprive DISH of Shah's emails includes: (1) Sohail waiting six months after the filing of this action to instruct Shah to preserve relevant evidence and Defendants not preserving Shah's emails themselves; (2) Shah's role as the direct copyright infringer and his interest when he was a co-defendant in preventing his emails from being discovered; (3) Shah's use of several aliases to conceal his identity (Ferguson Decl. ¶ 8; Ex. 7); (4) Defendants failure to use Google Workspace or eDiscovery tools to preserve and produce Shah's emails (*Id.* ¶ 5; Ex. 4 at 2-3, 9, 12, 19, 26, 35-36); (5) the relevance of Shah's emails that were produced from other email accounts (*Id.* ¶ 7; Ex. 6); (6) the need for the Court to compel Defendants to produce documents twice (ECF 96, 145);[2] (7) Shah's representation by Defendants' prior counsel and Defendants paying Shah's legal fees (ECF 74 at 21:27-28; ECF at 86 9:1-2); and (8) Shah's failure to participate in discovery despite submitting a declaration (ECF 74-1, 124, 190-3, 193; Ferguson Decl. ¶ 13; Ex. 12). This evidence shows that Defendants (either themselves or by virtue of intent imputed to Defendants through Shah) intended to deprive DISH of Shah's emails, thus warranting the strictest sanctions under Rule 37(e)(2). *See Fast*, 340 F.R.D. at 340, 342, 348-349 (finding intent to deprive based on circumstantial evidence); *Oracle Corp.*, 254 F.R.D. at 565-566 (finding defendants willfully destroyed or failed to preserve numerous relevant emails in a defendant employee's account that were discovered in other email accounts and it was impossible to know whether additional unproduced emails were deleted).

### 3. DISH is Prejudiced Because Shah's Emails Cannot be Replaced.

Defendants have been aware of the loss of Shah's emails for at least 24 months. (Ferguson Decl. ¶ 5; Ex. 4 at 3-5.) Defendants admit they have produced all relevant emails that currently exist and have not proposed any way of recovering Shah's emails, thus we must assume they cannot be

---

[2] The Court's prior orders include awards of attorneys' fees and a finding that "[f]or more than a year, despite ostensible agreements to produce the relevant responsive documents, JadooTV has sought at every turn to evade its discovery obligations in this lawsuit." (ECF 96 at 10; ECF 145 at 7.)

restored. (*Id.* ¶ 10-11; Exs. 9-10 (responding to issue of spoliation claiming Defendants produced all documents and blaming Shah for deletion of emails).)

"Prejudice exists when spoliation prohibits a party from presenting evidence that is relevant to its underlying case." *Fast*, 340 F.R.D. at 339. "To show prejudice resulting from the spoliation…a party must only come forward with plausible, concrete suggestions as to what the destroyed evidence might have been." *Id.* Documents produced from other JadooTV email accounts show that Shah's emails are relevant to DISH's claims. (Ferguson Decl. ¶ 7; Ex. 6.) Third-party discovery shows that Shah transmitted the Protected Channels in the VOD and Emedia sections of the Jadoo service. (*Id.* ¶ 8; Ex. 7.) The loss of Shah's emails deprives DISH of relevant evidence and it is plausible that the lost emails would have shown that Shah, as Defendants' agent, transmitted the Protected Channels in the VOD and Emedia sections of the Jadoo service. There is no substitute for Shah's lost emails because Shah will not participate in discovery. (*Id.* ¶ 13; Ex. 12; ECF 124, 190-3, 193.) DISH is prejudiced, warranting sanctions under Rule 37(e)(1).

