UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No. 20-cv-01891-CRB (LB) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| JADOO TV, INC., et al., | Re: ECF No. 224 |
| Defendants. | |

### INTRODUCTION

The plaintiff, Dish Network LLC, in this copyright infringement action contends that the defendants, Jadoo TV, Inc. and Sajid Sohail, should be sanctioned under Rule 37(e) for failing to preserve emails of Haseeb Shah, a former JadooTV employee and former defendant in this case.[1] The plaintiff asks the court to grant default judgment against the defendants or issue a mandatory adverse-inference instruction.[2] The defendants counter that they (1) produced all emails in their possession, custody, and control, (2) instructed employees to preserve documents shortly after the

---

[1] Disc. Letter – ECF No. 224 at 2–4. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 4.

complaint was filed, and (3) produced some of Mr. Shah's emails.[3] The district judge previously referred all discovery matters to the undersigned.[4]

The court can decide the matter without oral argument. Civil L.R. 7-1(b). The plaintiff has not shown that the defendants intentionally destroyed the emails. Rather, based on the information in the parties' Joint Discovery Letter (ECF No. 224), the failure to preserve the emails appears to have been negligent or grossly negligent. Therefore, neither a mandatory adverse-inference instruction nor default judgment is warranted under Rule 37(e)(2). The appropriate remedy is a permissive adverse-inference instruction allowing the jury to determine whether the destruction was intentional and whether the emails would have been unfavorable to the defendants. The court also awards the plaintiff its reasonable attorney's fees incurred to prepare the discovery letter.

## STATEMENT

The plaintiff filed the complaint in this case in November 2018.[5] The plaintiff named Haseeb Shah as a defendant and alleged that he acted as an agent of defendant JadooTV.[6] Before filing the complaint, the plaintiff corresponded with the defendants in 2016 and 2018 concerning the alleged copyright infringement.[7] Nonetheless, defendant Mr. Sohail (a "principal" of defendant JadooTV) waited until May 2019 to instruct employees, including Mr. Shah, to preserve documents that may have been relevant to the case.[8]

In February 2019, the plaintiff requested Mr. Shah's emails.[9] To date, the defendants have not produced "a single email from Shah's *haseeb.shah@jadootv.com* email account" but have produced a subset of emails that were forwarded from Mr. Shah's email account to a second email

---

[3] *Id.* at 4–6.

[4] Order of Reference – ECF Nos. 173.

[5] Compl. – ECF No. 1.

[6] Compl. – ECF No. 1 at 3 (¶ 9).

[7] Pre-Suit Notices of Copyright Infringement, Ex. 11, Ferguson Decl. – ECF No. 224-2 at 374–94.

[8] Disc. Letter – ECF No. 224 at 5.

[9] *Id.*

United States District Court
Northern District of California

account (*nocoperations@jadootv.com*).[10] According to the plaintiff, this subset of emails consisted of only "227 pages of emails" that were all dated after the case was filed, and most were dated after Mr. Shah's employment with JadooTV had been suspended, which occurred seven months after the case was filed.[11] Furthermore, most of these emails were advertisements and not responsive to the plaintiff's discovery requests.[12] The plaintiff contends that defendants' failure to preserve the emails prejudiced its case because the emails would have shown that "Shah, as Defendants' agent, transmitted the Protected Channels in the VOD [video-on-demand] and Emedia sections of the Jadoo service."[13] To support this position, the plaintiff cites other emails showing that Mr. Shah sent and received relevant emails from his *haseeb.shah@jadootv.com* account.[14]

Although the court dismissed Mr. Shah as a defendant for lack of personal jurisdiction in 2020, the plaintiff now asks for sanctions against the remaining defendants based on their failure to preserve Mr. Shah's emails.[15] The plaintiff asks the court to grant default judgment against the defendants or, in the alternative, issue a mandatory adverse-inference instruction.[16] Specifically, the plaintiff asks the court to "(1) impose an adverse inference that (i) Shah, as an agent of JadooTV, transmitted the Protected Channels in the VOD [video-on-demand] and Emedia sections of the Jadoo service and (ii) Shah acted at the direction of Sohail (*See* [Am. Compl.] ECF 194 ¶¶ 3–4, 14–16, 22, 30, 37, 58–59, 68–70, 74, 89); (2) prohibit Defendants from offering evidence (i) from Shah and concerning the allegations against him and (ii) from Sohail concerning Shah; (3) grant a jury instruction on willful suppression of evidence (CACI 204); and (4) require Defendants

---

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 4.

[14] *Id.*; Email Correspondence, Ex. 6, Ferguson Decl. – ECF No. 224-2 at 306–50.

[15] Order – ECF No. 150; Disc. Letter – ECF No. 224.

[16] Disc. Letter – ECF No. 224 at 4.

