1  Timothy M. Frank (California Bar No. 263245)
   timothy.frank@hnbllc.com
2  Joseph H. Boyle (appearance *pro hac vice*)
   joe.boyle@hnbllc.com
3  Stephen M. Ferguson (appearance *pro hac vice*)
   stephen.ferguson@hnbllc.com
4  HAGAN NOLL & BOYLE LLC
5  820 Gessner, Suite 940
   Houston, Texas 77024
6  Telephone: (713) 343-0478
7  Facsimile: (713) 758-0146

8  David A. Van Riper (California Bar No. 128059)
   dave@vanriperlaw.com
9  VAN RIPER LAW
   1254 Irvine Blvd., Suite 200
10 Tustin, California 92780-3571
   Telephone: (714) 731-1800
11 Facsimile: (714) 731-1811

12 Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case Number: 3:20-cv-01891-CRB (LB) |
| Plaintiff, | **DECLARATION OF STEPHEN M. FERGUSON** |
| vs. | Hon. Laurel Beeler |
| JADOO TV, INC., et al., | |
| Defendants. | |

I, STEPHEN M. FERGUSON, of Houston, Texas declare as follows:

1. I am an attorney with the firm of Hagan Noll & Boyle LLC ("HNB"), counsel for Plaintiff DISH Network L.L.C. ("DISH"). I am licensed to practice in Texas and admitted pro hac vice for purposes of representing DISH in this case. I make this declaration based on personal knowledge and, if called on to testify, would testify competently as stated herein. This declaration is filed in support of DISH's discovery letter brief addressing several outstanding discovery issues.

2. O'Melveny & Myers LLP (OMM) responded on behalf of JadooTV Inc. to several notices of infringement sent by DISH and other channel owners and their agents to JadooTV from 2013 to 2019. DISH produced copies of these letters and JadooTV's responses under the BATES range DISH 000670 – DISH 001077. Attached as **Exhibit 1** is a true and correct copy of some of the notices of infringement sent to or copying Sonya Sohail.

3. Attached as **Exhibit 2** is a true and correct copy of copy of OMM's November 3, 2016 and July 5, 2018 responses to DISH's notices of infringement concerning JadooTV's eMedia app and VOD content. Defendants produced these responses under the BATES ranges JAD000152 – JAD000154 and JAD002532 – JAD002533. The responses claim Defendants have no obligation under copyright law to reduce infringement taking place on the Jadoo service through Defendants' eMedia app or video-on-demand (VOD) stating:[1]

    a. "Your October 10, 2016 letter . . . inappropriately seeks to burden JadooTV with copyright enforcement obligations that are not prescribed by federal law."

    b. "JadooTV is under no obligation to undertake any of DISH Network's demanded actions concerning the eMedia app."

    c. "Because JadooTV's bookmarking conduct [of VOD content] has not violated the rights of DISH Network, JadooTV remains under no obligation to disable such bookmarks."

    d. "Your June 28, 2018 letter . . . seeks to burden JadooTV with copyright obligations not prescribed by federal law."

    e. "Federal copyright law does not obligate JadooTV to take the proactive steps DISH and IBCAP demand of JadooTV with respect to the eMedia app or the alleged 'South Asian SuperPack File.'"

---

[1] DISH believes (1) Defendants could not have formed any belief as to the legitimacy of Defendants' position without relying on their attorney's advice, (2) Defendants' reliance on their attorney's advice and letters raises the defense of advice of counsel, and (3) DISH is entitled to discover the communications concerning the advice.

3:20-cv-01891-CRB (LB)　　　　　　　1　　　　　　　Declaration of Stephen M. Ferguson

f. "JadooTV is under no obligation to undertake any of the actions demanded by DISH and IBCAP in your June 28, 2018 letter concerning the eMedia app."

4. Attached as **Exhibit 3** is a true and correct copy of relevant portions of the deposition transcript of the JadooTV Rule 30(b)(6) deposition in which Sajid Sohail testified for JadooTV including:

a. Q. Did Jadoo believe it was okay to distribute any content from Dailymotion?
MS. BYUN: Again, objection, vague.
THE WITNESS: Yeah. We – we had it come from attorneys, advice that it's --
MS. BYUN: Objection. That's attorney-client privileged communication. Any communication you've had with attorneys is privileged. (Ex. 3 at 69:15-23; *see* supra note 1.)

b. Q. What changed? What changed from 2016 to 2019 that allowed them to create the patch in 2019?
MS. BYUN: Objection, vague, lack of foundation as to "patch".
THE WITNESS: Yeah. Again, I don't know exactly what changed, but this is something that was asked of them, and they just didn't have the resources. And at some point after our attorneys, you know, advised, we went ahead and created it because, again, it was offered to us as a way to settle the case. (*Id.* at 200:20-201:5; *see* supra note 1.)

c. Q. What was Sadia Sohail's role in regards to Jadoo's customer support?
A. She had some role in just overseeing the service; making sure if there's any complaints, they would get bubbled up to her. (*Id.* at 144:5-9.)

d. Q. Are you a director of Jadoo?
A. Yes.
Q. Are there any other directors of Jadoo?
A. Yes.
Q. Who are the other directors of Jadoo?
A. Sadia Sohail and Sonya Sohail.
Q. And those are the current directors, correct?
A. Correct.
Q. And how long have – have the three of you been directors of Jadoo?
A. I believe since – I mean, I've always been the director, and so has Sadia. And Sonya was added in 2017, if I'm not mistaken. (*Id.* at 15:18-16:6.)

e. Q. Did customer service provide search terms for users to search YouTube for videos on instructions for adding eMedia files?
A. We heard that later, yes, that some of them were saying some things.
Q. What did Jadoo do to address that issue?
A. Again, I don't – I don't recall exactly, but I'm sure we instructed them to not do that.
Q. Did you instruct them to not do that?
A. I did not personally, no.

