UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC., et al., <br><br> Defendants. | Case No. 20-cv-01891-CRB (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 228 |

## INTRODUCTION AND STATEMENT

The plaintiff, Dish Network LLC, in this copyright-infringement action raised five issues in the parties' most recent discovery letter (ECF No. 228): (1) whether the defendants waived attorney-client privilege by attempting to establish good-faith compliance with the copyright law; (2) whether the defendants must produce documents concerning costs and revenues for the period after the alleged infringement stopped; (3) whether the defendants must produce Sadia Sohail (the former Chief Operating Officer of defendant Jadoo TV, Inc. and the wife of defendant Sajid Sohail) for deposition; (4) whether the defendants must produce Sonya Sohail (the former general counsel of defendant Jadoo TV and the daughter of defendant Sajid Sohail) for deposition; and (5)

whether the defendants must pay the plaintiff's costs and fees for the discovery letter.[1] The defendants resist each issue and generally assert that the discovery letter is premature because they were still willing to meet and confer with the plaintiff.[2]

Concerning the first issue (implicit waiver), the defendants must either produce their communications with their attorneys regarding their response to the alleged infringement or, alternatively, stipulate that they will not seek to introduce such material at trial to support any good-faith compliance defense. On the other issues, the court orders the production of the disputed documents concerning post-infringement profits and payments to Sohail family members and orders Sonya Sohail and Sadia Sohail to sit for depositions. The documents are likely relevant to recoverable damages and the witnesses likely have relevant information concerning the alleged infringement. The court declines to sanction the defendants because they appeared to be willing to continue meeting and conferring with the plaintiff in good faith when the discovery letter was filed.

**ANALYSIS**

**1. Implicit Waiver**

The defendants contend that they "have not raised the advice of counsel defense and therefore have not waived the attorney-client privilege."[3] The defendants' decision to raise or not raise the advice-of-counsel defense is not, however, the key issue. Instead, the issue is whether the defendants are retaining the option to offer evidence of their communications with counsel to establish their lack of willfulness or their good faith effort to comply with copyright law. Thus, the defendants need to choose between preserving the option to rely on attorney-client communications or preserve the privilege by stipulating that they will not rely on that material.

---

[1] Compl. – ECF No. 1; Disc. Letter – ECF No. 228 at 1–6. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Disc. Letter – ECF No. 228 at 1–6

[3] *Id.* at 3.

"The privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). For example, when a party claims that its "tax position is reasonable because it was based on advice of counsel, [it] puts at issue the tax advice it received." *Id.* at 1162–63 (9th Cir. 1992). On the other hand, in *Bowoto v. Chevron Corp.* the court held that the plaintiffs had not implicitly waived the privilege. No. C 99-02506 SI, 2006 WL 2589198, at *3 (N.D. Cal. Aug. 30, 2006). In *Bowoto*, the plaintiff had submitted a forged verification to interrogatory responses and the defendants argued that the "plaintiffs implicitly waived the privilege by placing the authenticity of the verifications and the veracity of the interrogatories at issue through the submission of the forgery." *Id.* at *1, 3. The court rejected this argument and instead held that the plaintiffs had not waived the privilege because they did not "use the advice of counsel in any affirmative capacity" and thus had not used "the privilege as a 'sword.'" *Id.* at *3.

In the patent-infringement context under Federal Circuit precedent, a court in this district held that if a defendant "relies on counsel's advice in order to defend itself at trial it will impliedly waive attorney client privilege." *Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08-cv-05129-JCS, 2013 WL 1366037, at *2 (N.D. Cal. Apr. 3, 2013). In that case, the plaintiff asserted that the defendant was attempting to use the privilege as a "sword and a shield by seeking to present evidence of counsel's investigation to show that it took" a cease-and-desist letter regarding the alleged infringement "seriously while also refusing to allow discovery as to that investigation on the basis of privilege." *Id.* at *1. Although the defendant had not formally asserted an advice-of-counsel-defense — and the time to do so had past — the court held that the defendant should be prohibited from offering "any evidence that [the defendant's] investigation in response to . . . cease and desist letters included consultations with counsel." *Id* at *2–3; *see also United States v. Ormat Indus., Ltd.*, No. 3:14-cv-00325-RCJ-VPC, 2016 WL 4107682, at *5 (D. Nev. Aug. 1, 2016) (providing the defendant with a choice to either maintain a defense based on good-faith compliance with the law and disclose communications between itself and its attorneys or to waive the defense and maintain the privilege).

