1   Timothy M. Frank (California Bar No. 263245)
    timothy.frank@hnbllc.com
2   Joseph H. Boyle (appearance *pro hac vice*)
    joe.boyle@hnbllc.com
3   Stephen M. Ferguson (appearance *pro hac vice*)
    stephen.ferguson@hnbllc.com
4   HAGAN NOLL & BOYLE LLC
5   820 Gessner, Suite 940
    Houston, Texas 77024
6   Telephone: (713) 343-0478
7   Facsimile: (713) 758-0146

8   David A. Van Riper (California Bar No. 128059)
    dave@vanriperlaw.com
9   VAN RIPER LAW
    1254 Irvine Blvd., Suite 200
10  Tustin, California 92780-3571
    Telephone: (714) 731-1800
11  Facsimile: (714) 731-1811

12
    Attorneys for Plaintiff DISH Network L.L.C.
13
    *Additional counsel listed on signature page.*
14

15
                **UNITED STATES DISTRICT COURT**
16
                **NORTHERN DISTRICT OF CALIFORNIA**
17
                **SAN FRANCISCO DIVISION**
18

19                                    )
    DISH NETWORK L.L.C.,              )   Case Number: 3:20-cv-01891-CRB (LB)
20                                    )
            Plaintiff,                )   **JOINT CASE MANAGEMENT**
21                                    )   **STATEMENT**
                                      )
22          vs.                       )   Filed Pursuant to Case Management Order
                                      )   (ECF 218)
23  JADOO TV, INC., et al.,           )
                                      )   Judge: Hon. Charles R. Breyer
24          Defendants.               )
                                      )
25                                    )
                                      )
26  _____ )

27

28

3:20-cv-01891-CRB (LB)                              Joint Case Management Statement

                              1

Plaintiff DISH Network L.L.C. ("DISH") and Defendants Jadoo TV, Inc. ("JadooTV") and Sajid Sohail (collectively, "Defendants" and together with DISH, the "Parties") submit this Joint Case Management Statement pursuant to the Case Management Order (ECF 218 at 18) and Civil Local Rule 16-10 (d).

## I.      PROGRESS OR CHANGES

The Parties report the following progress or changes since the Joint Case Management Statement filed on August 5, 2022 (ECF 217):

**a.  DISH's Discovery Letter Brief of October 3, 2022**

The Parties filed a joint discovery letter brief (ECF 224) whereby DISH sought sanctions for Defendants' failure to preserve and the loss of emails belonging to Haseeb Shah, a former JadooTV employee and former defendant in this case.

The Court entered a Discovery Order on October 19, 2022 (ECF 225) finding Defendants failed to preserve Haseeb Shah's emails and that DISH is entitled to (1) a permissive adverse-inference jury instruction allowing the jury to determine whether the destruction was intentional and whether the emails would have been unfavorable to Defendants and (2) DISH's reasonable attorney's fees incurred to prepare the discovery letter in the sum of $11,550.60.  (ECF 225 at 2:3-10; 10:2-5.)  Defendants have not paid this attorney's fee award.

**b.  DISH's Discovery Letter Brief of November 3, 2022**

The Parties filed a joint discovery letter brief (ECF 228) whereby DISH sought an order requiring Defendants to (1) fully respond to DISH's discovery on the advice of counsel defense or be prohibited from asserting, raising, or implying the defense in any manner; (2) supplement and produce certain financial data; (3) make Sadia Sohail (the former Chief Operating Officer of JadooTV and the wife of defendant Sajid Sohail) available for a deposition; (4) make Sonya Sohail (the former general counsel of JadooTV and the daughter of defendant Sajid Sohail) available for a deposition; and (5) pay DISH's reasonable attorney's fees incurred in preparing the letter brief.

