Mark Punzalan (State Bar No. 247599)
Email: mark@chanpunzalan.com
Jin Im-Saeteurn (State Bar No. 266810)
Email: jin@chanpunzalan.com
A. Chowning Poppler (State Bar No. 272870)
Email: chowning@chanpunzalan.com
Lawrence Ng (State Bar No. 328082)
Email: lawrence@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>        Plaintiff,<br>vs.<br>JADOOTV, INC. and SAJID SOHAIL,<br><br>        Defendants. | Case No. 3:20-cv-01891-CRB<br><br>**DEFENDANT SAJID SOHAIL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Date: April 21, 2023<br>Time: 10:00 a.m.<br>Dept: Courtroom 6, 17th Floor<br>Judge: Hon. Charles R. Breyer |

## I. INTRODUCTION

Defendant Sajid Sohail ("Sohail") files this Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Motion to Seal" or "Motion") concurrently with Sohail's Motion for Summary Judgment Or, in the Alternative, Summary Adjudication (the "Summary Judgment Motion") filed on March 13, 2023. Sohail files this Motion to Seal because his Summary Judgment Motion contained certain documents that DISH has designated as "Confidential" or "Highly Confidential" under the Stipulated Protective Order[1] (the "Stipulated Protective Order"). *See generally* ECF No. 58. However, despite filing this Motion to Seal, Sohail believes that court records should be open, and Sohail respectfully leaves it to this Court's discretion to determine whether the documents identified below (in Section III (c) of this brief) should be sealed. *See* ECF No. 58, at 2:16-18.

Accordingly, Sohail submits this Motion in order to comply with his obligations under the Stipulated Protective Order and Civil Local Rule 79-5, but he takes no position as to whether the designations by DISH are appropriate. Under the Stipulated Protective Order, "[i]f a Party's request to file the Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court." ECF No. 58, at p. 17:9-14.

## II. BRIEF FACTUAL BACKGROUND

On March 12, 2023, Sohail's counsel decided that it needed to file certain material in support of the Summary Judgment Motion that DISH designated as Confidential or Highly Confidential (the "Designated Material") under the Stipulated Protective Order. *See* Declaration of Lawrence Ng at ¶ 2. The same day, Sohail's counsel emailed DISH's counsel to see if DISH would consent to Mr. Sohail filing the Designated Material in lieu of this Motion to Seal. *Id* at ¶ 3.

---

[1] On March 27, 2019, United States Magistrate Judge Karen L. Stevenson entered the parties' Stipulated Protective Order ("Stipulated Protective Order"). The Stipulated Protective Order provides a mechanism by which the parties can restrict the dissemination of "information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law." See ECF No. 58, at 2:16-18.

On March 13, 2023, DISH responded via email and objected to Mr. Sohail filing two documents, which are now Ex. 7 and Ex. 8 to Chowning Poppler's Declaration in support of Sohail's Summary Judgment Motion filed on March 13, 2023. *See id.* at ¶ 4. The *unredacted* versions appear in Ex. A and Ex. B to this Motion to Seal, and the *redacted* versions appear in Ex. 7 and Ex. 8 to Chowning Poppler's Declaration in support of Sohail's Motion for Summary Judgment. *Id.*

On March 13, 2023, Sohail filed his Summary Judgment Motion with the Court seeking summary judgment or at least partial adjudication on DISH's copyright infringement claims against him. That Summary Judgment Motion contained material (Exs. 7 and 8 to Poppler's Declaration in support of the Summary Judgment Motion), that DISH designated Confidential or Highly Confidential under the Stipulated Protective Order. Sohail files this Motion to Seal concurrently with his Summary Judgment Motion in order to comply with his obligations under the Stipulated Protective Order, Civil Local Rule 79-5, and Judge Breyer's Standing Order[2], but takes no position as to whether those two documents should be under seal.

### III.   ARGUMENT

#### A.   Legal Standard

Civil Local Rule 79-5 (f) requires that "[f]or any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party must, instead of filing an Administrative Motion to File Under Seal, file an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed." Civil Local Rule 79-5 (f). The motion must "identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1)." *Id*.

