Mark Punzalan (State Bar No. 247599)
Email: mark@chanpunzalan.com
Jin Im-Saeteurn (CA Bar No. 266810)
Email: jin@chanpunzalan.com
A. Chowning Poppler (State Bar No. 272870)
Email: chowning@chanpunzalan.com
Lawrence Ng (CA Bar No. 328082)
Email: lawrence@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DISH NETWORK L.L.C.,

Plaintiff,

vs.

JADOOTV, INC. and SAJID SOHAIL,

Defendants.

Case No. 3:20-cv-01891-CRB

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE REBUTTAL TESTIMONY OF DEFENDANTS' EXPERT, ELIZABETH GROVES**

Date: June 9, 2023
Time: 10:00 a.m.
Dept: 6
Judge: Hon. Charles R. Breyer

**TABLE OF CONTENTS**

**I. INTRODUCTION AND SUMMARY OF ARGUMENT ........ 1**

**II. LEGAL STANDARD ........ 1**

**III. ARGUMENT ........ 3**

A. DR. GROVES IS QUALIFIED TO TESTIFY AS A REBUTTAL EXPERT FOR DEFENDANTS ........ 3

*1. Dr. Groves Is Qualified Because She Possesses Practical Expertise and Specialized Knowledge As An IP Expert And Offered Relevant and Reliable Testimony ........ 3*

*2. Dr. Groves Is Qualified To Provide Testimony On The Television Transmission Matters Addressed by Plaintiff's Retained Expert Nigel Jones. ........ 4*

B. IN HER REBUTTAL REPORT, DR. GROVES PROPERLY TESTIFIED ON MATTERS IN WITHIN THE SCOPE OF THE REPORT FROM PLAINTIFF'S EXPERT NIGEL JONES ........ 5

C. DR. JONES' TESTIMONY ABOUT JADOOTV'S ABILITY TO IDENTIFY USERS' LOCATION SHOULD NOT BE EXCLUDED BECAUSE IT IS RELEVANT, RELIABLE, AND ADMISSIBLE. ........ 6

D. DR. JONES' TESTIMONY REGARDING A USER'S ABILITY TO CREATE A RELEVANT XML FILE WITHOUT REVIEWING THE EMEDIA SOURCE CODE IS RELIABLE AND ADMISSIBLE. ........ 7

E. DR. GROVE'S TESTIMONY ABOUT THE IP ADDRESS ANALYSIS BY PLAINTIFF'S EXPERT NIGEL JONES IS RELEVANT AND RELIABLE. ........ 7

**IV. CONCLUSION ........ 8**

# TABLE OF AUTHORITIES

## CASES

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
709 F.3d 872, 882 (9th Cir. 2013)........ 2

*Children's Broad. Corp. v. Walt Disney Co.*,
357 F.3d 860, 865 (8th Cir. 2004)........ 2

*City of Pomona v. SQM N. Am. Corp.*,
750 F.3d 1036, 1043 (9th Cir. 2014)........ 2, 5

*Cooper v. Brown*,
510 F.3d 870, 942 (9th Cir. 2007)........ 5

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579, 591 (1993)........ 1, 2, 4

*Hangarter v. Provident Life & Acc. Ins. Co.*,
373 F.3d 998, 1017 n.14 (9th Cir. 2004)........ 2, 3

*In re High-Tech Employee Antitrust Litigation*,
2014 WL 1351040, at *2 (N.D. Cal. 2014)........ 2

*In re Novatel Wireless Securities Litigation*,
2012 WL 5463214, at *4 (S.D. Cal. 2012)........ 2

*In re Viagra (Sildenafil Citrate) & Cialis (Tadalafil) Prod. Liab. Litig.*,
424 F.Supp.3d 781, 789 (N.D. Cal. 2020)........ 3

*Jinro Am. Inc. v. Secure Invs., Inc.*,
266 F.3d 993, 1006 (9th Cir. 2001)........ 3

*Moses v. Payne*,
555 F.3d 742, 756 (9th Cir. 2009)........ 2

*Perez v. State Farm Mutual Auto Ins. Co.*,
2011 WL 8601203 at *8 (N.D. Cal. 2011)........ 5

