Mark Punzalan (State Bar No. 247599)
Email: mark@chanpunzalan.com
Jin Im-Saeteurn (CA Bar No. 266810)
Email: jin@chanpunzalan.com
A. Chowning Poppler (State Bar No. 272870)
Email: chowning@chanpunzalan.com
Lawrence Ng (CA Bar No. 328082)
Email: lawrence@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br> vs. <br> JADOOTV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE REBUTTAL TESTIMONY OF DEFENDANTS' EXPERT, PETRA LOER** <br><br> Date: June 9, 2023 <br> Time: 10:00 a.m. <br> Dept: Courtroom 6, 17th Floor <br> Judge: Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

**I.   INTRODUCTION AND SUMMARY OF ARGUMENT** .................................................. 1

**II.  LEGAL STANDARD** ................................................................................................. 1

**III. ARGUMENT** ............................................................................................................ 3

   A.   Ms. Loer's Methodology For Deducting JadooTV's U.S. Expenses Is Reliable And Admissible Because She Deducted Overhead. ............................................... 3

   B.   Ms. Loer's Testimony On Advertising Revenue Is Reliable, Relevant, And Admissible. ........................................................................................................... 4

**IV. CONCLUSION** ........................................................................................................ 5

# TABLE OF AUTHORITIES

CASES

*Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*,
709 F.3d 872, 882 (9th Cir. 2013) ................................................................................................ 2

*Children's Broad. Corp. v. Walt Disney Co.*,
357 F.3d 860, 865 (8th Cir. 2004) ................................................................................................ 2

City of Pomona v. SQM N. Am. Corp.,
750 F.3d 1036, 1043 (9th Cir. 2014) ............................................................................................ 2

*Cream Records, Inc. v. Jos. Schlitz Brewing Co.*,
754 F.2d 826, 828–29 (9th Cir. 1985) .......................................................................................... 5

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579, 591 (1993) ......................................................................................................... 1, 2

*Gray v. Perry*,
2019 WL 2992007 at *19 (C.D. Cal. 2019) ................................................................................. 4

*Hangarter v. Provident Life & Acc. Ins. Co.*,
373 F.3d 998, 1017 n.14 (9th Cir. 2004) ..................................................................................... 2

*In re High-Tech Employee Antitrust Litigation*,
2014 WL 1351040, at *2 (N.D. Cal. 2014) .................................................................................. 2

*In re Novatel Wireless Securities Litigation*,
2012 WL 5463214, at *4 (S.D. Cal. 2012) ................................................................................... 2

*Kamar International, Inc. v. Russ Berrie & Co.*
752 F.2d 1326, 1332 (9th Cir. 1984) ............................................................................................ 3

*Kennedy v. Collagen Corp.*,
161 F.3d 1226, 1230-31 (9th Cir.1998) ....................................................................................... 3

*Moses v. Payne*,
555 F.3d 742, 756 (9th Cir. 2009) ................................................................................................ 2

*Oracle America, Inc. v. Hewlett Packard Enterprise Company*,
2018 WL 6511146 at *7-8 (N.D. Cal. 2018) ......................................................................... 3, 4, 5

Primiano v. Cook,
598 F.3d 558, 565 (9th Cir. 2010) ................................................................................................ 2

*Proofpoint, Inc. v. Vade Secure, Incorporated*,
2021 WL 2588974, at *3 (N.D. Cal. 2021) .................................................................................. 4

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
309 U.S. 390, 408 (1940) ................................................................................................ 5

*United States v. Finley,*
301 F.3d 1000, 1013 (9th Cir. 2002) ............................................................................... 2

*Yield Dynamics, Inc. v. Tea Systems Corporation*,
2007 WL 9812915, at *4 (N.D. Cal. 2007) ..................................................................... 3

<u>RULES</u>

Federal Rule of Evidence 702 .............................................................................................. 1

Defendants JadooTV, Inc. and Sajid Sohail ("Defendants") submit the following response in Opposition to the Motion to Exclude Rebuttal Testimony of Defendants' Expert, Petra Loer filed by Plaintiff DISH Network, L.L.C. ("Plaintiff").

This Opposition to Plaintiff's Motion is based upon the following Memorandum of Points and Authorities, the supporting declaration from Defendants' expert Petra Loer ("Loer Decl."), the supporting declaration of Defendants' counsel Jin Im-Saeteurn ("Im-Saeteurn Decl."), and all pleadings and papers on file in this action and such further evidence that may be submitted to the Court.

