Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>JADOO TV, INC., et al.,<br><br>Defendants. | Case No. 3:20-cv-01891-CRB (LB)<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE REBUTTAL TESTIMONY OF DEFENDANTS' EXPERT, ELIZABETH GROVES**<br><br>Judge: Hon. Charles R. Breyer<br>Date: June 9, 2023<br>Time: 10:00 a.m. |

**Table of Contents**

I.     Introduction ............................................................................................................................1

II.    Argument ...............................................................................................................................2

    A.   Grove's is Not Qualified to Testify on Matters Relating to IPTV ...........................2

    B.   Grove's Testimony Exceeds the Scope of Jones' Report and the Proper Scope of Expert Testimony .......................................................................................................3

    C.   Grove's Testimony on JadooTV's Ability to Identify its Users' Location is Irrelevant and Will Not Assist the Trier of Facts .......................................................4

    D.   Grove's Testimony on the Ability to Create an XML File Without Reviewing the eMedia Source Code is Unreliable ............................................................................5

    E.   Grove's Testimony on the Sufficiency of Jones' IP Address Analysis is Unreliable .....................................................................................................................7

III.   Conclusion  ............................................................................................................................8

# Table of Authorities

**Cases**

*Al-Daiwa, Ltd. v. Apparent, Inc.*,
   2015 WL 5304111 (N.D. Cal. Sept. 9, 2015) .................................................................. 7

*Allen v. Am. Capital Ltd.*,
   287 F. Supp. 3d 763 (D. Ariz. 2017) ............................................................................. 8

*Avila v. Willits Envtl. Remediation Tr.*,
   633 F. 3d 828 (9th Cir. 2011) ....................................................................................... 4

*Claar v. Burlington N.R. Co.*
   29 F.3d 499, 502 (9th Cir. 1994) ................................................................................... 7

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) ................................................................................................. 1, 6

*Doe v. Roe,*
   2016 WL 9023602 (C.D. Cal. Aug. 31, 2016) .............................................................. 2

*Generations at Pinnacle Peak LLC v. Whitestone Pinnacle of Scottsdale – Phase II LLC,*
   2020 WL 13573984 (D. Ariz. Feb. 12, 2020) ............................................................ 5-6

*Gold v. Midland Credit Mgmt., Inc.*,
   82 Supp. 3d 1064 (N.D. Cal. 2015) .............................................................................. 5

*Gray v. Perry,*
   2019 WL 2992007 (C.D. Cal. July 5, 2019) ................................................................. 4

*I.V. v. Wenatchee Sch. Dist.*,
   342 F. Supp. 3d 1083 (E.D. Wash. 2018) .................................................................... 8

*In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*,
   524 F. Supp. 2d 1166 (N.D. Cal. 2007) ....................................................................... 8

*Johnson v. Am. Honda Motor Co., Inc.*,
   923 F. Supp. 2d 1269 (D. Mont. 2013) ........................................................................ 7

*Novadaq Tech., Inc. v. Karl Stroz GmgH & Co. K.G.,*
   2015 WL 9266497 (N.D. Cal. Dec. 18, 2015) .............................................................. 4

Case 3:20-cv-01891-CRB   Document 258   Filed 04/20/23   Page 4 of 13

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.,*
    2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) ................................................................... 3

*Presidio Components, Inc. v. AM. Tech. Ceramics Corp.,*
    2013 WL 4068833 (S.D. Cal. Aug. 12, 2013) ................................................................ 3, 7

*Senne v. Kansas City Royals Baseball Corp.,*
    591 F. Supp. 3d 453 (N.D. Cal. 2022) ............................................................................... 5

*Vu v. McNeil-PPC, Inc.,*
    2010 WL 2179882 (C.D. Cal. May 7, 2010) ..................................................................... 3

**<u>Rules</u>**

Fed. R. Civ. P. 26 ................................................................................................................... 2, 4

Fed. R. Civ. P. 37 ....................................................................................................................... 2

Fed. R. Evid. 702 ................................................................................................................. 1-2, 6

3:20-cv-01891-CRB (LB)     iv     Reply ISO Motion to Exclude Expert Testimony

## I. Introduction

Defendants JadooTV, Inc. and Sajid Sohail did not satisfy their burden of establishing that the opinions offered by their rebuttal expert, Elizabeth Groves ("Groves"), are admissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). They neither establish Groves' qualifications to testify on matters addressed by DISH's expert, Nigel Jones ("Jones"), nor cite relevant legal authority or evidence supporting her opinions' admission. Groves' testimony should therefore be excluded for the following reasons.

