Timothy M. Frank (California Bar No. 263245)
timothy.frank@hnbllc.com
Joseph H. Boyle (appearance *pro hac vice*)
joe.boyle@hnbllc.com
Stephen M. Ferguson (appearance *pro hac vice*)
stephen.ferguson@hnbllc.com
HAGAN NOLL & BOYLE LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

David A. Van Riper (California Bar No. 128059)
dave@vanriperlaw.com
VAN RIPER LAW
1254 Irvine Blvd., Suite 200
Tustin, California 92780-3571
Telephone: (714) 731-1800
Facsimile: (714) 731-1811

Attorneys for Plaintiff DISH Network L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> JADOO TV, INC., et al., <br><br> Defendants. | Case No. 3:20-cv-01891-CRB (LB) <br><br> **PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO EXCLUDE REBUTTAL TESTIMONY OF DEFENDANTS' EXPERT, PETRA LOER** <br><br> Judge: Hon. Charles R. Breyer <br> Date: June 9, 2023 <br> Time: 10:00 a.m. |

**Table of Contents**

Memorandum of Points and Authorities ................................................................................................1

I.   Introduction .................................................................................................................................1

II.  Argument .....................................................................................................................................1

      A.   Loer's Testimony About JadooTV's Deductible U.S. Expenses Should be Excluded as Unsupported and Unreliable ................................................................................1

           1.   Loer Could not Explain the Applicability of JadooTV's Deductible Expenses in the Rebuttal Report ........................................................................1

           2.   Loer's Testimony About JadooTV's Overhead Should be Excluded ...........3

           3.   The Rebuttal Report Improperly Includes Cost of Content Acquisition as a Deductible Expense Relating to the Works ...................................................5

      B.   Loer's Testimony About JadooTV's Deductible U.S. Expenses is Based on the Product of Unreliable Principles and Methods ...........................................................6

      C.   Loer's Testimony About Elements of Profit Attributable to Factors Other than the Works is Based on Insufficient Facts or Data ............................................................6

III. Conclusion ....................................................................................................................................8

**Table of Authorities**

**Cases**

*Boucher v. U.S. Suzuki Motor Corp.*,
　　73 F.3d 18 (2d Cir. 1996) ................................................................................................ 5

*Cap. Concepts, Inc. v. Mountain Corp.*,
　　936 F. Supp. 2d 661 (W.D. Va. 2013) ......................................................................... 2-4

*Daubert v. Merrell Dow Pharm., Inc.*,
　　509 U.S. 579 (1993) ............................................................................................... 3, 6-7

*In Design v. K–Mart Apparel Corp.*,
　　13 F.3d 559 (2d Cir.1994) .............................................................................................. 4

*In re ConAgra Foods, Inc.*,
　　302 F.R.D. 537 (C.D. Cal. 2014) ................................................................................... 7

*Kamar Intern., Inc. v. Russ Berrie and Co.*,
　　752 F.2d 1326 (9th Cir.1984) ......................................................................................... 4

*Lee Valley Tools, Ltd. v. Industrial Blade Co.*,
　　288 F.R.D. 254 (W.D.N.Y. 2013) .................................................................................. 7

*Taylor v. Meirick*,
　　712 F.2d 1112 (7th Cir. 1983) ....................................................................................... 3

*Thomas M. Gilbert Architects, P.C. v. Accent Builders and Developers, LLC*,
　　377 Fed. Appx. 303 (4th Cir. 2010) ............................................................................... 4

**Rules**

Fed. R. Evid. 702 .................................................................................................................. 3, 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Introduction

Defendants Jadoo TV, Inc. and Sajid Sohail hired Petra Loer to counter DISH Network L.L.C.'s ("DISH") financial expert and to calculate JadooTV's U.S. deductible expenses associated with airing the copyrighted works and profits associated with non-infringing elements. DISH's Motion (Dkt. 248) sought to exclude Loer's testimony arguing that 1) it lacked foundation and reliability, as Loer did not understand many expense categories and how they applied to Jadoo's business; 2) it wrongfully deducted overhead and content acquisition costs; and 3) it violated *Daubert* factors due to unreliable principles and methods.  DISH also claimed that Loer's advertising revenue testimony contradicted JadooTV's internal documents and was based on insufficient facts or data, and that even if advertising revenue were entirely disregarded as Loer suggests, it was improper to deduct costs associated with generating that advertising revenue.

