Mark Punzalan (State Bar No. 247599)
Email: mark@chanpunzalan.com
Jin Im-Saeteurn (State Bar No. 266810)
Email: jin@chanpunzalan.com
A. Chowning Poppler (State Bar No. 272870)
Email: chowning@chanpunzalan.com
Lawrence Ng (State Bar No. 328082)
Email: lawrence@chanpunzalan.com
CHAN PUNZALAN LLP
22 Battery Street, Suite 401
San Francisco, CA 94111
Telephone: 650.362.4150

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., <br><br> Plaintiff, <br> vs. <br><br> JADOOTV, INC. and SAJID SOHAIL, <br><br> Defendants. | Case No. 3:20-cv-01891-CRB-LB <br><br> **DEFENDANTS' OPPOSITION TO DISH NETWORK L.L.C.'S MOTION FOR RECONSIDERATION AND ADDITIONAL SANCTIONS FOR DEFENDANTS' SPOLIATION OF EVIDENCE** <br><br> Date: June 8, 2023 <br> Time: 9:30 am <br> Dept: B <br> Judge: Hon. Laurel Beeler |

## I. STATEMENT OF ISSUES TO BE DECIDED

Defendants JadooTV, Inc. and Sajid Sohail ("Defendants") oppose Plaintiff DISH Network L.L.C.'s ("Plaintiff" or "DISH") motion for reconsideration of the Court's order sanctioning Defendants (ECF No. 262). Reconsideration of the Court's October 2022 order is not warranted because Google's third-party production of email headers from two accounts exclusively used by Mr. Haseeb Shah does not show that Defendants took affirmative steps to intentionally delete potentially responsive emails.

Defendants have been transparent with DISH throughout the discovery process and produced responsive documents from those accounts, to the extent there were any. Document preservation instructions have been in place since May 2019, and Mr. Sohail has not instructed anyone at JadooTV to delete potentially relevant documents.

Although Mr. Shah stopped doing work for JadooTV in June 2019, the passwords to his email accounts were not changed until September 2020 when Defendants needed to log in to those accounts to search for and collect documents responsive to DISH's discovery requests. When Defendants discovered those accounts had limited emails covering a limited period of time, Defendants informed DISH of this issue in October 2020. Defendants continue to be baffled by the loss of the emails and do not know conclusively what happened to them. Defendants surmise that they were likely deleted by Mr. Shah as he was the only one with access to the accounts until the passwords were changed in September 2020. No one at JadooTV has logged into either account since Defendants searched for and collected documents from those accounts in 2020.

While Google's email header production confirms that emails were lost, this is not new evidence as DISH has known this since October 2020. In addition, the email headers do not establish that the emails (1) are in any way responsive to DISH's "Protected Channels" and the "South Asian Super Pack" or (2) have been intentionally deleted by Defendants. In other words, nothing has changed since the Court issued its Discovery Order in October 2022. DISH's argument that this issue will impact summary judgment, is a problem of DISH's own making. DISH had Google's productions in November 2022 and February 2023, months before

1

dispositive briefing was due. In addition to not disclosing the productions to Defendants, DISH chose to not seek a stipulation to extend the summary judgment briefing schedule.

Taken together, these are not highly unusual circumstances justifying reconsideration. The Court has already adequately addressed the loss of Mr. Shah's emails, and DISH's motion for reconsideration should therefore be denied.

## II.     RELEVANT FACTS

### A. Document Preservation & Company Protocols During a Time of Upheaval

In or around May 2019, Mr. Sohail, instructed all employees and others, including contractors in Pakistan, with potentially relevant information to retain documents that may be relevant to this litigation. In addition to preserving documents in his possession, custody and control, Mr. Sohail specifically instructed Ahsan Salahuddin, Rick Bottomley, Mohsin Salahuddin, Anwar Farooqi, Omar Abawi, Pankaj Bhusan, Wasif Hafeez, Faisal Mahmood, Faisal Abdullah, Awais Malik, and Haseeb Shah to preserve documents, including emails. Declaration of Sajid Sohail ("Sohail Decl.") at ¶2. That preservation instruction has been in place over the past four years, and it is still in effect. *Id.* at ¶10. Mr. Sohail has not instructed anyone to delete any emails that may be potentially relevant to this litigation. *Id.* at ¶11.