**DISH's Final Proposed Compromise:** The Court should find the strictest sanction of default judgment is appropriate because Defendants intended to deprive DISH of Shah's emails, and they hid the fact that they were lost for at least two years instead of notifying DISH as they were obligated to do. *See DR Distribs., LLC v. 21 Cent. Smoking, Inc.*, 513 F. Supp. 3d 839, 906, 927 (N.D. Ill. 2021) (stating that when counsel discovers possible spoliation, it must notify the other side immediately); *Roadrunner Transp. Servs., Inc. v. Tarwater*, 642 F. App'x 759, 759, n.1 (9th Cir. 2016) (affirming default judgment sanction where defendant deleted emails and a less drastic sanction did not adequately redress the resulting prejudice). In the alternative, the Court should (1) impose an adverse inference that (i) Shah, as an agent of JadooTV, transmitted the Protected Channels in the VOD and Emedia sections of the Jadoo service and (ii) Shah acted at the direction of Sohail (*See* ECF 194 ¶¶ 3-4, 14-16, 22, 30, 37, 58-59, 68-70, 74, 89); (2) prohibit Defendants from offering evidence (i) from Shah and concerning the allegations against him and (ii) from Sohail concerning Shah; (3) grant a jury instruction on willful suppression of evidence (CACI 204); and (4) require Defendants to pay DISH's attorneys' fees in the amount of $11,550.60.[3]

**Defendants' Statement of Unresolved Issue:** Whether Defendants Intentionally Deprived DISH of Mr. Shah's emails.

**Defendants' Position:** DISH has engaged in a pattern of abusive discovery conduct that can only be explained by gamesmanship and unreasonableness. After all, DISH brazenly acknowledges in its non-joint letter that DISH refused to provide Defendants more than a day to respond to its letter, despite being told by Mr. Punzalan that Ms. Daryanani was leaving the defense counsel's firm. DISH astonishingly suggested this transition was of no consequence to Defendants because Ms. Daryanani is merely a "second year associate." (ECF 221, Ferguson Decl. ¶ 16, Ex. 13 ["Now Mr. Punzalan declines to provide Defendants' portion of the letter brief claiming it is untimely by counting the weekend and because a second year associate is leaving his firm].") Despite DISH's practice of gamesmanship tactics, Defendants and their counsel have done all they can to provide responsive documents in their possession. Indeed, Defendants have already produced all of Mr. Shah's emails that are still in JadooTV's possession from May 2019 to present.

---

[3] *See Fast*, 340 F.R.D. at 355, 339-340, 343, 348-349, 355 (adverse inference); *Phan v. Costco Wholesale Corp.*, No. 19-cv-05713-YGR, 2020 WL 5074349, at *4 (N.D. Cal. Aug. 24, 2020) (CACI 204); (Ferguson Decl. ¶ 17 (fees)).

### 1. Defendants Have Produced all of Mr. Shah's Emails in their Possession, Custody, and Control that are Responsive to DISH's Requests for Production.

Of the hundreds of requests for production that DISH has propounded on JadooTV, DISH first requested that JadooTV produce these emails over three years ago on February 7, 2019. DISH's Request No. 12 reads:

> "All documents, including emails, that JadooTV exchanged with Verizon Trademark Services, LLC; Verizon Digital Media Services; Verizon Business Services; MCI Communications Services, Inc.; Edge Cast Networks, Inc.; INXY Ltd.; Highwinds Network Group, Inc.; Stack Path, LLC; Lease Web CDN B.V.; Akamai Technologies, Inc.; Fishnet Communications; World Stream B.V.; CDN.tm; or any other CDN concerning the Protected Channels, eMedia, SASP, alleged copyright infringement, or **Haseeb Shah**." (DISH's Request for Production No. 12 [emphasis added].)"

At the time of DISH's request, Defendants were represented by O'Melveny & Myers LLP. Since then, Defendant have retained Chan Punzalan LLP, and has since made every effort to find and produce all emails to and from its former employee, Mr. Shah. Despite DISH's representation that they have not received any pre-litigation emails, JadooTV nor its counsel have acted in bad faith.