ORDER – No. 20-cv-01891-CRB (LB)   3

to pay DISH's attorneys' fees in the amount of $11,550.60."[17] The defendants oppose default sanctions, but "remain open to any suggestion or resolution that the Court may propose."[18]

## ANALYSIS

"Magistrate judges may issue monetary sanctions and adverse inference jury instructions for spoliation." *Clear-View Techs., Inc. v. Rasnick*, No. 5:13-cv-02744-BLF, 2015 WL 2251005, at *6 (N.D. Cal. May 13, 2015) (citing, *inter alia¸ Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 985 (N.D. Cal. 2012)) ("[M]agistrate judges throughout the Ninth Circuit have commonly relied on their inherent power to issue adverse inference jury instructions as a sanction for spoliation."). "Because a permissive adverse inference jury instruction does not have an effect similar to those motions considered dispositive under [28 U.S.C.] § 636(b)(1)(A), such an instruction is not properly characterized as dispositive and so is within the magistrate judge's authority." *Id.* (cleaned up). But magistrate judges may not enter default judgment in a case where the parties have not consented to magistrate-judge jurisdiction because it is a dispositive matter. *Smith v. Premiere Valet Servs., Inc.*, No. 2:19-cv-09888-CJC-MAA, 2020 WL 7034346, at *7 (C.D. Cal. Aug. 4, 2020); *see* 28 U.S.C. § 636.

Before Rule 37 was revised in 2015, courts could issue sanctions for spoliating electronically stored information (ESI) under their inherent authority or Rule 37. *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 2251005, at *7 (holding that courts "may issue sanctions for spoliation under two authorities" and that "[w]here Rule 37 does not apply, the court has additional discretion under its inherent authority to respond to abusive litigation practices"). But after the 2015 amendments to Rule 37, courts can no longer rely on inherent authority to issue sanctions for failing to preserve electronically stored information. *Newberry v. Cnty. of San Bernardino*, 750 F. App'x 534, 537 (9th Cir. 2018) (holding that the "detailed language of Rule 37(e) 'therefore foreclose[d] reliance on inherent authority' to determine whether terminating sanctions were

---

[17] *Id.*

[18] *Id.* at 6.

ORDER – No. 20-cv-01891-CRB (LB)   4

appropriate") (quoting Fed. R. Civ. P. 37 advisory committee's note to 2015 amendment); *Fiteq Inc v. Venture Corp.*, No. 13-cv-01946-BLF, 2016 WL 1701794, at *3 (N.D. Cal. Apr. 28, 2016) (holding "that the Advisory Committee's Notes to Rule 37(e) explicitly foreclose[s]" relying on inherent authority to impose spoliation sanctions).

As revised in 2015, Rule 37(e) identifies three requirements to show that electronically stored information (ESI) was spoliated: "(1) the 'electronically stored information' at issue 'should have been preserved in the anticipation or conduct of litigation'; (2) that information 'is lost because a party failed to take reasonable steps to preserve it' and (3) 'it cannot be restored or replaced through additional discovery.'" *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-cv-04236-BLF, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016) (quoting Fed. R. Civ. P. 37(e)).

Concerning the sanctions available for spoliation, Rule 37(e)(1) provides that the court "may order measures no greater than necessary to cure the prejudice." Rule 37(e)(2), however, provides for more severe sanctions in cases where a party intentionally destroys information. Under Rule 37(e)(2), the court may issue the following sanctions: (1) a presumption "that the lost information was unfavorable to the party"; (2) a jury instruction "that it may or must presume the information was unfavorable to the party"; or (3) a dismissal or default judgment.

For purposes of Rule 37(e)(2), "intent . . . means the evidence shows, or it is reasonable to infer, that a party purposefully destroyed evidence to avoid its litigation obligations. *Facebook, Inc. v. OnlineNIC Inc.*, No. 19-cv-07071-SI (SVK), 2022 WL 2289067, at *6 (N.D. Cal. Mar. 28, 2022) (cleaned up). "Relevant factors [concerning intent] can include, *inter alia*, the timing of the destruction, the method of deletion (*e.g.*, automatic deletion vs. affirmative steps of erasure), selective preservation, the reason some evidence was preserved, and, where relevant, the existence of institutional policies on preservation." *Laub v. Horbaczewski*, No. CV 17-6210-JAK (KS), 2020 WL 9066078, at *6 (C.D. Cal. July 22, 2020). But, in any case, "[n]egligence — even gross negligence — in failing to retain relevant evidence is not sufficient to support an adverse inference under Rule 37(e)(2)." *Meta Platforms, Inc. v. BrandTotal Ltd.*, No. 20-cv-07182-JCS, 2022 WL 1990225, at *6 (N.D. Cal. June 6, 2022).