> Q. Who at Jadoo would have instructed them to not do that?
> A. I don't recall. I don't – probably could be our main counsel.
> Q. Who was that?
> A. Sonya. Sonya Sohail.
> Q. But you don't know whether or not Sonya instructed them to not do that, not provide search terms for finding files on YouTube?
> A. I don't know that for fact, but I'm just saying, if -- if anyone, it would be her who would communicate that. (*Id.* at 229:6-230:2.)

5. Attached as **Exhibit 4** is a copy of relevant portions of Defendants' Amended Responses to DISH's First Set of Interrogatories, Defendants' Responses to DISH's Second Set of Interrogatories, Defendants' Responses to DISH's First Set of Requests for Production, Defendants' Responses to DISH's Third Set of Requests for Production, Defendants' Responses to DISH's Fourth Set of Requests for Production, and Defendants' Supplemental Responses to DISH's First and Second Set of Requests for Production.

6. Attached as **Exhibit 5** is a true and correct copy of DISH's October 15, 2020 meet and confer letter.

7. Attached as **Exhibit 6** is a true and correct copy of DISH's February 2, 2021 meet and confer letter.

8. Attached as **Exhibit 7** is a true and correct copy of DISH's March 25, 2022 meet and confer letter.

9. Attached as **Exhibit 8** is a true and correct copy of DISH's July 28, 2022 meet and confer letter.

10. Attached as **Exhibit 9** is a true and correct copy of Defendants' August 19, 2022 response to DISH's July 28, 2022 meet and confer letter. Defendants did not provide a response concerning DISH's request that they produce documents showing payments they made to Sohail family members and family businesses. (*See* Ex. 8 at 2-3; Ex. 9 at 2-3.)

11. Attached as **Exhibit 10** is a true and correct copy of DISH's October 7, 2022 meet and confer letter. I am lead counsel for DISH in this case. On October 17, 2022, I had a telephonic meet and confer with Defendants' lead counsel, Mark Punzalan, concerning the issues in DISH's October 7, 2022 meet and confer letter. These issues were also included in DISH's July 28, 2022 meet and confer letter. Defendants maintained all of the positions in their August 19th response

1  letter and they did not have any other responses on the issues. Mr. Punzalan stated they would talk
2  with Mr. Sohail that week, and we agreed that the parties would file a joint discovery letter brief on
3  October 24, 2022, concerning the unresolved issues. DISH's counsel David Korn and Defendants'
4  counsel Lawrence Ng and Chowning Poppler also participated in the meet and confer. DISH
5  provided its portion of a discovery letter brief to Defendants' counsel on October 21, 2022.
6  Defendants' counsel responded on October 24, 2002, stating "During last week's call, we did not
7  agree to file a joint letter brief today. We stated we would toll the timeline for filing one because we
8  needed time to speak with our client, provide responses to your October 7 letter, and continue to
9  engage in the meet and confer process."

10.     12.     Attached as **Exhibit 11** is a true and correct copy of Defendants' October 20, 2022
response to DISH's October 7, 2022 meet and confer letter. Defendants did not provide a response
concerning DISH's request that they produce documents showing payments they made to Sohail
family members and family businesses. (*See* Ex. 10 at 2-3; Ex. 11 at 1-2.)

14.     13.     Attached as **Exhibit 12** is a true and correct copy of Defendants' initial disclosures
dated March 2, 2019. Defendants have not supplemented their initial disclosures.

16.     14.     Attached as **Exhibit 13** is a true and correct copy of a document Defendants'
produced with BATES number JAD000033, titled State of California Secretary of State Statement
of Information for Jadoo TV, Inc. This document identifies Sonya Sohail as Jadoo TV, Inc.'s
Secretary and that Sonya Sohail submitted this document on February 13, 2018.

20.     15.     Attached as **Exhibit 14** is a true and correct copy of Jadoo TV, Inc.'s Statement of
Financial Affairs for Non-Individuals Filing for Bankruptcy filed on June 14, 2019 in *In re:
JadooTV, Inc.*, No. 19-41283 (WJL) (Bankr. N.D. Cal.), ECF 45. This document identifies Sadia
Sohail as receiving $149,773 within 1 year before the filing of JadooTV, Inc.'s bankruptcy case.
(Ex. 14 at 16.)

25.     16.     I spent more than 17.2 hours drafting DISH's discovery letter brief and drafting this
declaration. This time will be invoiced to DISH at my hourly rate of $465, minus a 10% discount,
for a total of $7,198.20. My qualifications and the reasonableness of my hourly rate are set forth in
my prior declarations in support of DISH's discovery letter brief concerning Defendants' failure to

preserve and spoliation of former defendant and JadooTV employee, Haseeb Shah's emails and two motions for an award of expenses incurred in bringing motions to compel against Defendants. (ECF 99-2, 147-2, 224-1.) On October 19, 2022, the Court found my hourly rate of $465 is reasonable and awarded DISH $11,550.60. (ECF 225 at 19:10-22.) The Court previously found that my 2019 hourly rate of $375 was "well within the range for attorneys of similar skill and experience in the Los Angeles legal market" and awarded DISH $12,046.12. (ECF 118 at 8:3-5, 13:1-2.) DISH's other motion for an award of expenses in the amount of $12,267.45 remains pending and is to be renoticed before the Court. (ECF 147, 159.)

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 3, 2022.

                                        */s/ Stephen M. Ferguson*
                                        Stephen M. Ferguson