1    Here, the defendants' contention — that because they "have not raised the advice of counsel
2    defense" they have necessarily "not waived the attorney-client privilege" — is incorrect.[4] *Volterra*
3    *Semiconductor Corp.*, 2013 WL 1366037, at *2–3 (holding that defendant waived privilege even
4    without formally asserting an advice-of-counsel defense). The defendants also argue that because
5    they are only attempting to establish "good faith compliance with copyright law," they are not
6    doing anything more that establishing a denial of intent.[5] But attempting to establish good-faith
7    compliance has resulted in waiver. *See United States v. Ormat Indus., Ltd.*, 2016 WL 4107682, at
8    *4–5 ("Because such good faith defenses are asserted with respect to [the defendant's]
9    understanding and compliance with the law, [the defendant's] knowledge about the law is vital,
10   and the advice of counsel is highly relevant to the legal significance of its conduct.") (cleaned up);
11   *see also Volterra Semiconductor Corp.*, 2013 WL 1366037, at *2 (holding that "the introduction
12   of any evidence that" the defendant sought advice of counsel to investigate its alleged
13   infringement puts the advice in issue and "would result in unfairness to [the plaintiff] to the extent
14   it would leave the jury with the impression that [the defendant] relied on the advice of counsel").

15   In view of the foregoing, the defendants have a choice. Option one is for the defendants to
16   refrain from offering any evidence that their investigation of the alleged infringement included
17   consultations with counsel. Option two is for the defendants to maintain the option of supporting
18   their assertion of good-faith compliance with copyright law by referencing communications with
19   their attorneys. Accordingly, the defendants are ordered to either produce their communications
20   with their attorneys regarding their response to the alleged infringement or to stipulate that they
21   will not seek to introduce such material at trial to support any good-faith compliance defense.

---

[4] *Id.* at 3.

[5] *Id.* at 3 n.5.

**2. Documents**

The defendants have resisted producing documents showing data regarding revenues and costs for the time after the infringement ceased.[6] Their resistance is unfounded.

"The test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401). Section 504(b) of the Copyright Act "specifically provides that it is the copyright owner's burden to present proof of the infringer's gross revenue from the infringing product, and it is the infringer's burden to prove its 'deductible expenses' and the elements of its profits 'attributable to factors other than the copyrighted work.'" *Oracle Am., Inc. v. Google Inc.*, 131 F. Supp. 3d 946, 949 (N.D. Cal. 2015). "'In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.'" *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 (9th Cir. 2004) (quoting 17 U.S.C. § 504(b)).

The defendants apparently admit that the plaintiff is entitled to discovery about "revenues and profits arising from the alleged infringement."[7] But the defendants question the purpose of the plaintiff's demand for "materials through October 2022, other than to create an unnecessary burden and expense for Defendants."[8]

The difference between revenues and profits during the infringing period and the non-infringing period is plainly relevant. The delta between the figures may establish the amount of profits attributable to infringement and amount attributable to other non-infringing activity. The

---

[6] *Id.* at 4

[7] *Id.* (noting that the defendants "substantively responded to DISH's requests for documents related to revenues and profits arising from the alleged infringement").

[8] *Id.* at 4 n.8.

1  requested data concerning the post-infringement period will assist the plaintiff to make that
2  comparison and the defendants must produce it.

3  The defendants must also produce the material concerning "payments to Sohail family
4  members and family businesses" because it is relevant to establishing the defendants' profits and
5  refuting the defendants' potential contention that certain costs are deductible.[9]

### 3. Depositions

The defendants oppose the plaintiff's request to depose two former employees: Sonya Sohail and Sadia Sohail.[10] Because the witnesses have relevant information and there is no indication that their participation in a deposition would be unduly burdensome, they must sit for depositions.