The Court entered a Discovery Order on November 10, 2022 (ECF 229) finding Defendants must either produce their communications with their attorneys regarding their response to the alleged infringement or, alternatively, stipulate that they will not seek to introduce such material at

trial to support any good-faith compliance defense.  (ECF 229 at 2:4-7; 8:11-14.)  The Court ordered Defendants to produce the disputed documents concerning post-infringement profits and payments to Sohail family members.  (*Id.* at 2:7-8; 8:14-16.)  The Court also ordered Sonya Sohail and Sadia Sohail to sit for depositions.  (*Id.* at 2:9; 8:16-17.)  The Court declined to sanction Defendants.  (*Id.* at 2:11-13; 8:17.)

Defendants' position is that the Court ordered Defendants to "either produce their communications with their attorneys regarding their response to the alleged infringement or, alternatively, stipulate that they will not seek to introduce such material at trial to support any good faith compliance defense." (ECF 229 at 8:11-14).  Defendants opted for the latter option, and on November 21, 2022, stipulated that "they will not seek to introduce communications with their attorneys regarding their response to the alleged infringement at trial to support any good faith compliance defense." Defendants contend that the stipulation is precisely what the Court ordered.

DISH's position is that Defendants' narrow stipulation takes the Discovery Order out of context.  The Discovery Order states:

> [T]he defendants have a choice. Option one is for the defendants to **refrain from offering any evidence that their investigation of the alleged infringement included consultations with counsel.** Option two is for the defendants to maintain the option of supporting their assertion of good-faith compliance with copyright law by referencing communications with their attorneys. Accordingly, the defendants are ordered to either produce their communications with their attorneys regarding their response to the alleged infringement or to stipulate that they will not seek to introduce such material at trial to support any good-faith compliance defense.

(ECF 229 at 4:15-21 (emphasis added).)

DISH intends to move to preclude Defendants from offering any evidence that their investigation of the alleged infringement included consultations with counsel.

Defendants produced documents concerning post-infringement profits and payments to Sohail family members.  Sonya Sohail and Sadia Sohail sat for depositions.

**c.  DISH's Motion for Issuance of Letters of Request and Rogatory**

DISH filed an unopposed motion for issuance of letter of request and rogatory (ECF 230) to obtain documents form OVH SAS in France, OVH Hosting in Canada, and INXY LTD. in Cyprus to identify the person or entities responsible for certain computer servers used to transmit content on the Jadoo television service in violation of DISH's copyrights.

The Court granted DISH's motion and signed and affixed its seal to the letters on November 29-30, 2022.  (ECF 233, 234, 234-1, 234-2.)  DISH sent the letters to the Central Authorities on December 5, 2022.  DISH has not received the requested documents from OVH SAS, OVH Hosting, or INXY LTD.

**d.  Initial Disclosures**

DISH served its third supplemental initial disclosures on October 24, 2022.

Defendants served supplemental initial disclosures on October 31, 2022.

**e.  Written Discovery**

DISH served its third set of interrogatories to Defendants (No. 20); fifth set of requests for production to Defendants (No. 150); and first set of requests for admission to Defendants (Nos. 1-470) on October 11, 2022.  Defendants served their responses to DISH's third set of interrogatories and fifth set of requests for production on November 9, 2022.  Defendants served their responses to DISH's first set of requests for admission on November 28, 2022.

Sajid Sohail served a second set of interrogatories to DISH (Nos. 2-19) on October 11, 2022. DISH served responses to Sajid Sohail's second set of interrogatories on November 10, 2022.

**f.  Depositions**

DISH took the depositions of Ahsan Salahuddin; SocialHi5 Inc. / Shankar Kuppuswamy; Rick Bottomley; Sajid Sohail; Sadia Sohail; and Sonya Sohail since the Joint Case Management Statement filed on August 5, 2022 (ECF 217).  DISH has taken a total of nine depositions.

Defendants took the depositions of Christopher Kuelling, former senior vice president of international programming at DISH, and Izabela Slowikowska, former vice president of multicultural acquisition and business development at DISH, since the Joint Case Management Statement filed on August 5, 2022 (ECF 217).  Defendants have taken a total of two depositions.