---

[2] Judge Charles R. Breyer's Standing Order can be found on the Court's website at: https://www.cand.uscourts.gov/wp-content/uploads/judges/breyer-crb/CRB-General-Standing-Order_Apr-2019.pdf: Judge Breyer's Standing Order, provides, among other things, that "[p]arties are reminded that court proceedings are presumptively public, and no document shall be filed under seal without request for a court order that is narrowly tailored to cover only the document, the particular portion of the document, or category of documents which meet the applicable legal standard for sealing." See p. 3 of Judge Breyer's Standing Order.

Under Section 12.4 of the Stipulated Protective Order, a party "that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 [and] Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue." ECF No. 58, at 17:9-14. "If a Party's request to file the Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court." *Id*.

The designating party carries a high burden to justify sealing records contained in dispositive motions. Compelling reasons must be shown, not simply "good cause," to maintain the secrecy of sealed documents attached to a dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F3d 1115, 1120-1121 (9th Cir. 2012) (holding sealed discovery documents lose protected status when attached as part of Daubert issue connected to dispositive summary judgment motion); *see also Foltz v. State Farm Mutual Auto. Ins*. Co., 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's sealing of records because there was no "compelling reason to justify sealing" under the protective order). As the Ninth Circuit has stated, the "hazard of stipulated protective orders" is that they "often contain provisions that purport to put the entire litigation under lock and key without regard to the actual requirements of Rule 26(c)." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1193 (9th Cir. 2006).

By filing this Motion to Seal concurrently with his Summary Judgment Motion, Sohail has complied with Civil Local Rule 79-5, Judge Breyer's Standing Order, and the Stipulated Protective Order.

### B. Sohail Defers to This Court's Discretion as to Whether the Designated Documents Attached to His Summary Judgment Motion Should Be Sealed.

Sohail files this Motion to Seal concurrently with his Summary Judgment Motion because the Summary Judgment Motion contains material that DISH has designated as Confidential or Highly Confidential under the Stipulated Protective Order. *See generally* ECF No. 58.  However, Sohail takes no position as to whether the documents are appropriately

designated by DISH and leaves it to this Court's discretion as to decide whether those records should be sealed.

### C. Sohail Complies with Civil Local Rule 79-5 by Identifying Each Document or Portions Thereof in Which Sealing is Sought.

Sohail herein identifies "each document or portions thereof for which sealing is sought" in compliance with Civil Local Rule 79-5 (f)(1)[3],:

| ECF or Exhibit | Document | Portion(s) Sought to be Sealed |
|---|---|---|
| Ex. 7 to Chowning Poppler's Declaration in support of Sohail's Summary Judgment Motion filed on March 13, 2023.<br><br>Ex. A to this Motion to Seal filed on March 13, 2023. | "Exhibit 2 – Report on of Lost Subscribers (Freetvall - No Redactions).pdf" which was listed as a source in Exhibit B as a document Ms. Thompson consulted in preparing the Expert Report of Susan K. Thompson, CPA/CFF for DISH. | The entire unredacted document. |
| Ex. 8 to Chowning Poppler's Declaration in support of Sohail's Summary Judgment Motion filed on March 13, 2023.<br><br>Ex. B to this Motion to Seal filed on March 13, 2023. | "Exhibit 2 - Report of Lost Subscribers.pdf" which was listed as a source in Exhibit B as a document Ms. Thompson consulted in preparing the Expert Report of Susan K. Thompson, CPA/CFF for DISH | The entire unredacted document. |

### IV. CONCLUSION

Sohail respectfully submits this Motion in order to comply with his obligations under the Stipulated Protective Order, Civil Local Rule 79-5, and Judge Breyer's Standing Order. However, Sohail leaves it to this Court's discretion to decide whether the foregoing documents should be filed under seal and thus shielded against public disclosure.

---

[3] Local Rule 79-5 (f)(1) requires that an administrative motion to consider whether another party's material should be sealed "must identify each document or portions thereof for which sealing is sought, but the Filing Party need not satisfy the showing required in subsection (c)(1)."

| | |
|---|---|
| Dated: March 13, 2023 | Respectfully submitted, |
| | /s/ Lawrence Ng |
| | Lawrence Ng<br>Mark Punzalan<br>Chowning Poppler<br>Jin Im-Saeteurn<br>CHAN PUNZALAN LLP |
| | *Counsel for Defendants*<br>*JadooTV, Inc. and Sajid Sohail* |