Primiano v. Cook,
598 F.3d 558, 565 (9th Cir. 2010)........ 2

*Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994) ........ 3

*United States v. Finley,* 301 F.3d 1000, 1013 (9th Cir. 2002) ........ 2

*Van Maanen v. Youth with a Mission-Bishop*, 2011 WL538185, at *3 (E.D. Cal. 2011) ........ 5

RULES

Federal Rule of Evidence 702 ........ 1

Defendants JadooTV, Inc. and Sajid Sohail ("Defendants") submit the following response in Opposition to the Motion to Exclude Rebuttal Testimony of Defendants' Expert, Elizabeth Groves filed by Plaintiff DISH Network, L.L.C. ("Plaintiff").

This Opposition to Plaintiff's Motion is based upon the following Memorandum of Points and Authorities, the supporting declaration from Defendants' expert Dr. Elizabeth Groves ("Dr. Groves Decl."), the supporting declaration of Defendants' counsel Jin Im-Saeteurn ("Im-Saeteurn Decl."), and all pleadings and papers on file in this action and such further evidence that may be submitted to the Court.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Elizabeth Groves, Ph.D ("Dr. Groves") is an accomplished computational scientist with over fifteen (15) years of expertise in computer science, which includes software solutions and development, computer programming, and computer forensics. As a trained intellectual property expert, she is well-qualified to provide rebuttal testimony as to Plaintiff's retained intellectual property expert Nigel Jones. Plaintiff's motion is premised on unsupported and unscientific attorney argument. Plaintiff's criticisms are misleading and substantively meritless. At best, they go to the proper weight to be afforded to Dr. Groves' rebuttal testimony and not its admissibility. The Court should deny Plaintiff's motion in its entirety.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits "a witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). "[R]ejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee's notes to 2000 amendment). The "traditional and appropriate means of attacking" expert testimony is not exclusion, but through "[v]igorous cross examination,

presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596.

"Rule 702 mandates a liberal standard for the admissibility of expert testimony." *In re High-Tech Employee Antitrust Litigation*, 2014 WL 1351040, at *2 (N.D. Cal. 2014) (internal quotations and citations omitted). "Expert testimony is admissible under Rule 702 if it addresses an issue beyond the common knowledge of the average layperson and is not misleading." *In re Novatel Wireless Securities Litigation*, 2012 WL 5463214, at *4 (S.D. Cal. 2012) citing Moses v. Payne, 555 F.3d 742, 756 (9th Cir. 2009). A district court's inquiry into the admissibility of expert testimony is a flexible one. See, e.g., *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 709 F.3d 872, 882 (9th Cir. 2013). The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 883. "In evaluating proffered expert testimony, the trial court is 'a gatekeeper, not a fact finder.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *City of Pomona*, 750 F.3d at 1044.

While Dr. Groves' opinions are properly supported, reliable, relevant, and admissible, "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hangarter v. Provident Life & Acc. Ins. Co*., 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting *Children's Broad. Corp. v. Walt Disney Co*., 357 F.3d 860, 865 (8th Cir. 2004). "[E]xpert testimony need only provide 'appreciable help' to the jury to be admissible." *United States v. Finley,* 301 F.3d 1000, 1013 (9th Cir. 2002).

There is no basis for the Court to conclude that Dr. Groves' rebuttal opinions are within the common knowledge of a layperson. Likewise, there is no basis for the Court to conclude that Dr. Groves' rebuttal opinions are misleading. Accordingly, Dr. Groves' opinions are appropriate expert testimony and Plaintiff's motion should be denied.

## III. ARGUMENT

### A. Dr. Groves Is Qualified To Testify As A Rebuttal Expert For Defendants

There are three requirements "at the heart of the admissibility determination": 1) the expert is qualified, 2) the testimony is relevant, and 3) the testimony is reliable. *In re Viagra (Sildenafil Citrate) & Cialis (Tadalafil) Prod. Liab. Litig*., 424 F.Supp.3d 781, 789 (N.D. Cal. 2020). Dr. Groves' opinions meet all three requirements.