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants' independent damages expert Petra Loer provided reliable, relevant, and admissible testimony about 1) JadooTV's deductible expenses from gross profits and 2) removal of advertising from JadooTV's gross profits. Ms. Loer's rebuttal testimony effectively pokes holes in the expert report of Susan Thompson, DISH's retained damages expert, based on gross revenue calculations without any deductions.

Ms. Loer is well-qualified to provide rebuttal testimony, which Plaintiff does not dispute in its motion. Rather, Plaintiff's criticisms of Ms. Loer's rebuttal testimony are based on misleading oversimplifications of her methodology. At most, Plaintiff's concerns go to the proper weight to be afforded to Ms. Loer's rebuttal testimony and not its admissibility. The Court should deny Plaintiff's motion in entirety.

## II. LEGAL STANDARD

Federal Rule of Evidence 702 permits "a witness who is qualified as an expert by knowledge, skill, experience, training, or education" to testify if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue" if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has applied the principles and methods reliably to the facts of the case." See *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). "[R]ejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 (advisory committee's notes to 2000 amendment). The "traditional and appropriate means of attacking" expert

testimony is not exclusion, but through "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596.

A district court's inquiry into the admissibility of expert testimony is a flexible one. See, e.g., *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 709 F.3d 872, 882 (9th Cir. 2013). "Rule 702 mandates a liberal standard for the admissibility of expert testimony." *In re High-Tech Employee Antitrust Litigation*, 2014 WL 1351040, at *2 (N.D. Cal. 2014) (internal quotations and citations omitted). "Expert testimony is admissible under Rule 702 if it addresses an issue beyond the common knowledge of the average layperson and is not misleading." *In re Novatel Wireless Securities Litigation*, 2012 WL 5463214, at *4 (S.D. Cal. 2012) citing *Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2009).

The district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car*, 709 F.3d at 883. "In evaluating proffered expert testimony, the trial court is 'a gatekeeper, not a fact finder.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). "Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury." *City of Pomona*, 750 F.3d at 1044.

While Ms. Loer's opinions are properly supported, reliable, relevant, and helpful to a jury, "[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting *Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 865 (8th Cir. 2004). "[E]xpert testimony need only provide 'appreciable help' to the jury to be admissible." *United States v. Finley,* 301 F.3d 1000, 1013 (9th Cir. 2002). Therefore, Plaintiff's motion should be denied.

//

//

## III. ARGUMENT

### A. Ms. Loer's Methodology For Deducting JadooTV's U.S. Expenses Is Reliable And Admissible Because She Deducted Overhead.

Ms. Loer is a indisputably a well-qualified intellectual property valuation and damages expert with over twenty-one (21) years of specialized knowledge and practical experience. Declaration of Petra Loer, "Loer Decl." ¶¶ 1, 3. Plaintiff's motion to exclude does not contest or mention Ms. Loer's qualifications for this reason. Yet, Plaintiff takes issue with Ms. Loer because she did not immediately recall the definitions of a few terms during the impromptu vocabulary test at her deposition. Plaintiff fails to mention that Ms. Loer fully explained the basis for her analysis of JadooTV's U.S. expenses and competently testified about relevant, related terms. See Deposition of Petra Loer, "Loer Depo." at 34:1-35:25, 36:12-38:14, 38:18-39:2, 39:16-40:4, 40:24-41:2, 42:5-43:8, 44:17-21, 45:24-46:6, attached as Ex. A to Declaration of Jin Im-Saeteurn, "Im-Saeteurn Decl."

In addition, Ms. Loer's methodology for deducting JadooTV's overhead expenses from profits is reliable and proper. See *Kamar International, Inc. v. Russ Berrie & Co.* 752 F.2d 1326, 1332 (9th Cir. 1984). "Overhead which does not assist in the production of the infringement should not be credited to the infringer; that which does, should be; it is a question of fact in all cases. This is a factual determination to be made by the district court, which [it reviews] under the clearly erroneous standard." *Id.* This is consistent with 17 USC § 504(b) that allows a copyright infringer to offset damages from gross revenues by proving "his or her deductible expenses," but the Court has also observed "neither the Act nor the Committee Reports specify which expenses will be regarded as deductible costs." *Yield Dynamics, Inc. v. Tea Systems Corporation*, 2007 WL 9812915, at *4 (N.D. Cal. 2007), quoting Nimmer on Copyrights at § 14.03[C] (Matthew Bender 2005). Plaintiff's criticisms of Ms. Loer's deductions of the types of expense and sub-expenses go to the weight, not the admissibility, of her testimony. See *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1230-31 (9th Cir.1998).