*First*, Groves' testimony goes beyond Jones' report and exceeds the proper scope of expert testimony. Defendants do not dispute the impropriety of Groves' opinions related to JadooTV's motive for using GitHub and intent in drafting the eMedia XML Guides. Defendants also do not dispute that Groves exceeded the scope of Jones' report by offering opinions related to JadooTV's intent in drafting the XML guides. Where Defendants do dispute that Groves exceeded the proper scope of expert testimony, the argument is flawed. Groves may not offer an opinion related to whether Haseeb Shah acted under JadooTV leadership simply because Jones' report mentioned Shah's name. Groves can only testify on matters directly addressed by Jones, not any arguably related topics. Moreover, Groves' attempt to opine on an individual's agency relationship is clearly outside the scope of her expertise.

*Second*, Groves' opinion on JadooTV's ability to identify its users' location is irrelevant and will not help the trier of fact determine whether JadooTV could locate user IP addresses, as it is undisputed that JadooTV could locate users' IP addresses and block access to the eMedia app in the United States.

*Third*, Defendants' claim that Groves can offer a reliable opinion on users' ability to create an encrypted and token-protected XML file without reviewing the eMedia source code lacks basis. Her speculative opinion has no support, explanation, or foundation. Merely relying on Groves' "experience and expertise" is insufficient without clarifying how that experience and expertise led to her conclusion.

*Finally*, Groves' testimony on Jones' IP address analysis is unreliable, as she did not consider all evidence presented by Jones in forming her opinion. Groves admitted during deposition

that she did not consider additional evidence presented by Jones, and Defendants neither dispute nor address this point in their opposition.

Accordingly, Groves' testimony should not be admitted at summary judgment or any trial that may take place in this action.

## II.  Argument

**A.  Groves is Not Qualified to Testify on Matters Relating to IPTV**

Groves is a "computational physicist" with no experience dealing with matters relating to the transmission of television programming over the internet ("IPTV"). (Dkt. 247-2 at 193.)[1] When directly asked about her experience with IPTV, Groves stated that the only experience she has with IPTV was owing a Roku device. (Dkt. 247 at 5:14-16.) This is equivalent to claiming to be an automotive expert because you own a car or a medical expert because you own a first aid kit. Defendants do not dispute or even address this admission in their opposition.

Though Groves' education consists solely of degrees in physics, Defendants attempt to label Groves – for the first time[2] – as an "intellectual property expert" who is qualified to testify on IPTV matters because she has 15 years of expertise in "computer science, which includes software solutions and development, computer programming, and computer forensics," and has "experience with internet protocol." (Dkt. 247-2 at 193; Dkt. 255 at 3:12-15.) Yet, Defendants fail to explain how Groves' experience in such a broad array of topics relates to the transmission of television programming over the internet. Without more, Defendants have failed to show that Groves possess the requisite knowledge, skill, experience, training, or education required to qualify her as a rebuttal expert in this case. *See* Fed. R. Evid. 702; *Doe v. Roe*, No. CV-15-07503-MWF-JCx, 2016 WL 9023602, at *3 (C.D. Cal. Aug. 31, 2016) (noting that the proponent of the expert bears the burden of showing that the purported expert is qualified to testify on the matters the individual is opining on).

---

[1] Citations to DISH's motion and Defendants' opposition are to the page numbers of the documents. Citations to the Exhibits in Dkt. 247-2 are to the ECF file stamp page numbers.

[2] To the extent that Defendants are using the Declaration of Elizabeth Groves as an attempt to bolster Groves' testimony by offering additional analysis or opinions in order to withstand DISH's *Daubert* challenge, the declaration untimely under Fed. R. Civ. P. 26 and should be excluded under Fed. R. Civ. P. 37(c).