Despite Defendants' claims that Loer's testimony was properly supported, reliable, relevant, and helpful to a jury,  (Dkt. 256 at 2:19-20[1]), and that "any objections to Loer's testimony are meant for cross-examination because they go to weight not admissibility" (*Id*. at 4:12-13), Loer's testimony lacked proper support and reliability, would not aid a jury, and should be excluded.

## II.  Argument

**A.  Loer's Testimony About JadooTV's Deductible U.S. Expenses Should be Excluded as Unsupported and Unreliable**

**1.  Loer Could Not Explain the Applicability of JadooTV's Deductible Expenses in the Rebuttal Report**

Defendants retained Loer to calculate JadooTV's U.S. deductible expenses and the portion of those expenses attributable to the Works. (Dkt. 248-2 at 2.)   Her report lists thirty-three "main types of expenses" JadooTV incurred under four categories: Cost of Goods Sold ("COGS"), Sales and Marketing Expense ("S&M"), Research and Development ("R&D"), and General and Administrative ("G&A"). (*Id*. at 6.)  Loer included all these "main types of expenses" in her report

---

[1] Citations to the Motion and Defendants' opposition are to the pleading page numbers.  Citations to the Exhibits in Dkt. 248-2 will be by ECF page number.

as part of JadooTV's U.S. deductible costs, except for automobile and bank service charges.  (*Id.* at 12.)

The report does not explain how all of these claimed expenses were related to JadooTV's business or related to the generation of revenues attributable to the infringement.  DISH asked Loer about these remaining thirty-one expenses during her deposition, but Loer did not know what nine of these "main types of expenses" referred to or how they applied to JadooTV. (Dkt. 248 at 4:22-5:13.)  When asked if she inquired of JadooTV about the expenses included in her report, Loer testified that she only "spoke to [Defendants] about the Altair cash transfers related to research and development to understand what those were." (*Id.* at 5:15-18.)  The categories of expenses in the report were provided to Loer by Defendants. (*Id.* at 4:11-12.)

Defendants summarily dismiss Loer's inability to explain at her deposition the applicability of almost one-third of the expenses she included in her report as deductible costs as an "impromptu vocabulary test."  (Dkt. 256 at 3:7.)  Defendants are incorrect in characterizing the inquiry in this way.  Although DISH takes issue with Loer's failure to know what certain of these terms means for any business, the significant infirmity in Loer's testimony is that regardless whether she understood what the term meant, she did not know how the expenses she chose to deduct were related to JadooTV's business and did not know how (or importantly, even whether) the expense was related to JadooTV's generation of revenues attributable to the infringement.  Without this information about whether a cost or expense is related to the generation of revenues attributable to the infringement, there is no basis for deducting those costs or expenses from that revenue.

*Capital Concepts, Inc. v. Mountain Corp.*, 936 F. Supp. 2d 661 (W.D. Va. 2013), is instructive as to why Loer's testimony about JadooTV's deductible expenses should be excluded.  There, the court excluded an expert's testimony on deductions in a copyright case in which the expert's report was "devoid of any analysis concerning the determination of direct costs and the amounts thereof." *Id.* at 671. The expert "relied upon an internal financial statement provided to him by Defendants because the financial statements reviewed by Defendants' outside accountants were not available.  He took no steps to verify the information contained in the statement." *Id.* at 667.

The *Capital Concepts* expert had performed some calculations to attempt to determine deductible costs, though in performing those calculations, the expert "made no independent determination regarding what costs were included within 'direct costs of goods sold'" and "relied solely upon a schedule provided by [defendant]." *Id*. at 664. Accordingly, his testimony was excluded. *Id.* at 671.

Like the expert in *Capital Concepts*, Loer made no independent determination of the costs or expenses provided by JadooTV, their application, or why they were included in her report. Loer cannot explain why those expenses should be deducted from JadooTV's revenues associated with the infringing conduct other than that deductions reduce the amount that Defendants may be found liable to pay to DISH. Defendants cannot rely on general categories without showing specific costs and their contribution to infringement. *Capital Concepts, Inc.*, 936 F. Supp. 2d at 670. Loer cannot demonstrate the costs' contribution, as she cannot explain how nearly one-third of the categories apply to JadooTV and the generation of revenue associated with the infringing conduct.