At the end of May 2019, JadooTV filed for Chapter 11 bankruptcy. Sohail Decl. at ¶3. In June 2019, Haseeb Shah stopped working at IDC Resources when Faisal Aftab asked him to leave the company. *Id.* at ¶4. In December 2019, many people working for and with JadooTV were let go because of financial constraints the JadooTV faced in bankruptcy. *Id.* at ¶5. When someone stopped doing work for JadooTV, including contractors employed by Altair Technologies and IDC Resources, either Faisal Abdullah (or one of his managers) or Faisal Aftab would request that the departing employee's email password would be reset. *Id.* at ¶6. It is unknown if the password-reset protocol was strictly followed because it was a tumultuous time at JadooTV with the bankruptcy and layoffs. *Id.* at ¶7. Then, in 2020, the COVID pandemic hit and the workforce had to adjust to operating remotely, which also had an impact on usual operating procedures. *Id.*

### B. Email Collection Process

Defendants have been transparent with DISH throughout the email collection process. Counsel for Defendants informed DISH's counsel in 2020 that the email accounts were maintained by a manager at Altair Technologies in Pakistan. Poppler Decl. at Exhibit 1. Counsel for Defendants informed DISH's counsel in June 2020 that they did not know if email account passwords were available to that manager. *Id*. In August 2020, counsel for Defendants confirmed the manager could access the email accounts and was working with staff to search for, review, and download responsive emails and send them to DISH's counsel. *Id*. In a September 3, 2020, email counsel for Defendants informed DISH's counsel that Defendants were in the process of collecting responsive emails from the "nocoperations" and Haseeb Shah accounts. *Id*.

Defendants agreed to produce responsive emails, not entire email accounts.[1] DISH's counsel was aware that counsel for Defendants were providing "search terms to Faisal Abdullah [the manager in Pakistan] and he exports all emails that hit on those search terms to [counsel for Defendants] without selecting which ones to provide." Poppler Decl. at Exhibit 1. DISH's counsel was also made aware that in October 2020, "responsive emails were not being found in Haseeb Shah's account." *Id.* Counsel for Defendants believed that might be because the emails were forwarded to the NOC Account. *Id.* On October 28, 2020, DISH's counsel wrote to counsel for Defendants, "we're not finding emails from the Haseeb Shah account or the NOC Operations account that are dated prior to the filing of this action…we can continue to discuss." *Id.* This exchange shows that Defendants have not concealed any aspect of collecting documents from the email accounts and the issues that arose. In addition, this is not new information as DISH filed all of these communications with the letter brief it submitted to the Court in October 2022 when DISH initially sought sanctions related to the loss of Mr. Shah's emails. ECF Nos. 224 and 224-2.

---

[1] In response to DISH's Document Request Numbers 12-16, Defendants agreed to produce non-privileged documents sufficient to show Jadoo Defendants' communications with Haseeb Shah pertaining to the "Protected Channels" and the "South Asian Super Pack" or "SASP" as those terms are defined by DISH in its complaint. *See* excerpt of discovery responses attached **Exhibit 2** to the Poppler Decl.