Moreover, JadooTV and its counsel does not have any control over Mr. Shah's actions, and so any deletion would have been Mr. Shah's own decision. Rather, in May 2019, Sajid Sohail, principal of JadooTV, formally instructed all employees and others with potentially relevant information (such as contractors) to retain all documents that may be relevant to this litigation.

Mr. Sohail instructed the following people to preserve documents (including Mr. Sohail himself and Mr. Shah):

- Ahsan Salahuddin
- Rick Bottomley
- Mohsin Salahuddin
- Anwar Farooqi
- Omar Abawi
- Pankaj Bhushan
- Wasif Hafeez
- Faisal Mahmood
- Faisal Abdullah
- Awais Malik
- Haseeb Shah

JadooTV has since produced all of Mr. Shah's emails in its possession, custody, and control. Defense counsel understands that among the thousands of documents JadooTV has produced, at least 164 pages of emails are related to Mr. Shah. It is unclear exactly what emails DISH

believes it is entitled to (and from what time period it believes are missing), but JadooTV has confirmed with its counsel it has already produced all emails from Mr. Shah in its possession.

### 2. JadooTV took Good Faith Steps to Preserve Shah's Emails and Default Sanctions are Not Warranted nor Properly Briefed.

JadooTV has not engaged in any wrongdoing with respect to its document preservation duties because it formally instructed all employees to preserve evidence in May 2019 and has not made any bad-faith representations to DISH regarding its production. DISH could have sent a litigation hold letter to JadooTV, especially knowing that Mr. Shah was dismissed from the case and is a foreign resident[4], but DISH did not do so. The minor gap between when the lawsuit was filed and when JadooTV's formal notice to employees was issued is not indicative of any bad faith. DISH's position ignores the realities of litigation for many unsophisticated parties – where federal litigation is not commonplace, and DISH never provided a litigation hold notice. The reality is that JadooTV and Mr. Sohail promptly preserved all evidence from May 2019 onwards, and instructed JadooTV employees to do the same when it was advised by counsel.

In addition, JadooTV has not intended to deprive DISH of any evidence. Not only has it provided at least 164 pages of Shah emails, but it has also cooperated in the depositions of Faisal Aftab and Ahsan Salahuddin - all former employees of JadooTV whom would have had knowledge of any of the emails and communications related to Mr. Shah. DISH is not prejudiced by any purported Shah emails it claims to be lacking.

Moreover, JadooTV continues to be willing to assist in the recovery and production of any emails from Mr. Shah that are responsive to any of DISH's properly tailored requests. As a corporation undergoing a Chapter 11 proceeding, JadooTV does not have the resources to retain an expensive third-party discovery vendor, but has nonetheless expressed its intent to cooperate with DISH. But rather than seek to resolve these discovery issues amicably, DISH has decided to press aggressive litigation tactics in a clear attempt to drive up litigation costs – rather than to actually seek relief from any real harm. JadooTV and its counsel have acted in good faith and has produced all responsive documents that are in Defendants' possession.

Finally, the general rule is default sanctions must be brought by noticed motion – not via discovery letter (See *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006)). In any event, default sanctions are not warranted in this case for the reasons above.

**Defendants' Proposed Compromise**: DISH's proposed "compromise" for default sanctions is not a compromise at all. DISH's demand is consistent with the same pattern of abusive conduct since Chan Punzalan LLP has come into the case. Because JadooTV has produced all documents from Mr. Shah in their possession, Defendants respectfully request that the Court deny default sanctions against Defendants outright. Defendants remain open to any suggestion or resolution that the Court may propose.

---

[4] Mr. Haseeb Shah was previously a defendant in this action, but was dismissed for lack personal jurisdiction. JadooTV does not employ Mr. Shah, does not communicate with Mr. Shah, and does not control Mr. Shah's actions. Mr. Shah is apparently a resident of Pakistan.

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Stephen M. Ferguson, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated October 3, 2022                    HAGAN NOLL & BOYLE LLC

                                         By: */s/ Stephen M. Ferguson*
                                             Stephen M. Ferguson