1    For example, in *Phan v. Costco Wholesale Corp.*, the defendant in a slip-and-fall personal-
2 injury case failed to preserve a video of the fall, but the plaintiff did not submit evidence that the
3 defendant intentionally deleted the video. No. 19-cv-05713-YGR, 2020 WL 5074349, at *4 (N.D.
4 Cal. Aug. 24, 2020). The court found that the failure to preserve the video "indicate[d] sloppiness,
5 but not necessarily intent" and denied a request for the more severe sanctions available under Rule
6 37(e)(2). *Id.* Instead, the court held that the jury should be instructed — consistent with
7 California's CACI 204 — to determine whether the destruction was intentional and whether the
8 video was unfavorable to the defendant. *Id.* On the other hand, in *First Fin. Sec., Inc. v. Freedom
9 Equity Grp., LLC*, the court held that an "explicit agreement to avoid communicating
10 electronically suggest[ed] a shared intent to keep incriminating facts out of evidence," and that the
11 explanation that several individuals "happened to have a habit of routinely deleting text messages"
12 was unlikely. No. 15-cv-1893-HRL, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016). On these
13 facts, the court issued a permissive adverse-inference instruction as a sanction under Rule
14 37(e)(2). *Id.* at *3–4.

15    Concerning the kinds of adverse-inference instructions available under Rule 37, there are three
16 types of adverse-inference instructions (listed from harshest to most lenient): (1) an instruction
17 "that certain facts are deemed admitted and must be accepted as true"; (2) "a mandatory
18 presumption"; and (3) an instruction that "permits (but does not require) a jury to presume that the
19 lost evidence is both relevant and favorable to the innocent party." *Apple Inc. v. Samsung Elecs.
20 Co.*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012) (cleaned up); *see also Dae Kon Kwon v. Costco
21 Wholesale Corp.*, 469 F. App'x 579, 580 (9th Cir. 2012) ("A fact finder may draw an inference
22 against any party that destroys or despoils evidence, but that inference is permissive rather than
23 mandatory."). Here, the plaintiff seeks the most severe sanctions available (*i.e.*, those articulated in
24 Rule 37(e)(2)) and specifically asks for mandatory adverse-inference instructions that would
25 require the jury to find that certain facts have been established.[19]

---

[19] *Id.* at 2–4.

The threshold issue for sanctions under Rule 37(e) is whether electronically stored information (ESI) was spoliated. There is no issue that spoliation has occurred. The defendants have not contested the plaintiff's assertion that the defendants have failed to produce a single email from Mr. Shah's JadooTV email account.[20] Given that emails from other employees show that Mr. Shah sent and received relevant emails and the defendants' statement that they have produced all emails in their possession, it follows that the defendants have failed to preserve Mr. Shah's JadooTV emails.[21]

The emails from a named defendant who was also an employee of defendant JadooTV were plainly relevant and should have been preserved in anticipation of this litigation, which could reasonably have been anticipated as early as 2016.[22] Furthermore, defendant JadooTV had control over its internal IT systems and failed to take reasonable steps that could have preserved the information. For example, its only attempt to preserve the information was a belated instruction to its employees to preserve documents. This was not a reasonable effort to preserve. *Porter v. City & Cnty. of San Francisco*, No. 16-cv-03771-CW (DMR), 2018 WL 4215602, at *3 (N.D. Cal. Sept. 5, 2018) (holding that a party failed to preserve evidence where it merely forwarded a preservation request to a third party); *Mfg. Automation & Software Sys., Inc. v. Hughes*, No. CV 16-8962-CAS (KSX), 2018 WL 5914238, at *7 (C.D. Cal. Aug. 20, 2018) (finding that party failed to take reasonable steps to preserve electronically stored information where it suspended its email deletion policy after the lawsuit commenced and told employees to save documents but failed to issue any written litigation hold directives). While some of the missing information may be restored or replaced through witness testimony or emails from other individuals and other email accounts, those other sources are not a fair substitute for Mr. Shah's JadooTV emails. Therefore, spoliation occurred, and the only remaining issue is the appropriate sanction.

---

[20] *Id.* at 3–6.

[21] *Id.* at 3–4.

[22] Pre-Suit Notices of Copyright Infringement, Ex. 11, Ferguson Decl. – ECF No. 224-2 at 374–94.