To determine whether material is discoverable, "[t]he court must first determine whether the information sought is relevant." *See* Fed. R. Civ. P. 26(b) (subject to the limitations imposed by Rule 26(b)(2)(C), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). In this respect, "[d]istrict courts have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). But "Rule 26's authorization of broad discovery is tempered by a court's determination that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Caldwell v. Facet Retiree Med. Plan*, No. C 13-00385 WHA, 2014 WL 12660078, at *1 (N.D. Cal. Mar. 31, 2014) (quoting language from an earlier version of Rule 26(b)(2)(C)(iii), which is largely equivalent to language now in Rule 26(b)(1)); *see also* Fed. R. Civ. P. 26, Advisory Committee Notes (2015 Amendments).

---

[9] *Id.* at 4.

[10] *Id.* at 4–6.

1    The plaintiff asks to depose Sonya Sohail and Sadia Sohail who were employees of the

2  defendant. Sonya purportedly had a role in selecting content because she supervised Jadoo TV's

3  content-curation manager and Sadia was on the defendant's board of directors and "testified it

4  would have been her, if anyone, who instructed Jadoo customer service to not provide"

5  instructions on accessing copyrighted materials.[11] Accordingly, these individuals appear likely to

6  have at least some relevant information and it is not unreasonable to require them to be deposed.

7  And the defendants have not identified any issues (for example, health or travel restrictions) that

8  make the depositions unusually burdensome.

9    Furthermore, the defendants' proposed compromise for Ms. Sohail to sign a "declaration

10 attesting to the fact that she does not possess any relevant information regarding the allegations in

11 the complaint" is inappropriate because declarations cannot be used to replace depositions. *See*

12 *Abante Rooter & Plumbing Inc. v. Nationwide Mut. Ins. Co.*, No. 17-cv-03328-EMC, 2018 WL

13 573576, at *2 (N.D. Cal. Jan. 26, 2018) (holding that a declaration did not preclude liability in part

14 because the plaintiff had "not had an opportunity to test the declaration through discovery or

15 deposition").

### 4. Sanctions

The plaintiff asks for sanctions under Rule 37(a)(5)(A) and Local Rule 37-4.[12] The request is denied in view of the defendants' willingness to continue meeting and conferring when the letter brief was filed.

"Sanctions are mandatory under Rule 37(a)(5)(A) when a motion to compel is granted, unless the moving party filed the motion before a good faith attempt to obtain the discovery, the opposing party was substantially justified, or other circumstances make a sanctions award unjust." *JSR Micro, Inc. v. QBE Ins. Corp.*, No. C-0903044 PJH (EDL), 2010 WL 1957465, at *1 (N.D. Cal. May 14, 2010). Local Rule 37-4 provides that motions for sanctions must be accompanied by

---

[11] *Id.* at 5–6.

[12] *Id.* at 6.

ORDER – No. 20-cv-01891-CRB (LB)           7

1  declarations setting forth facts supporting the motion, the parties meet-and-confer efforts, and an

2  itemization of the otherwise unnecessary expenses caused by the violation or breach. The

3  defendants contend that sanctions are in appropriate because the plaintiff purportedly "insist[ed]

4  on filing this letter brief instead" of responding to the defendants' "October 20, 2022, meet and

5  confer letter or schedule a phone call to discuss further."[13]

6  Given the context of the dispute and the defendants' apparent willingness to continue meeting

7  and conferring on the issues addressed in this discovery letter when it was filed, the court declines

8  to issue sanctions under Rule 37 or Local Rule 37-4.

## CONCLUSION

On the first issue (implicit waiver), the defendants must either produce their communications with their attorneys regarding their response to the alleged infringement or, alternatively, stipulate that they will not seek to introduce such material at trial to support any good faith compliance defense. On the second issue (production of documents regarding post-infringement profits and revenues and payments to Sohail family members), the defendants are ordered to produce the documents. On the third issue (depositions), Sonya Sohail and Sadia Sohail must sit for depositions. Finally, the plaintiff's request for monetary sanctions is denied.

**IT IS SO ORDERED.**

Dated: November 10, 2022

LAUREL BEELER
United States Magistrate Judge

---

[13] *Id.*