**g. Defendants' Additional Meet and Confer Correspondence with DISH**

Following the depositions of former executives at DISH who were responsible for international programming, including licensing the programs and channels at issue in this matter, Defendants' sent correspondence on December 21, 2022, to DISH, requesting that, among other things, agreements with programmers be re-produced without redactions so Defendants can see the terms of the agreements as well as DISH's revenue, costs, and subscribers related to the channels/programs at issue in this matter before, during, and after the alleged infringement period. On January 4, 2023, DISH responded to Defendants' letter. Defendants are assessing DISH's responses to determine if the responses are adequate or if additional meet and confer efforts are needed.

**h. Fact Discovery is Closed**

The deadline for completion of fact discovery was November 11, 2022. (ECF 218 at 18.)

**i. Initial Expert Witness Disclosures**

DISH served its initial expert witness disclosures and reports on December 12, 2022, including Nigel Jones of R.M.B. Consulting Inc.; Gregory Duval of NagraStar LLC; and Susan K. Thompson of Hemming Morse, LLP.

The deadline for serving initial expert witness disclosures and reports was December 12, 2022. (ECF 218 at 18.) Defendants did not serve initial expert witness disclosures.

**j. Rebuttal Expert Witness Disclosures**

Defendants served rebuttal expert witness disclosures and reports from Elizabeth Groves, Ph.D. of Exponent, Inc., and Petra N. Loer of Andersen Tax LLC on January 12, 2023.

The deadline for Defendants to serve rebuttal expert witness disclosures was January 12, 2023. (ECF 218 at 18.)

**PROPOSALS FOR REMAINDER OF THE CASE**

The Parties make the following proposals for the remainder of the case development process:

**k. Completion of Expert Discovery**

The deadline for the completion of expert discovery is February 13, 2023. (ECF 218 at 18.)

**l.  Dispositive Motions**

The deadline for filing dispositive motions is currently set for March 13, 2023.  (ECF 218 at 18.)  DISH will be filing a motion for summary judgment against Defendants.  Defendant Sajid Sohail intends to file a motion for summary judgment.

**m.  Final Pretrial Conference and Trial**

Dates for the final pretrial conference and trial are to be determined.  (ECF 218 at 18.) Defendants have requested a jury trial.  The Parties estimate a five day trial.  The Parties propose that the Court set dates for the final pretrial conference and trial following the Court's ruling on DISH's motion for summary judgment against Defendants.

**n.  Settlement and ADR**

The Parties have discussed settlement on several occasions since January 2019.  Pursuant to Local Rule 72-1, this matter was referred to Magistrate Judge Virginia K. DeMarchi for settlement. (ECF 211.)  A settlement conference was held on June 17, 2021, but the case did not settle. (ECF 215).  DISH made a settlement demand on June 21, 2021.  Defendants responded on July 22, 2021, but did not make a counter offer.  Defendants believe that the Parties should revisit settlement now that discovery is complete.  Defendants are open to another settlement conference and invite DISH to make a settlement demand.  DISH made the last settlement demand and suggests that Defendants should make a counter offer to DISH's demand dated June 21, 2021.  DISH believes another settlement conference will be productive only after the Parties are closer together on settlement terms.

**o.  Other**

The Parties do not have any additional matters to raise at this time.

Dated:  January 13, 2023

/s/ Stephen M. Ferguson
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940

Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiffs DISH Network L.L.C.*

/s/ A. Chowning Poppler
Mark Punzalan
mark@chanpunzalan.com
A. Chowning Poppler
chowning@chanpunzalan.com
Lawrence Ng
lawrence@chanpunzalan.com
Jin Im-Saeteurn
jin@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: (415) 839-0063

*Attorneys for Defendants JadooTV, Inc. and Sajid Sohail*

**FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3) regarding signatures, I, Stephen M. Ferguson, attest that concurrence in the filing of this document has been obtained from each of the other signatories. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  January 13, 2023                    HAGAN NOLL & BOYLE LLC

By: /s/ Stephen M. Ferguson
Stephen M. Ferguson