#### 1. Dr. Groves Is Qualified Because She Possesses Practical Expertise and Specialized Knowledge As An IP Expert And Offered Relevant and Reliable Testimony.

The Ninth Circuit has held that, "Rule 702 contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994) (emphasis and internal quotation marks omitted). Dr. Groves is a trained intellectual property expert who possesses fifteen (15) years of expertise and specialized knowledge in the fields of computer science, which includes software solutions and development, computer programming, and computer forensics. Dr. Groves Decl. ¶ 4. She is a person who is experienced in these particular fields with "practical expertise or specialized knowledge" that qualifies them to provide information that would be helpful a lay jury. *Jinro Am. Inc. v. Secure Invs., Inc*., 266 F.3d 993, 1006 (9th Cir. 2001), opinion amended on denial of reh'g, 272 F.3d 1289 (9th Cir. 2001). Plaintiff's assertion that Dr. Groves "has no more experience with IPTV than does a lay person" (Plaintiff's Motion at 5:14) is a blatant misrepresentation that fails to account for her fifteen (15) years of practical expertise and specialized knowledge. Specifically, Plaintiff conveniently ignores Dr. Groves' training and experience in computer science, forensics, and programming by portraying her as a physicist. Plaintiff's Motion at 5:17-18. She has training and experience in experience in writing code in a variety of language for different platforms, including mobile phones. Dr. Groves Decl. ¶ 4. For the past eight years, she has had a computer science focused practice that encompasses writing code and analyzing software for a variety of platforms, including embedded systems and mobile devices with operating systems similar to those in the JadooTV set top box. *Id.* Therefore, Dr. Groves' expertise and extensive specialized experience

provide the basis for her relevant and reliable testimony regarding the Jadoo TV set top boxes that are embedded device that use the Android Operating system, commonly found on mobile phones. See *id.*

In addition, "Unlike an ordinary witness ... an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation." *Daubert*, 509 U.S. at 592. Dr. Groves is well-qualified to provide rebuttal testimony regarding the JadooTV set top boxes, the bases (or lack thereof) for the opinions offered by Plaintiff's expert Nigel Jones, and whether Mr. Jones' ultimate conclusions necessarily followed from his underlying findings. Dr. Groves was not required to have reviewed the same devices or codes in the possession of Plaintiff's expert Nigel Jones to offer her rebuttal to Mr. Jones' opinions. She confirmed at her deposition: "I did the research and analysis to support the opinions that I gave in my report and analyzing the set-top box physically I don't need to do that to support my opinions." Deposition of Elizabeth Groves, "Groves Depo." at 21:19-22, attached as Ex. A to Im-Saeteurn Decl. Plaintiff does not explain why it is necessary to examine a particular set top box in order for an expert to explain, for example: a) how set top boxes work; b) that Mr. Jones' conclusions do not necessarily follow the premises underlying those conclusions; c) that there are other technical explanations that differ from Mr. Jones' conclusions; d) that there are limitations, not disclosed in the Jones report or in Mr. Jones' analysis; and e) that there are technical inadequacies in Mr. Jones' approach. All of these are appropriate topics for a rebuttal expert that do not requiring examining a particular set top box. Plaintiff's critique that Dr. Grove's opinion in unreliable because she did not review or test the same set top boxes as Mr. Jones does not make sense.

### 2. Dr. Groves Is Qualified To Provide Testimony On The Television Transmission Matters Addressed by Plaintiff's Retained Expert Nigel Jones.

Dr. Groves offered testimony regarding IPTV, which is defined by the International Telecommunications Union as "multimedia services such as television/video/ audio/text/ graphics/data delivered over IP based networks managed to provide the required level of QoS/QoE, security, interactivity and reliability." Dr. Groves Decl. ¶ 6, see also Exhibit 1. The

"IP" in "IPTV" refers to internet protocols and date delivered over networks, Dr. Groves' area of expertise. Dr. Groves Decl. ¶ 7.