Further, Plaintiff's objections to Ms. Loer's testimony are properly the subject of cross-examination rather than a motion to exclude. In *Oracle America, Inc. v. Hewlett Packard*

*Enterprise Company*, this Court denied Hewlett Packard's motion to exclude testimony from Oracle's damages expert James E. Pampinella, a certified public accountant and a Managing Director of Navigant, who provided opinions on profits from alleged copyright infringement based on an inconsistent lost sales assumption. *Oracle America, Inc. v. Hewlett Packard Enterprise Company*, 2018 WL 6511146 at *7-8 (N.D. Cal. 2018). The Court denied the motion to exclude because it found that objections to the damages expert's testimony were properly the subject of cross-examination. *Id.* at *8. A purported flaw in a damages expert's methodology does not render the opinion inadmissible under *Daubert*. *Gray v. Perry*, 2019 WL 2992007 at *19 (C.D. Cal. 2019). Any purported flaws in methodology or evidence relied upon in reaching the opinion are matters for cross-examination and argument. *Id.* Here, Plaintiff contends that Ms. Loer made assumptions about JadooTV's deductible costs to provide opinions about the gross profits. Any objections from Plaintiff to Ms. Loer's testimony are meant for cross-examination because they go to weight not admissibility. Plaintiff's motion should be denied.

### B. Ms. Loer's Testimony On Advertising Revenue Is Reliable, Relevant, And Admissible.

Ms. Loer properly excluded advertising revenue from JadooTV's gross profits in the U.S. based on her reliance on facts from JadooTV's Rick Bottomley, the former Chief Financial Officer, and Defendant Sohail. Loer Decl. ¶ 5; see also ¶ 4 and Ex. 1 at pg. 4. She testified that she reviewed Mr. Bottomley's deposition transcript in this matter, and she spoke with Defendant Sohail about advertising. Loer Decl. ¶ 5; Loer Depo. at 29:18-30:28, attached as Ex. A to I m-Saeteurn Decl. She learned that no advertising was inserted into on-demand content. Loer Decl. ¶ 5. A damages expert's reliance on others for underlying facts is both common and acceptable. *Proofpoint, Inc. v. Vade Secure, Incorporated*, 2021 WL 2588974, at *3 (N.D. Cal. 2021). Plaintiff has oversimplified Ms. Loer's methodology and thereby misleads the Court by portraying it as being based on insufficient facts.

Moreover, Plaintiff's objections to Ms. Loer's exclusion of advertising revenue are entirely based on the arguments of its counsel rather than any legal authority. Plaintiff cites only to the declaration of its counsel as "support" for its subjective, biased belief that Ms. Loer

improperly excluded advertising revenue from JadooTV's gross profits. See Plaintiff's Motion 7:25-9:9. Again, as stated above, Plaintiff's objections are properly the subject of cross-examination rather than a motion to exclude. See *Oracle America, Inc. v. Hewlett Packard Enterprise Company*, 2018 WL 6511146 at *7-8 (N.D. Cal. 2018). Any criticisms of Ms. Loer's testimony goes to weight, not admissibility, of her testimony. Where, as here, "an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard it is the duty of the court to make some apportionment." *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 828–29 (9th Cir. 1985) (citation omitted). This amount need not be calculated to mathematic exactness, "only a reasonable approximation" is necessary. *Id.* at 829 (quoting *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 408 (1940). Therefore, Ms. Loer's testimony should be evaluated by a by fact finder and Plaintiff's motion should be denied.

### IV. CONCLUSION

Defendants' expert Petra Loer is indisputably a well-qualified expert who provided relevant, reliable, and admissible rebuttal testimony about: 1) JadooTV's deductible expenses from gross profits and 2) the removal of advertising revenue from gross profits. Plaintiff's request to preclude Ms. Loer from offering rebuttal testimony for summary judgment or at trial should be denied. The evaluation of Ms. Loer's rebuttal testimony pertains to the weight of the evidence and not admissibility.

Dated: April 13, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Jin Im-Saeteurn
　　　　　　　　　　　　　　　　　　　　　CHAN PUNZALAN LLP
　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*
　　　　　　　　　　　　　　　　　　　　　*JadooTV, Inc. and Sajid Sohail*