**B.  Groves' Testimony Exceeds the Scope of Jones' Report and the Proper Scope of Expert Testimony**

An expert is prohibited from testifying on a party's intent, motive, or state of mind. *See Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2018 WL 6511146, at *3 (N.D. Cal. Dec. 11, 2018) ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind."). Defendants do not dispute this, nor do they dispute that Groves offered an opinion on Defendants' motive in using the third-party site, GitHub, to host XML files for the eMedia app in Paragraph 24 of her report. Defendants also fail to dispute that Paragraph 25 of Groves' report should be excluded because she improperly opines on JadooTV's intent when drafting the eMedia XML Guides and exceeds the scope of the subject matter addressed by Jones in his report. In fact, Defendants' opposition fails to even address Paragraph 25 of Groves' report. (Dkt. 255 at 5:21-6:8.) Because it is undisputed that Groves offered testimony on Defendants' intent and motive, Groves should be precluded from testifying on the matters addressed in Paragraphs 24 and 25 of her report. *See Oracle*, 2018 WL 6511146, at *3.

Paragraph 31 of Groves' report should also be excluded because Groves seeks to offer testimony outside the scope of Jones' report. *See Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, No. 08-cv-335-IEG-NLS, 2013 WL 4068833, at *17 (S.D. Cal. Aug. 12, 2013) (explaining that rebuttal experts must "speak to the same subject matter addressed by opposing counsel's expert" and may not "introduce novel arguments."). In their opposition, Defendants do not dispute that Jones never opined on whether Haseeb Shah was acting "under the direction of JadooTV leadership." (Dkt. 255 at 6:5-8.) Rather, Defendants attempt to argue that Groves' opinion in Paragraph 31 of her report is "within the scope of the Jones Report" because Jones "opines about Shah numerous times at paragraphs 275, 290, 300, and 318." (*Id.*) However, nowhere in the paragraphs referenced by Defendants, let alone anywhere else in his report, does Jones opine or state that Shah was acting under the control or direction of JadooTV. (*See* Dkt. 247-2 at 2-172.)

Simply because Jones mentioned Shah's name in his report does not give Groves free-reign to opine on any issue concerning Shah. *See Vu v. McNeil-PPC, Inc.*, No. 09-cv-1656 ODW (RZx), 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) (explaining that the "same subject matter" under

1  Rule 26(a)(2)(D)(ii) cannot be "read broadly to encompass *any* possible topic that *relates* to the subject matter at issue" as that "will blur the distinction between 'affirmative expert' and 'rebuttal expert'" and "lead to unjust results."). Groves' attempt to introduce and disprove a theory that was never addressed in Jones' report constitutes improper rebuttal testimony. *See Gray v. Perry*, No. 2:15-cv-05642-CAS (JCx), 2019 WL 2992007, at *20 (C.D. Cal. July 5, 2019) (excluding rebuttal testimony and finding it "irrelevant and confusing" where plaintiff's expert attempted to rebut a theory that had yet to be advanced by defendant's expert); *Novadaq Tech., Inc. v. Karl Stroz GmbH & Co. K.G.*, No. 14-cv-04853-PSG, 2015 WL 9266497, at *2 (N.D. Cal. Dec. 18, 2015) (striking paragraphs of expert report as improper rebuttal where rebuttal testimony did not address the same subject matter as plaintiff's expert).

Groves is also not an expert in agency law and therefore her opinion that Jones failed to show that Shah was acting under the direction of JadooTV leadership is improper as it exceeds the scope of her expertise. *See Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011) (holding district court may properly exclude expert who offers opinions outside "the reasonable confines of his subject area."). Groves should therefore be precluded from testifying on matters in Paragraph 31 of her report.

### C. Groves' Testimony on JadooTV's Ability to Identify its Users' Location is Irrelevant and Will Not Assist the Trier of Fact

It is undisputed that JadooTV had the ability to block the eMedia app in the United States based on its users' IP addresses. (Dkt. 247 at 8:19-21.) Groves does not rebut this. Instead, Groves' opinion focuses on Jones' reference to a weather app. (Dkt. 247-2 at 183-184.) In his report, Jones referred to the weather app located on the main screen of his JadooTV STB, which determined his approximate location via the IP address of his JadooTV STB, to support his opinion that JadooTV could have prevented the transmission of the SASP on the eMedia app by blocking the eMedia app in the United States based on its users' IP addresses. (*Id*. at 93-94.)