The actual expense for each of JadooTV's alleged costs is not provided in Loer's report. Instead, like the *Capital Concepts* expert, Loer breaks down JadooTV's deductible expenses by main categories containing a number of different types of expenses: COGS and Adjusted Operating Expense, the latter term encompassing S&M, R&D, and G&A. (Dkt. 248-2 at 6, 13.) Thus, there is no way to parse out these costs from the rebuttal report's estimate of JadooTV's deductible costs, and the entirety of JadooTV's U.S. deductible costs related to COGS and G&A should be excluded under Rule 702 as lacking factual basis. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993); *see also Taylor v. Meirick,* 712 F.2d 1112, 1121–22 (7th Cir. 1983) ("It is too much to ask a plaintiff who has proved infringement also to do the defendant's cost accounting."). Because JadooTV's G&A expense, which includes the categories of expenses for which Loer has no explanation, is not assigned a value but is instead part of JadooTV's Adjusted Operating Expense, the Adjusted Operating Expense should also be excluded.

2.  **Loer's Testimony About JadooTV's Overhead Should be Excluded**

Loer also states that G&A expenses "relate to a number of expense categories that would commonly be referred to as 'overhead' …" (Dkt. 248-2 at 11.) Overhead expenses are deductible

"only when the infringer can demonstrate it was of actual assistance in the production, distribution or sale of the infringing product." *Kamar Intern., Inc. v. Russ Berrie and Co.*, 752 F.2d 1326, 1332 (9th Cir. 1984). Loer's report makes no attempt to establish that any of the G&A overhead expenses were of actual assistance in the production, distribution, or sale of the Works, and therefore, there is no basis for deducting any of these overhead expense categories. (Dkt. 248-2 at 11.) Defendants incorrectly argue that Loer's method for deducting JadooTV's overhead expenses from profits is reliable and proper (Dkt. 256 at 3:13-14), and that DISH's criticisms go to the weight, not the admissibility, of Loer's testimony. (*Id*. at 3:23-25.) The "method" Loer used to justify deducting these overhead expenses is not reliable as there was no attempt to deduct expenses were of actual assistance in the production, distribution, or sale of any of the Works at issue in this case. Rather than select (and deduct) overhead expenses that were of assistance in generating revenue attributable to the infringement, Loer selected and deducted overhead expenses without regard for whether they were of assistance or not.

However "[i]f the infringer wishes to establish that its operating expenses are deductible expenses, it has the 'burden of proving that each item of general expense contributed to the production of the infringing items, and of further offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue.'" *Thomas M. Gilbert Architects, P.C. v. Accent Builders and Developers, LLC*, 377 Fed. Appx. 303, 310 (4th Cir. 2010); *In Design v. K–Mart Apparel Corp.*, 13 F.3d 559, 565–66 (2d Cir.1994) (quoting 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.03[B] (1993)). "A defendant cannot rely on general categories, such as "general and administrative costs," without also showing what specific costs are actually included in those categories and how those costs actually contributed to the infringing products." *Capital Concepts, Inc.*, 936 F. Supp. 2d at 670.

Loer's G&A overhead includes categories of costs for which she had no explanation, assigns no monetary value, and does not attempt to tie into Defendants' infringement or the revenues associated with Defendants' infringement. Since JadooTV's G&A expense is not assigned a value, but is instead part of JadooTV's Adjusted Operating Expense, the Adjusted Operating Expense should be excluded. (Dkt. 248-2 at 6, 13.)

### 3. The Rebuttal Report Improperly Includes Cost of Content Acquisition as a Deductible Expense Relating to the Works

For COGS, Loer states that "[c]ost of goods sold relates primarily to content acquisition and merchandise expenses." (*Id*. at 10.) In other words, a primary component of COGS and JadooTV's claimed U.S. deductible expenses is the cost of content acquisition for the Works. To determine whether the amount of the COGS, or content acquisition costs, were reasonable, Loer compared those costs as a percentage of revenue to eleven "Guideline Companies." (*Id*. at 6-11.) Loer testified that JadooTV's COGS tracked several companies, including Netflix and DISH. (*Id*. at 10.) Yet all the Guideline Companies pay for the cost of their content acquisition, and JadooTV has no legitimate content acquisition costs for the Works – content for which JadooTV had no authorization to include in its service in the United States during the relevant time period. There is no dispute that those content acquisition costs are exactly zero.