### C. The Haseeb Shah and NOC Email Accounts

The email accounts haseeb.shah@jadootv.com ("Shah Account") and nocoperations@jadootv.com ("NOC Account") were only used by Haseeb Shah. Declaration of Wasif Hafeez ("Hafeez Decl.") at ¶4. Although Haseeb Shah stopped working for IDC Resources and managing JadooTV's network operations in the summer of 2019, it is unknown if he was able to continue to log in to these accounts. Hafeez Decl. at ¶5. The passwords for Mr. Shah's accounts were reset on September 1, 2020. *Id.* at ¶¶5-6. Following Mr. Shah's departure, neither the NOC Account nor the Shah Account was accessed by anyone at JadooTV until September 2, 2020, in order to search for and collect responsive documents to DISH's document requests. *Id.*

No one at JadooTV has logged into the Shah and NOC Accounts since the document collection in 2020. Hafeez Decl. at ¶7. In an effort to respond to DISH's motion, the email manager in Pakistan reviewed the NOC Account and provided access to counsel for Defendants to view the Shah Account. As of May 17, 2023, there were 2,966 unread emails in the Shah Account inbox, which are marketing emails. Poppler Decl. at ¶4. The oldest email in the inbox is dated September 14, 2020. *Id.* The sent mail contains 1,637 emails all of which state "Due to unavailability I won't be able to receive email." *Id.* Aside from that message, there is no content in the sent emails. *Id.* The most recent sent email is dated September 2, 2020, and the oldest sent email is dated February 2, 2019. *Id.* There were 22 emails in the spam folder[2] and there were no emails in drafts folder or the trash folder[3]. *Id.* These marketing emails and autoreply messages are not responsive to DISH's document requests related to DISH's "Protected Channels" or the "South Asian Super Pack."

The NOC Account is similarly limited. As of May 22, 2023, the oldest email in the inbox is dated December 21, 2018. Hafeez Decl. at ¶9. There are 146 emails in the sent folder with

---

[2] There is a heading at the top of the spam folder that reads "[m]essages that have been in Spam more than 30 days will be automatically deleted."
[3] There is a heading at the top of the trash folder that reads "[m]essages that have been in Trash more than 30 days will be automatically deleted."

dates between August 21, 2018 and August 10, 2020. *Id.* There is one email in the spam folder and no emails in the drafts folder. There are no emails in the deleted folder. *Id.*

### D. October 2022 Discovery Order

Nothing has changed since the Court issued its Discovery Order on October 19, 2022 (ECF No. 225). Defendants continue to be puzzled by the limited information in the Shah and NOC Accounts. Document preservation instructions were in place starting in May 2019. Aside from Mr. Shah, no one at JadooTV accessed those accounts until September 2020. When it was discovered that the Shah Account inbox contained non-responsive marketing emails from 2020 and the sent folder had autoreply emails between 2019 and 2020, Defendants searched the NOC Account with the understanding that Mr. Shah's emails had been forwarded to that account, but this account also had limited responsive emails with emails only dating back to 2018.

DISH claims that Google's productions of email headers from these accounts show that emails were deleted from these accounts. This is not new information, as one could deduce that something had happened in these accounts in light of the fact there were limited communications involving Mr. Shah from a limited time period. Contrary to DISH's assertions, however, Google's production of email headers does **not** show that Defendants had **any** role taking affirmative steps to manually delete these emails. Throughout this litigation, the representations that Defendants have made to DISH and this Court have been accurate and truthful.

### E. DISH Failed to Provide Prompt Access to Google's Productions Causing Prejudice to Defendants

Fact discovery closed on November 11, 2022 (ECF No. 218). On November 28, 2022 and February 3, 2023, Google apparently produced "non-content emails headers for the Shah and NOC Account" to DISH. ECF No. 262-1 at ¶3; *see also* Poppler Decl. at **Exhibits 3** and **4**. Defendants' counsel did not receive these productions until May 2, 2023, three days before DISH filed its motion for leave to file a motion for reconsideration on May 5, 2023. Poppler Decl. at **Exhibit 5**. DISH failed to provide these productions to Defendants for six and three months, respectively. DISH had these productions before the parties' opening summary judgment briefs were due on March 13, 2023 (ECF No. 218), but DISH chose to not disclose them for another two months. Federal Rule of Civil Procedure 45(a) requires a party to provide

"prompt" access to third party documents.  Adv. Comm. Notes to 2013 Amendments to FRCP 45(a).[4]  While DISH gave itself six months to review the productions and 36,500 email headers, Defendants have not been afforded the same opportunity. This has severely prejudiced Defendants' ability to adequately respond to DISH's serious allegations of intentionally destroying potential evidence and making material misrepresentations to cover it up (see ECF No. 262 at 1:26-2:2).