1    The moving party has the burden to establish intent to obtain the more severe sanctions
2    available under Rule 37(e)(2). *Chinitz v. Intero Real Est. Servs.*, No. 18-cv-05623-BLF, 2020 WL
3    7389417, at *2 (N.D. Cal. May 13, 2020) ("A party moving for spoliation sanctions under Rule
4    37(e)(2) has 'the burden of establishing spoliation by demonstrating that [the non-moving party]
5    destroyed documents and had some notice that the documents were potentially relevant to the
6    litigation before they were destroyed.'") (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766
7    (9th Cir. 2015)). The plaintiff contends that the defendants intentionally destroyed the emails
8    based on circumstantial evidence including, (1) the delayed instruction to preserve the emails and
9    their failure to preserve the emails themselves, (2) Mr. Shah's role as the alleged infringer, (3) Mr.
10   Shah's alleged use of aliases, (4) the defendants' failure to use "Google Workspace or eDiscovery
11   tools to preserve" the emails, (5) the relevance of the emails, (6) the need to compel the defendants
12   to produce other documents, (7) the fact that the defendants' prior counsel represented Mr. Shah
13   and the defendants' payment of Mr. Shah's legal fees, and (8) Mr. Shah's failure to participate in
14   discovery.[23]

15   These facts show that the defendants' failure to preserve Mr. Shahs' emails was negligent or
16   perhaps grossly negligent. But the facts do not show intent. *Compare Phan v. Costco Wholesale*
17   *Corp.*, 2020 WL 5074349, at *4 (no intent found where sloppiness resulted in the loss of a video),
18   *with First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL 5870218, at *3 (intent found
19   based on agreement not to communicate electronically and admitted deletion of text messages).
20   For instance, while the plaintiff's discovery letter establishes that the emails have not been
21   produced and were apparently deleted, the plaintiff has not shown that an individual intentionally
22   deleted the emails. The lack of evidence on this issue meaningfully distinguishes the facts here
23   from cases where courts issued default judgment based on the failure to preserve emails. *See*
24   *Roadrunner Transp. Servs., Inc. v. Tarwater*, 642 F. App'x 759, 759 (9th Cir. 2016) (affirming
25   district court order granting default judgment as a discovery sanction where "[t]here was ample
26   evidence that [the defendant] deleted emails and files on his laptops after receiving multiple

---

[23] Disc. Letter – ECF No. 224 at 3.

ORDER – No. 20-cv-01891-CRB (LB)                    8

preservation demands from [the plaintiff], and even after the court explicitly ordered [the defendant] to preserve 'all data' on his electronic devices").

Accordingly, the sanctions available here are "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Therefore, the jury should be given a permissive instruction — consistent with California's CACI 204 — to determine whether the destruction was intentional and whether the emails were unfavorable to the defendant. *Meta Platforms, Inc. v. BrandTotal Ltd.*, 2022 WL 1990225, at *8 (holding that an adverse-inference instruction consistent with CACI 204 was an appropriate sanction under Rule 37(e)(1) for non-intentional spoliation); *Phan v. Costco Wholesale Corp.*, 2020 WL 5074349, at *4 (same).

Regarding the plaintiff's request for attorney's fees in the amount of $11,550.60, the court grants the request. Attorney's fees may be awarded as a sanction under Rule 37(e)(1). *Colonies Partners, L.P. v. Cnty. of San Bernardino*, No. 5:18-cv-00420-JGB (SHK), 2020 WL 1496444, at *12–13 (C.D. Cal. Feb. 27, 2020) (holding that "courts may award costs and fees associated with spoliation as a sanction under Rule 37(e)(1)"), *R. & R. adopted*, No. 5:18-cv-00420-JGB (SHK), 2020 WL 1491339 (C.D. Cal. Mar. 27, 2020); *see also Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 2957133, at *3, 5 (awarding the defendant the "reasonable attorney's fees [the defendant] incurred in bringing" a motion for spoliation sanctions under Rule 37(e)(1)).

The plaintiff's counsel's declaration describes the facts and circumstances supporting the relief requested in the discovery letter, the meet-and-confer efforts, and the attorney's fees incurred preparing the discovery letter.[24] While minimal, this information is sufficient to satisfy Local Rule 37-4, and the amount of time spent on the discovery letter and the plaintiff's counsel's hourly rate are reasonable. *Cf. Phan v. Costco Wholesale Corp.*, 2020 WL 5074349, at *4 (denying request for attorney's fees based on the failure to comply with Local Rule 37-4 where attorney had failed to specify the amount of attorney's fees claimed or provide evidentiary support for the claimed fees).

---

[24] Ferguson Decl. – ECF No. 224-1 at 7–8 (¶¶ 15–17).

## CONCLUSION

The plaintiff's request for default judgement or a mandatory adverse-inference instruction deeming certain facts established is denied. Instead, the plaintiff is entitled to (1) a permissive adverse-inference jury instruction consistent with CACI 204 to remedy the prejudice from the defendants' failure to preserve Mr. Shah's emails and (2) its reasonable attorney's fees in the sum of $11,550.60. This disposes of ECF No. 224.

**IT IS SO ORDERED.**

Dated: October 19, 2022

LAUREL BEELER
United States Magistrate Judge