Here, Dr. Grove provided reliable and relevant testimony based upon "scientific, technical or other specialized knowledge" rather than on "unsubstantiated speculation and subjective beliefs." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Her expert opinion testimony was relevant because there was a valid connection to the pertinent inquiry about the technical aspects of the JadooTV set top boxes and whether copyright infringement occurred. See *City of Pomona,* 750 F.3d at 1044. Plaintiff's criticism that Dr. Groves has no experience in IPTV is incorrect because she has relevant and reliable experience with internet protocol (the "IP" in "IPTV") and data delivered over networks. Further, for her rebuttal report, Dr. Groves' analysis is based in part on analyzing forms of computer forensics such as network data or IP addresses. Dr. Groves Decl. ¶ 7. This is because the Jones Report opines regarding IPTV, specifically the elements of embedded systems, source code review, and computer forensics. *Id*. Dr. Groves' opinions are not premised on a physical examination of a JadooTV set top box. Dr. Groves Decl. ¶ 8. Her opinions are based upon her expertise in computer science, software solutions and development, computer programming, and computer forensics. *Id.* Expert opinion rebutting another expert's methods is appropriate rebuttal expert evidence. *See, e.g., Perez v. State Farm Mutual Auto Ins. Co.*, 2011 WL 8601203 at *8 (N.D. Cal. 2011). Therefore, Dr. Groves provided relevant, reliable, and admissible rebuttal testimony and Plaintiff's motion should be denied.

**B. In Her Rebuttal Report, Dr. Groves Properly Testified On Matters In Within The Scope Of The Report From Plaintiff's Expert Nigel Jones.**

Dr. Groves did not offer rebuttal testimony outside the appropriate scope of the report from Plaintiff's expert Nigel Jones ("Jones Report"). She stated numerous times during her deposition that she did not want to opine on intent or matters outside the scope of the Jones Report. Groves Depo. at 19:16-23, 97:1-2, 97:9-10. This was because her inquiry was limited to "poking holes" in the Jones Report and not offering new theories. See *Van Maanen v. Youth with a Mission-Bishop*, 2011 WL538185, at *3 (E.D. Cal. 2011).

Dr. Groves' opinion in paragraph 24 of her rebuttal report directly addresses paragraph 68 of the Jones Report, in which Jones states "[t]he obvious benefit to Jadoo of using a third-party file hosting site is that it allows them to disavow responsibility for any content that is made available on their box." Dr. Groves Decl. ¶ 9. Dr. Groves disagrees with Mr. Jones' opinion, and she made efforts to provide an opinion that is within the scope of the Jones Report. *Id.* In addition, Dr. Groves' opinion about the insufficient evidence connecting Haseeb Shah to JadooTV's leadership is within the scope of the Jones Report that opines about Shah numerous times at paragraphs 275, 290, 300, and 318. *Id.*

### C. Dr. Jones' Testimony About JadooTV's Ability to Identify Users' Location Should Not Be Excluded Because It Is Relevant, Reliable, And Admissible.

Dr. Groves offered rebuttal testimony on geoblocking based on location, which she understood to be a key issue for evaluation of whether Defendants committed contributory copyright infringement. Dr. Groves Decl. ¶ 10. She offered relevant, reliable, and admissible testimony that Plaintiff seeks to exclude because it undermines the Jones Report. Dr. Groves directly rebuts that Mr. Jones' analysis sufficiently supports the opinion that JadooTV had the ability to determine users' location and could have blocked the eMedia application in the United States. The Jones Report referred to location information obtained by a weather application on the JadooTV set top boxes, but the existence of this information in the weather application does not necessarily lead to the conclusion that JadooTV had access to this location information, that it was tracking information for its users, or that it had the ability to easily block access to eMedia based on that information. *Id.* Dr. Groves has explained that functionality in one mobile app does not necessarily translate easily to another, contrary to the unreliable conclusion of the Jones Report. See *id.* As noted by Plaintiff, JadooTV was able to determine its users' location ***after a patch,*** an update to the software, which changed the functionality of the JadooTV set top boxes. Plaintiff's Motion 8:24-25. This has nothing to do with Dr. Groves' opinion that Mr. Jones failed to show that the weather app was sharing location information with JadooTV. Therefore, Plaintiff's motion should be denied.