Groves' misplaced opinion that Jones failed to show that JadooTV was aware of its users' locations because he failed to show that the weather app was sharing location information with JadooTV's servers will in no way assist the trier of fact in determining whether JadooTV could

have blocked the eMedia app in the United States because it is undisputed that they could – in fact, they did. After this action was filed, JadooTV implemented a "patch" that prevented its users from viewing the SASP content on the eMedia app in the United States. (Dkt. 247 at 8:19-21.) Contrary to Defendants' argument, JadooTV's implementation of the patch does in fact make Groves' opinion irrelevant. (Dkt. 255 at 6:22-25.) This is because JadooTV's implementation of the patch evidences that JadooTV had the ability to locate its users' IP addresses and block such users from accessing the eMedia app in the United States. The way JadooTV went about locating the IP addresses of its users is immaterial. It is not necessary to show whether JadooTV could geolocate its users in the same way the weather app did – because the weather app shared information with JadooTV – or in some other way.

Accordingly, Groves' opinion on whether JadooTV could determine its users' location is irrelevant, as it is not in dispute and will not assists the trier of fact to understand the evidence or to determine a fact in issue in this case. *See Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1069 (N.D. Cal. 2015) (finding expert testimony to be irrelevant where expert opined on facts not in dispute); *Senne v. Kansas City Royals Baseball Corp.*, 591 F. Supp. 3d 453, 479 (N.D. Cal. 2022) (explaining that an expert's testimony is relevant if it assists the trier of fact to understand the evidence or to determine a fact in issue).

**D. Groves' Testimony on the Ability to Create an XML File Without Reviewing the eMedia Source Code is Unreliable**

Groves' opinion that it is possible for a user to create an encrypted and token-protected XML file, like the XML file used to access the SASP content, without reviewing the eMedia source code and without attempting to do so herself, is purely speculative. In their opposition, Defendants claim that Groves provided "alternative technically plausible explanations" in Paragraph 29 of her report on how a user could create the requisite token-protected XML file without reviewing the source code. (Dkt. 255 at 7:3-5.) This statement is blatantly false – Groves does not offer any technically plausible explanations for developing a similar XML file in Paragraph 29 or elsewhere in her report. This further supports DISH's argument that Paragraph 29 of Groves' report should be excluded because it is unsupported and therefore unreliable. *See Generations at Pinnacle Peak*

*LLC v. Whitestone Pinnacle of Scottsdale – Phase II LLC*, No. CV-17-04597-PHX-SMM, 2020 WL 13573984, at *7 (D. Ariz. Feb. 12, 2020) ("Expert testimony must be based on 'more than subjective belief of unsupported speculation.'") (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993)).

Groves fails to provide any alternative explanations or otherwise identify the basis for her opinion. (Dkt. 247-2 at 188-189.) When asked how a user could acquire the information necessary to create a token-protected XML file without having access to the eMedia source code, Groves responded that the user could "make an educated guess" or "maybe" look for an example on the internet. (Dkt. 247 at 9:26-10:1.) But Groves has no way to know whether educated guesses would be sufficient or whether sufficient examples existed on the internet because she never independently tested such theories. Defendants do not dispute this, nor do Defendants dispute that Groves never tried to create an XML file to evaluate the ways a user could go about creating the requisite token-protected XML file without reviewing the eMedia source code or that Groves never independently reviewed the eMedia source code to determine whether access to the source code was necessary to create such XML file. (*Id*. at 9:21-25.) Rather, Defendants attempt to argue that Groves' opinion is reliable because it is based on her "experience and expertise" and therefore "no testing is required." (Dkt. 255 at 7:2-4, 7:21-22.) However, reliance on Groves' experience and expertise is not enough where Groves failed to explain how such experience and expertise led to her opinion. *See* Fed. R. Evid. 702 advisory committee's note to 2000 amendment ("If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

Groves' failure to provide any support for her opinion also confirms that Groves is not qualified to rebut the opinions of Jones. Groves could have attempted to support her opinion in various ways such as identifying alleged flaws in Jones' analysis, notating industry standards that Jones allegedly failed to abide by, identifying passphrases commonly used to encrypt XML files that Jones allegedly overlooked, or even identifying alternative sources that Jones allegedly could have referred to in order to find the information missing from the eMedia XML Guides.