Loer deducted content acquisition costs and justified the reasonableness of the amount by comparing the amount to other entities' content acquisition costs. She did this even though it is undisputed that JadooTV had no actual, relevant, content acquisition costs. Defendants boldly argue that even though Loer deducted content acquisition costs when none existed, any objections to Loer's "testimony are meant for cross-examination because they go to the weight not admissibility." (Dkt. 256 at 4:12-13.)

Expert evidence should be excluded if it is "speculative or conjectural or if it is *based on assumptions that are so unrealistic and contradictory* as to suggest bad faith *or to be in essence an apples and oranges comparison*." *Boucher v. U.S. Suzuki Motor Corp.,* 73 F.3d 18, 21 (2d Cir. 1996) (internal citations and quotations omitted, emphasis added). Defendants have never claimed to have paid for content acquisition relating to the Works. In fact Defendants disclaim any responsibility for the Works being shown at all on the JadooTV service. (Dkt. 28.) The Guideline Companies in Loer's report all pay for their content acquisition. Loer's testimony on this expense is both unrealistic and contradictory with regard to JadooTV's pleadings in this lawsuit, and an apples to oranges comparison with regard to the Guideline Companies. Since this content acquisition expense is a primary component of COGS, but is not assigned a value, it is also

impossible to remove this cost from COGS.  This is yet another reason COGS should be excluded altogether as a deductible expense from Loer's report.  (Dkt. 248-2 at 6, 10, 13.)

B. **Loer's Testimony About JadooTV's Deductible U.S. Expenses is Based on the Product of Unreliable Principles and Methods**

Loer testified that because JadooTV did not provide a breakdown of U.S. costs relative to the rest of the world, she was forced to allocate JadooTV's U.S. deductible expenses in the same ratio as JadooTV's gross revenue for the U.S. versus the rest of the world. (Dkt. 248 at 7:3-6.)  Loer provided no reason to suspect that JadooTV's ratio of U.S. to non-US costs would be similar to the ratio of U.S. to non-US revenue.  In fact, as the content acquisition cost discussion above suggests, there are strong reasons to believe that significant costs were not associated portions of JadooTV's U.S. business.  This case has been on file for more than four years, giving JadooTV ample time to calculate its U.S. expenses and provide the necessary data to Loer.  (Dkt. 1.)  When asked if the technique Loer used for allocating expenses had been tested, Loer testified that there was no written guidance she had seen applying this technique; no peer-review or publications that applied it; and that the allocation technique was subject to a high potential error rate. (Dkt. 248 at 7:16-22.).  These facts, critical to the *Daubert* analysis, show that this portion of Loer's opinion should be excluded. *Daubert*, 509 U.S. at 593-94.

Whether applied to a lack of factual foundation or method, Defendants argue that "[a]ny objections from Plaintiff to Ms. Loer's testimony are meant for cross-examination because they go to weight not admissibility." (Dkt. 256 at 4:12-13.)  Defendants' standard would do away the need for Rule 702 and *Daubert*.  Considering the *Daubert* factors, Loer's allocation technique in arriving at JadooTV's deductible U.S. expenses is unreliable, and therefore her testimony about JadooTV's COGS and Adjusted Operating Expense should be excluded.

C. **Loer's Testimony About Elements of Profit Attributable to Factors Other than the Works is Based on Insufficient Facts or Data**

Loer improperly excludes advertising revenue from JadooTV's U.S. gross profits in her rebuttal report despite JadooTV receiving advertising revenue attributable to the JadooTV service airing the Works.  (Dkt. 248-2 at 5.)  Loer's report states that "JadooTV generated advertising

revenue only from the channels that Jadoo streamed directly [], and did not insert advertisements in content related to the Protected Channels." (*Id.*)  For this position Defendants state that Loer relied on "facts" from JadooTV's former CFO and Defendant Sohail.  (Dkt. 256 at 4:15-20.)