In a February 16, 2023, email from Google's legal investigations support to DISH's counsel DISH (attached to DISH's moving papers), Google states that it could **not** opine on "whether user's had deleted information or not, and other questions relating to interpreting the data that has been produced. Questions of this nature should be appropriately directed to an expert witness."  The email goes on to state that "[t]here may be a difference in information contained in the productions due the passage of time, and changes in what data is integrated/pulled from Google's legal tooling."  Poppler Decl. at **Exhibit 8**.

Despite the limited time Defendants have had to review the email headers (which only contain a date, time stamp, and to and from email addresses), and the limited assumptions that can be made from the headers, based on Defendants' review of the email headers it is unclear how DISH is reaching any conclusions regarding whether the emails (1) are in any way responsive to DISH's "Protected Channels" and the "South Asian Super Pack" or (2) have been intentionally deleted by Defendants.

### III.   ARGUMENT

#### A. Reconsideration is Not Warranted as The Google Production Does Not Establish Highly Unusual Circumstances

Reconsideration is an "extraordinary remedy, to be used sparingly."  Absent highly unusual circumstances, a motion for reconsideration will not be granted unless the district court is presented with (1) newly discovered evidence, or (2) committed clear error, or (3) there is a

---

[4] This isn't the first time DISH has unfairly delayed providing third party productions to Defendants. DISH waited three months to provide access to another third party production from FDC Servers. Despite having the production since January 13, 2023, DISH waited until April 13, 2023, to provide it to Defendants.  This was the date that the parties oppositions to summary judgment were due, which ensured that Defendants would not have adequate time to review or analyze the production. Poppler Decl. at **Exhibits 6 and 7**.

change in the controlling law. *Regents of Univ. of California v. Fed. Emergency Mgmt. Agency*, No. 17-CV-03461-LB, 2018 WL 10705313, at *1–2 (N.D. Cal. Apr. 10, 2018), citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). The Court neither committed clear error nor is there a change in controlling law. DISH seeks reconsideration based solely on newly discovered evidence.

Google's production of email headers is not newly discovered evidence because DISH has known since October 2020 that the Shah and NOC Accounts had very few responsive emails from Mr. Shah. Defendants stand by their statements that document preservation has been in place since May 2019. Defendants have not instructed anyone, including contractors, to delete emails. Sohail Decl. at ¶11. Document preservation continues to this day, and no one has logged into the Shah and NOC Accounts since the accounts were searched for responsive documents in September 2020. Sohail Decl. at ¶10.; Hafeez Decl. ¶8. In June 2020, Defendants were determining whether the manager in Pakistan could even access the email accounts, and these issues were disclosed to DISH. Poppler Decl. at **Exhibit 1**. The most likely explanation for the loss of emails involving Mr. Shah is that Mr. Shah deleted the emails at some point before the email account passwords were changed in September 2020 as he presumably continued to have access to both accounts (ECF No 224 at 4).

Defendants agreed to produce emails responsive to DISH requests, not entire email accounts. DISH asserts that the number of email headers show that Defendants did not meet their obligations to turn over relevant evidence (ECF No. 262 at 9:3-17). For example, DISH claims that Google's production shows there were headers for 2,160 emails as of October 14, 2020, and therefore counsel's statement that Shah's Account did not have many emails at that time could not be true. However, based on the recent review of that account, the oldest email in the inbox of the Shah Account is from September 14, 2020, so there would not be very many emails in that account one month later on October 14, 2020. As stated above, those emails were generic marketing-related emails and were not responsive to DISH's requests nor relevant to the case. The recent review of the Shah Account also showed there were 1,637 sent emails dated between February 2, 2019 and September 2, 2020, all of which appear to be autoreply messages