**D. Dr. Jones' Testimony Regarding A User's Ability To Create A Relevant XML File Without Reviewing The EMedia Source Code Is Reliable And Admissible.**

Dr. Groves relied on her experience and expertise to assess the Jones Report's claim that JadooTV must have posted various XML files. In paragraph 29 of her report, Dr. Groves provided alternative technically plausible explanations. She opined: "While it may be true that the process of creating such an XML file may be difficult, this does not demonstrate that no user would be capable of creating such a file" in response to Mr. Jones' opinion that the eMedia source code was necessary to create a relevant XML file. Dr. Groves Decl. ¶ 11, see also Exhibit 1. Plaintiff attacks this opinion as "unsupported" and "subjective belief" because Plaintiff ignores the technical nuances of XML files that were apparent to Dr. Groves based on her coding, software, and forensics experience. As Dr. Groves explained during her deposition, she reviewed Mr. Jones' analysis of what he attempted to do, his roadblocks and the pieces he found "more technically challenging," then concluded this was sufficient to form her opinion "there was insufficient evidentiary basis to draw the conclusion that only a Jadoo software developer could have developed that code for the XML files." Groves Depo. at 53:17-54:8, attached as Ex. A to Im-Saeteurn Decl. Dr. Groves' evaluation is that although Mr. Jones appears to have relied on the source code for several aspects of creating the relevant XML files, Mr. Jones only demonstrates that he was unable to create an XML file of a similar format without the source code. Dr. Groves Decl. ¶ 11. This demonstration does not preclude another user from being able to create an XML file using their knowledge of computer science, encryption schemes, passphrases, and common patterns of encryption keys. Id. No testing is required to support her rebuttal that "this does not demonstrate that no user would be capable of creating such a file." *Id.* Dr. Groves properly relied upon her expertise and experience for her opinions and, therefore, this Court should deny Plaintiff's motion.

**E. Dr. Grove's Testimony About The IP Address Analysis By Plaintiff's Expert Nigel Jones Is Relevant and Reliable.**

Plaintiff does not dispute that Dr. Grove's testimony about the IP address analysis in the Jones Report is reliable and relevant. As stated during her deposition, Dr. Groves has performed IP address analysis on multiple occasions for forensic purposes in recent years. Dr. Groves Decl.

¶ 12; Groves Depo. at 69:18-23, Ex. A to Im-Saeteurn Decl. Instead, Plaintiff points out that Dr. Groves and Mr. Jones agree on the possibility that a single IP address can represent multiple users or devices. *Id*., see Plaintiff's Motion 11:17-23. This agreement between parties' experts does not somehow make Dr. Groves' rebuttal testimony irrelevant. If anything, it shows that Dr. Groves has provided relevant and reliable testimony on a topic addressed by the Jones Report.

Further, Dr. Groves provided an IP address analysis that poked holes in the Jones Report's finding that Peter May, Ali85one, and Rayred were all the same person (Haseeb Shah) because Dr. Groves provided technically feasible alternative scenarios. Groves Depo. at 70:18-23, Ex. A to Im-Saeteurn Decl. Dr. Groves did not cherry pick data when forming this rebuttal opinion, as she fully explained: "I did review the IP addresses, the table within Mr. Jones' report, some of the supporting materials that he used to build that table, and then I analyzed and evaluated the conclusions that he drew based on his assessment of that information." Groves Depo. at 79:17-21, Ex. A to Im-Saeteurn Decl. Offering other possible explanations is quintessential rebuttal testimony. Therefore, Plaintiff's motion should be denied.

## IV. CONCLUSION

Defendant's expert Dr. Elizabeth Groves is a well-qualified expert who provided relevant, reliable, and admissible rebuttal testimony. Plaintiff's request to preclude Dr. Groves from offering testimony pertaining to paragraphs 23 to 31 of her rebuttal report for summary judgment or at trial should be denied. The evaluation of Dr. Groves' rebuttal testimony pertains to the weight of the evidence and not admissibility.

Dated: April 13, 2023

Respectfully submitted,

Jin Im-Saeteurn
CHAN PUNZALAN LLP
*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*