Additionally, Groves, who claims to have expertise in this exact subject area, could have used such expertise to show how Jones' opinion is allegedly wrong by simply creating the requisite token-protected XML file herself. Yet Groves did nothing of the sort either because (1) any further analysis on her part would have supported Jones' opinion that JadooTV was responsible for the XML file used to access the SASP content; or (2) she lacks the requisite knowledge, skill, experience, training, and education to accurately opine on this subject matter.

Groves' unsupported opinion is speculative and unreliable. The Court should therefore preclude Groves from testifying on matters contained in Paragraph 29 of her report. *See Claar v. Burlington N. R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994) (excluding expert testimony for failing to explain the basis and methods underlying the conclusions); *Al-Daiwa, Ltd. v. Apparent, Inc.*, No. 13-cv-04156-VC, 2015 WL 5304111, at *1 (N.D. Cal. Sept. 9, 2015) (finding expert testimony unreliable where it was "unclear what methods or principles or data [the expert] is applying to the facts of the case"); *Johnson v. Am. Honda Motor Co., Inc.*, 923 F. Supp. 2d 1269, 1275 (D. Mont. 2013) (finding expert opinion to be unreliable where "the analytical gap between the available data and [the expert's] ultimate opinion was simply too great" because the expert's theory was never tested.).

### E. Groves' Testimony on the Sufficiency of Jones' IP Address Analysis is Unreliable

Groves' opinion that the IP address analysis conducted by Jones is insufficient, by itself, to support Jones' conclusion that the usernames Peter May, Ali85one, and Rayred are all aliases for one person, namely Haseeb Shah, is unreliable because Groves failed to consider the totality of the evidence offered and relied on by Jones. Groves does not dispute that Jones' opinion was based on two components – one being his IP address analysis and the other being his examination of documents produced in discovery by the CDN providers used to stream the SASP content. (Dkt. 247 at 11:24-26.) In fact, Groves conceded in her deposition that Jones did in fact rely on this additional information to support his opinion. (*Id.* at 12:2-5.) Despite such concession, Groves chose to cherry-pick which evidence she wanted to rely on when forming her rebuttal without explaining her choice to ignore the rest of the evidence relied on by Jones.

Defendants similarly chose to ignore the totality of evidence presented by Jones in their opposition. In fact, Defendants fail to even address DISH's claim that Groves only relied on one component of Jones' analysis when forming her opinion. (Dkt. 255 at 8:6-14.) Instead, Defendants claim that Groves did not cherry-pick data when forming her opinion because she "reviewed the IP addresses, the [IP address] table within Mr. Jones' report, some of the supporting materials that he used to build that table, and then [] analyzed and evaluated the conclusions that he drew based on his assessment of that information." (*Id*. at 8:9-12.) However, this statement by Groves directly supports DISH's argument that Groves only relied on one component of Jones' analysis – the IP address analysis – when forming her opinion, rather than all the evidence presented by Jones, including vast amounts of information produced by CDN providers. Nowhere in Groves' report does she explain why she did not consider this additional information or why it did not support Jones' opinion. This absence is not clarified by Groves' deposition testimony and is not addressed by Defendants in their opposition.

Groves therefore cherry-picked which evidence to use when forming her opinion, making such opinion unreliable. *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007) (Breyer J.) (excluding expert testimony where expert cherry-picked studies that supported his conclusion and "ignor[ed] the great weight of the evidence that contradicts his conclusion."); *I.V. v. Wenatchee Sch. Dist. No. 246*, 342 F. Supp. 3d 1083, 1092 (E.D. Wash. 2018) (excluding expert testimony where expert failed consider the "full constellation of facts" when forming opinion); *Allen v. Am. Capital Ltd.*, 287 F. Supp. 3d 763, 786 (D. Ariz. 2017) (finding expert testimony unreliable where expert ignored the totality of data in forming opinion and instead cherry-picked certain data for his analysis to produce a litigation-driven result). The Court should therefore preclude Groves from testifying on the matters in Paragraphs 26-28 of her report.

### III.   Conclusion

Groves' testimony is comprised of improper, irrelevant, unsupported, and unreliable opinions. DISH therefore requests that the Court grant DISH's motion and preclude Groves from

offering the opinions and testimony in Paragraphs 23-31 of her report at summary judgment or any trial that may take place in this action.

Dated: April 20, 2023	Respectfully submitted,

By: */s/ Stephen M. Ferguson*
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

*Attorneys for Plaintiff DISH Network L.L.C.*