Loer's opinion that advertising revenue should not be considered was improper because it was contradicted by the internal documents Loer relied on in preparing her report.  Those documents show that JadooTV received marketing income derived both from monetizing customer demographics and from increased sales attributable to airing the Works.  (*See* Dkt. 248 at 8:7-21 and testimony of DISH's expert Susan Thompson cited there.)  "[A]n expert's opinion may be excluded where it relies upon '[a]ssumptions based on conclusory statements of the expert's client, rather than on the expert's independent evaluation.'" *Lee Valley Tools, Ltd. v. Industrial Blade Co.*, 288 F.R.D. 254, 267 (W.D.N.Y. 2013); *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 556 (C.D. Cal. 2014) (granting motion to strike in part and holding an expert can rely on the opinions of others if the evidence supports his opinion and the record demonstrates that the expert conducted an independent evaluation of that evidence).

The opinion here is even more egregious – Loer not only made assumptions in reliance on JadooTV's conclusory statements, she also rejected documents that show JadooTV's statements, and therefore her assumptions, to be incorrect.

When asked if it would change her analysis if JadooTV and third-party advertisers monetized the demographics of Users (as defined in Dkt. 248) as shown in the JadooTV internal documents, Loer answered that she did not know.  (Dkt. 248 at 8:21-23.)  Loer simply took her client at its word regarding JadooTV's advertising revenue, which not coincidentally resulted in JadooTV showing no net profit in Loer's report.  Because Loer based her removal of advertising revenue on conclusory statements provided by her client rather than her own independent evaluation, she improperly removed advertising revenue from JadooTV's gross profits, and therefore her testimony should be excluded.  *See also Daubert*, 509 U.S. at 592 (requiring that expert opinion be supported by adequate factual basis).

Even if Loer's opinion removing related to advertising revenue is not excluded, her opinion related to advertising costs should be excluded.  In its opening motion, DISH explained why it is

improper to deduct advertising related expenses if the corresponding revenues are not included. (Dkt. 248 at 8:7-20.) Defendants failed to address this argument and failed to provide any justification for Loer's opinion removing all advertising revenue from JadooTV's U.S. gross profits while including advertising expenses as deductible in her report. (*Id*. at 9:1-5.) Advertising costs, part of COGS, are not assigned a value, making their removal from COGS impossible. (Dkt. 248-2 at 6.) If Loer's advertising testimony stands, COGS should be excluded entirely as a deductible expense.

### III.  Conclusion

Loer's report lacks factual foundation, relies on unsupported assumptions, and uses an unreliable technique for estimating JadooTV's U.S. costs, warranting exclusion of her testimony on deductible expenses. Furthermore, Loer's removal of advertising revenue without independent evaluation also calls for excluding her testimony on the subject. Due to these reasons, the Court should prohibit Loer from offering these opinions and testimony at summary judgment or at trial.

Dated: April 20, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By: */s/ Stephen M. Ferguson*
　　　　　　　　　　　　　　　　　　Stephen M. Ferguson (appearance *pro hac vice*)
　　　　　　　　　　　　　　　　　　stephen.ferguson@hnbllc.com
　　　　　　　　　　　　　　　　　　Timothy M. Frank (California Bar No. 263245)
　　　　　　　　　　　　　　　　　　timothy.frank@hnbllc.com
　　　　　　　　　　　　　　　　　　Joseph H. Boyle (appearance *pro hac vice*)
　　　　　　　　　　　　　　　　　　joe.boyle@hnbllc.com
　　　　　　　　　　　　　　　　　　HAGAN NOLL & BOYLE LLC
　　　　　　　　　　　　　　　　　　820 Gessner, Suite 940
　　　　　　　　　　　　　　　　　　Houston, Texas 77024
　　　　　　　　　　　　　　　　　　Telephone: (713) 343-0478
　　　　　　　　　　　　　　　　　　Facsimile: (713) 758-0146

　　　　　　　　　　　　　　　　　　David A. Van Riper (California Bar No. 128059)
　　　　　　　　　　　　　　　　　　dave@vanriperlaw.com
　　　　　　　　　　　　　　　　　　VAN RIPER LAW
　　　　　　　　　　　　　　　　　　1254 Irvine Blvd., Suite 200
　　　　　　　　　　　　　　　　　　Tustin, California 92780-3571
　　　　　　　　　　　　　　　　　　Telephone: (714) 731-1800
　　　　　　　　　　　　　　　　　　Facsimile: (714) 731-1811

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs DISH Network L.L.C.*