with no content other than this message: "Due to unavailability I won't be able to receive email." Based on the dates of the sent messages, they were in the account on October 14, 2020, but presumably were not produced as they are not in any way related to the claims in the matter and were not responsive. There may have been spam messages in the account at that time as well, which according to a heading in the spam folder, those messages are automatically deleted after 30 days. DISH wrongly assumes that the number of email headers shows the number of responsive emails, which as illustrated above is not true. Contrary to DISH's assertion, the mere existence of 18,000 emails in the NOC and Shah Account does not mean that those emails are responsive or relevant to this matter (ECF No. 262 at 9:10-13).

DISH makes similar assumptions about relevance and responsiveness relating to Mr. Shah's communication with other people who worked for JadooTV and with Content Delivery Networks ("CDN"s) (ECF No. 262 at 10:2-9; 10:19-11:4). If those individuals were among the numerous email accounts that JadooTV searched for responsive emails related to DISH's claims, those communications with Mr. Shah would have been produced.

### B. A More Severe Sanction is Not Warranted

Reconsideration should be denied and a more severe sanction is not warranted when considering (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party. *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-CV-1893-HRL, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016). Defendants' lack of intent, DISH's lack of prejudice, and the Court's prior monetary sanction and permissive adverse inference sufficiently address any unfairness to DISH.

The Court's determination in its October 2022 Discovery Order that DISH failed to meet its burden establishing intent and justifying more severe sanctions under Rule 37(e)(2) continues to be true (ECF No. 225 at 8-9). DISH has not shown that Defendants intentionally deleted[5] Mr. Shah's emails or instructed anyone who worked for JadooTV to delete evidence. Following Mr.

---

[5] While it is true that Defendants do not have an automatic email deletion policy, it appears that Google does, as shown by the headings in the spam and deleted folders that emails are deleted after 30 days in those folders.

Shah's departure in June 2019, no one at JadooTV logged in to either account before September 2020, and have not logged back in since that time. Unlike the parties in *Roadrunner Transp. Servs., Inc. v. Tarwater*, 642 F. App'x 759, 759 (9th Cir. 2016) and *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, No. 15-CV-1893-HRL, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016) who admitted that they had deleted documents, Defendants adamantly deny that they deleted these emails. Defendants acknowledge that emails were lost, but they were not the direct cause of the lost emails. DISH relies on *Crossfit, Inc. v. National Strength and Conditioning Association,* No. 14-CV-1191 JLS (KSC), 2019 WL 6527951 at *11 (S.D. Cal. Dec. 4, 2019) in support of finding intent, but that case involved a party that "engaged in mass deletions across numerous devices." In contrast, here, the lost emails are limited to one person, Haseeb Shah, and the accounts where the emails went missing were used exclusively by Mr. Shah. Defendants have produced emails from email accounts from numerous other employees and contractors without similar issues identified in the Shah and NOC Accounts.

DISH has not suffered any prejudice that was not addressed in the Court's October 2022 Discovery Order. To the extent DISH is arguing that this issue will impact summary judgment, that is a problem of DISH's own making. DISH had Google's productions in November 2022 and February 2023, months before dispositive briefing was due. In addition to not disclosing the productions to Defendants, DISH chose to not seek a stipulation to extend the summary judgment briefing schedule. As there is no trial date set for this matter yet, extending the deadline would not have impacted any other case deadlines. DISH deliberately decided to not resolve this issue before the parties filed dispositive motions.

Lastly, any unfairness arising from the loss of Mr. Shah's emails has been adequately addressed with the Court's prior permissive adverse-inference jury instruction.

### IV. CONCLUSION

Based on the foregoing, DISH's motion for reconsideration should be denied.

Dated: May 23, 2023                    Respectfully submitted,

*/s/ Chowning Poppler*
CHAN PUNZALAN LLP

*Counsel for Defendants*
*JadooTV, Inc. and Sajid Sohail*